MCC:MEH:slg:2001V00699

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | |
| Petitioner | : | No. 1:CV-01-1003 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DONALD ROMINE, Warden, | : | |
| Respondent | : | |

FILED
HARRISBURG, PA

AUG 0 6 2001

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

### RESPONDENT'S RESPONSE TO
### THE PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Allen Morsley, who presently is confined at the United States Penitentiary Lewisburg, Lewisburg, Pennsylvania ("USP Lewisburg"). Morsley is challenging his 1993 federal conviction on drug charges in the Eastern District of North Carolina. As explained below, Morsely cannot challenge his federal conviction through a §2241 petition and his habeas petition should be denied.

### Statement of the Case[1]

In 1993, Morsley was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to possess cocaine with intent to distribute and of related drug and weapons charges. In 1994, Morsley received a life

---

[1] The facts are derived from Morsely's petition and memorandum of law; the General Docket for the United States Court of Appeals for the Fourth Circuit at No. 97-7813; and, United States v. Morsely, 64 F.3d 907 (4th Cir. 1995).

sentence, a five year consecutive sentence, and a six month consecutive sentence.

Morsley filed a direct appeal with the Fourth Circuit Court of Appeals, which affirmed the conviction and sentence on August 31, 1995. See United States v. Morsley, 64 F.3d 907 (4th Cir. 1995). Morsley then filed a motion pursuant to 28 U.S.C. §2255 which was denied on October 15, 1997. Morsley's request for a certificate of appealability was denied by the Fourth Circuit on August 4, 1998 at Docket No. 97-7813.

In June 2000, in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court issued a decision that addressed the burden of proof and the identity of the fact finder with respect to certain sentencing issues. On June 18, 2001, Morsley filed the present habeas petition arguing that the indictment did not state a specific quantity of drugs, therefore, violating the principles set forth in Apprendi.

### Question Presented

Should Morsley' petition be denied in that Morsley cannot challenge his federal criminal conviction and sentence by a §2241 habeas petition?

Suggested Answer in the Affirmative.

Argument

**MORSLEY'S PETITION SHOULD BE DENIED IN THAT MORSLEY CANNOT CHALLENGE HIS FEDERAL CRIMINAL CONVICTION AND SENTENCE BY A §2241 HABEAS PETITION.**

A.  Section 2255 is the Exclusive Means to Challenge a Federal Criminal Conviction.

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are *required* to bring their collateral attacks challenging the *validity* of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, **not** under 28 U.S.C. §2241. In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Section 2255 provides a remedy that is the equivalent to the relief historically available under the habeas writ. Hill v. United States, 368 U.S. 424, 427 (1962)("[I]t conclusively appears from the historic context in which §2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.").[2]

---

[2] The reason for this rule is due to the venue provisions governing §2241 petitions. Previously, prisoners had challenged their federal convictions by filing a petition for writ of habeas corpus under 28 U.S.C. §2241. This proved unmanageable, however, in that §2241 habeas petitions are filed in the district where the prisoners are confined. As a result, the few districts that had major federal penal institutions were required to handle an inordinate number of habeas actions far from the homes of the

3

Section 2255 motions now are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 683 (3rd Cir. 1954). Thus, if a prisoner attempts to challenge his federal conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3rd Cir. 1971).

The <u>only</u> exception, *i.e.* when a federal prisoner nevertheless can seek habeas relief under §2241, is when §2255 proves "inadequate or ineffective" to test the legality of detention. 28 U.S.C. §2255; <u>Davis</u>, 417 U.S. at 343; <u>Dorsainvil</u>, 119 F.3d at 251; <u>Vial</u>, 115 F.3d at 1194. As discussed below, this exception rarely exists and does not apply if a defendant has failed to obtain §2255 relief or cannot satisfy the limitations imposed on §2255 motions by amendments enacted through AEDPA.

B.  **Limitations on Bringing §2255 Motions and Successive §2255 Motions.**

In 1996, Congress amended §2255 through AEDPA. One significant change is that prisoners must file their §2255 motions

---

witnesses and the records of the sentencing court. Accordingly, in 1948, Congress enacted §2255 to require collateral review of convictions and sentences of federal prisoners in the district of the criminal trial court. <u>Dorsainvil</u>, 119 F.3d at 249.

