MCC:MEH:slg:2001V00699

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN MORSLEY,             :
       Petitioner    :   No. 1:CV-01-1003
                     :
   v.                        :   (Judge Kane)
                     :
DONALD ROMINE, Warden,     :
       Respondent    :

FILED
HARRISBURG, PA
NOV 14 2001
MARY E. D'ANDREA, CLERK
Per _____

RESPONDENT'S BRIEF IN OPPOSITION
TO PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

    This is a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Allen Morsley, who was formerly confined at the United States Penitentiary Lewisburg.[1] Morsley is challenging his 1993 federal conviction on drug charges in the Eastern District of North Carolina.

    Currently before the Court is petitioner's Motion for Leave to Conduct Discovery. The motion should be denied.

    First, discovery is not authorized in §2241 cases. While other statutes authorize discovery in collateral challenges to convictions, see Rule 6 *following* 28 U.S.C. §2254, such is not the case in §2241 cases. See Harris v. Nelson, 394 U.S. 286, 294-299 (1969)(holding that the Federal Rules of Civil Procedure regarding discovery do *not* apply in §2241 habeas petitions).

    Second, in opposing the habeas petition, respondent has

---

[1] Morsley is currently confined at the Federal Correctional Institution in Edgefield, South Carolina.

argued that Morsley cannot bring his claims under §2241. This response to the habeas petition is the equivalent of a dispositive motion. When a dispositive motion is pending, particularly when it questions whether a case can even be maintained, discovery can and should be stayed until the motion is resolved. See Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1932); Wyatt v. Kaplan, 686 F.2d 276, 284 (5th Cir. 1982); United Presbyterian Church in the U.S.A. v. Reagan, 738 F.2d 1375, 1382-83 (D.C. Cir. 1984); Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Tamari v. Bache Halsey Stuart, Inc., 619 F.2d 1196, 1203 (7th Cir.); 4 Moore's Federal Practice, §26.69.

In the instant case, Morsley's §2241 petition actually raises a claim that can be raised only by a §2255 motion. Morsley is challenging the validity of his federal sentence imposed by the United States District Court for the Eastern District of North Carolina and, therefore, he cannot maintain a §2241 habeas petition. See Application of Galante, 437 F.2d 1164, 1165 (3rd Cir. 1971)(if a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction). As such, to permit discovery before it is even determined whether Morsely can maintain this §2241 claim would be burdensome and a waste of resources.

2

Thus, petitioner is not entitled to discovery and his motion requesting leave to conduct discovery should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*Matthew E Haggerty/mas*

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
217 Federal Building
228 Walnut Street
Harrisburg, PA 17108
717-221-4482

Dated: November 14, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | |
| Petitioner | : | No. 1:CV-01-1003 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DONALD ROMINE, Warden, | : | |
| Respondent | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on November 14, 2001, she served a copy of the attached

### RESPONDENT'S BRIEF IN OPPOSITION
### TO PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Allen Morsley
Reg. No. 14718-056
FCI Edgefield
Unit A-1
P.O. Box 724
Edgefield, S.C. 29824

_____
SHELLEY L. GRANT
Paralegal Specialist