UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

# ORIGINAL

**ALLEN MORSLEY**
    petitioner,

VS.

CASE # 1:01-cv-01003

**DONALD ROMINE**
    respondent,

PETITONERS RESPONES TO GOVERMENTS MOTION' WITH MOTION
TO AMEND AND SUPPLEMENT WITH INCORPORATED MEMORANDUM
OF LAW , PURSUANT TO RULE 15(a) OF CIVIL JUDICIAL
PROCEDURES.

FILED
HARRISBURG
NOV 15 2001
ANDREA D'AMICO, CLERK
DEPUTY CLERK

NOW COMES , the petitioner , **ALLEN MORSLEY** , proceeding herein <u>pro se</u> ,

hereby submitting this supplemntal petition to the goverments respones to

petition for **Habeas Corpus** : with **Motion to amend and supplement** to include

The Following :

1 , that goverment **also unconstitutionaly amended the indictment** by changing

    the charges that were made by the **Grand Jury**,.


2 , That this Honorable Court **Allow** petitioner to **Amend** petition to include

    **Bailey Violation** . as counselor for the respondent **concedes** in there '

    respones that such a claim <u>could</u> be raised by way of **2241 Motion** ,

    where the [ **Davis** ] **Court** , as Well as the **Third Circuit** Found in

    <u>Dorsainvill</u> , That it would be a Miscarridge of Justice for there to be

    **No way for A Defendent** to Challenge A **Bailey Violation** ' where the

    Interevining instructions May have Decriminalized the Act ' in a way that

    such Conduct May **Not** even be Criminal . SEE (count 17 of Indictment);

    Also ( **Doc. No. 7**) pages **8-9.**

## PETITIONER AVERS THE FOLLOWING:

THAT PURSUANT TO RULE 15 (a)  OF CIVIL , JUDICIAL PROCEDURES AND RULES:
**A PARTY MAY AMEND** PARTYS PLEADINGS ONCE AS A MATTER OF COURSE AT ANY
TIME BEFORE A RESPONSIVE PLEADING HAS BEEN SERVED OR ,  IF THE PLEADING
IS ONE TO WHICH NO RESPONSIVE PLEADING IS PERMITTED AND THE ACTION HAS
NOT BEEN PLACED UPON THE TRIAL CALENDER . <u>see</u>  4 **Mont.Rev.Code Ann.**(1935)
**§ 9186;   1 Ore.Code Ann.** (1930)  § 1-904; 1 S.Code  (Michie, 1932)
**§ 493; Eglish Rules Under the Judicature Act (The Annual Practice,** (1937)
Also  <u>SEE</u>  **RULE 8(d) of federal Rules of Civil procedure.**

## JURISDICTION

Jurisdiction is invoked in **Harris v United states** , No Civ. A  00-5194.

2000 WL. 1641073 (D.  N.J.2000)  where the **Hon. Joseph Irenas** , Held that

an **Apprendi** based Claim is one of the Few instances where **Dorsainvill**

**Operates** to **Permit 2241** challenge to the Lawfullness of Federal sentence

Where Relief Under **2255** is forclosed , <u>also see</u>  **Elan c.Lewis vs Donald-**

**Romine** , **(3:cv-00-1291)** , where **CHIEF JUDGE VANASKIE "HELD" '** summary

Dismissal of a 2241 petiton is appropriate only i(f) it plainly appears

from the face of the petition  and any Exhibits annexed to it that the

petitioner is not intitled to Relief in the District court '............

in Light of the absence of a definitive Ruling on the Availability of

2241 Relief where an apprendi claim **Cannot** be pursued under 2255   ,

**And** Judge **Irenas**  Decision in **Harris '**  I **Cannot** say with Confidence that

§ 2241 is **Unavailable** to petitioner under the circumstances presented here

### also see the constitution

**ARTICLE 1**,**SECTION 9**,**CLAUSE 2**,**UNITED STATES CONSTITUTION** .

### and

**ARTICLE III**,**SECTION 2**,**CLAUSE 3**,**UNITEDSTATES CONSTITUTION** .

US  VS. WIMS . 207 F3d 1651 , 661 121 SCT. 32 (2000)

## STATEMENT OF CASE

On May 28 , 2001  petitioner Moved this **Honorable Court** to Issue **Writ of Habeas Corpus**
[ 28 USC SECTION 2241 (c)(3) **]** , Petitioner set forth **Two** Grounds for Relief    ,

**1,** That indictment that Didnt State **Amount ,** which **Stated two Different** Controlled subs-

tances in the **Same Count ,** which also Charged  **possession** with Intent to **Distribute ,**

and **Distribution** of the Same **Detectable Amount [**of **Cocaine** And **Then Cocaine base**]    ,

**where** Judge Set Amount / **And** Type That petitioner was to Be Held Accountable  For

After **General Verdict   , Then his Sentence of Life** "exceeded" **the Statutory Maximum**

That Could Be **Imposed ,**   For when theres a Conspiracy to possess **two** Different   ,

Controlled Substances in the Same Count , the **Applicable Minimum** and **Maximum** Depends

on which Controlled substance the petitioner is Guilty of Conspiring to Possess  ,

AS a General **Verdict** only Authorizes the Lowest Mandatory Minimum .

**2,** That Court didnt Have **Subject Matter Jurisdiction** to try or **Sentence** Petitioner **Allen**

**Morsley** For a Crime when petitioner Was **Never Indicted '** Nor Could Goverment **Amend the**

**Indictment** To Cure Such A **Fatal Defect .**  In Violation of the Right to **Grand Jury it-**

**Self...**  That " No one Shall Be Held to Answer For **Infamous Crime** " But By Presentment

Of **Indictment .**

As Goverment[respondent] **Has Conceded** To **Both Grounds In Original Petition ,**  This Court

Must Except **ALL GROUNDS AND FACTS** Set Forth As **TRUE ,** And Issue **Writ** of Habeas Corpus   ,

SEE  Rule 8 (d) OF Civil Judicial Procedures and **Rules ,**   Also SEE **Machibroda** VS. US,

386 US 487  , 82 Sct 510 (1962) . **Haines** VS. **Kerner ,** 404 U.S 519  ,92 Sct. 594,  30 LEd,2

625 ,   As this **Honorable Court** Has Issued Order that Respondent Answer the Allegations

**Presented** In Motion For Habeas Corpus **Filed** May  28, 2001 .  where This Court Orderd Respon

On **July 17,2001**    , Order **Filed July 19th 2001** Ordering **Respondent[goverment] to respond**

To Allegations Being presented to the Court ,  And the Petitoner Prays that this **Hon. Cour**

Holds **Respondent [goverment]** Responssible For Such Waiver as Knowingly And Willingly ,

And Issue **Writ** Of **Habeas Corpus**

So That The Petitioner Might Be Able To tell His Children A Day that they Could Look
Forward to being a Family Again ...... For They Are Innocent Of this Crime as WELL.


## STANDARD OF REVIEW


Petitioner is a layman of law  and therfore his Motion Should be Construed Liberally  ,
o(r) Held to Less stringent standards than Formal Pleadings Drafted by a Lawyer  , **SEE**
**HAINES  vs.  KERNER**  , 404 U.S 519  ,92 Sct 594, 30 LEd.2d 625 .



ARGUMENT  #1

petitioner Allen Morsley ,**aka John Doe** ,  **Denies** the constitutional Validity of the argument
made by Counsel For the respondent in this Matter ;  petitioner alleges that the provisions
of the ANTI-TERRORIST AND EFFECTIVE DEATH PENALTY ACT(hereafter"AEDPA") that "limit"  and
Restrict  or otherwise Place  Un-fair hurdles and obstacles on his Right(s) to seek  an
Inquiry into the **Fundamental legality** of his Conviction or Detention where his  "Grounds"
or "Claims" are based upon his Innocence  , as Well as New Rule of constitutional  law  ,
and/or New Rule of statutory construction , that was "unavailable" to him Before he had
Exhuasted his opportunities for post-conviction Relief by way of appeal and first **2255**
motion are Unconstitutional ;  the **U.S Court** Of **Appeals** For the **third Circuit  ,   the**
**Fifth Circuit** , and **others**  ,  have  repeatedly noted the **"Grave" Constitutional Questions**
that are presented by laws or practices  that un-fairly limit or restrict the **broad plenary**
**powers** of the GREAT WRIT :  <u>SEE</u>  **UNITED STATES vs, BROOKS** , 230 F3d. 643 , at 646-647 (3rd
Cir. 2000) .**HARRIS vs. UNITED STATES,** 119 F. Supp. 458 , **Amended** 124  F. Supp. 2d. 876( D.
N.J. 2001): **In re  Dorsainvill**  119 F.3d. 245 at 250-251 (3rd Cir. 1997) **Jeffers  vs.**
**Chandler,** 234 F.3d  277 (5th Cir. 2000) . **Sanders vs. United states** , 373 U.S 1,  at 13-14 ,
10 LEd.2d 148  at pages 157-159 (1963) "section 2255 of Judicial Code"

"THE THREATEND DEMISE OF THE HABEAS CORPUS"

59 yale law Journal  1183   (1950)

for this court to now adopt the Legal arguments made by counsel for the respondent , to

bar petitioner **Allen morsley** , aka **John Doe**  from **obtaining a reliable Judicial Determination-** of his Legal Claims ' is  a **Functional equivalent**  of a "**SUSPENSION**"  of the **Writ of HABEAS CORPUS** , The very Constitution of this **Great Nation** , which is **Envyed all ove** the **world** , would have been **Defeated By the Same People who Have Vowed to protect it** , As the Rights of the People **at All Cost Must Be protected** , As the <u>Framers</u> **Well Knew** When they included Protection in the **Constitution itself;**

' the  priviledge of the **Writ of Habeas Corpus shall[not] Be Suspended** , unless  when in case of Rebellion or INvasion the <u>Public Safety</u>  MAY Require  it' .

<u>ARTICLE  1</u>, <u>SECTION  9</u>, <u>CLAUSE  2</u>,<u>UNITED STATES CONSTITUTION</u> .   SEE

<u>ARTICLE III</u>, <u>SECTION 2</u>, <u>CLAUSE 3</u>, <u>UNITED STATES CONSTITUTION</u> .

Habeas Corpus was a Common-Law **Writ** prior to its Statutory establishment  by Habeas Act of May 27, 1697  and is Guaranteed by the U.S Constitution in Article 1, Section 9, Claus 2,. **SUNAL  vs. LARGE** , 157 F.2d. 165 (4th. Cir. 1945) **Affirmed** 332 us 174 , 67 Sct. 1588 (1946).    The basic purpose of the **Writ of Habeas Corpus  ad subjiciendum ,**  sometimes Called the "**GREAT WRIT**"  is to inquire  as to the fundamental Legality of the prisoners Costody or Restraint.  **CARB  vs. UNITED STATES,**  277 F.2d  433(9th. cir. 1960) ,**Affirmed** 364 us, 611 , 5 Led.2d. 329 (1960). The basic purpose of the **Writ of Habeas Corpus is also** to enable those un-Lawfully incarcerated to obtain there Freedom ,  and these purp oses- and principles must be preserved **inviolate.  JOHNSON vs. AVERY** , 393 us. 483 ,21 L.Ed. 2d. 718 (1969) . Aother **Fundamental principle of a petition** For **Habeas Corpus is** That Goverment <u>**Must Always**</u>  Be Accountable to Judiciary For A Mans Imprisonment , and th the Restraints on **Liberty Must Be Removed** If the Imprisonment  Does Not conform to the Basic  Re uirements of Law . **SHELTON  vs. Ciccone** , 578 F. 2d. 1241 (8th Cir. 1978) .

