IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN MORSLEY ,                                    petitioner,

VS.

DONALD ROMINE ,                                    respondent ,

CASE # 1:01-cv-01003

FILED HARRISBURG NOV 19 2001 MARY E. D'ANDREA, CLERK Per_____ DEPUTY CLERK

## MOTION FOR LEAVE TO CONDUCT DISCOVERY

NOW COMES , The petitioner , ALLEN MORSLEY ,aka John Doe , Proceeding herei[n] **pro se** , And hereby moves this Honorable Court to issue an Order granting petitioner Leave to Conduct Discovery . This motion is Based upon Rule 36(a) Of the federal Rules of Civil Procedure , Due process , And Equal protectio[n] of the Law Clauses , and in the Interest of Justice. The Supreme Court  an[d] Other Federal Circuit Court(s) of Appeals have repeatedly recognized  The Appropriateness , and Judicial economy of granting permission to Habeas Cor[pus] petitioners to Conduct Pre-hearing , "Discovery" and to Narrow the issues. i.e , Harris -vs- Nelson , 394 U.S. 286 at pages 299-300 , 22 L.ED.2d. 281 , at pages 285-286 (1969); Bracey-vs-Gramley , 520 U.S. 899 , 138 L.E[D] 97 (1997) ; And  Wagner-vs- United states , 418 F.2d. 618, at page 621 (9t[h] 1969) ;"Discovery " IS ALSO ALLOWED   IN HABEAS CORPUS PETITIONS SECURED  UN[DER] THE  " ALL WRITS ACT " TITLE 28 US.C.A.,   SECTION 1651(a)(b) .    Rule 36 (a) Serves Two vital purposes ; Admissions are sought first to Facilitate and De[velop] proof with respect to the Issues that Cannot be eliminated from the Case , [and] Secondly , To narrow the Issues by eliminating those that can be '. SEE 19[  ] Advisery Commitee note on Rule 36(a) of the federal Rules of Civil Procedure[.] [However] , if the Respondent , or any parties , Dispute "any" material Factual Allegation , Then of Course the need for an evidentiary Hearing on t[he] Disputed "Fact" Must be Conducted ;  an evidentiary hearing can be  Dispense[d] With  iF All

-1-

facts are un-diputed or "admitted" by the parties.
torwards these goals and purposes, petitioner Allen morsley has drafted and prepared his narrowly tailored : "MORSLEYS REQUEST FOR ADMISSIONS", which are attached and submitted herewith for the <u>COURTS</u> consideration in determining whether to grant this motion for leave to conduct discovery./    WHEREFORE, Petitioner Allen moresley respectfully requests this Court to issue an Order granting petitioner leave to conduct discovery, and, requiring the Respondent to make the "admissions"(or,) to file proper answers or objections' within thirty(30) days of service of the Request for admissions, all in accordance with Rule 36(a) of the Fed. Rules of Civil Procedure, the Due process and Equal Protection clauses, and in the interest of Justice.   SEE, "'MORSLEYS REQUEST FOR ADMISSIONS'"  attached hereto and made a part hereof.

RESPECTFULLY SUBMITTED BY:

DATE: Oct 29, 2001

*Allen Morsley*

ALLEN MORSLEY, PRO SE,
#14718056
F.C.I EDGEFIELD  PO. BOX 724
edgefield. SC  29824

copy; MR Donald romine
U.s.p lewisburg

copy; to Clerk of court

Resubmitted Nov, 13, 20
Mr Allen Morsley

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN MORSLEY,                          petitioner,

VS                                                      CASE # 1:01-cv-01003

DONALD ROMINE,                          respondent,

## " MORSLEYS REQUEST FOR ADMISSIONS "

petitioner ALLen Morsley **aka, John Doe**, (hereinafter referred to as Morsley or Petitioner) requests Respondent Warden Donald Romine ( or his Counsel) to make the following enumerated "admissions" within thirty (30) days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at any evidentiary hearing or **trial** ..

This request for admissions is made pursuant to and in accordance with **Rule 36** of the Federal Rules of Civil Procedure. **Rule 36(a) provides, in part as follows;**

"(a) Request For Admissions. A party may serve upon any other party a written request for the admissions, for the purposes of the pending action only, of the truth of any matters....... set forth in the request that relate to state-ments or opinions of fact or of the application of law to fact... ... ... Each matter of which an admission is requested **shall** be separately set forth.
The matter is admitted unless, within 30 days after service of the request... .... the party to whom the request is directed serves upon the party requesting the admissions a written answer or objections addressed to the matter, signed by the party or by the partys attorney..." [underscoring added] ...

