ORIGINAL

(21)
12/5/01

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
================================================================

United States of America ex rel.
ALLEN MORSLEY,
    Petitioner,

FILED
HARRISBURG, PA

-Vs-

DEC 0 4 2001        CASE # 1:01-cv-01003

MARY E. D'ANDREA CLERK
Per _____ Deputy Clerk

DONALD ROMINE,
    Respondent,
================================================================

**PETITIONERS REPLY BRIEF IN**
**SUPPORT OF DISCOVERY MOTION**
**AND REQUEST FOR ADMISSIONS.**

1) Petitioner Allen Morsley's Motion For Leave to Conduct Discovery Should Be **Granted**.

Counsel for the Respondent has filed a brief in opposition to Morsley's Motion For Leave to Conduct Discovery. Counsel for the respondent **mis- advises** this Court with Two (2) Purported reasons as to why discovery should be denied. As to the " **First** " reason Propped up By counsel for the respondent, while Counsel does give cite to a proper case, Counsel fails to **Notify** the **Court** that **Harris -vs- Nelson**, 394 U.S 286 (1969); went just a bit further than supposedly " holding that the Federal Rules of Civil Procedure regarding discovery do <u>not</u> apply in 2241 habeas petitions, " and the Supreme Court Declared that:

> " There is no higher duty of a court, under our constitutional "
> system, than the careful processing and adjudication of petitions for writ of habeas corpus, . . .   . . . the power of inquiry on federal habeas is plenary. . . . Essentially, the proceeding is Unique. . . ."

<u>Harris</u> -vs- <u>Nelson</u>, 394 U.S. at 292-293, 89 S.ct. at pages 1086-1078

-1-

22 L.Ed.2d. 281 (1969), and the Supreme Court held that even though Congress may not have "intended" the "broad" discovery Rule 33 to be Generally available to petitioners in all collateral attacks via habeas corpus , that the **"plenary"** power provides ,

> "...Courts may fashion appropriate modes of procedure , by " analogy to existing rules or otherwise in conformity with judicial usage. where their duties require it, **this is the inescapeable obligation of the courts.** their authority is expressly confirmed in the All Writs Act, 28 U.S.C. , 1651. ... ... where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is cofined illegally and is therefore entitled to relief, it is the **duty of the court to provide the necessary facilities and procedures for an adequate inquiry.** Obviously, in exercising this power, the court may utilize familiar procedures , as appropriate, **whether these are found in Civil (or)** Criminal rules or **elsewhere** in the" usages and principles of Law.'"

**Harris -vs- Nelson,** 394 U.S. 286, at 299-301, 89 S.Ct. 1082, at 1090-1091 , 22 L.Ed. 2d. 281 (1969); see , **Bracey -vs- Gramley,** 520 U.S. 899, 138 L.Ed. 2d. 97 (1997).

Clearly, counsel for the Respondent Herein paints with much too wide a brush wherein he indicates that **Harris** held that discovery motions / procedures are "not" applicable to **2241** habeas corpus actions. On the contrary, **Harris held** that a habeas corpus proceeding **"must not** be allowed to Founder in a ' Procedural morass." And that the courts have A **"Duty"** to "fashion appropriate modes of procedure" and to "utilize familiar procedures" to conduct an adequate inquiry of the petitioner's Claims presented in Habeas Corpus.

Respondents "First" reason to **denie** Morsleys motion for Discovery is Mere Sophistry and Completely without Merit.

-2-

As to the Respondents "second" reason, Petitioner Suggest that this Court can easily determine from the Carefully tailored **Request for "Admissions"** Attached to his motion for Discovery ' **why** Counsel for the Respondent Didnt Just **Denie** that petitioner Claim that he was **never Indicted By A Grand Jury**. O(r) why Counsel for the Respondent Didnt **Denie** that the Charges were changed to **Include** Cocaine Base, Cocaine, Count 81, Count 80, Wire Fraud, and in Petitioners Case" **COUNT ONE "** in General.  there is realy nothing that Counsel for the respondent can Say'  For even in the Least Supportive Argument, petitioner Received a " **Life** " Sentence for a Crime that Has A **Statutory Maximum** of **20 years'** As petitioners Indictment Never **Charged Amount** (detecable amount)(.25Mg) Nor did Indictment Even make Reference to(B)(1)(a), (B)(1)(b) o(r) (B)(1)( And where the Intervening change in the **Substantive Law** changed the **elemnts** of the Substative Offense. see <u>Apprendi</u>, <u>Rogers</u> 11 cir, <u>Promise</u> 4th cir. <u>Cotton</u> 4th Cir, <u>Buckland</u>, 9th cir, <u>Clark</u> 5th cir., <u>Harris</u> 3rd cir.

