ORIGINAL

MCC:MEH:slg:2001V00699

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | |
|     Petitioner | : | No. 1:CV-01-1003 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DONALD ROMINE, Warden, | : | |
|     Respondent | : | |

FILED
HARRISBURG
DEC 19 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

RESPONDENT'S SUPPLEMENTAL RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS

I. Procedural History

This is a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Allen Morsley, who was formerly incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.[1] Morsley challenged his 1993 federal conviction on drug charges in the Eastern District of North Carolina. On August 6, 2001, respondent opposed Morsley's habeas petition arguing that the habeas petition be dismissed because Morsley cannot challenge his federal conviction through a §2241 petition.

On November 8, 2001, Morsley filed a traverse and motion to amend. Because Morsley's motion to amend his petition

---

[1] Morsley is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina.

raised a <u>Bailey</u>[2] claim concerning his conviction which incurred in another district respondent requested an extension of time in which to respond to the amended petition. By Order filed December 4, 2001, the Court granted respondent until December 24, 2001 to file a supplemental response. The following is respondent's supplemental response to the Petition for Writ of Habeas Corpus addressing Morsley's <u>Bailey</u> claim.

## II.  Supplemental Facts

In 1993, Morsley was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to possess cocaine with intent to distribute and of related drug and weapons charges. In 1994, Morsley received a life sentence, a five year consecutive sentence, and a six month consecutive sentence.[3]

Morsley filed a direct appeal with the Fourth Circuit Court of Appeals, which affirmed the conviction and sentence on August 31, 1995. <u>See</u> <u>United States v. Morsley</u>, 64 F.3d 907 (4th Cir. 1995).

Morsley filed a motion pursuant to 28 U.S.C. §2255 on April 22, 1997. R. 1-17. On April 25, 1997, Morsley filed a

---

[2] <u>Bailey v. United States</u>, 516 U.S. 147 (1995).

[3] The facts are derived from Morsely's petition and memorandum of law; the General Docket for the United States Court of Appeals for the Fourth Circuit at No. 97-7813; and, <u>United States v. Morsely</u>, 64 F.3d 907 (4th Cir. 1995).

2

motion for an extension of time to supplement his §2255 motion, which was denied by the district court on May 5, 1997. R. 18. On June 3, 1997 the district court denied Morsley's §2255 motion as being "utterly meritless pursuant to Rule 4, governing §2255 Proceedings." R. 19-24.

Thereafter, on July 7, 1997, Morsley filed a motion to amend the judgment which was denied by the district court on July 14, 1997. R. 25-26. Morsley then filed at least two motions for reconsideration.[4] R. 27.

On December 18, 1997, Morsley filed an appeal with the Court of Appeals for the Fourth Circuit at Docket No. 97-7813. R. 28-40. One of the issues raised on appeal was a <u>Bailey</u> claim. R. 38. On August 4, 1998, finding no reversible error, the Court of Appeals denied a certificate of appealability and dismissed Morsley's appeal. See <u>United States v. Morsley</u>, 153 F.3d 724 (4th Cir. N.C. 1998)(Table)(R. 41).

### III. <u>Argument</u>

Respondent incorporates by reference its Response to the Petition for Writ of Habeas Corpus filed on August 6, 2001, and will not unnecessarily repeat prior arguments. In 1996,

---

[4] Because the Court denied Morsley's §2255 motion under Rule 4, governing §2255 proceedings, the United States Attorney's Office in the Eastern District of North Carolina was not served with Morsley's motions and memorandums to supplement his petition nor his motions for reconsideration.

3

Congress amended §2255 through the AEDPA.[5] One significant change is that prisoners must file their §2255 motions within one year of their conviction. See 28 U.S.C. §2255. For prisoners convicted prior to the effective date of the AEDPA, which was April 24, 1996, they had within one year of the effective date of the AEDPA to file a §2255 motion. Another change is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under §2255. A second or successive §2255 motion can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances.

Under the explicit terms of §2255, unless a §2255 motion would be "inadequate or ineffective," a §2241 petition cannot be entertained. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Morsley, who claims that he is entitled to §2241 relief in light of the Supreme Court's decision in Bailey, is not in the "unusual position" that Dorsainvil was in. Dorsainvil's §2255 motion had been filed with, and dismissed by, the District Court **prior** to the Supreme Court's decision in Bailey. Id. at 246. In contrast, Morsley had the opportunity to raise his Bailey claim in his pending §2255 proceeding with the court where he was convicted. Morsley filed his §2255 motion on April 22,

---

[5] Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. §2255).

4

1997, **after** Bailey was decided and **within** the AEDPA's one year statute of limitations.  In this case, Morsley had the opportunity to challenge his conviction raising his Bailey claim in his §2255 motion filed on April 22, 1997.  The fact that Morsley was unsuccessful does not render §2255 inadequate or ineffective.  Accordingly, Morsley cannot challenge his conviction under §2241 and the petition should be dismissed.[6]

For the aforementioned reasons, Morsley's petition for writ of habeas corpus should be dismissed.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*/s/ Matthew E. Haggerty/ws*
MATTHEW E. HAGGERTY
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
Federal Building
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108
717-221-4482

Dated: December 19, 2001

---

[6] Should the Court find that Morsley's Bailey claim is properly raised in a §2241 petition, respondent requests that additional time be granted to respond so that the United States Attorney's Office for the Eastern District of North Carolina, which prosecuted him, can prepare a response to the merits of the petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | |
| Petitioner | : | No. 1:CV-01-1003 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DONALD ROMINE, Warden, | : | |
| Respondent | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on December 19, 2001, she served a copy of the attached

**RESPONDENT'S SUPPLEMENTAL RESPONSE TO
HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Allen Morsley
Reg. No. 14718-056
FCI Edgefield
Unit A-1
P.O. Box 724
Edgefield, S.C. 29824

_____
SHELLEY L. GRANT
Paralegal Specialist