4

within one year of their conviction or within three other narrowly tailored situations, whichever is latest. Another change is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under §2255. A second or successive §2255 motion now can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. §2255; Vial, 115 F.3d at 1194-95.

AEDPA is, in part, Congress' codification of long-held legal principles involving ease of administration and the interest in promoting the finality of judgments. While it is beyond doubt that a conviction must be obtained in a manner that comports with the Constitution, our system of justice affords a defendant the opportunity to challenge his/her conviction through a direct appeal and in a collateral §2255 motion. See Daniels v. United States, ___ U.S. ___, 121 S.Ct. 1578, 1582 (2001).

Critically, "[t]hese vehicles for review ... are not available indefinitely and without limitations. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of administrative remedies, operate to limit access to review on the merits of a constitutional claim. Daniels, ___ U.S. at ___, 121 S.Ct. at 1582-83 (holding that if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack because the defendant

5

failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the "defendant is without recourse"). One of the principles vindicated by these limitations "is a 'presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, *even when the question is waiver of constitutional rights.*'" Id. (emphasis added)(quoting Parke v. Raley, 506 U.S. 20, 29 (1992).

Summarizing, therefore, §2255 is the exclusive means by which a defendant can challenge his federal conviction. Moreover, the availability of this form of collateral review of a conviction is limited both temporally (a one-year statute of limitations) and in number (only one §2255 motion unless one of two *narrow* circumstances occur). As explained next, the failure to satisfy the stringent gatekeeping requirements on §2255 motions imposed by AEDPA does <u>not</u> constitute one of the exceptions where a §2255 motion is "inadequate or ineffective" so as to permit a defendant to challenge his/her federal conviction via a §2241 habeas petition.

C.  **The Inability to Satisfy the Gatekeeping Provisions Imposed by AEDPA Does Not permit a Defendant to Challenge His/Her Federal Conviction by a §2241 Habeas Petition.**

In Dorsainvil, the Third Circuit Court of Appeals addressed the "inadequate and ineffective" exception of §2255, known as the "safety-valve" clause or "savings" clause of §2255, and held that it ***must*** be construed ***strictly***. Dorsainvil, 119 F.3d

at 251 (emphasis added)(collecting cases). The Court made it clear that §2255 would not be found to "be 'inadequate or ineffective' so as to enable a second petitioner to invoke §2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255. Such a holding would effectively eviscerate Congress's intent in amending §2255." Id. at 251.

Other Courts of Appeals are in agreement. See Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000)("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions."); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make §2255 "inadequate or ineffective;" to permit such a result "would make Congress' AEDPA amendment of §2255 a meaningless gesture"); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(the argument that the "inadequate or ineffective" language of §2255 permits a prisoner to turn to §2241 when prevented from obtaining relief under §2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(if a prisoner could bring

7

a §2241 action simply when unable to bring a §2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review"); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc)(§2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a §2255 motion....")(citations omitted); Bradshaw, 86 F.3d at 166 (§2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. §2255"). See also Leguillou, 212 F.2d at 684; United States v. Walker, 980 F.Supp. 144 (E.D. Pa. 1997).

Thus, the availability of §2241 to challenge a federal conviction is extremely limited and "is now reserved for rare cases." Dorsainvil, 119 F.3d at 250. Indeed, the only time in recent memory that a §2241 petition has been permitted to be used within this Circuit to challenge a federal conviction was in Dorsainvil.

There, the defendant wished to challenge his conviction under 18 U.S.C. §924(c), after the Supreme Court in Bailey[3] limited the circumstances under which a person could be convicted of that offense. The Third Circuit held that the petitioner could not raise his Bailey issue in a successive §2255 petition given the

---

[3] Bailey v. United States, 516 U.S. 137 (1995).