The WRIT OF HABEAS CORPUS WAS DESIGNED TO PROTECT EVERY  PERSON FROM BEING DETAINED ,

RESTRAINED  , OR CONFINED UN-LAWFULLY BY ANY BRANCH OF GOVERMENT . SCAGGS vs. LARSEN ,

369  us. 1206 , 24 L.ed. 2d. 88 (1969).  The United States Supreme Court Has Emphatically

Reiterated that the **primary** purpose of the Habeas Corpus Proceeding is to Make Certain

that the Petitioner is **Not un-Justly Imprisoned** , "it is neither Necessary nor reasonabl

To deny Him **ALL OPPORTUNITY** Of Obtaining Judicial Relief. **PRICE vs. JOHNSON** ,  334  u.s.

266 ,  92 L.ed. 1356 (1948): see also , **SANDERS  vs.  UNITEDSTATES** , 373 u.s.  1, at pages

6-19 ,  10 Led. 2d. 148 at pages 156-163 & n. # 3 & n. # 5-8 (1963) .  THE CONSTITUTIONAL

COMMAND THAT **HABEAS CORPUS  BE AVAILABLE** REFLECTS THE ANCIENT LATIN LEGAL MAXIMUMS

Lex  Semper   dabit  Remedium [Law Always Provides Remedies]  , and Lex  Semper  intendit

Quod   Convenit Rationi , [ Law  Always intends  What is Agreeable to Reason] .

> " Conventional notions of Finality of litigation have No"
> place where life or liberty is at stake and infringement
> of Cositutional Rightts is Alleged. If 'Goverment......
> [is] Always (to) Be Accountable to the judiciary for a
> Mans imprisonment , access to the Court on Habeas <u>Must</u>
> Be thus Impeded ... ... ... Regardless of the number
> of prior Applications ... For aught the record disclose
> petitioner might have been Justifiably ignorant of the
> Newly Alleged facts or Unaware of there Legal significance
> ... ...  to change the Law as Judicialy evolved ... ...
> Would have injected Res  Judicata into Federal Habeas Corpus
> ... .... and " 2244 " Might Raise serious constitutional
> Questions. "

SANDER  vs. UNITED STATES , 371   U.S  1 , at pages 8-11 ,  10 Led. 2d. 148

at pages 157-159 (1963) -[citing From <u>FAY</u>  vs  <u>NOIA</u> and PRICE  vs JOHNSON ,

The Supreme Court Went on To Declare :

> "Nowhere in the history of section 2255 do we find any pur-"
> pose to impinge upon prisoners'rights of collateral attack
> on there Convictions ...[but only to provide] the same rights
> in another more Convenient forum...   ... plainly ,  were
> the prisoner invoking section 2255 Faced with the Bar of res
> judicata , he would not Enjoy the same rights' as the Habeas
> Corpus applicant , or a remedy Exactly Commensurate with'
> Habeas.  indeed , if he were Subject to any Substantial
> procedural hurdles which Made his Remedy under Sec. 2255
> Less Swift and imperative than FederalHabeas Corpus ,  the
> Gravest Constitutional doubts would be engendered , ... "

ALSO SEE:
> ARTICLE 9 PARAGRAPH(4) Of the International Covenant On Civil
> and Political Rights , Dec. 16, 1966. U.N.T.S. 171["ICCPR"]
> To which the United states Became a part in 1992,

it States

> " Anyone who is deprived of his liberty by .... "
> Detention shall be intitled to take proceedings
> before a court, in order that the Court may decide
> without Delay on the Lawfulness of his Detention
> and order his Release if the detention is not lawful.

ALSO SEE:

> ARTICLE 14 , PARAGRAPH 1 SENTENCE 2 .
> ARTICLE 15 , PARAGRAPH 1 SENTENCE 3 which states;

> " iF , subsequent to the commission of the offence"
> provisions is made by law for the Imposition of a
> lighter Penalty , the Offender shall benifit thereby.

An act of Congress is not to be Construed in a Manner that Violates intern-

ational Law , **FILARTIGA** vs **PENA –IRALA**   630 F2d. 878 , 887 , (2nd Cir.199

["The Law of Nations .... Has Always been Part of the Federal Common law."]

The Treaty is Self Executing by Virtue of 28 U.S.C Section 2241 (c)(3) Which

Authorizes a Prisoner to File For **Habeas Corpus** Based on A **Treaty Violation**

**IN**   KANSAS **vs.** COLORADA , 206 U.S 46 , 97 , 27 SCT. 655 , 51 Led. 956(19

THE SUPREME COURT **STATED**,

> " International Law is Part of Our Law , and **Must** be "
> Ascertained and administerd by the Courts of Justice
> of Appropriate Jurisdiction as Often as Questions of
> Right Depending Upon it are Duley presented for there
> Determination .

As demonstrated Herein , Petitoners Convictions and Sentence Violate Man-

datory provisions Imposed BY the **ICCPR** , As well As the **Fifth  And Sixth**

**Amendments to the United States Constitution** ,   **SEE**

**KIMMELMAN** vs. **MORRISON**   ,   477 U.S  365 , 106 SCT .2574 , 91 Led. 2d. 305

(1986) (The ICCPR , Overlaps the Sixth Amendment Right to Counsel, which is

Widely Acknowledged as the Gateway for the Exercise of all other Rights,

whether guaranteed by the **Treaty** or By the **Constitution**), 28 U.S.C SECTION

2241**(c)(3)**  Makes the ICCPR Self **Executing** .

**ARGUMENT # 2 ,**

petitioner Allen Morsley , aka , **John Doe** , Asserts that the Present Case is Identical To that of **Dorsainvill** , 119 F3d. 245 , 249 (3rd Cir. 1997) . **Secondly** , **Apprendi** is Analogous in important Ways ' to the Rule Announced in **Bailey vs. United States** , 516 U.S 137 , 116 Sct. 501 , 133 LEd. 2d. 472 (1995) , and Applied On Collateral Review in **Bousley vs. United States** , 523 U.S 614, 118 SCt. 1604 , 140 Led. 2d. 829 (1988) , in **Bousley** The Supreme Court **Held** that **Teague vs. Lane** , 489 U.S id. at 228 " is **Inapplicable to the Situation in which this Court Decides the meaning of a Criminal Statue Enacted By Congress ",** 523 U.S at 620 .

After **Apprendi** , A Jury must Find A Certain " Drug quanity" **And** "Drug Type" Before a Defendant Can be Convicted and Sentenced For Offenses Set forth in **841 Enhanced offenses** . Significantly , While **Bailey** , only "Redefined" the Conduct that is Criminal Under 18 U.S. Section §924(c) , **Apprendi** , Actually Created new Criminal **Offenses** From what were previous Assumed to be Mere **"Penalty Provisions"** . SEE APPRENDI 120 SCT. at 2364 , 65 n. 19 .

**ARGUMENT # 3**

petitioner Allen Morsley , aka **John Doe ,** Further Alleges that where **indictment** Never **Charged Amount** , ( Detectable ) Nor **841(b)(1)(A)** , 841(B)(1)(B) , O[R] 841(B)(1)(c) , Only **841(a)** , Petitioners issues should Be Considerd on **2241 Motion** For Several Reasons. **First** And Perhaps Most Importantly , The **GRAND JURY'S** Omission of **Elements** From an **Indictment Has Always** Been Regarded as a **Jurisdictional Defect ,** Revaersible **per se** , Without proof of Prejudice . Jurisdictional error **Deriving From A Grand Jurys** Failure to Find Probable Cause to charge Crime , **Bars Prosecution of that Crime .** Futhermore , Grand Jurys Failure to Find Probable Cause that a **Particular person** Committed A Crime , **Also Bars Prosecution** Of that Particular Person for that Crime. **Further ,** The petitioner Alleges That Jurisdictional Error Deriving From A **Grand jurys Failure** To Find Probable Cause as to All of the **Elements** Of Any **Crime** That the Accused is Held to Answer is in Violation Of the **Fifth Amendment Indictment Clause ,** SEE **STIRONE vs. UNITED STATES** , 361 U.S 212 , 217 ,80 SCT. 270 , 4 Led. 2d. 252 (1960) :

**Ex Partre Bain** , 121 U.S.  1,  7 Sct. 781 , 30 LEd. 849 (1887) ; **United state**
vs. **Cotton** , No. 99-4162 (4th. Cir. Aug 10,2001); **Grahm vs. Collins** , 506 U.S
461 , 477 , 113 Sct.  892 , 122 LEd. 2d.  260 (1993); SEE **Smith vs Commonweal**
14 Serge . & Rawle  69 (PA . 1862);  **U.S** vs. **Wims** ,  207 F.3d.  661 **Vacated**
and **Remanded** 121 Sct.  32 (2000).; **Apprendi** vs. **NewJersey**,  530 U.S. at  490
n. 15 (quoting) **United States vs. Reese**, 92  U.S.  214 , 232-33 (1875).

> " **Under the due process clause of the Fifth Amendments and Notice"**
> **and jury guarantees of the Sixth Amendments** . , any **Facts**(other
> than Prior Conviction) **that increses the maximum penalty for  a**
> **crime , Must be charged in an indictment , submitted to the jury**
> **and proven beyond a reasonable doubt** ' . i.d **Jones** , at n.  6
>                    (Emphasis added).

Also See  **EDWARDS VS, UNITED STATES** , 140 LEd. 703 (1998) . The Court in Edwa
held  , if a Conspiracy to Possess **Different Controlled Substances** is Alleged
in a **Single Count** of an **indictment** , The Applicable Mandatory **Minimum Sentenc**
Depends on **Which** of the Controlled Substances The petitioner Was **Guilty**  of
Conspiring to Posses , **A General Verdict** Of Guilty **Only** [ authorizes]  the
**Lowest Mandatory Minimum** .  SEE **UNITED STATES** vs. **BARRET** ,  870  F.2d  953
(3rd. Cir. 1989).


ARGUMENT #4


Original petition has Alleged that the Goverment Unconstitutionaly **amended** ,
Indictment , when Goverment Amended **the Indictment** to include petitioner as
the **John Doe** in the indictment .  And **Then**  Amending the Indictment  By
**Removing** the **John Doe**  **From the Verdict sheet** , Leaving in its place **Allen**
**Morsley** , aka  **Raleek** , aka **Baldhead** , .  Both of which the Counsel for the
Respondent **Has Conceded** to By **Waiver** ' in as Much as Counsel did not **Denie**
**Facts** or **Grounds**  Alleged .  SEE Rule  8 (d) of Civil , Judicial Procedures
'  Also SEE , **Machibroda** vs. **United states**, 368 U.S. 487 , 82 Sct. 510 (1962
**Haines** vs. **Kerner** , 404 U.S. 519  92 Sct. 594 , 30 LEd.2d. 625.

" it is undisputed that police as well as agents have the right to "
to arrest and detain a civilian when they believe theres probable
cause that a crime has been committed ' but **only** the Grand Jury
has the power to **"Indict"**. Nor can Such powers be **delegated**  to
the **Court** ' Nor  the **Goverment /.** and **Certainly not to the Police.**

in **United states vs. John Doe** , aka ,Leo white male , Approximately 23 years

old , Approximately 5'7 Tall , Approximately 135 pounds with Black Hair ,

Brown Eyes ,  **and** Black Musstache , **Defendent,** cited as  **401** F. supp.  63

(1975). The Court recognized that the Concept of **Equal Protection** of the Laws

as embodied in the **Fourteenth Amendment** is applicable to the activitys of the

Federal Goverment , through the Provisions of the Fifth Amendment ,   SEE

**Bolling vs. Sharpe** , 374 U.S.  479 , 74 Sct.  693 ,  98 LEd. 884 (1954);

**However**  , in the Case of John Doe , aka , **[all these names]** ,  this court

noted that the Most Substantial authority cited by the defendent in Support

of his Claims presented  , was **Conner vs. Picaro ,** as reported at  434 F.2d.