IN ACCORDANCE WITH RULE 36 (a) OF FEDERAL RULES OF CIVIL PROCEDURE. **The petitioner** Allen Morsley requests that the Respondent Warden Donald Romine (or his Counsel) **ADMIT** That each of the following enumerated statements are true .

-3-

MORSLEYS REQUEST FOR ADMISSIONS PURSUANT TO RULE 36(a)   CONTINUED

1, ARTICLE III OF THE UNITED STATES CONSTITUTION PLACES LIMITS AND RESTRICTIONS ON THE POWER OF CONGRESS .

2, ARTICLE III AND SIX AMENDMENT , TO THE UNITED STATES CONSTITUTION PROVIDES A GAURANTEE TO THE PETITIONER , ALLEN MORSLEY , THAT HE IS ENTITLED TO HAVE A "JURY" TRIAL ON THE ESSENTIAL ELEMENTS OF ANY AND ALL CRIMES ALLEGED BY GRANDJURY .

3, THE DUE PROCESS CLAUSE(S) OF THE UNITED STATES CONSTITUTION MANDATE AND REQUIRE THAT A "JURY" DETERMINE ALL OF THE ESSENTIAL ELEMENTS OF CRIMINAL OFFENE(S) ALLEGED AGAINST PETITIONER "BEYOND A REASONABLE DOUBT" BEFORE A JURY CAN RENDER A VALID VERDICT OF GUILTY FOR THE CRIMINAL OFFENE(S).

4, THE DUE PROCESS , AND EX POST FACTO, CLAUSES OR PRINCIPLES OF THE UNITED STATES CONSTITUTION PROHIBIT THE COURTS OR JUDICIARY FROM SUDDENLY RE-INTERPRETING OR RE-CONSTRUEING CRIMINAL STATUES TO ENLARGE OR FINALLY REVEALING ALL OF THE ESSENTIAL ELEMENTS OF A CRIME AFTER THE DATE OF THE CHAGED CRIMINAL OFFENSE(S) AND TO APPLY ITS POST-OFFENSE CONSTRUCTION OF THE STATUE IN A RETROACTIVE MANNER ,.

5, THE UNITED STATES CONGRESS ENACTED TITLE 21 U.S.C SECTION 841(a) 1.  AND WITHIN SAID STATUE ITSELF , PROVIDED THAT CERTAIN FACTS RELATING TO VARIOUS AMOUNTS AND TYPES OF CONTROLLED SUBSTANCES , INCLUDING COCAINE AND COCAINE BASE, WERE " PENALTY" FACTORS UNDER (B)(1)(A)...(B)(1)(B)... AND (B)(1)(C) RATHER THAN "ESSENTIAL" ELEMENTS OF THE CRIMINAL OFFENSE .

6, IN THE PROCESS OF ENACTING TITLE 21 CODE, SECTION 841(a)1  ...(B)(1)(A) ...(B)(1)(B)...AND (B)(1)(C)... AND (B)(1)(D) , CONGRESS INTENDED TO REMOVE FROM THE JURY'S DETERMINATION THE ASESSMENT OF "FACTS" RELATING TO THE SPECIFIC "AMOUNT" OF CONTROLLED SUBSTANCE ALLEGEDLY BEING DISTRIBUTED , OR MANUFACTURED .

7, A CRIMINAL STATUE IS " UNCONSTITUTIONAL " AND VOID IF IT IS "VAGUE" OR IF IT FAILS TO GIVE " FAIR " NOTICE OF THE ESSENTIAL ELEMENTS OF THE CRIMINAL OFFENSE .

8, THE PREVAILING LAW AT THE TIME OF PETITIONERS TRIAL HAD BEEN CONSRUED BY EXPERT LEARNED JUDGES , UP UNTIL THE SWEEPING DECISSION OF APPRENDI , WHICH "STATED" ANY FACTS(other than prior conviction) THAT INCREASES THE MAXIMUM PENALTY FOR A CRIME MUST CHARGED IN AN INDICTMENT , SUBMITTED TO A JURY , AND PROVEN BEYOND A REASONABLE DOUBT , id JONES at n.6 (emphasis added0.

9, A CRIMINAL STATUE IS UNCONSTITUTIONAL , IN VIOLATION OF ARTICLE III , AND IN VIOLATION OF DUE PROCESS , AND JURY TRIAL PROVISIONS OF THE US.CONSTITUTION IF IT "REMOVES" FORM THE "JURY" THE ASSESSMENT OR DETERMINATION OF "FACTS" THAT ARE "ESSENTIAL" ELEMENTS , OR DEFENSES , TO THE CRIMINAL OFFENSE.