Petitioner Submits that if the Respondent Would Make **"admissions"**  Or Proper Answers o(r) Objections to his discovery, then it will Actually **"narrow"** the Issues, Streamline the Proceedings, and save time which is Valuable to not only the Court but also to the Petitioner ' who **Claims** that **he** has been imprisoned and Sentenced to **Life whithuot Parole** For a Crime that He was **Never Indicted / charged / Investigated / or even Conciderd By the Grand Jury'**. And even " **i(f)** this Goverment Attorney Like ( Another Goverment Attorney) **Christine B. Hamilton**, when being Questioned by Petitioners Mothers Counsel, Made the Argument that She Could have had **13 people Identify Petitioner As Raleek** '  Ill Ask you Along with this Honorable Court the **Question** that Counselor **Asked Ms Hamilton ?**    **WHY DIDINT YOU TAKE ATLEAST ONE TO THE GRAND JURY ?   ISNT THAT THE LAW ?**  SEE   <u>SMITH</u>  -vs- <u>UNITED STATES</u>,   360 U.S. 1, 3 Led. 2d.

-3-

1041 , 79 Sct.  991 ; UNITED STATES -vs- WESSELS, (MD Pa.) 139 FRD  607, 1991 U.S. Dist. LEXIS  17151.   While lack of personal jurisdiction  is Waivable Defect , **Lack of Subject Matter Jurisdiction is Non-Waivable** Defect which May be **Raised at Any time.** Fed. Rules  Cr.Proc.Rule  12(b)(2),  18 U.S.C.A. § 5032 . ; Compagnie des Bauxites, 456 U.S. at 702-03, 102 Sct.  at 2103-04 (footnote omitted)(Quoting International Shoe Co -vs- Washington , 326 U.S.  310;  316 (1945) see  id. at 703-04, 102 Sct. 2104- 05; Fed. R.Crim.P. 12(b)(2).

As Sought **"admissions"** are relevant to the Issues of whether the petitioner **Morsley** should be allowed to prosecute his **2241 Habeas Corpus** petition in this District Court of Pennsylvania.   The questions Before this Court Being one of **Grave Importance** '.

### ONE (1)

Did the petitioner **Allen Morsley Waive** his **Right** to be **Charged by Indictment ?**

### TWO (2)

Was the petitioner **Allen Morsley Charged** for <u>Any</u> **Crime** by the **Grand Jury ?**

### Three(3)

Was the petitioner **Allen Morsley Called to Answer Charges** that were not **made** By the **Grand Jury ?**

### Four (4)

Is **Allen Morsley** And **John Doe** the **Same Person ?**

### Five (5)

Did the **Grand Jury Decide This? Did** the **Trial Jury Decide this?** If not then wh

### Six (6)

Was **John Doe Removed** from the **verdict sheet ?** Was **John Doe Removed** from the **Instructions Before Jury ?**

### Seven (7)

Is **John Doe Also** A Name that is **Given** to there **Son** By A **MR, and MRS, DOE ?**

-4-

#### Eight (8)

Is Jane Doe A **Name Also Given** in the Same Manner ?

#### NINE (9)

Is **Brian Doe** (Monuments of South Africa) ; **Carlton Doe** (using Informix Online) **Andrew Doe**, jt. **Tobler John Doe** (studies in Minerals) **Jane Doe**(Abolishing Lawyer Tyranny) **John Doe**( how to cut your property taxes)   **All Authors of book**

#### TEN   (10)

Was there **Any** Discription of **John Doe** in the Indictment  ?

#### ELEVEN (11)

Can the **Grand Jury** "Delegate" its  Authority ?

#### TWELVE (12)

Is it **not true** ' that after **MJS. Judge Alexander B. Denson** Said Court is Now in Session ' His **exact Words were** ,

> " We Have A Detention hearing at this **Time** "
> In the **Case** of **United states Versus John Doe**, The **Courts** File 93-102-07-criminal-5-F. (see Detention Hearing in Original petition for **Habeas Corpus**).

#### THIRTEEN(13)

Was  MJS. Judge Denson Correct When He **Advised USA** Christine B. Hamilton that The **Goverment Controls** The Names  Which you **List In the Indictment** ?  SEE Detention Hearing inOriginal petition for **Habeas Corpus** , page #15.

#### FOURTEEN(14)

Isnt it **True** that Afterwards **Judge Denson** Asked **USA** Christine b. Hamilton "**Did she want to move to Amend The Indictment**" to change the Name " And she Replied " I DO NOT MOVE " ?