8

statutory limitations on successive §2255 petitions. However, that left Dorsainvil in a *unique* position where he may well have been convicted **for conduct that was not criminal** with him having no §2255 remedy. 119 F.3d at 251 (relying on <u>Davis</u>, 417 U.S. 333, in which the Court held that habeas relief is available to a person where **a subsequent statutory interpretation revealed his <u>conduct not to be criminal</u>** in order to avoid a complete miscarriage of justice). Thus, the safety-clause valve of §2255 typically is limited to circumstances where the underlying conduct is not criminal; it does not apply, however, in cases where a prisoner cannot meet the gatekeeping requirements of §2255.[4]

### D. Morsley Cannot Bring a §2241 Habeas Petition to Raise His Apprendi Arguments.

Morsley claims that because <u>Apprendi</u> was decided after his prior §2255 motion, he can challenge his conviction in a §2241 habeas petition. Pursuant to the above-stated legal principles, Morsley cannot raise his claim under §2241. Rather, he must seek

---

[4] In <u>United States v. Brooks</u>, 230 F.3d 643 (3rd Cir. 2000), the Third Circuit confirmed that §2241 may not be used to escape the procedural limitations imposed by the AEDPA. The Court of Appeals recognized that in <u>Dorsainvil</u>, by the time it was decided that the *defendant's conduct was not criminal at all*, Dorsainvil had no recourse to §2255 to redress the situation. In contrast, where a defendant could have availed himself of §2255 to address his grievance but was now barred due to AEDPA's procedural rules, recourse to §2241 was impermissible. Accordingly, the Circuit held that the petitioner could not challenge his conviction in the Court of Appeals under §2241 simply because AEDPA barred an appeal of the district court's decision as to his §2255 petition. <u>Brooks</u>, 230 F.3d 643.

relief under §2255. To the extent that Morsley cannot successfully do so at this time, such does not permit Morsley to file a §2241 habeas petition.

Moreover, we note that the Supreme Court has not held that Apprendi should be applied retroactively to cases on collateral review. In Tyler v. Cain, 121 S.Ct. 2478 (2001), the Supreme Court recently addressed a provision barring successive §2244 motions, 28 U.S.C. §2244(b)(2)(A), which provision is identical to the provision barring successive §2255 motions as it relates to new Supreme Court decisions made retroactive to cases on collateral review. The Supreme Court concluded that a successive §2244 motion is barred unless it **itself** holds that a decision it made applies retroactively to cases on collateral review.

Thus, in that the provisions of §2244 are the same as those in §2255, no court, other than the Supreme Court itself, can make a case retroactive that would authorize a successive §2255 motion. As just noted, the Supreme Court has not made Apprendi retroactive to cases on collateral review. As such, Morsley is prohibited from filing a successive §2255 motion at this time.

Obviously, if the Supreme Court later holds that Apprendi should be applied retroactively, Morsley then will be able to seek leave to file a successive §2255 motion and then will have an opportunity to have his Apprendi claim heard. In the interim, Morsley cannot evade the gatekeeping requirements enacted by AEDPA

10

by invoking §2241 without "effectively eviscerat[ing] Congress's intent in amending §2255." <u>Dorsainvil</u>, 119 F.3d at 251.

### Conclusion

For the above-stated reasons, Morsley' petition for a writ of habeas corpus should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*Matthew Haggerty /DV*
MATTHEW E. HAGGERTY
Assistant U.S. Attorney
SHELLEY GRANT
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA   17108-1754
717/221-4482

Date: August 6, 2001

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN MORSLEY,　　　　　　　　　:
　　　　　　Petitioner　　　　　　:　　No. 1:CV-01-1003
　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　:　　(Judge Kane)
　　　　　　　　　　　　　　　　　　:
DONALD ROMINE, Warden,　　　　　:
　　　　　　Respondent　　　　　　:

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on August 6, 2001, she served a copy of the attached

**RESPONDENT'S RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Allen Morsley
Reg. No. 14718-056
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

　　　　　　　　　　　　　　　　　　　　　　　_Shelley L. Grant_
　　　　　　　　　　　　　　　　　　　　　　　SHELLEY L. GRANT
　　　　　　　　　　　　　　　　　　　　　　　Paralegal Specialist