673 (1st. Cir. 1970)  Where  " **JUDGE  BAILEY ALDRICH** "  Held that  a

Massachusetts **Statutory Sceme** Was **Unconstitutional** where it permitted  an

Indictment to Be **Returned** against a person identified only as John Doe , the

True name **and** a more particular **description** of the Said John Doe ,  Being to

the Said Jurors **Unknown ,**  and **Later Alterd by the Court, when** the True ....

Identity of the Accused was Ascertained.......... **Judge Aldrich** ,  Found

that by Naming the Accused in so **Ambiguous** a Fashion  ,  the **Grand Jury had**

**infact " Delegated "**  the  duty of Determining which Person  was to Be prose

For A **Particular** Crime  , to the **Law enforcment Officers Charged**  with the Ta

of Making  Arrest . SEE  **UNITED STATES vs. JAY ,**  713 F. supp.  377 (N.D.Ala

SEE **LEADER CHEESE CO.**  335 F. supp. 875 (E .D. Wis 1973); **RUSSEL vs. UNITED**

**STATES,**  369 U.S. 749 , 763  , 82 Sct. 1038  , 8, LEd. 2d.  590 (1974 ) ;

**HAMLING vs. UNITED STATES** , 418 U.S.  87 ,  117 ,  94  Sct.  2887 ,  41 LEd.

590 (1974); **SNOWDEN vs. HUGHES et al** , 321  U.S.  1,  64  Sct.  397 , 88 LE

497 (1944); SEE Also  **STATE vs. DOE** 127 F. 982 , 983 ; **CONNER vs. PICARO ,**

as reported at 434 F.2d.  673 (1st. Cir. 1970): **Ex PARTRE BAIN ,** 121 U.S.  1

7 Sct  781 , 30   led  849 (1887).

7 Sct. 781 , 30 LEd. 849 (1887). in petitioners case everyone was identified and charged
by ATF Agents and the Raleigh police Department through Buy and Sale operations Conducted
with informant FLECHER JOHNSON. Yet petitioner was Not Indicted for Such Activitys ,
[SEE Detention Hearing in Original Petition For Habeas Corpus] Nor was Petitoner Ever
Identified by Agents or police Department . as petitioner was not a part of any Conspiracy
For Guns or Drugs' or any Combination of the two. Although Counsel for the petitioner ,
Attacked the Manner in which the Goverment Identified the petitionerin the Indictment ,
in as Much as they Didnt . the court Ruled that the Grand Jury Indicted Somebody ' and
He thought that it was a question for the Jury to decide Who That person Was ,
He went further to say , that He didnt think ? that the prosecution Had to go Back to
the Grand Jury in Order to Amend the Indictment . Counselor for the petitioner Corrected
the Court that this was not a Mere Misnomer ' . (quoting Counselor Robert Cooper) With All
Due Respect , Your Honor , I Think that this is an Issue that the Grand Jury Must Decide '
Before We can Proceed to Trial . Where Once Again the Court Promised that this Would Not
Happen . ( note John Doe Was Removed From Indictment) Mr Cooper then asked the Court
Would the Petitioner be Required to Plead ? where the Court Answer that he Certainly Will

ARGUMENT # 5

petitoner Further alleges that he was never Indicted for TITLE 21 U.S.C SECTION 846 ,
thats why Amount / nor penalty was included in Count one (1) . SEE ATTACHMENT 2-Z .
petitioner Received these Documents through f.o.i. Act from A.T.F. Who investigated
and Submitted case for Prosecution . After Indictment had been secured by A.T.F.
for Firearms Violations ' case Was submitted for Prosecution to United States District
Attorney James R. Dedrick , with a note that the case Had been Discussed With Ass.
United States Attorney Christine Hamilton , SEE ATTACHMENT 1-Z . petitioner further
Alleges that Goverment Unconstitutionaly Amended the Indictment to include Count 80 ,
and 81, SEE ATTACHMENT 3-Z . petitioner further alleges that the Indictment
Was Broadened by Charges that were not Made or / even taken into account by the Grand

Jury  .    petitioner was Indicted Along with Others For Conspiring to obtain **firearms**
with alterd and obliterated Serial numbers  , and to Receive **firearms**  transferd  in
Violation of interstate Commerce  ,  and **Use of a firearm in** Connection with a Drug
Trafficking Crime .    **TITLE  18 U.S.C.  Section  371 , CHAPTER  19 ,** Carries a Statutory
**Maximum** of **FIVE YEARS ,    TITLE 21 U.S.C** Section 846 Carries a Statutory **Maximum** of **LIFE.**
petitioner **Further** argues that Govermental**also** Unconstitutionaly **amended**  the **Indictment** by
Changing  **TITLE 18 U.S.C. Section 1342** which Carries a **Maximum** of **Five Years** and a ten
thousand Dollar fine .  To **TITLE 18 U.S.C** 1343  which Carries a **Maximum** of **Thirty Years**
and a **Million Dollar fine .** SEE ATTACHMENT 3-Z  ,  Although the Court Defined , Such a
**Amendment to the Indictment**  ,[as a Tecnical error]  For the District Attorney to Discribe
Charge **Made** by the **Grand Jury** as erroneous ' is proof within itself that the  Indictment
**After** so many changes was Now Defective  .

> **" Certainly  , sentencing a man for a crime which he has neither been"**
> **charged nor convicted  , Seriously Affects the Fairness , integrity,**
> **and public reputation of Judicial  Pro-ceeds ."**

UNITED STATES  vs.  DAVID , 83  F3d. 638 , 648 (4th. Cir. 1996): **WIBORG vs. UNITED STATES** ,
163 U.S.  632 , 658 (1896) ;  "and Most importantly  , that the error" seriously Affect(s)
The Fairness , Integrity or Public reputation of Judicial Proceedings ". **Olano** , 507 U.S.
at 736 (quoting **ATKINSON** , 297  U.S. at 160): We **" Feel ourselves at Liberty To Correct it"**
**WIBORG,** 163  U.S. at 658 ,  SEE **TRAN** , 234 F.3d  at 809 , ( " IF the District court Acts
Beyond its Jurisdiction ' By Trying  , Accepting A Plea From  , **Convicting** , or Sentencing
A**Defendent** For  an Offense Not **Charged In the Indictment** ,  This Court Must Notice Such E
,  And **Act** Accordingly to Correct it .    UNITED STATES  vs. FLORESCA , 38 F3d.  706 (4thC
1994) **(en Banc);** EX PARTE BAIN , 121 U.S.  1,  12-13 (1887) " That a Court **Cannot Permit**
A Defendent to Be Tried on **Charges** that are **Not** Made in the Indictment **Against Him"** ,.

**" CASES DENOUCING AMENDMENTS "**
**AND VAIRIENCES ARE LEGION**

SEE **U.S.  V** RANDALL 171 F3d .  195  ,203-4 (4th. Cir. 1999)
 **U.S.  V** WOZNIAC 126 F3d .  105  ,111  (2nd. Cir. 1997)
 **U.S.  V** WILLOHBY 27 F3d .  263  ,266  (7th. Cir. 1994)
 **U.S.  V** NUNEZ  180 F3d .  227  ,231  (5th. Cir. 1999)

`SEE U.S. V ROSARIO-DIAZ 202 F3d. 54, 70-71 (1st. Cir. 2000)
     U.S. V PRINCE    214 F3d. 740 ,757 (6th. Cir. 2000)
     U.S V REESE     92 U.S. 214 , 232 -33 (1875)
     STIRONE V. US, 361 U.S. 212 , 217 -19 (1960)
     RUSSELL V. UNITED STATES 369 , U.S. 749 (1962)
     UNITED STATES V. PROMISE No. 99-4737 , (2001) WL. 732389,     F3d.    (4th. Cir
     June 29, 2001)(en banc); UNITED STATES V. JAY, 713 F. supp. 377 (N. D.Ala 1988).

Jurisdictional defects  , by Contrast Cannot be Proceduraly Defaulted . as federal Courts are

Courts of Limited Jurisdiction , Deriving powers Solely from Article III of the Constitution

and Legislative Acts of Congress, SEE INSURANCE CORP. of IR , Itd V. COMPAGNIEDED

BAUXITES DE GUINEE , 456 U.S. 694 (1982); Petitioner Contends , that since his Indicment was

Not resubmitted to the Grand Jury ' So that the Grand Jury Might Decide Whether Petitioner wa

THE JOHN DOE ,..... WHETHER PETITIONER SHOULD BE CHARGED ,....... AND IF SO TO WHAT EXTENT

The Court Cannot Create its Own Jurisdiction.  To make such A Ruling Violated petitioners

Fifth Amendment Constitutional Right.  SEE RUSSELL V. UNITED STATES , 369 U.S. 749 (1962).

> " An indictment may not be amended except by resubmition to Grand Jury "
> Unless the change is merely of Form[1.] " If it be once held that changes
> can be made by Consent or the order of the Court in the body of the
> body of the indictment as Presented by the Grand Jury ,  and the prisoner
> can be Called upon to answer to the indictment as Thus Charged    , the
> Restriction which the Constitution Placed Upon The power of the Court   ,
> in Regard to the Prerequisite of An Indictment ,  in reality , no longer
> exist.id.

## ARGUMENT # 6

petitioner ALLEN MORSLEY , aka , JOHN DOE . Respectfully Moves this Honorable Court to Amend

petition for Habeas Corpus to include Bailey Violation , As petitioners Conviction and senten

e- was Prior to the Courts Constructive ruling , Although Petitioner has Argued at Trial and

on Appeal , yet the Court has Consistantly ruled otherwise . SEE UNITED STATES V. MORSLEY ,

64 F. 3d 907 (4th. Cir. 1995); petitioner the Appealed to the Fourth Circuit,on.Aug 4th

1998 at Docket No. 97-7813 . After petitioners 2255 had been Dissmised on its Face ' .

Yet the Fourth Circuit Ackowledged on Direct Appeal that petitioner Didnt Trade Firearms ,

which was the Goverments Only Argument ,  the Court of Appeals Affirmed Conviction . 64 F. 3

907 (4th. Cir. 1995). BAILEY wouldnt be Decided for another Four Months . Petitioner would

then File a 2255 Motion tha would Be Dissmised on its Face as having No Merit on Oct 15, 199

On Aug 4, 1998 petitioners Appeal to the Fourth Circuit Court of Appeals Was Denied  ,

petitioner Raised Four Grounds For Relief..........

## POINT ONE

THE COURT WAS WITHOUT JURISDICTION
TO ENTERTAIN THE INDICTMENT AGAINST
APPELLANT , GIVEN THAT HE WAS NEVER
INDENTIFIED BEFORE THE GRAND JURY ,
IN VIOLATION OF HIS FIFTH AMENDMENT
RIGHT  , NOT TO BE CHARGED WITH FELONY
WITHOUT GRAD JURY INDICTMENT.

## POINT TWO

INEFFECTIVE ASSISTANCE OF COUNSEL AT
SENTENCING PREJUDICED APPELLANT AT ,
SENTENCING .

## POINT THREE

****THE CONVICTION FOR USE OF A FIREARM IN****
A DRUG TRANSACTION PURSUANT TO 18 U.S.C.
SECTION 924(c) MUST BE VACATED, WITHOUT
EVIDENCE THAT APPELLANT SO USED A FIREARM.
**** _____ ****

## POINT FOUR

THE TIME RESTRAINTS OF THE 1996 ANTI -
TERROISM ACT ARE INAPPLICABLE TO PRIOR
CONVICTIONS.