10, THAT PETITIONERS INDICTMENT [NEVER] STATED ANY PENALTY STATUES , THAT BEING , (B)(1)(A) , (B)(1)(B) , (B)(1)(C) OR (B)(1)(D) .

11, THAT COCAINE BASE IS 100 TIMES MORE SEVERE THEN THAT OF COCAINE .

12, THAT JURY RENDERD GENERAL VERDICT AS TO TYPE OR AMOUNT CONCERNIG COUNT [1] ONE.

13, THAT THREE AND A HALF GRAMS OF COCAINE O(R) COCAINE BASE WOULD SATISFY A DETECTABLE AMOUNT .

14, THAT GOVERMENT WITNESS ANDREA HENDRICKS , WHEN ASKED DURING PETITION TRIAL , BY GOVERMENT ATTORNEY CHRISTINE B. HAMILTON " WHAT WAS THE SMALLEST AMOUNT OF DRUGS YOUVE EVER PURCHASED FROM THE GENTLEMEN YO KNOW AS RALEEK ? WHEREIN THIS WITNESS STATED "THREE AND A HALF GRAMS ( THE EXACT WORDS BEING A EIGHT BALL)

15,THAT THE STATUTORY "CAP" FOR 841(a)1 VIOLATIONS ARE DETERMINED BY THE AMOUNT OF OF DRUGS CHARGED IN THE INDICTMENT .

16, THAT RESPODENT (WARDEN) DONALD ROMINE IS EXECUTING A JUDGEMENT / SENTENCE OF IMPRISONMENT OF "LIFE" UPON PETITIONER ALLEN MORSLEY , BASED UPON AN INDICTMENT ALLEGING (COUNT ONE) CONSPIRACY TO DISTRIE

AND POSSESSION WITH THE INTENT TO DISTRIBUTE **A DETECTABLE AMOUNT OF COCAINE , AND THEN COCAINE BASE.**

17, THAT PETITIONER ALLEN MORSLEY WILL HAVE SERVED **(8) YEARS** ON THE 23rd OF SEPT, 2001 for count (1) OF INDICTMENT , TO POSSESS WITH INTENT TO DISTRIBUTE , AND DISTRIBUTION , OF A **DETECTABLE AMOUNT OF COCAINE** AND THEN **COAINE BASE** .

18, THAT LOWEST **OFFENSE LEVEL** FOR COCAINE O(R) COCAINE BASE IS BASE OFFENSE **LEVEL 12.**

19, **THAT GOVERMENT WITNESS <u>CLAUDIA SIMMS</u> TOLD GOVERMENT AGENTS , GOVERMENT ATTORNEY ," THAT THEY HAD INFACT ARRESTED THE WRONG MAN".**

20, THAT GOVERMENT WITNESS (CLAUDIA SIMMS) , WHEN ASKED WETHER SHE HAD **EVER SEEN THE PETITIONER / AND"RALEEK" AT THE SAME TIME** , SHE STATED THAT SHE HAD , ALSO NAMING THE PLACE AND THE CIRCUMSTANCES SURROUNDING IT .

21, THAT GOVERMENT INFORMANT WAS INFACT "CLAUDIA SIMMS" WHO TOLD GOVERMENT WHERE THEY COULD FIND RALEEK ' .

22, THAT PETITIONERS ATTORNEY (ROBERT COOPER) **ADVISED THE PRESIDING JUDGE** (JAMES C. FOX) THAT HE HAD SPOKEN TO ONE **CLAUDIA SIMMS** , WHO ADVISED HIM THAT CLAUDIA SIMMS HAD TOLD HIM THAT PETITIONER WAS NOT THE RALEEK THAT THEY WERE SUPPOSE TO PICK UP ,

23, THAT CLAUDIA SIMMS , DURING PETITONERS TRIAL , REMINDED THE COURT THAT SHE HAD SEEN RALEEK AT THE GAS STATION DURING THE TRIAL ITSELF .

24, THAT THE DEPARTMENT OF THE TREASURY , BUREAU OF ALCOHOL,TOBACCO,FIREARMS 4530 PARK ROAD ,SUITE 400 , CHARLOTTE NC. 28209   INVESTIGATED CASE # 13550 93 4565 T   [AND] CASE # 13530 93 2504 L / SECURED INDICTMENT . AND THEN SUBMITTED CASE FOR PROSECUTION , TO JAMES R. DEDRICK UNITED STATES ATTORNEY IN RALIEGH NORTH CAROLINA .