#### FIFTHTEEN(15)

Is it **Not True**  that **Carol W. Williams Certified** Verbatim Reporter Notary public State of North Carolina ' Did hereby Certify that the Forgoing pages

-5-

Represent the **Entire Record** of the tape Recorded Detention Hearing Before the United States District Court for the Eastern District of North Carolina, the **Honorable Alexander B. Denson Presiding**, in the Matter of the United States **Versus John Doe**, and these pages constitute the **Original Transcripts** of the **Proceeding**. In Winess Whereof , I Have Hereunto Affixed My hand this 17th Day of November, 1993.        CAROL   W.  WILLIAMS.

### SIXTEEN (16)

How Did the Name **Raleek aka, Baldhead** Become A **Part** of the **Indictment by Time** Petitioner was **Orderd to Plea** . SEE UNITED STATES V. JAY .713 F.supp. 377 (N. D.Ala. 1998).

### SEVENTEEN(17)

Was Justice **Scalia Correct**  when he <u>stated</u>  that 841(a) had no penaltys Attached to it' and therefore it Could not Be the **Object** of a 846Conspiracy". AND After the Solicister General Attempted to point out the Fact that Penaltys for 841(a) where listed in 841(b).    Is it **Not True** that Justice **Scalia** then said that ' 841(b) Then Becomes Part of the Offense.(SEE BRIEFS OF <u>UNITED STATES</u> VS. EDWARDS ,   523 U.S. 511, 140 LEd.2d. 703, 118 Sct. 1475).

### EIHGTEEN(18)

Is It Not True that count **One(1)** Charges   Violations of the following Statues?

a. TITLE 18, U.S.C. Section 922(k);
b. TITLE 18, U.S.C. Section 922(a)(1)(A) and Section 924(a)(1)(D):
c. TITLE 18, U.S.C. Section 924(c);
d. TITLE 18, U.S.C. Section 922(m);
e. TITLE 18, U.S.C. Section 922(g);
f. TITLE 18, U.S.C. Section 924(h);
g. TITLE 18, U.S.C. Section 1342 and  2.
h. TITLE 21, U.S.C. Section 841(a)(1);
i. TITLE 21, U.S.C. Section 841(a)(1);
j. TITLE 21, U.S.C. Section 841(a)(1);   and ?
k. TITLE 21, U.S.C. Section 841(a)(1);

All in Violation of Title 21 U.S.C. Section  846.(Page 12 Inditme

This Honorable Court should Be insulted by Consel for the Respondent's Arguments Concerning The petitioner Morsley'........ That **Discovery** For The Pending Case Before this Court would Be <u>Burdensome</u> **And A Waste of Resources.** " ( Respondents Brief , Page #2 ). **As if Illegally Imprisoned** Citizens Should **Never Be Released.** Or Disregarded As To Much Work ' (o)r it Would Burden the Guards to **open the Door.** As if the **Ink** On the Release **Order is Too expensive.** (according to the Logic of Counsel for Respondent) Athough the Petitioner is Aware of the Politics that have Come into play With So **Much Light** Being put Forth by the **Supreme Court** ' But **Counsel for the Respondent** Has SomeHow Found Away To Misunderstand each and every Argument Raised by the petitioner . First it Appears that his Whole Argument is the **Thousands of petitions'** How somany Cases will be Relitigated'. and Now the Burden on the Court' . Well has it Accured to Counsel for the Respondent that he' **Along with the Fourth Circuit Of Appeals have never used the Word "Cocaine Base" ?** When Regarding the petitioner ' , <u>As Judges Instruction</u> To Jury was that <u>all was Needed to Find Petitioner **Guilty of Count One(1)**</u> Was that petitioner Conspired With Cocaine ".

And the petitioner Prays for Justice , and for the Court to uphold the Constitution Mandate of <u>**Article 1, Sec. 9, Clause 2,**</u> and that this Court Grant His Request For Leave To Conduct "discovery" With **Request For Admissions** , To Developr The Facts and Prove His Claims in this **Habeas Action** So that petitioner is provided a Swift Remedy As Contemplated By 28 U.S.C. Section 2241

CONCLUSION

Wherefore, Petitioner Allen Morsley is entitled to use procedures and facilities to prove his detention is illegal, and, he is entitled to use "discovery" Because it is A familiar usage to the Courts and Will Help to "narrow" the issues and will be judicially economical, and this Court should Grant his motion For Leave to Conduct Discovery.

Date: Nov 26 2001

Respectfully Submitted by:

Allen Morsley

ALLEN MORSLEY pro se, N718056 #

F.C.I. EDGEFILED
PO.BOX 724
EDGEFIELD SC. 29824.

CERTIFICATE OF SERVICE

I, ALLEN MORSLEY, hereby certify that i have served a true and correct copy of the foregoing " Petitioners reply brief in support of dicovery motion and request for admissions". upon counsel for the respondent herein by placing a copy of the same in a sealed, postage pre-paid envelope addressed as follows

Mathew E. Haggerty
assistant U.S. Attorney
228 Walnut Street
Harrisburg pa. 17108