SEE ATTACHMENT   5-Z

Court of Appeals for the Fourth Circuit Argued that they didnt Have **Jurisdiction**
to hear petitioners arguments , Furthermore **Denieing** Petitioner Certificate of
Appealability .    SEE DOCKET No. 97- 7813 .  thus in 1993 at petitioners  Trial
petitioner **Was** instructed **along** with the **Jury'** [SEE ATTACHMENT 5-Z] that mere
possession of a firearm would Support a conviction Under § 924(c) , Petitioner
Argues that he **along** with the **Jury** received <u>Critically</u> <u>**INCORRECT**</u> <u>LEGAL</u> ADVISE.
The fact that all of the Jury Advisers acted in Good Faith ' **Does Not Mitigate**
the **Impact** of the **erroneous Advice** .  its Consequences for the petitioner were
Just as **Severe'**  and JUst as Un-Fair .  Supreme Court cases make it Perfectly
Clear that a Guilty plea based on such Misinformation is Constitutionaly invali
<u>**SMITH**</u> vs. <u>**O'GRADY**</u> , 312 U.S.  329, 334 , 61 Sct.  572 , 574 , 85 L.E.d. 859
(1941); <u>**HENDERSON**</u> vs. <u>**MORGAN**</u> , 426 U.S. 637, 644-645,  96 Sct. 2253, 2257 -
2258, 49 L.Ed. 2d  108  (1976). Petitioners Conviction  and Punishment on the
§ 924(c) Charge ‖ ‖ 'are for an Act that the Law Does **Not Make Criminal** .   Ther
Can be **No Room** for Doubt that Such a Circumstance 'Inherently Results in the
Complete Miscarriage of Justice ' and present[s] Exceptional Circumstances  tha
Justify Collateral **Relief Under 28 U.S.C. SECTION §2241.**  <u>SEE</u> <u>DAVIS</u> vs <u>UNITED</u>
<u>STATES,</u> 417 U.S.  333, 346-347 , 94 Sct. 2298 , 2305 ,  41 L.Ed.2d  109 (1974).
Cf.  <u>**BROWN**</u> vs. <u>**ALLEN**</u> ,   344 U.S. 443 , 540 [73 Sct. 397 , 427, 97 L.Ed. 469]
(1953)( **Jackson, J., concurring in result).**

> ' It is this Court(s) responsibility to say '
> what a Statue means , and once the Court
> Has spoken , it is the Duty of the Other
> Courts to respect that understanding of
> the Governing Rule of Law. A Judicial
> Construction of A statute is an Authoritive
> Statement of what the statute Meant before
> as well as after the Decision of the Case
> Giving rise to that Construction.'

<u>RIVERS</u> vs. <u>ROADWAY</u> **Express, Inc.**    511  U.S. 298, 312-313, 114 Sct. 1510, 1519,
128 L.Ed. 2d  274 (1994). petitioners Further Argues that all of the Defendents
on the Case were Given **Bailey Relief.** (see docket sheets for Codefendents)  .

Petitioner further argues that the bailey Claim is not A New one ' as the indictment itself (count17/count 1) are Incorporated in as much as they are Supported by each other SEE COUNT 17.    Furthermore the respondents Reply to Motion For Habeas Corpus **Concedes** that 2241 is Available for such a **claim'**. SEE (Doc. No. 7 . page #8-9) SEE <u>DAVIS</u> , 417 U.S. at 334; <u>Dorsainvill</u> , That such a Claim could meet the Safety Valve clauses, as it would be A miscraige of Justice ' for such conduct **may not even been Criminal** , After the Court Ruled in **Bailey** , placing petitioner in a **unique Position.** The fact that Petitioner[and] **Jury** Advisers Acted in Good Faith '**Does Not Mitigate the Impact** of the Circumstances where the Underlying Conduc is **Not Criminal;** this case does not raise any Question concerning the possibl retroactive application of a new Rule of law, Cf. **TEAGUE vs. LANE** , 489 U.S. 288, 109 Sct. 1060, 103 L.Ed.2d 334 (1989) , Because the Cuorts decision in <u>**Bailey vs. United states,**</u> 516 U.S. 137, 116 Sct. 501, 133 L.Ed.2d 472 (199 Did not Change the Law, it merely explained what § 924(c) had meant ever si the statute was inacted.. **As Petitioner is <u>Actually</u> Innocent** ' of the convict And **Sentence** of **All Grounds** in petition For **Habeas Corpus** , A Manifest **Injust** Has Occured and **Can** be inquired into Under Habeas Corpus **2241 (c)(3)** , see <u>BOUSELY</u> **vs.** <u>UNITED STATES,</u> 523 U.S. 614 , 140 LEd.2d 826 , at page 837(19 <u>ABREU</u> **vs.** <u>UNITED STATES</u> , 911 F. supp. 203 at 208 (E.D. VA. 1996);<u>UNITEDSTAT</u> **vs** . <u>MAYBECK</u> , 23 F3d. 888, at 893-894 (4th. Cir. 1994);<u>DORSAINVILL</u> ,119 F3 at 251 ; <u>VIAL,</u> 115 F.3d. at 1194; <u>JONES</u> **vs,** <u>ARKANSAS</u> , 929 F.2d. 375 , at 38 & n. # 16 (8th. Cir. 1991); <u>SMITH</u> **vs.** <u>COLLINS</u> , 977 F.2d. 951, at 959 F.supp. 520 (S .D. N.Y. 1997). **<u>Petitioner Further Argues that All Claims</u>** ' Should be **<u>Reviewed De novo.</u>** For **All** of petitioners Arguments (Violations) Are not subje to plain error Reviews . or Harmless error for Prejudice.

## ARGUMENT # 7

Petitioner Furthermore **Denies** the Applicability of **TYLER** vs. **CAIN,**_____ US_____

2001 WL. 720703 (june 28 , 2001). Because the Court **DID-NOT** "HOLD" therein th

A prisoner **Cannot** Utilize Section **2241** to obtain A Reliable Judicial Determina

of the **Fundamental Legality** of his Detention when the 2255 or/2254 Remedy is'

"INADEQUATE OR INEFFECTIVE" when prisoners Claim is Based upon A New Rule of

**Statutory Construction** ' that was Renderd **After** his **Appeal** and 2255 Remedies h

Been **exhausted**.............. The Court merely answerd the question presented

Concerning whether it had yet "Held" that **CAGE** vs. **LOUISIANNA** , was"retroactiv

for the use under **2254** . **TYLER** vs. **CAIN,** DID NOT **Answer Any Question(s)** Relati

to the use of Section **2241** . The question(s) **And** Issue(s) Are entirely Differ

and involve Different **Statutes** with Different Language .

> " the words which congress has used are not ambiguous "
> section 2255 provides that: 'a prisoner in costody
> under sentence * * * claiming the right to be rele-
> ased * * * may move the court which imposed the sen
> tence to vacate , set aside or correct the sentence.
> The statute further provides : a motion for such re
> lief may be made at any time. "This latter provision
> simply means that , as in Habeas Corpus , there is
> No res judicata , and that the doctrine of laches
> is inapplicable. (QUOTING FROM OPPINION OF THE COURT)
> ( MR . Justice Stewart , whom Mr. Justice -----
> Frankfurter , Mr. Justice Clark , Mr. Justice
> Harlan , And Mr. Justice Whittaker.
> join , Concurring ). HEFLIN vs. UNITED STATES ,
> cite as 79 Sct. 451 .

petitoner further argues that it is **un-fair** for the court to allow the Governme

play upon the labels that have come into play involving the **Great Writ** of Hab

Corpus . SEE SMITH vs. BENNETT , 81 Sct. 895, 365 U.S. 708, 6 L.Ed.2d. 39,

on **remand** 109 N. W .2d 703.

> " Habeas Corpus is the Highest remedy in Law for any "
> man imprisoned , and its availability to regain
> Liberty lost thruogh criminal process cannot be ma-
> de contingent upon choice of civil **or** criminal label
> for the Writ.

GEYER vs. STOY , 1 U.S. 135, 1 Dall. 135, 1 L.Ed. 70 (pa. 1775); WALEY vs JOHN
SON , 62 Sct. 964, 316 U.S. 101, 86 L.Ed. 1302 (U.S. Cal. 1942): PRIGG vs.
COM. of PA., 41 U.S. 539, Pet. 539, 10 L.Ed. 1060.

> " court may not construe constitution "
> so as to defeat its obvious ends
> when another construction, equally
> accordant with the words and sense
> thereof, will enforce and prorect
> them. (U.S. Pa. 1842) (PRIGG).

> " in construing the constitution,court"
> will look to the nature and objects
> of the particular powers, duties and
> rights, with all the lights and aids
> of contemporary history and give to
> the words of each just such operation
> and force consistent with their leg-
> itimate meaning as may fairly secure
> and attain the ends proposed. (PRIGG).
> ( 16 Pet. 539, 10 L.Ed. 1060).

MARBURY vs. MADISON , 5 U.S. 137, 1 Cranch 137, 2 L.Ed. 60(U.S Dist.Col. 1803);

> " where both the constitution and a law "
> in opposition to the constitution apply
> to particular case, the courts must de-
> termine that the constitution and not '
> the law govern the case (Marbury);

UNITED STATES vs. FISHER, 6 U.S. 385, 2 Cranch 358, 2 L.Ed. 304 (U.S. Pa. 1805)

> " the court can never be unmindful of the"
> solemn duty imposed on the judicial de-
> partment when a claim is supported by
> an act which conflicts with the consti-
> tution and the court can never be unmi-
> ndful of its duty to obey laws which ar
> e authorized by that instrument.

Petitioner , Furthermore , re-asserts ' each and every one of his Grounds and,
Facts contained in Original Petition Filed before this court , and petitioner
Further Alleges that Various Combinations of Facts and Grounds ' State numerous
Claims upon which Relief can be Granted Under TITLE 28 U.S.C SECTION 2241(c)(3).

U.S. vs. BROOKS , 230  F3d. 643 ,at 646-647(3rd. Cir.2000): HARRIS vs. U.S.
119 F.supp. 2d. 458 amended 124 F. supp. 2d. 876 (d.  N.J. 2001); In Re Do-
rsainville , 119 ,F3d. 245 at 250-251 (3rd. Cir.1997); JEFFERS vs. CHANDLER,
234 F3d. 277 (5th.Cir 2000); UNITED STATES vs. FISHER ,  6 U.S. 385, 2 cranch
358, 2 L.Ed. 304 ( U.S.  Pa. 1805); SMITH vs. BENNETT , 81 Sct. 895, 365 U.S.
708, 6 L.Ed. 2d. 39, on remand 109  N. W. 2d 703.; ex Partre Bain ,121 U.S. 1
, 7 Sct. 781 , 30 L.Ed. 849 (1887); RUSSEL vs. UNITEDSTATES , 369 U.S. 749  ,
763, 82 Sct. 1038, 8 L.Ed. 2d. 240 (1972); CONNOR vs. PICARO , as reported at
434 F.2d. 673 (1st.Cir. 1970); UNITED STATES vs.JAY , 713 F.supp. 377(N.D.Ala.
1998); HAMLING vs. UNITED STATES , 418 U.S. 87, 117,  94 Sct. 2887, 41 L.Ed.
2d. 590 (1974); STATE vs. DOE 127 F. 982 , 983. ; SNOWDEN vs. HUGHES,et  al,
321 U.S. 1,  64 Sct. 397, 88 L.Ed. 497 (1944); BROWN vs. ALLEN ,344 U.S. 433,
540[ 73 Sct. 397, 427, 97 L.Ed. 469](1953)(Jackson J, cocurring in result);
SANDER vs. UNITED STATES, 371 U.S. 1, at pages 8-11, 10 L.Ed. 2d. 148 at pages
157-159 (1963)-[citing From FAY vs. NOIA and PRICE vs. JOHNSON]; UNITED STATES
vs. COTTON,  No.  99-4162(4th.Cir. Aug 10, 2001)(en banc); STIRONE vs. UNITED
STATES, 361 U.S.  212, 217-19 (1960): TRAN, 234 F.3d at  809; EDWARDS vs.
UNITED STATES , 140 L.Ed. 703 (1998); UNITED STATES vs. BARRET,870 F.2d. 953
(3rd. Cir. 1989); UNITED STATES vs. REESE , 92 U.S. 214, 231-33 (1875):
BAILEY  vs. UNITED STATES , 516  U.S. 137, 116 Sct. 501 , 133 L.Ed. 2d. 472
(1995); BOUSELY vs. UNITED STATES , 523 U.S. 614, 140 L.Ed. 2d. 826, at pages
837(1998):  THE UNITED STATES CONSTITUTION ;  article 1, section 9, clause 2,
article III, section 2, clause 3,;  INTERNATIONAL COVENANT ON CIVIL AND POLITI
CAL RIGHTS;  article 9, paragraph 4;  article 14, paragraph 1, sentence 2;
article 15, paragraph 1, sentence 3,  just to name a few '.