25, THAT THERE WAS NO SUPERCEDING INDICTMENT PERTAINING TO PETITIONER, THAT THIS CASE WAS REFFERD TO CHRISTINE B. HAMILTON -[AFTER]- INDICTMENT HAD ALREADY BEEN SECURED BY A-T-F.

26, THAT ADDITIONAL CHARGES WERE MADE BY CRIMINAL INFORMATION, AFTER BUY AND SELL OPERATIONS CONDUCTED BY RALIEGH POLICE DEPARTMENT, AND AGENT FANNELY,

27, THAT PETITIONER WAS NOT MADE APART OF BUY AND SELL OPERATIONS,.

28, THAT AGENT FANNELY, NOR THE RALIEGH POLICE DEPARTMENT, HAD ANY IDEA WHO JOHN DOE WAS.

29, THAT THERE WAS NO WITNESS BEFORE THE GRAND JURY IDENTIFYING PETITIONER BY RACE, SEX, ADRESS, DRUG TRANSACTION, OR SELLING GUNS.

30, THAT PETITIONER ALEN MORSLEY IS SUFFERING AN ONEROUS BURDEN OF IMPRISONMENT "LIFE" BASED UPON FACTS AND FACTORS THAT THIS COURT DID NOT HAVE JURISDICTION TO ENTERTAIN.

31, THAT FEDERAL COURTS, ARE COURTS OF LIMITED JURISDICTION, DERIVING POWERS SOLELY FROM ARTICLE III OF THE UNITED STATES CONSTITUTION, AND FROM THE LEGISLATIVE ACTS OF CONGRESS.

32, THAT THE GRAND JURY ALONE HAS THE POWER TO INDICT FOR INFAMOUS CRIMES.

33, THAT FEDERAL COURTS ARE BOUND TO ASSURE THEMSELVES OF JURISDICTION.

34, THAT CHRISTINE B. HAMILTON, O(R) CHRISTINE BLAISE. HAMILTON, NOR CHRISTINE HAMILTON, WAS AUTHORIZED TO CHARGE PETITIONER WITH INFAMOUS CRIME, WHITHOUT INDICTMENT BEING SECURED BY GRAND JURY.

35, THAT CHRISTINE B. HAMILTON, OR CHRISTINE BLAISE HAMILTON, OR CHRISTINE HAMILTON, IS NOT A LICENCED ATTORNEY UNDER NORTH CAROLINA STATE LAW.

36, THAT IT IS A CRIME IN NORTH CAROLINA TO PRACTICE LAW WITHOUT A LICENCE.

37, THAT THE RIGHT TO REMAIN SILENT IS A FUNDAMENTAL RIGHT , THAT IS AFFORDED TO THE ACCUSED .

38, THAT THE INVESTIGATING OFFICERS , AS WELL AS THE COURTS ARE BOUND TO RECOGNIZE THIS FUNDAMENTAL RIGHT IN A COURT OF LAW .

39, THAT WHEN PETITIONER EXERCISED THIS FUNDAMENTAL RIGHT , HE BECAME THE RECIPIANT OF THE BROAD POWERS OF THE UNITED STATES GOVERMENT .

40, THAT GOVERMENT AMENDED THE INDICTMENT .

41, THAT GOVERMENT AMENDED THE INDICTMENT , WHEN IT INCLUDED COCAINE BASE" INTO THE CONSPIRACY COUNT (COUNT ONE) .

42, THAT GOVERMENT AMENDED THE INDICTMENT TO INCLUDE COCAINE AND COCAINE BASE INTO THE CONSPIRACY COUNT (COUNT ONE) .

43, THAT ORIGANAL INDICTMENT CHARGED ONLY TWO VIOLATIONS , TITLE 18 U.S.C SECTION 371 , CHAPTER 19 ....... AND TITLE 18 U.S.C. SECTION 924(c) CHAPTER 44 ,...... [371] CONSPIRING TO RECEIVE FIREARMS WHICH HAD THE SERIAL NUMBERS OBLITERATED , [924(c)] USE OF A FIREARM DURING A DRUG TRAFFICKING CRIME.

44, THAT LENTON EARL JORDAN , LORI ANNE PERRY HENDRICKS , AND AKA, JOHN DOE, WHERE THE ONLY THREE WHO WERE NOT A PART OF THE BUY AND SELL OPERATIONS CONDUCTED BY AGENTS , SET UP BUY FLECHER JOHNSON ,

45, THAT LENTON EARL JORDAN , LORI ANNE PERRY HENDRICKS , WHERE BOTH ARRESTED AND RELEASED , BECAUSE THEY HAD NO PARTS OF THE DRUGS THAT HAD BECOME THE KNEWLY DISCOVERD COURSE OF CHRISTINE B.HAMILTON , AFTER THE INDICTMENT HAD ALREADY BEEN SEGURED .