## CONCLUSION

Wherefore Petitioner Prays That this Honorable Court Issues Writ of Habeas

Corpus  , So that Petitioner Might Be heard in a Court of Law with a Hearing

on the Grounds and Facts Alleged , Because there has been a change in the

Substantive Law Defining the Elements of the Offences, and Dorsainvill says

that 2241 Relief is Available When an Intervening Change in the substantive

Law Has acurred.  and Most Importantly' Im Guilty of using those Guns;

Im also not guilty that "Amount"  Nor am I the Person Named in the Original

Indictment.    I AM ACUALLY INOCCENT.

*Nov. 8. 2007*

RESPECTFULLY PRESENTED THIS DAY

*Mr Allen Morsley*

ALLEN MORSLEY # 14718056
            F.C.I.EDGEFIELD
                 PO.Box  724
            EDGEFIELD   SC. 29824.



DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
4530 PARK ROAD, SUITE 400
CHARLOTTE, NORTH CAROLINA 28209

AUG 18 1993

ATTACHMENT 1-Z

Case Number: 13550 93 4565 T


Honorable ˉ ˍs    ˍˍˍˍˍˍˍʌ
United States Attorney
Eastern Judicial District
310 New Bern Avenue, Suite 800
Raleigh, North Carolina 27601-1461

Dear         ..

The enclosed criminal case report is submitted for
prosecution regarding violations of the federal
firearms laws by Fletcher Junior Johnson, et als.

From the fall of 1991 to May 1993, Johnson, then a
federally licensed firearms dealer, illegally
distributed over 1000 firearms to known drug
traffickers and convicted felons in the Johnston
County, North Carolina, area.




This case has been discussed with Assistant United
States Attorney ``               , and she is aware that
on July 6, 1993, the defendants were indicted by a
federal grand jury. We suggest this report be forwarded
to her attention.

If you need further information, please contact Special
Agent               at (919) 856·

               Sincerely yours,




               Special Agent in Charge

Enclosure

| INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|---|---|---|---|---|
| INITIALS | | | | |
| DATE | 8/12/93 | 8/16/93 | 8/17/93 | |



DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

4530 Park Road, Suite 400
Charlotte, North Carolina  28209

ATTACHMENT 2-Z

LE:NC:RA:jms

Case No:   13550 93 4565 T

Report examined, approved
and recommended for
prosecution.

_____
Special Agent in Charge
Bureau of Alcohol,
Tobacco and Firearms

The Honorable James R. Dedrick
United States Attorney
Eastern District of North Carolina
310 New Bern Avenue, Suite 800
Raleigh, North Carolina  27601

This report relates to alleged violations of the Federal firearms
and conspiracy laws by Fletcher Johnson, et al, who between the
fall of 1991 and June 1993, did conspire to obtain firearms with
altered and obliterated serial numbers and receive firearms
transferred in violation of State and Federal record keeping
requirements and use firearms in connection with drug trafficking
crimes in Wake County, Eastern District of North Carolina.

DEFENDANTS AND ARREST STATUS

JOHNSON, Fletcher Junior - Arrested 7/8/93; Indicted 7/6/93.
                         - Arrested 6/11/93; Indicted 7/6/93.
                       ed 6/11/93; Indicted 7/6/93.
                       - Arrested 6/11/93; Indicted 7/6/93.
                     - Arrested 6/16/93; Indicted 7/6/93.
                     - Arrested 6/17/93; Indicted 7/6/93.
                   e - Arrested 7/8/93; Indicted 7/6/93.
                   - Arrested 7/8/93; Indicted 7/6/93.
DOE, John - a/k/a Raleek - Not arrested, Indicted 7/6/93.

ATTACHMENT 2-Z  <u>continued</u>

<u>STATUTES VIOLATED</u>

The above listed defendants are charged with violations of the following sections:

Section 371, chapter 19, Title 18, USC
Section 924(c)(1), chapter 44, Title 18, USC

<u>As to</u>                                    (Additional)

<u>CHRONOLOGY OF EVENTS</u>

In the late fall of 1991, Fletcher Junior Johnson, a licensed Federal firearms dealer began selling firearms without having the purchaser fill out the required ATF forms 4473 and or present him with the required North Carolina Pistol Permits.

(Exhs: 2, 3, 4)

On or about November 23, 1992, John Doe, a/k/a Raleek, a major drug trafficker who supplied crack cocaine
received a shipment of four Mac 10, 9mm handguns, with altered serial numbers, from Fletcher Johnson.

(Exhs: 3, 4, 12)

On or about December 16, 1992, John Doe, a/k/a Raleek, a major drug trafficker who supplied crack cocaine to smoke her
received a shipment of fifteen Bryco .380 caliber pistols, with altered serial numbers, from Fletcher Johnson.

(Exhs: 3, 4, 12)

13550 93 4565 T

ATTACHMENT 3-Z

## CHRONOLOGY OF EVENTS--Cont.

On July 6, 1993, all the previously listed co-conspirators were indicted in New Bern, NC, for 18 USC 924(c)(1), Use of a Firearm During and in Relation to a Drug Trafficking Crime.  Additional indictments included 21 USC 846(a) Conspiracy to Possess with Intent to Distribute Cocaine, 18 USC 1342 Wire Fraud, 18 USC 924(h) Transfer a Firearm Knowing Such Firearms would be Used to Commit a Drug Trafficking Crime, 18 USC 922(k) Possession of Firearms with Altered and Obliterated Serial Numbers.

(Exhs: 13)

(Exhs: 4, 13)

## LIST OF WITNESSES AND EXHIBITS

1.    Tecs II Computerized Criminal History:

     A.    JOHNSON, Fletcher Junior
     B.
     C.
     D.
     E.
     F.
     G.
     H.
     I.    DOE, John

2.    Statement of                , Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Raleigh, North Carolina, telephone number (919) 856

3.    Criminal case report number 13530 93 2504 L, by          , Special Agent, Bureau of Alcohol, Tobacco and Firearms, Fayetteville, NC, telephone (919) 483

4.    Statement of                _, Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Raleigh, North carolina, telephone (919) 856·

4C.

34

ATTACHMENT 2-Z a.

FILED IN OPEN COURT

on 12-3-93

DAVID W. DANIEL, Clerk
U. S. District Court
Eastern District of N. C.

(AO156(Rev.5/85) Verdict

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA

v.                                    **VERDICT**

CASE NO. 93-102-07-CR-5F

ALLEN MORSLEY
a/k/a Raleek
a/k/a Baldhead

WE, THE JURY FIND:  the defendant, Allen  Morsley, a/k/a Raleek,
a/k/a Baldhead,

_Guilty_    _Guilty_____ , as to Count 1,

_Guilty_    _Guilty_____ , as to Count 17,

_Guilty_    _Guilty_____ , as to Count 18,

_Guilty_    _Guilty_____ , as to Count 37,

_Guilty_    _Guilty_____ , as to Count 44,

_Guilty_    _Guilty_____ , as to Count 80,

_Guilty_    _Guilty_____ , as to Count 81,

_Guilty_    _Guilty_____ , as to Count 95.

_Allen Edwards_____
FOREPERSON'S SIGNATURE

_12-3-93_____
DATE

ATTACHMENT 3-Z a

.O 442 (Rev. 12/85) Warrant for Arrest

======================================================================

9356-0708-0325-G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

`NITED STATES OF AMERICA                            **WARRANT FOR ARREST**

                    v.
OHN DOE a/k/a "Raleek" a/k/a "Baldhead"
ddress Unknown                          CASE NUMBER: 93- 102   -07-CR-5-F

o:  The United States Marshal
    and any Authorized United States Officer


        YOU ARE HEREBY COMMANDED to arrest _John Doe_____ and bring him
                                                    (name)
r her forthwith to the nearest magistrate to answer a(n)

    __XX__ Indictment _____ Information _____ Complaint _____ Order of Court

    _____ Violation Notice _____ Probation Violation Petition

harging him or her with  (SEE **PAGE 2 FOR OFFENSE(S) DESCRIPTION**)


n violation of Title _See Below_ United States Code, Section(s)_See Below_____


avid W. Daniel                          _Clerk of Court_____
ame of Issuing Officer                  Title of Issuing Officer

_N. Xandel N_____                     _07/08/93 at Raleigh, N.C._____
ignature of Issuing Officer/Deputy      Date and Location


ETENTION IS RECOMMENDED.

                            by _U.S. Attorney_____
                                Name of Judicial Officer

                                                        FILED

                    RETURN                              OCT 8  1993

This warrant was received and executed with the arrest of the above named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST 09-24-93 | William McQueen, S/A ATF | |

ATACHMENT 3-Z a. continued

PAGE 2

UNITED STATES OF AMERICA                              **WARRANT FOR ARREST**

                    v.

John Doe a/k/a "Raleek" a/k/a "Baldhead"      CASE NUMBER: 93- 102 -07-CR-5-F

OFFENSE DESCRIPTION

| | | |
|---|---|---|
| Count 1 | Conspiracy to Possess with Intent to Distribute Cocaine. | 21:846 |
| Count 17 | Use of a Firearm During a Drug Trafficking Crime. | 18:924(c) & 18:2 |
| Counts 18,37 & 44 | Wire Fraud. | 18:1342 & 18:2 |
| Count 95 | Possession and Receiving Firearms which had the Manufacturer's Serial Number Removed, Obliterated, and Altered. | 18:922(k) & 18:924(a)(1)(B) & 18:2 |

## COUNT 17 INDICTMENT

intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT 17

On or about January 1992, the exact date being unknown, and continuing up to and including June 17, 1993, in the Eastern District of North Carolina, CLYDE ANDRE HENDRICKS, MELVIN ADAMS, ANTHONY B. HOLLEY, STANLEY LEACH, LENTON EARL JORDAN, FLETCHER JOHNSON, JOHN DOE, a/k/a Raleek, a/k/a Baldhead, TUVAL MCKOY and LORI ANNE PERRY HENDRICKS, defendants herein, did unlawfully, willfully and intentionally use and carry a firearm, during and in relation to a drug trafficking offense, that is, the offense set forth in Count One of the instant indictment, which count, language and allegations are hereby realleged and incorporated by reference as though fully set forth herein to describe the drug trafficking crime prosecutable in a court of the United States, in violation of the provisions of Title 18, United States Code, Section 924(c) and 2.