46, THAT AFTER ARREST WARRANT HAD BEEN ISSUED FOR JOHN DOE , AND LORI ANNE HENDRICKS , CHRISTINE B.HAMILTON ASKED THAT A CERTIFIED COPY OF THE INDICTMENT BE FORWARDED TO HER OFFICE.

47, THAT WARRANT , DOCKET SHEET , MAKE NO MENTION OF COUNT 80 ,[or] COUNT 81

48, THAT [WARRANT], AND [DOCKET SHEET], MAKE NO MENTION OF COCAINE BASE.

49, THAT MULTIPLE CHARGES WHERE MADE BY CRIMINAL INFORMATION.

50, THAT THE CHARGES MADE BY CRIMINAL INFORMATION ' WHERE NOT CONSIDERD BY GRAND JURY.

51, THAT THE FIFTH AMENDMENT PROVIDES PROTECTIONS ' THAT NO PERSON SHALL BE HELD TO ANSWER FOR A CAPITAL (O)R OTHERWISE INFAMOUS CRIME, UNLESS ON A PRESENTMENT OR INDICTMENT BY A GRAND JURY.

### STANDARD OF REVIEW

petitioner is a layman of law, and therefore his Motion should be construed Liberally, or held to less stringent standards than formal pleadings drafted by a Lawyer, see    HAINES  VS   KERNER, 404 U.S. 519   (1972).

MY PRAYERS ARE WITH AMERICA, AND
I ASK THAT GOD CONTINUES TO BLESS
HER AS HE HAS ALWAYS DONE " AS
THE LIGHT OF THE WORLD, AS THE
FIRST TO SPEAK OUT AGAINST INJUSTICE,
NO MATTER WHERE IT MAY BE FOUND, OR
HIDDEN, AND SURELY THIS NEVER ENDING
TASK BECOMES TIRESOME AT TIMES, BUT
THIS IS WHERE AMERICA STANDS ALONE,
IT IS HER COMMITMENT, AND HER RESOLVE
THAT MAKES HER SO GREAT, AS WELL AS
ONE TO BE ENVYED, GOD BLESS AMERICA '
FOR IF NOT HER, THEN WHO, AND IF NOT
NOW. THEN WHEN ? GOD BLESS AMERICA.

Date: Oct 29, 2001

copy: Warden DONALD ROMINE
U.S.P. Lewisburg
P.O. Box 1000

copy: CLERK OF COURT FOR
THE MIDDLE DISTRICT
OF PENNSYLVANIA.

Respectfully Submitted,

Mr Allen Morsley

MR ALLEN MORSLEY #14718056
F.C.I. EDGEFIELD
P.O. Box 724
Edgefield SC, 29824

Resubmitted
Nov, 13, 2001
Mr Allen Morsley

-9-

# CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAT I AM **ALLEN MORSLEY** THE **PETITIONER** IN CASE NUMBER **1: 01-cv- 01003**, THAT ON THIS DAY *Oct 29, 2001* I SERVED A COPY OF THE ATTACHED, BY MAIL TO THE ADDRESSEE, **THE CLERK OF COURT** FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, BY PLACING SAID COPY IN A POST PAID ENVELOPE.

RESPECTFULLY SUBMITTED

*Allen Morsley*

ALLEN MORSLEY

cc: **MARTIN C. CARLSON**
<u>UNITED STATES DISTRICT ATTORNEY</u>
*228 Walnut Street*
*2nd Floor,*
*P.O. Box 11754*
*Harrisburg, PA.*
*17108-1754*

*Resubmitted Nov 13, 20[01]*
*Allen Morsley*

## CERTIFICATE OF SERVICE

I ALLEN MORSLEY , THE PETITIONER IN CASE # 1:01-cv-01003 CERTIFIE THAT ON THIS DAY , NOV. 13th, 2001 . I AM RESUBMITTING A COPY OF THE ATTACHED FILED ON OCT. 29, 2001 , by MAIL , BY PLACING SAID COPY IN A POST PAID ENVELOPE ADDRESSED TO THE CLERK OF COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA . AND ALSO A COPY TO MARTIN C, CARLSON UNITED STATES ATTORNEY FOR THE MIDDLE DISTRICT OF THE SAME.

UNDER THE PENALTYS OF PERJURY DO I AFFIX MY SIGNATURE THIS DAY _Nov. 13, 2001_

ALLEN MORSLEY #14718056

_Allen Morsley_

F.C.I. EDGEFIELD
PO. BOX 724
EDGEFIELD SC.
29824