### COUNT 18

Beginning in or about January of 1992, the exact date being to the grand jury unknown, and continuing thereafter up to and including May 7, 1993, in the Eastern District of North Carolina and elsewhere, CLYDE ANDRE HENDRICKS, MELVIN ADAMS, ANTHONY B. HOLLEY, STANLEY LEACH, LENTON EARL JORDAN, TUVAL MCKOY, JOHN DOE, a/k/a Raleek, a/k/a Baldhead and FLETCHER JOHNSON, the defendants

17

**ATTACHMENT  5 - Z a.**

108

1          MR. DAVIS:  WE JUST WANT TO MAKE THIS PART OF THE

2  RECORD.

3          THE COURT:  CERTAINLY.  I UNDERSTAND.  NOW, MR.

4  DUNCAN, DO YOU WANT TO MAKE YOUR MOTION?

5          MR. DUNCAN:  YES, YOUR HONOR.  ON BEHALF OF MR.

6  ADAMS AS TO COUNT 1, 16, 17, 18, 79, 90, AND 95, WE WOULD MOV

7  FOR JUDGMENT OF ACQUITTAL FOR INSUFFICIENCY OF THE EVIDENCE.

8          THE COURT:  ALL RIGHT.  YOU WANT TO ARGUE ANY

9  PORTION OF IT?

10          MR. DUNCAN:  NO, SIR.

11          THE COURT:  ALL RIGHT, MR. COOPER?

12          MR. COOPER:  YES, YOUR HONOR, I WOULD LIKE TO MOVE

13  FOR JUDGMENT OF ACQUITTAL ON -- AS TO THIS DEFENDANT ON COUNT

14  1, 17, 18, 37, 44, 80, 81 AND 95.

15          AS TO COUNT 17, THERE IS ABSOLUTELY NO EVIDENCE THA

16  THIS DEFENDANT WAS INVOLVED IN ANY NARCOTICS TRANSACTION OR

17  AIDED AND ABETTED THE SAME BY USING A FIREARM.  THERE IS NONE

18          THE COURT:  WELL, LET ME SEE IF MS. HAMILTON, MAYBE

19  SHE'S GOT SOME -- WHEN YOU ARGUE A NEGATIVE THAT THERE WAS

20  NONE, THERE'S HARDLY ANYTHING MORE YOU CAN SAY AFTER THAT.

21  WHAT DO YOU HAVE TO SAY ABOUT IT, MS. HAMILTON?

22          MS. HAMILTON:   YOUR HONOR, THE CHARGE ALSO INCLUD

23  AN AIDING AND ABETTING CHARGE THAT I WOULD ASK THE COURT TO

24  LOOK AT FIRST OF ALL THE TESTIMONY OF FLETCHER JOHNSON WHERE

25  HE DESCRIBED THAT RALEEK WANTED TO TRADE HIM, INITIALLY, DRU

01382

1081

```
 1   FOR GUNS.  HE CHOSE NOT TO DO THAT BECAUSE THE PROFIT WAS NOT
 2   AS MUCH IF HE GOT THE DRUGS.  HE DIDN'T WANT TO DO THAT.
 3              ADDITIONALLY, MR. BOSTIC TESTIFIED THAT HE'D BEEN
 4   INVOLVED WITH GOING WITH THIS INDIVIDUAL WHEN HE DISTRIBUTED
 5   AND PICKED UP MONEY.  MR. BOSTIC CHOSE NOT TO DO THAT ANYMORE,
 6   AND HE TESTIFIED THAT THREE INDIVIDUALS INCLUDE RALEEK SHOWED
 7   UP, RALEEK, WHO HAD A GUN, AND THAT THEY GOT HIM RIGHT, WAS
 8   HIS STATEMENT.  AND THAT ONCE HE DECIDED THAT HE WANTED TO GET
 9   OUT OF THE BUSINESS OF ACCOMPANYING RALEEK ON HIS TRIPS, THAT
10   THAT'S WHAT HAPPENED TO HIM.  AND THAT THERE'S AMPLE EVIDENCE
11   FOR THE JURY TO CONSIDER THAT, AS PART OF THE CONSPIRACY, AND
12   I WOULD POINT OUT THAT BECAUSE COUNT 17 HINGES ON THE
13   CONSPIRACY, THAT THIS INDIVIDUAL NEVER EVEN HAD TO HAVE A GUN
14   IN HIS HAND.  THAT ALL THE GOVERNMENT NEEDED TO SHOW, WHEN THE
15   UNDERLYING DRUG TRAFFICKING OFFENSE, IS THAT THIS INDIVIDUAL
16   WAS INVOLVED WITH THE CONSPIRACY, WILLINGLY BECAME A MEMBER OF
17   THE NARCOTICS CONSPIRACY AND THEN AIDED AND ABETTED THAT
18   CONSPIRACY IN THE 924(C).  BUT UNDER THE LAW, THE GOVERNMENT
19   NEVER HAS TO PUT A GUN IN HIS HAND.  HOWEVER, HE HAD.
20              THE COURT:  I UNDERSTAND THAT, BUT IT SEEMS TO ME
21   YOUR ARGUMENT IS SOMEWHAT DUPLICATIVE IN THAT SENSE.  LET ME
22   LOOK AT MY NOTES ABOUT MR. BOSTIC'S TESTIMONY FOR A MOMENT.
23   (PAUSE.)
24              MY NOTES INDICATE THAT RALEEK CAME TO HIS HOUSE WITH
25   GUNS TO FORCE HIM TO CONTINUE IN THE COCAINE BUSINESS.
```

FORM LASER BOND A PENGAD/INDY 1-800-631-6989

01383

108

1      MR. COOPER:   YOUR HONOR, EVEN IF YOU ARE ASSUME

2  THAT STATEMENT IS TRUE, IT IS IN NO WAY RELATED TO THE PRESENT

3  CONSPIRACY.  MR. BOSTIC DID NOT TIE THIS DEFENDANT TO THE

4  CONSPIRACY WITH WHICH HE IS CHARGED HERE TODAY.

5      THE COURT:  WELL, NOW, COUNT --

6      MS. HAMILTON:  (INTERPOSING)  MR. BOSTIC DOESN'T

7  HAVE TO TIE HIM TO THE CONSPIRACY.  HE HAD FLETCHER JOHNSON

8  TIE HIM --

9      THE COURT:  (INTERPOSING)  I'M NOT CONCERNED ABOUT

10  THAT ASPECT OF IT.  IS COUNT 17 THE CONSPIRACY COUNT?

11      MS. HAMILTON:  COUNT 17 IS USING AND CARRYING A

12  FIREARM DURING AND IN RELATION TO COUNT ONE.

13      THE COURT:  OKAY.

14      MR. COOPER:  BUT IT SPECIFICALLY REFERS, TO-WIT:

15  COUNT ONE AND WHICH ALLEGATIONS ARE INCORPORATED HEREIN.

16      THE COURT:  WELL, I'M GOING TO DENY YOUR MOTION ON

17  THAT ONE.

18      MR. COOPER:  OKAY.  YOUR HONOR, AS TO COUNT 18,

19  DEFRAUDING THE UNITED STATES.  THERE IS NO EVIDENCE THAT THIS

20  DEFENDANT HAD ANY IDEA WHAT FLETCHER JOHNSON AND STANLEY LEACH

21  WERE DOING IN AN EFFORT TO DEFRAUD THE UNITED STATES.  TAKING

22  THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE GOVERNMENT,

23  THE MOST THAT COULD BE SAID WOULD BE THAT HE BOUGHT SOME

24  FIREARMS, BUT THERE WAS NO INDICATION THAT HE KNEW THAT HIS

25  PURCHASES WERE ILLEGAL IN ANY WAY, SHAPE OR FORM.

1083

1        THE COURT:  WELL, I DON'T THINK THAT -- I THINK HE

2  KNEW THAT THEY WERE ILLEGAL.  I THINK THERE'S NO QUESTION

3  ABOUT IT.

4        MR. COOPER:  OR THAT HE WAS REQUIRED TO FILL OUT ANY

5  FORMS OR THAT HE WAS REQUIRED TO DO ANY REGISTRATION.  IN

6  FACT, YOUR HONOR, ANDRE HENDRICKS, WHO APPARENTLY WAS AWARE OF

7  SOME THINGS, STATED THAT HE ASKED JOHNSON, AND JOHNSON SAID,

8  "DON'T WORRY ABOUT IT.  I'LL TAKE CARE OF IT."

9        THE COURT:  DO YOU WANT TO BE HEARD, MS. HAMILTON?

10        MS. HAMILTON:  YOUR HONOR, THAT WASN'T IN AS AN

11  AIDING AND ABETTING.  THE SCHEME TO DEFRAUD IS THE SCHEME

12  WHEREBY FLETCHER JOHNSON FAILED TO FILL OUT ALL THE REQUIRED

13  PAPERWORK.  HE WAS MARKETING FIREARMS AS UNTRACEABLE.  HE WAS

14  GRINDING THE SERIAL NUMBERS.  HE WAS SELLING THEM IN BULK.

15  AND THAT IT'S CLEAR THAT THE INDIVIDUALS THAT ORDERED THE GUNS

16  KNEW THAT FLETCHER JOHNSON HAD TO ORDER THE GUNS, HAD TO GET

17  THEM SHIPPED TO HIM.  THERE WAS ALWAYS A TWO OR THREE DAY LAG.

18  AND FLETCHER JOHNSON TESTIFIED ABOUT HOW HE ORDERED THEM, HIS

19  USE OF THE WIRES, AND THAT THEN THEY CAME TO HIM U.P.S.  HE

20  WOULD THEN TAKE THESE BULK FIREARMS AND DISTRIBUTE THEM.  THE

21  SPECIFIC CHARGES AS TO THE DEFENDANT ALLEN MORSLEY ARE

22  SPECIFIC INVOICES THAT FLETCHER JOHNSON IDENTIFIED, THE 13

23  BRYCOS THAT CAUSED A DISAGREEMENT BETWEEN HIM AND ALLEN

24  MORSLEY.  AND THAT CLEARLY THIS DEFENDANT AIDED AND ABETTED

25  FLETCHER JOHNSON IN HIS SCHEME.

108

1          THE GOVERNMENT NEED NOT SHOW THAT IT WAS THIS

2   DEFENDANT'S SCHEME TO DEFRAUD, MERELY THAT HE HAD A ROLE IN

3   PARTICIPATING IN THAT AS AN AIDER AND ABETTOR.  AND CLEARLY

4   THE WAY HE ORDERED THE GUNS, THE LAG TIME, HE KNEW THAT

5   FLETCHER JOHNSON HAD TO PLACE THESE ORDERS.  HE DIDN'T HAVE T

6   KNOW THE SPECIFIC METHOD, JUST THAT HE AIDED AND ABETTED IN

7   THAT.

8          MR. COOPER:  TO COMMIT AN UNLAWFUL ACT, THOUGH, YOU

9   HONOR, HE HAS TO HAVE SOME SORT OF KNOWLEDGE OR INTENT.

10          MS. HAMILTON:  I WOULD POINT OUT THAT FLETCHER'S

11   TESTIMONY ADDITIONALLY, YOUR HONOR, WHEN HE TALKED ABOUT THE

12   FACT THAT HE WAS PRESENT RIGHT THERE WHEN RALEEK WAS THERE,

13   AND HE HAD TO CALL AND INQUIRE ABOUT THE AUTOMATIC FIREARM AN

14   HE WAS TOLD THAT THE AUTOMATIC FIREARM WAS SOMETHING THAT HE

15   COULDN'T BUY, THEREBY THEN HAVING TO IMPART THAT INFORMATION

16   TO ALLEN MORSLEY THAT THE FIREARM HE HAD REQUESTED THAT HE

17   ORDER WAS SOMETHING THAT HE WASN'T PERMITTED TO BUY.

18          MR. COOPER:  YOUR HONOR --

19          THE COURT:  EXCUSE ME.  I'M GOING TO DENY IT, DENY

20   YOUR MOTION AT THIS TIME, MR. COOPER.  BUT I CONFESS, THAT'S

21   AN ISSUE I MAY WANT TO REVISIT.

22          TO AID AND ABET SOMEONE IN DEFRAUDING THE GOVERNMEN

23   IN A FIREARM TRANSACTION, MS. HAMILTON, WOULD BE -- IT SEEMS

24   TO ME THERE'S GOT TO BE SOME NEXUS OTHER THAN BEING THE

25   CUSTOMER.  FOR EXAMPLE, IF SOMEONE WERE TO PURCHASE ONE OF

1　THOSE FIREARMS ON THE TABLE TODAY, KNOWING THAT THEY HAD BEEN

2　ORIGINALLY DELIVERED ILLEGALLY, YOU WOULDN'T BUY ONE OF THOSE

3　TODAY.  I DON'T SEE HOW SOMEONE COULD SAY THAT YOU AIDED AND

4　ABETTED MR. JOHNSON.

5　　　　HIS ACQUISITION OF THE FIREARM IN DEFRAUDING THE

6　GOVERNMENT IS SOMETHING OF AN ACCOMPLISHED FACT, A FAIT

7　ACCOMPLI.  AND I THINK THERE'S SOME MERIT IN THE ARGUMENT THAT

8　IF THE FIREARMS ARE ACQUIRED WITHOUT THE ASSISTANCE OF AN

9　INDIVIDUAL, THE FACT THAT THEY WERE ULTIMATELY SOLD TO HIM,

10　DOESN'T NECESSARILY MAKE HIM AN AIDER AND ABETTOR IN THE

11　DEFRAUDING OF THE GOVERNMENT.

12　　　　MS. HAMILTON:  BUT, YOUR HONOR, BUT THAT IGNORES THE

13　FACT THAT WE DON'T HAVE AN INDIVIDUAL WHO IS COMING ALONG AND

14　BUYING ONE FIREARM.  WE HAVE AN INDIVIDUAL WHO IS BUYING

15　FIREARMS IN BULK, 13 AT A TIME --

16　　　　THE COURT:  (INTERPOSING)  I REALIZE THAT.  I'M

17　GOING TO DENY THE MOTION.  AS I SAY, I MAY WANT TO REVISIT IT.

18　　　　IT'S DIFFICULT FOR ME, WHEN YOU SAY AIDING AND

19　ABETTING, YOU COULD GO TO THE END OF THE ENVELOPE, IF YOU

20　WILL, EITHER WAY.  YOU CAN HAVE SOMEONE IS SUPPLYING MONEY OR

21　WRITING LETTERS OR MAKING TELEPHONE CALLS OR ACTIVELY, CO-

22　ACTIVELY, ASSISTING IN THE ACTUAL TRANSACTION OF THE OBTAINING

23　OF FIREARMS.  THE OTHER END OF THE ENVELOPE WOULD BE A FIREARM

24　THAT HAD PASSED THROUGH COMMERCE FOR FOUR YEARS AND WAS THEN

25　SOLD TO SOMEONE, YOU CAN TRY TO MAKE THE ARGUMENT THAT PERSON

FORM LASER BOND A PENGAD•INDY I (800 631-6989

1086

1  AIDED AND ABETTED BY VIRTUE OF BEING AN ULTIMATE CUSTOMER.  I
2  DON'T THINK IT WOULD FLY.

3          AS IS ALWAYS THE CASE IN THE LAW, YOU CAN GO FROM
4  VARIOUS SHADES OF COLOR, IF YOU WILL, AND THE LAW HAS ALWAYS
5  REQUIRED AT SOME POINT IN TIME TO MAKE A DETERMINATION WHEN --
6  TO MAKE A DEFINITION IN ORDER FOR IT TO FUNCTION, IN ORDER FOR
7  THE LAW TO FUNCTION.  IT'S ALMOST LIKE THE QUESTION OF WHEN
8  LIFE BEGINS, SAMO SAMO A FRIEND OF MINE USED TO SAY.  BUT I'LL
9  REVISIT THAT.

10          I'LL DENY YOUR MOTION AT THIS TIME, MR. COOPER.

11          MR. COOPER:  YOUR HONOR, AS TO COUNT --

12          THE COURT:  I THINK THERE IS A QUESTION.  I DON'T
13  RECALL ANYTHING THAT MCKOY DID -- I BEG YOUR PARDON, MORSLEY
14  DID -- OTHER THAN BEING A CUSTOMER.

15          MS. HAMILTON:  I WOULD REMIND THE COURT ABOUT
16  FLETCHER JOHNSON'S TESTIMONY WHERE THE DEFENDANT WAS PRESENT
17  IN STANLEY LEACH'S GARAGE AND PLACED THE ORDER.  FLETCHER HAD
18  TO TELL HIM I NEED TO CHECK ON THE PRICE, I NEED TO CHECK ON
19  THE WEAPON.

20          THE COURT:  OKAY, SUPPOSE JOHNSON HAD NEVER GOTTEN
21  THE GUN.  SUPPOSE HE'S PRESENT WHEN JOHNSON DOES ALL THESE
22  THINGS.  SUPPOSE HE'S PRESENT EVERY TIME THAT JOHNSON PLACES
23  AN ORDER ON THE TELEPHONE.  SURELY HE HASN'T AIDED AND ABETTED
24  BY JUST SIMPLY BEING THERE.

25          MS. HAMILTON:  HE CERTAINLY HAS IF HE COMES TO

FORM LASER BOND A PENGAD/INDY 1-800-631-6989

1  FLETCHER JOHNSON, AND HE SAYS, "FLETCHER JOHNSON, I WANT FOUR

2  TECS, I WANT 13 OR 15 BRYCOS," AND FLETCHER JOHNSON THEN PICK

3  UP THE PHONE AND CALLS EUCLID.  BUT FOR THE FACT THAT THE

4  DEFENDANT SAID, "THIS IS WHAT I WANT YOU TO ORDER."

5          THE COURT:  THAT GOES TO MOTIVE.  THAT DOESN'T GO T

6  PARTICIPATION.

7          I'VE DENIED THE MOTION, BUT I'LL REVISIT IT.

8          MR. COOPER:  YOUR HONOR, THE NEXT TWO COUNTS ARE TH

9  WIRE FRAUD COUNTS AND THE TWO COUNTS BEYOND THAT ARE UNLAWFUL

10  DEALING WITHOUT A LICENSE.  AS TO ALL FOUR COUNTS AGAIN, I

11  MAKE A KNOWLEDGE AND INTENT-TYPE ARGUMENT AS I'VE MADE WITH

12  DEFRAUDING.  THERE'S NO EVIDENCE OF THE SPECIFIC ORDERS THAT

13  THE GOVERNMENT HAS PROVED UP, THAT THIS DEFENDANT KNEW THAT

14  FLETCHER JOHNSON WAS GOING TO USE THE TELEPHONE.  I DON'T KNO

15  THAT THERE'S ANY -- SHE SAYS WHEN HE TRIED TO BUY THE

16  AUTOMATICS, THAT HE WAS PRESENT.  WE'RE TALKING ABOUT SPECIFI

17  ORDERS THAT WERE ALLEGEDLY PLACED.

18          THE COURT:  WELL, THERE AGAIN, I THINK YOU MAY HAVE

19  SOME MERIT.  THE QUESTION OF THE LAST ITEM -- WHAT WAS THE

20  LAST CHARGE?

21          MR. COOPER:  UNLAWFUL DEALING WITHOUT A LICENSE,

22  WHICH REQUIRES A BUSINESS RELATIONSHIP.

23          THE COURT:  WELL, I THINK THERE'S EVIDENCE THAT HE

24  SOLD FIREARMS.

25          MR. COOPER:  THIS DEFENDANT SOLD FIREARMS?

FORM I LASER BOND A PENGAD INDY 1 800 631-6989

1    THE COURT:  THAT'S MY RECOLLECTION.

2    MR. COOPER:  I DON'T BELIEVE THERE IS.

3    THE COURT:  AM I INCORRECT IN THAT, MS. HAMILTON?

4    MS. HAMILTON:  WELL, YOUR HONOR, BASED ON THE

5    TESTIMONY OF THOSE WHO WERE SELLING HIM THE FIREARMS, HE WOU

6    COME BACK TO TELL HIM WHAT HE WANTED FOR HIS BUSINESS.

7    WHETHER HE'S GIVING THEM TO HIS WORKERS, SELLING THEM FOR A

8    PRICE, THAT DOESN'T MAKE ANY DIFFERENCE IN THE INSTRUCTION,

9    THAT ALL YOU HAVE TO HAVE IS SOME SORT OF A MOTIVE THERE.  A

10    WHEN THEY WERE DICKERING OVER WHETHER IT WAS GOING TO BE

11    COCAINE OR WHETHER IT WAS GOING TO BE MONEY FOR THE DRUGS,

12    WAS FLETCHER WHO DIDN'T WANT THE DRUGS BECAUSE HE COULDN'T

13    MAKE ENOUGH MONEY.  IT WAS RALEEK -- AND AS YOU RECALL FROM

14    FLETCHER JOHNSON, HE DIDN'T WANT TO DEAL WITH HIM THAT MUCH

15    AND MADE HIM GO THROUGH STANLEY LEACH BECAUSE HE WAS ALWAYS

16    TRYING TO GET A LOWER PRICE SO THAT HE COULD MAKE MORE MONE

17    AND CLEARLY THERE IS AN INDICATION THERE THAT THI

18    PERSON -- WE DON'T HAVE A PERSON FORWARDING.  WE HAVE A PER

19    WHO IS MOVING THESE WEAPONS THROUGH SO THAT THEY CAN MAKE

20    MONEY THEMSELVES.

21    THE COURT:  I THINK THERE'S ENOUGH TO GO TO THE J

22    ON THAT ISSUE.  WIRE FRAUD IS ANOTHER ISSUE.  AGAIN, THE WI

23    FRAUD ISSUE IS SORT OF SUBSUMED WITHIN THE AIDING AND ABETT

24    OF THE FRAUD CLAIM, IT SEEMS TO ME.

25    MS. HAMILTON:  WITHIN THE AIDING AND THE ABETTING

108

1   THE WHAT, YOUR HONOR?

2          THE COURT:   OF YOUR CLAIM OF DEFRAUDING THE

3   GOVERNMENT.   I MEAN, WHAT DID HE DO IN USING THE WIRE?   HOW I

4   HE GUILTY OF ANY WIRE FRAUD?

5          MS. HAMILTON:   YOUR HONOR, WHEN HE IS PRESENT AND H

6   IS KNOWING THAT FLETCHER JOHNSON HAS TO USE THE WIRES TO MAKE

7   THESE ORDERS, HE IS NOT REQUIRED TO HAVE THE SCHEME, ALTHOUGH

8   IT IS THE GOVERNMENT'S CONTENTION THAT HE WAS AN ACTIVE

9   PARTICIPANT IN THE SCHEME --

10          THE COURT:   (INTERPOSING)   I THINK YOU MAY BE

11   CORRECT IN THAT.

12          MR. COOPER:   YOUR HONOR, IF I MAY --

13          MS. HAMILTON:   IF I MAY FINISH.   THE REALITY IS, IS

14   THAT HE WAS A PROHIBITED PERSON, AND HE COULD NOT GO OUT AND

15   BUY A FIREARM.   AND THEREFORE, EVERY TIME THAT HE GENERATES A

16   ORDER THROUGH FLETCHER JOHNSON, OR HE PLACES THAT ORDER, THAT

17   THIS SCHEME TO HAVE FIREARMS THAT DON'T HAVE ANY RECORDS TO

18   THEM, THAT NO PAPERWORK IS FILLED OUT, AND IN ADDITION TO

19   THAT, JOHNSON NOT FILLING THE PAPERWORK OUT, THE DEFENDANT NO

20   FILLING THE PAPERWORK WORK OUT.   HE DOES NOT NEED TO HAVE FUL

21   KNOWLEDGE OF THAT SCHEME, ALTHOUGH HE DID.

22          THE COURT:   I AGREE.

23          MR. COOPER:   YOUR HONOR, IF I MAY, FIRST OF ALL,

24   THERE IS NO EVIDENCE WHATSOEVER IN THIS COURTROOM THAT THIS

25   DEFENDANT IS PROHIBITED FROM BUYING A FIREARM.

FORM LASER BOND A PENGAD/INDY  1 800 631 6989

ATTACHMENT  5- Z

97-7813

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA**

ALAN MORSLEY,

                      Petitioner,

against

UNITED STATES OF AMERICA,

                     Respondent.

**97 CIV 302-F**

**(93-102-08-CR-5-F)**

# APPELLANT'S BRIEF

**FRANK J. HANCOCK**
Attorney for appellant
117-16 Queens Boulevard
FOREST HILLS, N.Y. 11375
718-793-7606

97-7813

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA**

ALAN MORSLEY,

                    Petitioner,             **97 CIV 302-F**

     against

UNITED STATES OF AMERICA,

                                    **(93-102-08-CR-5-F)**
                    Respondent.

**APPELLANT'S BRIEF**

**PRELIMINARY STATEMENT**

    Appellant respectfully submits this brief in support of his appeal from the order entered the 17th day of October, 1997 in the United States District Court for the Eastern District of North Carolina (Fox, J.), denying petitioner's motion pursuant to 28 U.S.C. 2255 to vacate the judgment of conviction entered against him on the 24th day of November, 1993. The judgment of conviction was affirmed, on appeal, by the United States Court of Appeals for the Fourth Circuit, but the issues herein, one of which is jurisdictional in the strict sense of the term, given that he was never indicted by a grand jury, were not raised on direct appeal.

**STATEMENT OF FACTS**

    MOSELEY's codefendants, Clyde Andre Hendricks, Melvin Adams, Anthony B. Holly, Stanley Leach, Lenton Earl Jordan, Fletcher Johnson, Tuval McCoy and lori Anne Perry Hendricks were the

1

subject of an investigation for trafficking in cocaine and firearms.  One of the codefendants was a licensed gun dealer and two were law enforcement officers.

One of the investigative tools was wiretapping, pursuant to Court order.  Overheard on the wiretaps was an unidentified individual apparently involved in the conspiracy, who was designated as "John Doe," since his true name was not known.

When the case was presented to the grand jury, an indictment was rendered against the named codefendants, as well as one John Doe, the identity of whom was unknown to the grand jury.

On September 23rd, 1993, while executing a search warrant, appellant happened to be on the premises and was arrested. Without sending the case back to the grand jury for a superceding indictment, the Government prepared a formal application to amend the indictment to identity appellant as "John Doe", which motion was granted.  It is respectfully submitted that this is perhaps, the most serious violation that took place, in that, by reason of the failure to return the case to the grand jury for a superceding indictment, appellant was brought to trial, without any grand jury having identified him as the "John Doe," listed in the indictment.  It is submitted that as a result of the premises, the Court did not have jurisdiction over appellant and at any time, relief could have been granted on a Federal writ of habeas corpus, which this Court may consider this application.

Appellant was brought to trial, represented by assigned counsel, Robert Cooper, with whom the record reflects an acrimonious relationship, given that appellant continued to

2

deny vehemently that he was the person on the wiretap.
During trial several codefendants, who did not testify before
the grand jury, testified against him.

Appellant was found guilty of conspiracy to possess with
intent to distribute, use of a firearm during a drug trafficking
ofeense, wire fraud, engaging in the business of dealing in
firearms, without a license, possession and receiving firearms
with obliterated serial numbers.  On the 24th day of November,
1993, appellant was sentenced to a term of life imprisonment
plus five years for possession of a firearm during a drug
trafficking offense.

Appeal was taken to the Fourth Circuit, where the
conviction was affirmed on the 31st day of August, 1995.
The issues here post conviction raised, were not raised, nor
considered on the appeal.

### POINT ONE

**THE COURT WAS WITHOUT JURISDICTION
TO ENTERTAIN THE INDICTMENT AGAINST
APPELLANT, GIVEN THAT HE WAS NEVER
IDENTIFIED BEFORE THE GRAND JURY, IN
VIOLATION OF HIS FIFTH AMENDMENT
RIGHT, NOT TO BE CHARGED WITH A FELONY,
WITHOUT GRAND JURY INDICTMENT.**

Following a wiretap investigation of drug and weapons dealing,
the case was presented to the grand jury.  The targets of the
investigation were properly identified and indicted.  Evidence
was presented that the voice of an unknown person was heard
over the wiretaps.  No evidence was presented identifying the
person and therefore, when the content of the intercepted

3

conversation was presented, the person was designated as "John Doe."

During the course of the execution of a warrant on September 23rd, 1993, appellant was arrested and a theory was developed by the arresting officers, that appellant was "John Doe." However, the case was not re-presented to the grand jury for a superceding indictment, in order for the grand jurors to rule on whether appellant was "John Doe" and therefore, should be indicted. Instead, the Government made a written application to the Court to amend the indictment, to provide that "John Doe" was appellant. The difficulty is that the Court was without jurisdiction to make such ruling. The Court cannot create its own jurisdiction. Only the grand jury can do so. The Fifth Amendment provides that "no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment by a grand jury." A grand jury cannot indict whom it does not know.

"An indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." **Russell v. United States,** 369 U.S. 749, 82 S.Ct. 1038 (1962) "If it be once held that changes can be made by the consent or the order of the court in the body of the indictment as presented by the grand jury, and the prisoner can be called upon to answer to the indictment as thus charged, the restriction which the constitution placed upon the pwoer of the court, in regard to the prerequisite of an indictment, in reality, no longer exists." **id**

4

In a very similar case, **United States v. Jay,** 713 F. Supp. 377 (N.D. Ala., 1988), the indictment charged, "Jay (being a black male approximately 20 to 30 years of age, whose identity is otherwise unknown to the grand jury." Gerald Wayne Daniel was brought to trial and convicted. In setting aside the conviction and dismissing the indictment, the Court wrote:

> "Frankly, this court, including its magistrates, were asleep at the switch when they allowed this case to proceed to trial against Gerald Wayne Daniel when he never was named in the indictment."

It was for the grand jury, not the court, to decide whether appellant was the "John Doe," named in the indictment. Without such grand jury presentment, the Court was without jurisdiction to entertain the indictment. The machinery was there for the deployment. All the Government had to do was to present the issue of identification to the grand jury, for a superceding indictment. To allow such shorthand proceedings would be to authorize the grand jury to issue a series of "John Doe" indictments to the Government, to be used to prosecute whomever. Shortcuts lead to abolition of Constitutional guarantees.

### POINT TWO

#### INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING PREJUDICED APPELLANT AT SENTENCING

The case law is legion that the failure of counsel to argue sentencing issues that could have resulted in a different sentence, violates the Sixth Amendment. **United States v. Ford,** 918 F.2d 1343 (8th Circ., 1990) Appellant was barred

5

from arguing any sentencing issues, for failure to counsel
to file objections within fifteen days of sentencing.    To
aggravate the indifference of counsel, appellant had furnished
counsel with a list of objections, which counsel refused to
forward to the Court.

Beyond that, counsel failed to send appellant a copy of the
PSI report to allow appellant to make his comments.    Indeed,
sentence should not have been pronounced without appellant's
having had a fair opportunity to examine the PSI.

Appellant wanted to object to the amount of drugs attributed
to him, which is a proper objection at sentencing.  **United States
v. Estrada,** 42 F.3rd 228 (4th Circ., 1994)  Certainly, there was
no evidence that appellant had benefitted from his codefendants'
activities.    The PSI attributed 5135.35 kilograms of marijana to
him, raising the base offense level to 34, without any evidence he
had benefitted from such possession.  **United States v. Rice,** 49
F.3rd 378 (4th Circ., 1985)  The burden is on the Government
to support an enhancement.  **United States v. Gordon,** 893 F.2d
932 (4th Circ., 1990).  The evidence must have a sufficient
indicia of reliability.  **United States v. Uwaeme,** 975 F2d 1016
(4th Circ., 1982)   The Government has the burden of going
forward.  **United States v. McManus,** 23 F.3rd 878 (4th Circ.,
1994).  The failure of counsel to give the fifteen day notice
of objection, precluded opportunity to object.   In addition,
the failure to give the fifteen day notice, precluded opportunity
to argue for a minor or minimal role reduction.   The **PSI** report
reflects that it is not claimed that appellant had a supervisory

6

position and a reading of the wiretaps reflects that "John Doe" was only in the periphery of the conspiracy. If not a minimal role, argument could have been made that the role was minor. A finding that appellant was less culpable, may have resulted in two point reduction. **United States v. Gordon,** 895 F.2d 932 (4th Circ., 1990) Participation does not preclude a reduction. United States v. **Mullins,** 971 F.2d 1138 (4th Circ., 1992)

In addition, appellant lost the right to challenge whether the substance, itself, crack, given the failure of proof that the substance contained sodium bicarbonate. **U.S.S.G. 2D1.1 (c)** Treating the substance cocaine hydrochloride would have meant lower guidelines. **United States v. Munoz-Realpe,** 21 F.3rd 375 (11th Circ., 1994)

### POINT THREE

### THE CONVICTION FOR USE OF A FIREARM IN A DRUG TRANSACTION PURSUANT TO 18 U.S.C. 924 (c) MUST BE VACATED, WITHOUT EVIDENCE THAT APPELLANT SO USED A FIREARM.

In **Bailey v. United States,** 116 S.Ct. 501 (1995), the Supreme Court held that a conviction for use of a firearm in drug transaction, in violation of 18 U.S.C. 924 (c) will not lie, for mere possession. There must be more than mere possession, such as displaying, firing, brandishing. Absent such evidence, as in the case at bar, the conviction cannot stand. **United States v. Hayden,** 85 F.3rd 153 (4th Circ., 1996) Convictions prior to the Supreme Court pronouncement in Bailey must be vacated, since **Bailey** amounts to a construction of an old statute. **Abreu v. United States,** 1996 WL 5075 (E.D.

7

Va., 1996)

### POINT FOUR

**THE TIME RESTRAINTS OF THE 1996
ANTI-TERRORISM ACT ARE INAPPLICABLE
TO PRIOR CONVICTIONS**

The time limitations of the 1996 Anti-Terrorism Act
are inapplicable to "cases" that occurred prior to the
promulgation of the statute in 1996, due to the ex post facto
safeguard of the Constitution and to the presumption against
retroactivity, as held by the United States Supreme
Court in **Lindh v. Murphy, 96-6298, S.Ct. 1997 WL 338568.** Moroever,
where there is an issue of innocence, as in the case at bar,
coupled with a conviction that clearly resulted from a
jurisdictional deprivation of Constitutional perogative, as where
a defendant is brought to trial, without having been indicted by
a grand jury, due process of law requires that a remedy
be made available, whether entitled coram nobis or otherwise.

### CONCLUSION

**THE JUDGMENT OF CONVICTION SHOULD BE
VACATED AND THE INDICTMENT DISMISSED
AND A FULL HEARING ORDERED ON THE
ISSUES HEREIN PRESENTED.**

Respectfully submitted,

**FRANK J. HANCOCK**
Attorney for appellant
117-16 Queens Boulevard.
Forest Hills, N.Y. 11375
718-793-7606

## CERTIFICATE OF SERVICE

I ALLEN MORSLEY  , HEREBY  SERVE THIS LEGAL DOCUMENT TO THE PARTYS MARKED

BELLOW ,  ON THIS  8th  DAY  OF NOV.  2001.  BY MAIL  POSTAGE&PAID, UNDER

THE PENALTYS OF PERJURY.


cc:   MR. MARTIN  C. CARLSON.
      united states district attorney
      228 Walnut Street,  2nd.Floor
      po. box  11754, Harrisburg Pa.
           17108-1754



cc:   OFFICE OF THE CLERK
      united states district court
middle district of pennsylvania, us court
      228 Walnut Street , po. box 983
      Harrisburg ,  PA. 17108.



*Nov, 8. 2001*

RESPECTFULLY RRESENTED THIS DAY

*Mr Allen Morsley*

MR. ALLEN MORSLEY 14718056
F.C.I. EDGEFIELD , PO. BOX 724
EDGEFIELD ,  SC.  29824.