ORIGINAL

(25)

12-20-
8L

, MCC:MEH:slg:2001V00699

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN MORSLEY, :
         Petitioner : No. 1:CV-01-1003
             :
     v. : (Judge Kane)
             :
DONALD ROMINE, Warden, :
         Respondent :

FILED
HARRISBURG

DEC 1 9 2001

MARY E. D'ANDREA, CLERK
Per

DEPUTY CLERK

RESPONDENT'S RECORD IN SUPPORT OF ITS
SUPPLEMENTAL RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS

MARTIN C. CARLSON
United States Attorney

MATTHEW E. HAGGERTY
Assistant United States Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA   17108-1754
717/221-4482

Date: December 19, 2001

## INDEX

Record No.

April 22, 1997, 28 U.S.C. §2255 Motion and
    Memorandum ............................................. 1

May 5, 1997, Order ........................................ 18

June 3, 1997, Order ....................................... 19

July 14, 1997, Order ...................................... 25

District Court Docket Sheet, 93-102-07-CR-5 ............... 27

Appellant's Brief, Fourth Circuit Court of Appeals,
    No. 97-7813 ........................................... 28

United States v. Morsley, 153 F.3d 724 (4th Cir. 1998)....... 41

NOV.28.2001  11:27AM   US ATTY CIVIL                                    NO.126   P.2

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

FILED

APR 22 1997

| **United States District Court** | District EASTERN DISTRICT | |
|---|---|---|
| Name of Movant Mr. ALLEN MORSLEY | Prisoner No. 14718-056 | Case No. 93-104 |
| Place of Confinement Luisburg U.S.P. | | |

DAVID W. ... CLERK
U.S. DISTRICT COURT
E DIST NO. CAR.

5.97-C  30

UNITED STATES OF AMERICA          v.          ALLEN MORSELY AKA JOHN DOE

                                                    (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack UNITED STATES COURT, FOR THE EASTERN DISTRICT OF WILMINGTON, NORTH CAROLINA.

2. Date of judgment of conviction   NOVEMBER 24, 1993

3. Length of sentence          LIFE IMPRISONMENT

4. Nature of offense involved (all counts)   Title 21, United States Code, Section 841 (a) (1)-18 u.s.c. 1342 (2)- 922(g)- 924(h)

5. What was your plea? (Check one)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury              ☒
   (b) Judge only        ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

                                                    R. 1

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court____UNITED STATES COURT FOR THE FOURTH CIRCUT

   (b) Result ____CONVICTION AFFIRMED

   (c) Date of result ____Sept. 23, 1993

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

     (2) Nature of proceeding _____

     (3) Grounds raised_____

     (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

     (5) Result____N/A

     (6) Date of result ____N/A

   (b) As to any second petition, application or motion give the same information:

     (1) Name of court ____N/A

     (2) Nature of proceeding ____N/A

     (3) Grounds raised____N/A

R. 2

(3)

AO 243 (Rev. 5/85)

(4) **Did you receive an evidentiary hearing on your petition, application or motion?**
Yes ☐ No ☒

(5) Result   N/A

(6) Date of result  N/A

(c) **Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?**
(1) First petition, etc.      Yes ☐ No ☒
(2) Second petition, etc.    Yes ☐ No ☒

(d) **If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:**

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

R. 3

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The Trial Court violated Petitioner's due Process right, when sentencing Petitioner as a Career Offender based on his prior criminal history.

Supporting FACTS (state *briefly* without citing cases or law) The Prior predicate criminal convictions, that the court relied upon to enhance Petitioner as a career offense does not meet the criteria of the Federal Sentencing Guidelines, under 4B1.1

"See Memorandum of Law"

B. Ground two: Petitioner was denied Effective assistance of counsel in violation of his Sixth and Fifth amendment rights.

Supporting FACTS (state *briefly* without citing cases or law): Ineffective Assistance of counsel resulted when defense counsel failed to research and prepare for sentencing and failed to object to the improper career offenders sentence.

" See Memorandum of Law"

C. Ground three: Petitioner Was denied Effective Assistance of Counsel in violation to his Sixth amendment Right.

Supporting FACTS (state *briefly* without citing cases or law): Petitioner Was denied effective assistance of Counsel when counsel denied Petitioner the right to testify on behalf of his own defense.

"See Memorandum of Law"

R. 4

AO 243 (Rev. 5/85)

**D. Ground four:** Petitioner Was Denied Effectives Assistance of Counsel in violation of his Sixth Amendment Right.

Supporting FACTS (state *briefly* without citing cases or law): Ineffective Assistance of Counsel resulted where counsel labor under an actual conflict of interest, and thus breached his duty of loyalty to Petitioner, whereby, causing an acual and complete brake down in the adversarial testing process.

"See Memorandum of Law"

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: none of the grounds previously listed were file in lower courts, Counsel ineffectiveness wouldn't permit.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____ Robert Cooper _____

(b) At arraignment and plea _____ Robert Cooper _____

(c) At trial _____ Robert Cooper _____

(d) At sentencing _____ Pro- SE with judges permition _____

R. 5

AO 243 (Rev. 5/85)

(e) On appeal_____    My direct appeal was represented by attorney---

Kevin M. Schad, Liberty Legal services 1111 East Main Street
Richmond VA 23219.
(f) In any post-conviction proceeding _____ N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding __ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☑ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ___ N/A ____

(b) Give date and length of the above sentence: _____ N/A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

APRIL 15TH 1997
(date)

_____
Signature of Movant

R. 6

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILIMINGTON DIVISION

---

CASE NO. 93-102-07-CR-5-F

---

ALLEN MORSLEY-MOVANT


vs.


UNITED STATES OF AMERICA-RESPONDENT

---

MOVANT MORSELY'S MEMORANDUM OF LAW IN SUPPOR OF
RELIEF PURSUANT TO MOTION UNDER TITLE 28 U.S.C. § 2255
AND ACCOMPANYING MEMORANDUM OF LAW, IN SUPPORT OF RELIEF

---

MOTION UNDER 28 U.S. C. § 2255
MEMORANDUM OF LAW
IN SUPPORT OF
RELIEF


ALLEN MORSLEY


R. 7

    **COMES NOW, ALLAN MORSELY**, Pro Se, Movant, and respectfully

moves this Honorable Court, pursuant to title 28 U.S.C. § 2255,

to Vacate, Set Aside or Correct the sentence of the District

court in the foregoing cited case, 93-102-07-CR-5-F. Movant

Morsley bases his right to the vacation of his conviction and

Sentence on the consolidated Memorandum of law, in support of

this motion.

    In addition to this motion and memorandum of law, movant

would respectfully submit to this Court that he is not trained in

law, and therefore, moves this Honorable Court to construe this

motion liberally. See **HAINES v. KERNER, 404 U.S. 519, S.Ct. 594**

**(1972);**also **BOAG v. MacDOUGALL, 454 U.S. 364, 70 L.Ed.2d 551, 102,**

**S.Ct. 700 (1982)** Pro Se litigants pleadings are to be construed

liberally and held to less stringent standards than pleadings

drafted by lawyers, if court can reasonably read pleading to state

a valid claim on which litigant could prevail, it should do so

despite failure to cite proper legal authority, confusing legal

theories, poor syntax and sentence construction, or litigants un-

familiarity with pleading requirements....


                    <u>**STATMENT OF QUESTIONS OF LAW**</u>


    (1)  Whether movant was denied his due process rights, where

the District court sentenced movant as a career offender, relying

on a prior predicate criminal conviction which did not meet the

criteria of the Federal Sentencing Guidelines, under 4B1.1

Movant says yes

                                                    **R. 8**

(2) Did Ineffective Assistance of Course result, where defense counsel failed to propely familiarize himself to research and prepare for sentencing, and failed to object to the improper career offenders sentence.

Movant says yes

(3)  Can Movant's Conviction and Sentence Stand Where Movant was denied his Sixth amendment Rights, when counsel denied Movant the right to testify in his own defense.

Movant says no

(4)  Was Movant Denied Effective Assistance of Counsel as guaranteed by the United States Constitution, when counsel labored under an actual conflict of interest, and thus breached his duty to loyalty to Movant, whereby, causing an actual and complete brake down in the adversarial testing process.

Movant says yes

R. 9

## ARGUMENT AND LEGAL AUTHORITIES
## ON ISSUES RAISED

### I.

### THE TRIAL COURT VIOLATED MOVANT'S DUE PROCESS RIGHTS WHEN SENTENCING MOVANT AS A CAREER OFFENDER BASED ON HIS PRIOR CRIMINAL HISTORY, WHICH DID NOT MEET THE CRITERIA OF THE FEDERAL SENTENCING GUIDELINES UNDER § 4B1.1

"[D]ue process flexible and class for such procedural pro-
tections as the particular situation demands. **MORRISEY v. BREWER**,
**408 U.S. 471, 481, 33 L.Ed.2d 484, 494, 92 S.Ct. 2593 (1972).**

Whether any procedural protections are due depends on the ex-
tent to which an individual will be condemned to suffer grievous
loss". Id. "The question is not remerely the **"weight"** of the
individua's interest, but rather the nature of the interest is
one within the contemplation of **"liberty"** as he has been improper-
ly sentenced to an incorrect prison term; Moreover, the sentencing
process fails to meet the rudimentary demands of the due process
requirement of the U.S. Constitution. Specifically , **"the language
of the Fifth amendment"**. Id.

The question to be answered here aare whether the sentencing
process conformed with "fundamental principles of liberty and justice
which lay at the base of all our civil and political institutions:
(cite ommitted), whether it was infected with fundamental de-
facts resulting in a miscarriage of justice, and whether it was
consistant with the rudimentary demands of fair procedure. See
**U.S. v. MALCOM, 432 F.2d at 805 (2nd Cir. 1970)(quoting Bill v.**

--1--                              R. 10

U.S.) 368 US at 428..... In the instant case, petitioner Allen

Morsley during his sentencing hearing was sentence to a term

of Life imprisonment , Under 4B1.1 "Career Offense".

The prior offenses the Government utilized to enhance the

petitioner was as follows....

      (A) ~~ATTEMPT BUURGLARY IN THE~~ 3rd degree

      (B) ~~ATTEMPT BURGLARY IN THE~~  3rd degree

      (C) The ~~instant offense~~

**each of the prior criminal history points totaled
to amount to (7) seven additional points to be
computated .**

The Government alleges that because petitioner committed

the two prior offenses, namely stipulation(a) and (b), as listed

above; the defendant meets the criteria of A career offender;

§4B1.1.  The language in section 4B1.1 of the Fed Rules criminal

procedure, clearly describes that the nature of the crimes that

the defendant has committed should include the following...

<u>DEFINITIONS OF TERMS USED IN SECTION 4B1.1</u>

**The term "crime of violence" means any offense under
federal or state law punishable by imprisonment for
a term exceeding one year that.....**

**(i)  has as an element the use, attempt use, or threatened
use of physical force against the person of another,or**

**(ii) is burglary of a dwelling,arson, or extortion,involves
use of explosives, or otherwise involves conduct that
presents a serious potential risk of physical injury
to another.**

Nothing in the Rule suggests that a defendant who has committed
a crime of attempted bulary. The language under 4B1.1, specificly
section (ii) emphasizes the use of extremely aggressive behavior
or conduct, which conduct exhibits a serious potential risk
of physical injury to another.

As an indication, the petitioner was erroneously characterized
as a career offender and was subsequently enhanced to a sentence
as such. The erroneously use of a mischaracterized prior offense
to enhance the petitioner as stated above in stipulation(B)(see
preceding page) that prior offense consisted of an attempt
burglary, inconsistent with nature of the offense that required.
In fact, the nature of that prior offense in (B) doesn't meet the
standards set forth in 4B1.1 (i) or (ii). As previously stated,
In (ii) of Rule 4B1.1; it clearly express the need of extreme
aggressive conduct, so much so that such conduct demonstrates
potential risk of serious physical injury; and I submit that
kind of conduct didn't exist in stipulation(B) nor was that kind
of behavior exhibited in the instant case.

Further more, The term attempt burglary mitigates the serious-
ness in the language of section (ii) 4B1.1, and fail's to fulfill
the requirements of the Rule.

So, because the courts sentenced petitioner to a term of
imprisonment described in 4B1.1 while petitioner's prior criminal
history doesn't necessitate such a sentence, the courts judgement
resulted in a miscarriage of justice and was not consistent

with the rudimentary demands of fair procedure, thus failing to

conform with the language of the fifth amendment of the U.S. Const.

ID. See <u>U.S. V. Malcom, 432 F.2nd at 805 (2nd cir. 1970)</u>......

(quoting Bill V. US. ID.).

     With respect to this salient misconsideration of............

petitioner's prior criminal offense, namely stipulation (B). The

petitioner respectfully requests that the court to resentence him to

the appropriate terms of the guidelines.


                              II.


          **INEFFECTIVE ASSISTANCE OF COUNSEL RESULTED,**
          **WHERE COUNSEL FAILED TO PROPERLY FAMILIARIZE**
          **HIMSELF TO RESEARCH AND PREPARE FOR SENTENCING**
          **AND FAILED TO OBJECT TO IMPROPER CHARACTERIZA-**
          **TION CONSTITUTING CAREER OFFENDERS SENTENCE.**


     Petitioner Morsley next contend's that he was denied his

sixth amendment Right to effective Assistance of Counsel as

guaranteed by the United States Constitution, where Counsel

failed to properly familiarize himself to research and prepare

for sentencing and failed to object to Governments improper

characterization of petitioners prior criminal history offenses.

     Under the standards set forth in **Strickland V. Washington,**

**466 U.S. 668, 104 s. ct 2052, 80 L. Ed. 2d 674 (1984)**, a habeas

corpus petitioner seeking relief because of ineffective Assistance

of counsel, must show that his counsels performed at a level

below what is considered competent, and were it not for his

defective representation, the probability exist that the outcome

of the proceeding would have been different..... It should further

be noted by this Court **Strickland,** the result of the proceeding

--4--

                                        R. 13

can be rendered unreliable, and hence the proceeding itself unfair, even if the error of counsel can not be shown by a preponderance of evidence to have determined the outcome. **Id. 466 U.S. 694,104 S.ct. 2068.** Petitioner Morsley contends that had Counsel Raised the proceeding issues in the lower court or on direct appeal, the results of the proceeding would have been dramaticcally different.

In this contention however, the petitioner asserts that his Counsel was Ineffective by failing to familiarize himself to research and prepare himself for sentencing and failed to object to the improper characterization resulting to a Career Offenders sentence of the petitioner.

As a requirement during his performance, Counsel has a duty to familiarize himself with materials provided by the opposing party. When Counsel, in the mist of his performance, fail to familiarize himself with the materials made available to him, renders performance contitutionally defient. **Williams V. Washington 59 F3d 673. (7th Cir. 1995)......mere failure of counsel to familiarize himself with materials provided him by the prosecution satisfy's  the 1st prong in Strickland, 446 U.S. 668.**

In **Williams V. Washinton, The** District court was not precluded from considering petitioner's complaint's regarding counsel's defient performance where petitioner made precisely same complaint in state court briefing, that trial counsel failed to become familiar with letter by victim which was alleged to detail incidents of abuse for which petitioner was convicted, and that counsel failed to object to admission of letter as hearsay and failed to use letter to cross examine  victum once letter was admitted.

**R. 14**

--5--

Similarity to the instant case, prior to petitioner sentencing

hearing , petitioner Morsley, in a letter to his attorney dated

Feb. 5, 1994, requested his attorney for an additional Copy of

his P.S.I. and simultaneously requesting his attorney to object

to the contents of his P.S.I. ( This letter was filed in open

on March 8, 1994).  Yet, despite petitioners repeated request for

his attorney to forward him an additional copy of his P.S.I.

report  for purposes of raising objections to his sentencing,

The attorney despite this opportunity to become aware with his

client's contention with the report, failed to familarize,

research and object to the mischaracterization of the improper

history catagory. (jaI : 233-235), (jaI : 245), the court pre-

cluded to acknowledge petitioner's contention as a result of

counsel's failure to object. (see also page 58. of petitioner's

appellant brief). Because counsel's failure to familiarize and

subsequently object to the contents of the report, petitioner

was unjustly sentence to a term of imprisonment Under Rule 4B1.1,

thus satisfying the 2nd prong in **Strickland Id.**  Had counsel

indentified  and challenge the erroneous characterization of the

prior criminal history, the outcome of the proceeding directly

and substantially would have been different. (See motion I. page

1. of this petition).

--6--

R. 15

## CONCLUSIONS

Petitioner Allen Morsley hereby declares, that the forgoing motions of (1) Movant was denied due process rights, where the district court sentenced movant as a career offender, (2) Counsels failure to familiarize himself with materials resulted in his ineffectiveness , warrant this Honorable court to vacate, set aside or correct the sentence, pursuant to title 28 U.S.C. §2255.

Respectfully Submitted

R. 16

## CERTIFICATE OF SERVICE

 

 

I, **ALAN MOSLEY,** hereby certify that a true and accurate
copy, coupled with two (2) photo-copies of the forgoing Motion
Under title 28 U.S.C. § 2255, has been caused to be forwarded
by U.S. Postal mail on this _____15th_____ day of _____April,_____ 1997,
to the Clerk's Office, in the United States District Court for
the Eastern District of North Carolina, P.O. Box 338 Wilimington
28402.

 

 

Respectfully Submitted

_Allen Mosley_

R. 17

FILE COPY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:93-CR-102-07-F
No. 5:97-CV-302-F

ALLEN MORSELY,                    )
              Petitioner,         )
                                  )
     v.                           )          O R D E R
                                  )
UNITED STATES OF AMERICA,         )
              Respondent.         )

Petitioner's April 25, 1997, Motion for a 60-Day

Extension of Time to supplement his § 2255 motion is DENIED.

SO ORDERED.

This 5th day of May, 1997.

JAMES C. FOX
United States District Judge

R. 18

FILED

JUN 3 1997

DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT,
E. DIST. NO. CAR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:93-CR-102-07-F
No. 5:97-CV-302

ALLEN MORSELY,                    )
                 Petitioner,      )
                                  )
        v.                        )                O R D E R
                                  )
UNITED STATES OF AMERICA,         )
                 Respondent.      )

        This matter is before the court for preliminary

consideration, pursuant to Rule 4, Rules Governing Proceedings

under 28 U.S.C. § 2255.  According to Rule 4, "[i]f it plainly

appears from the face of the motion and any annexed exhibits and

the prior proceedings in the case that the movant is not entitled

to relief in the district court, the judge shall make an order

for its summary dismissal and cause the movant to be notified."

        Petitioner was convicted after a trial by jury of

conspiracy to possess with intent to distribute and distribution

of cocaine and cocaine base, using or carrying a firearm during

and in relation to a drug trafficking offense, three counts of

wire fraud and aiding and abetting, two counts of dealing in

firearms without a license, and possession of firearms with

obliterated serial numbers.  He also was convicted of contempt of

court.  For these convictions, he received a life sentence, plus

R. 19

60 months, with an additional 60 months to run concurrently, plus six months; that is, life plus 66 months.

Petitioner's guideline range was 360 months to life imprisonment, plus 60 months, exclusive of the sentence for contempt of court.  His base offense level was increased from 36 to 37 as a result of his being deemed a "career offender" under U.S.S.G. § 4B1.1.  Both of the predicate "crimes of violence" were convictions for "Attempted Burglary, 2nd degree, Superior Queens,QNY."  The dates of arrest were about one year apart, the first being on March 3, 1982, and the second on April 21, 1983.  He received a sentence of one to three years on each conviction.

In the instant motion, petitioner contends his sentence was improperly calculated, in that he should not have been deemed a career offender.  Specifically, petitioner argues that his two prior attempted burglary convictions do not demonstrate the sort of extremely aggressive behavior exhibiting a serious potential risk of physical injury to another which are intended to constitute predicate offenses for career offender status.

As petitioner recognizes, U.S.S.G. § 4B1.2 defines "crime of violence" as

> [A]ny offense under federal or state law
> punishable by imprisonment for a term
> exceeding one year that --
>
> (i)  has as an element the use, attempted
> use, or threatened use of physical force
> against the person of another, or

2

R. 20

> (ii) is burglary of a dwelling, arson or
> extortion, involves use of explosives, or
> otherwise involved conduct that presents a
> serious potential risk of physical injury to
> another.

However, petitioner has overlooked § 4B1.2, Application Note 1,

which states:

> The terms "crime of violence" and "controlled
> substance offense" include the offenses of
> aiding and abetting, conspiring, and
> *attempting* to commit such offenses.

(Emphasis added).  See also United States v. Raynor, 939 F.2d 191

(4th Cir. 1991) ("[f]or purposes of federal sentencing, a crime

of violence by definition includes one that involves a

substantial *risk* that physical force against the person or

property of another *may be used* in committing the offense;"

attempted breaking and entering a temporarily unoccupied

residence is a crime of violence under § 4B1.2); cf. United

States v. Aragon, 983 F.2d 1306, 1313 (4th Cir. 1993) (likelihood

of physical force upon interruption of attempted escape "at least

as great as that presented when temporarily absent resident

return home and encounters a burglar." Citing Raynor, 939 F.2d

at 196)); United States v. Davis, 881 F.2d 973, 976 (11th Cir.

1989) (conclusion that burglary of a dwelling constitutes a

"crime of violence" well-founded in light of potential that

residents, out of alarm and fear, "may react with measures that

may well escalate the criminal purpose of the intruder"), cert.

3

R. 21

denied, 493 U.S. 1026 (1990).  See also Aragon, 983 F.2d at 1314-
15.

Petitioner's first claim is meritless, as it is well
established that attempted burglary[1] is a "crime of violence"
for career offender purposes under U.S.S.G. § 4B1.1 and 4B1.2.
Therefore, petitioner's second claim -- that he received
ineffective assistance of counsel as a result of his lawyer's
failure to "object to the improper characterization resulting to
[sic] a Career Offenders sentence of the petitioner" -- also is
meritless.

Furthermore, to the extent petitioner alleges that his
trial counsel[2] was ineffective for other reasons (counsel's
failure to object to various sections of Presentence Report,
etc.), the court vividly recalls from "the prior proceedings in
the case," that petitioner stubbornly refused to cooperate with
his court-appointed counsel before, during and after trial and
sentencing.  At arraignment on November 22, 1993, after the court
denied counsel's Motion to Withdraw, petitioner was ordered to
make a decision before jury selection whether he wished to

---

[1]    The court notes that petitioner initially had been
charged in the 1982 count with "Burglary/Illegal Entry of a
Dwelling, Attempt Burglary/3rd degree, Criminal Possession of
Stolen Property, Criminal Trespass/3rd Degree, and Attempt
Criminal Trespass/3rd Degree," and in the 1983 count with
"Burglary/Illegal Entry of a Dwelling and Possession of Stolen
Property."

[2]    Trial counsel was petitioner's second court appointed
attorney.

4

R. 22

proceed pro se or have his court appointed attorney continue to
represent him; he announced that he had decided on the latter
option just before jury selection on November 24, 1993.  By Order
of March 1, 1994, the court denied counsel's Motion to Withdraw
prior to sentencing.  The record reveals that petitioner he had
his attorney continually seek extensions of time within which he
purportedly would procure exculpatory information from "various
sources in the State of New York and elsewhere."  In short, in
light of the court's keen recollection of the course of this case
and of petitioner's conduct throughout, as fully supported by the
record, the orders entered herein, and the transcript of the
arraignment, trial and sentencing of Allen Morsely, the court
unequivocally concludes that he did not receive ineffective
assistance of counsel as that claim is defined in Strickland v.
Washington, 466 U.S. 668 (1984).

In conclusion, the court finds that "it plainly appears
from the face of the motion and any annexed exhibits and the
prior proceedings in the case that the movant is not entitled to
relief in the district court."  Rule 4, Rules Governing § 2255
Proceedings.  Consequently, this court is required to cause this
action summarily to be dismissed.  Id.

It hereby is ORDERED that this action is DISMISSED as
utterly meritless pursuant to Rule 4, Rules Governing § 2255
Proceedings.  The Clerk of Court shall cause petitioner to be
notified.

5

R. 23

SO ORDERED.

This  2$^{d}$  day of May, 1997.

JAMES C. FOX
United States District Judge

R. 24

I certify the foregoing to be a true and correct copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina

By
Deputy Clerk

6



FILED

JUL 14 1997

DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT.
E. DIST. NO. CAR.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:93-CR-102-07-F
No. 5:97-CV-302

ALLEN MORSELY,                    )
                Petitioner,       )
                                  )
        v.                        )           O R D E R
                                  )
UNITED STATES OF AMERICA,         )
                Respondent.       )

        Petitioner's July 7, 1997, Motion to Make Additional
Findings of Facts and to Amend the Judgment is DENIED.  Therein,
petitioner attempts to advance claims he abandoned in his initial
petition, which was dismissed pursuant to Rule 4, Rules Governing
§ 2255 Proceedings.  Although petitioner set forth a statement of
those claims as "Questions of Law" in his petition, he advanced
no argument upon them, and they are deemed abandoned.

        On May 7, 1997, this court denied petitioner's April
25, 1997, Motion for Extension of Time to supplement his
petition, as that motion was filed even after the Government's
self-imposed one-year "grace period" ending April 24, 1997, to
raise the statute of limitations defense under the Antiterrorism
and Effective Death Penalty Act of 1996.  The instant motion,
accompanied by a 26-page memorandum and exhibits, seeks to
accomplish what the court denied by its order of May 7.  The

R. 25

court is confident that its June 3, 1997, order correct and in

accordance with the law.

SO ORDERED.

This ___11___ day of July, 1997.

JAMES C. FOX
United States District Judge

R. 26

certify the foregoing to be a true and correct
copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina
By_____
Deputy Clerk

2



UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    *U.S vs*    MORSLEY, ALLEN

AO 256A ●

93-102-07-CR-

Yr. | Docket No.

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DE |
|------|-------------------------|--------------------|
| | (Document No.) | (a) | (b) | (c) |
| 09/06/95 | PUBLISHED OPINION - Affirmed in part, vacated in part and remanded by published opinion lc Judge Fox,) ent. 9-6-95) ms | |
| 10/02/95 | JUDGMENT U.S. COURT OP APPEALS - the court affirmed the judgment of the D.Court lc Judge Fox, U.S. Atty.; Probation Pre-trial Services and Marshal. (ent. 10/02/95)  ms | |
| 04/22/97 | MOTION UNDER 28 USC §2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE - by deft  CIVIL NO. 5:97-CV-303-F | gnm |
| 04/25/97 | PETITIONER ALLEN MORSLEY'S MOTION, REQUESTING A 60 DAY EXTENSION OF TIME, PURSUANT TO RULE 15(a) FED. RULES CIVIL PROCEDURE - w/cs  lcc: Judge Fox.          fs | |
| 04/29/97 | Motion submitted to Judge Fox | gnm |
| 05/07/97 | ORDER - petitoner's April 25, 1997, motion for a 60-day extension of time to supplement his §2255 motion is denied (FOX)  FOB# 9, p. 209 (ent. 05/07/97)  cc: dft | gnm |
| 06/03/97 | ORDER - that this action is dismissed as utterly meritless pursuant to Rule 4, Rules Governing §2255 proceedings (FOX)  FOB# 10, p. 54 cc: USA, dft (ent. 06/03/97) | gnm |
| 06/17/97 | ORDER - returning pleading entitled "Memorandum of Law in Support of Petitioner's Motion to supplement Accord" for failure to comply with Local Rules - no original signature (DIXON)  FOB# 10, p. 83 cc: dft | gnm |
| 6/24/97 | ORDER - returning the pleading entitled "Motion to make additional findings of fact and to amend the judgment pursuant to Rule 52(b) of the FRCP" for failure to comply with the Local Rules - no original signature (DIXON) FOB#10, p.103 c:served. (e. 6/24/97) | anh |
| 07/07/97 | MOTION TO MAKE ADDITIONAL FINDINGS OF FACTS AND TO AMEND THE JUDGMENT PURSUANT TO RULE 52(b) OF FEDERAL RULES OF CIVIL PROCEDURE - by dft  w/cs | gnm |
| 07/07/97 | PETITIONER MORSLEY'S MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO SUPPLEMENT ACCORD RULE 15(A) FED CIVIL PROC. IN COMPLIANCE WITH PETITIONER'S MOTION UNDER TITLE 28 U.S.C. § 2255 AND ACCOMPANYING REFER-ENDUMS HERE WITH - by dft  w/cs | gnm |
| 07/10/97 | Case file sent to Judge Fox | gnm |
| 07/14/97 | ORDER - denying petitioner's July 7, 1997 Motion to Made Additional Findings of Facts and to Amend to Judgment - (FOX)  FOB# 10, p.159  cc: dft, USA (ent. 07/14/97) | gnm |
| 07/31/97 | MOTION TO RECONSIDER - by dft. w/cs | gnm |
| 08/25/97 | Motion submitted to Judge Fox | gnm |
| 08/29/97 | ORDER - denying motion to reconsider (FOX)  FOB# 11 , p. 57 | gnm |
| 10/06/97 | MOTION TO RECONSIDER - by dft. USA (ent. 08/29/97) | gnm |
| 10/06/97 | MOTION TO SUPPLEMENT PETITIONER'S §2255 - by dft | gnm |
| 10/06/97 | MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO SUPPLEMENT HIS §2255 MOTION - by dft | gnm |
| 10/09/97 | Case submitted to Judge Fox | gnm |

Interval
(per Section II)

Start Date
End Date

Ltr. T
Code C

97-7813

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

ALAN MORSLEY,

                       Petitioner,       97 CIV 302-F

     against

UNITED STATES OF AMERICA,

                         (93-102-08-CR-5-F)

                 Respondent.

APPELLANT'S BRIEF

FRANK J. HANCOCK
Attorney for Appellant
117-16 Queens Boulevard
Forest Hills, N.Y. 11375
718-793-7606

R. 28

NOV.28.2001  11:35AM   US ATTY CIVIL                    NO.126   P.29
                                                        slw
                                                        97-7813

### NOTICE TO APPELLANTS

You may be sanctioned if the Court of Appeals finds your appeal
is frivolous.  Sanctions may include monetary penalties and a ban
on filing cases in the future.  If you want to avoid a finding
that your appeal is frivolous, you may file a **MOTION TO DISMISS
APPEAL** at any time before the Court decides your appeal. A form
**MOTION TO DISMISS APPEAL** is included as the final page of this
document.  If your motion is granted, you may not later reinstate
your appeal.

1.  **Jurisdiction (for appellants only)**
    A.  What is the name of the court from which you are appealing?

    United States District Court, Eastern District of North
    Carolina
    B.  What is the date(s) of the order or orders you are appealing?

    October 17, 1997

2.  **Timeliness of appeal (for prisoners only)**
    When did you give your notice of appeal to a prison officer for
    mailing to the United States District Court? Enter the exact
    date:

3.  **Issues on Appeal**
    Use the following spaces to tell the United States Court of
    Appeals for the Fourth Circuit why the judgment under review
    should be affirmed, reversed, or vacated and remanded.  Appellant
    must provide a brief summary of the facts and arguments that
    support their position that the judgment under review was wrong.
    Appellees may rely on the facts and law stated in that judgment
    or may advance alternative grounds for affirmance or dismissal.
    The parties may cite case law, but it is not required.

**Issue 1.**

        THE COURT WAS WITHOUT JURISDICTION TO ENTERTAIN THE INDICTMENT

        AGAINST APPELLANT, GIVEN THAT HE WAS NEVER IDENTIFIED BEFORE

        THE GRAND JURY, IN VIOLATION OF HIS FIFTH AMENDMENT RIGHT NOT
        TO BE CHARGED WITH A FELONY, WITHOUT PROPER INDICTMENT
**Supporting Facts and Argument.**

        Appellant was indicted as "John Doe" based on a voice heard

        over a wiretap, in which he was not the target.  The Court

        without jurisdiction amended the indictment to cover appellant

        without a superceding indictment by a grand jury

slw
97-7813

## Issue 2.

_____ INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING _____

_____

_____

**Supporting Facts and Argument.**

_____ COUNSEL FAILED TO FILE OBJECTIONS TO THE PSI AND REFUSED TO

_____ FILE APPELLANT"S OBJECTIONS, INCLUDING QUANTITY OFDRUGS ____

_____ ATTRIBUTED TO HIM, WWETHER THE COCAINE WAS, IN FACT, CRACK, ETC

_____ APPELLANT WAAS BARRED FROM MAKING CHALLENGE. _____

_____

_____

_____

## Issue 3.

_____ CONVICTION FOR USE OF FIREARM IN DRUG TRANSACTION PURSUANT

_____ to 18 USC924  (c) MUST b  VACATED, WITHOU    IDENCE THAT

_____ Thatappellant used firearm _____

**Supporting Facts and Argument.**

_____

_____

_____

_____

_____

_____

_____

## Issue 4.

_____ THE TIME    RESTRAINTS OF THE 1996 ANTI-TERRORISM ACT ARE

_____ INAPPLICABLE TO PRIOR CONVICTIONS _____

_____

R. 30

NO.126      P.31
slw
97-7813

**Supporting Facts and Argument.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.  **Relief Requested**

What do you want the Court of Appeals to do?  Identify exactly the relief you seek.

> Vacate conviction or resentence

5.  **Prior Appeals (for appellants only)**

A.  Have you filed other appeals in this court?   x__ Yes   ____ No

B.  If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?
U.S. v. Morseley, conviction affirmed, August 31, 1995.

_____
Signature
[Notarization Not Required]

### CERTIFICATE OF SERVICE
**********************

I certify that on JAN 8, 1998 I mailed a complete copy of this Informal Brief and all attachments to all parties, addressed as shown below.

_____
Signature
[Notarization Not Required]

[List here each party's name and complete mailing address]
U.S. ATTY, EASTERN DIST OF N.C.
310 NEW BERN AVE
RALEIGH, N.C. 27601

R. 31

97-7813

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

ALAN MORSLEY,

                    Petitioner,           97 CIV 302-F

    against

UNITED STATES OF AMERICA,

                               (93-102-08-CR-5-F)
                    Respondent.

APPELLANT'S BRIEF

PRELIMINARY STATEMENT

Appellant respectfully submits this brief in support of

his appeal from the order entered the 17th day of October,

1997 in the United States District Court for the

Eastern District of North Carolina (Fox, J.),

denying petitioner's motion pursuant to 28 U.S.C. 2255 to

vacate the judgment of conviction entered against him on

the 24th day of November, 1993.  The judgment of conviction

was affirmed, on appeal, by the United States Court of Appeals

for the Fourth Circuit, but the issues herein, one of which is

jurisdictional in the strict sense of the term, given that he

was never indicted by a grand jury, were not raised on direct

appeal.

STATEMENT OF FACTS

MOSELEY's codefendants, Clyde Andre Hendricks, Melvin Adams,

Anthony B. Holly, Stanley Leach, Lenton Earl Jordan, Fletcher

Johnson, Tuval McCoy and lori Anne Perry Hendricks were the

1

R. 32

subject of an investigation for trafficking in cocaine and
firearms.  One of the codefendants was a licensed gun dealer
and two were law enforcement officers.

One of the investigative tools was wiretapping, pursuant to
Court order.  Overheard on the wiretaps was an unidentified
individual apparently involved in the conspiracy, who was
designated as "John Doe," since his true name was not known.

When the case was presented to the grand jury, an indictment
was rendered against the named codefendants, as well as one
John Doe, the identity of whom was unknown to the grand jury.

On September 23rd, 1993, while executing a search warrant,
appellant happened to be on the premises and was arrested.
Without sending the case back to the grand jury for a superceding
indictment, the Government prepared a formal application to amend
the indictment to identity appellant as "John Doe", which motion
was granted.  It is respectfully submitted that this is perhaps,
the most serious violation that took place, in that, by reason
of the failure to return the case to the grand jury for a
superceding indictment, appellant was brought to trial, without
any grand jury having identified him as the "John Doe," listed
in the indictment.  It is submitted that as a result of the
premises, the Court did not have jurisdiction over appellant and
at any time, relief could have been granted on a Federal writ of
habeas corpus, which this Court may consider this application.

Appellant was brought to trial, represented by assigned
counsel, Robert Cooper, with whom the record reflects an
acrimonious relationship, given that appellant continued to

2

deny vehemently that he was the person on the wiretap.
During trial several codefendants, who did not testify before
the grand jury, testified against him.

Appellant was found guilty of conspiracy to possess with
intent to distribute, use of a firearm during a drug trafficking
ofeense, wire fraud, engaging in the business of dealing in
firearms, without a license, possession and receiving firearms
with obliterated serial numbers.  On the 24th day of November,
1993, appellant was sentenced to a term of life imprisonment
plus five years for possession of a firearm during a drug
trafficking offense.

Appeal was taken to the Fourth Circuit, where the
conviction was affirmed on the 31st day of August, 1995.
The issues here post conviction raised, were not raised, nor
considered on the appeal.

### POINT ONE

**THE COURT WAS WITHOUT JURISDICTION
TO ENTERTAIN THE INDICTMENT AGAINST
APPELLANT, GIVEN THAT HE WAS NEVER
IDENTIFIED BEFORE THE GRAND JURY, IN
VIOLATION OF HIS FIFTH AMENDMENT
RIGHT, NOT TO BE CHARGED WITH A FELONY,
WITHOUT GRAND JURY INDICTMENT.**

Following a wiretap investigation of drug and weapons dealing,
the case was presented to the grand jury.  The targets of the
investigation were properly identified and indicted.  Evidence
was presented that the voice of an unknown person was heard
over the wiretaps.  No evidence was presented identifying the
person and therefore, when the content of the intercepted

3

R. 34

conversation was presented, the person was designated as
"John Doe."

During the course of the execution of a warrant on
September 23rd, 1993, appellant was arrested and a theory
was developed by the arresting officers, that appellant was
"John Doe." However, the case was not re-presented to the
grand jury for a superceding indictment, in order for the
grand jurors to rule on whether appellant was "John Doe" and
therefore, should be indicted. Instead, the Government made
a written application to the Court to amend the indictment,
to provide that "John Doe" was appellant. The difficulty is
that the Court was without jurisdiction to make such
ruling. The Court cannot create its own jurisdiction. Only
the grand jury can do so. The Fifth Amendment provides that
"no person shall be held to answer for a capital or otherwise
infamous crime, unless on a presentment or indictment by a
grand jury." A grand jury cannot indict whom it does not know.

"An indictment may not be amended except by resubmission
to the grand jury, unless the change is merely a matter of
form." **Russell v. United States**, 369 U.S. 749, 82 S.Ct. 1038
(1962) "If it be once held that changes can be made by the
consent or the order of the court in the body of the
indictment as presented by the grand jury, and the prisoner can
be called upon to answer to the indictment as thus charged, the
restriction which the constitution placed upon the pwoer of the
court, in regard to the prerequisite of an indictment, in reality,
no longer exists." id

4

In a very similar case, **United States v. Jay**, 713 F. Supp. 377

(N.D. Ala., 1988), the indictment charged, "Jay (being

a black male approximately 20 to 30 years of age, whose identity

is otherwise unknown to the grand jury." Gerald Wayne Daniel was

brought to trial and convicted. In setting aside the conviction

and dismissing the indictment, the Court wrote:

> "Frankly, this court, including its magistrates,
> were asleep at the switch when they allowed
> this case to proceed to trial against Gerald
> Wayne Daniel when he never was named in the
> indictment."

It was for the grand jury, not the court, to decide whether

appellant was the "John Doe," named in the indictment. Without

such grand jury presentment, the Court was without jurisdiction

to entertain the indictment. The machinery was there for the

deployment. All the Government had to do was to present

the issue of identification to the grand jury, for a superceding

indictment. To allow such shorthand proceedings would be

to authorize the grand jury to issue a series of "John Doe"

indictments to the Government, to be used to prosecute

whomever. Shortcuts lead to abolition of Constitutional

guarantees.

### POINT TWO

#### INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING PREJUDICED APPELLANT AT SENTENCING

The case law is legion that the failure of counsel to

argue sentencing issues that could have resulted in a different

sentence, violates the Sixth Amendment. **United States v.**

**Ford**, 918 F.2d 1343 (8th Circ., 1990) Appellant was barred

5

R. 36

from arguing any sentencing issues, for failure to counsel
to file objections within fifteen days of sentencing.  To
aggravate the indifference of counsel, appellant had furnished
counsel with a list of objections, which counsel refused to
forward to the Court.

Beyond that, counsel failed to send appellant a copy of the
PSI report to allow appellant to make his comments.  Indeed,
sentence should not have been pronounced without appellant's
having had a fair opportunity to examine the PSI.

Appellant wanted to object to the amount of drugs attributed
to him, which is a proper objection at sentencing.  **United States
v. Estrada**, 42 F.3rd 228 (4th Circ., 1994)  Certainly, there was
no evidence that appellant had benefitted from his codefendants'
activities.   The PSI attributed 5135.35 kilograms of marijana to
him, raising the base offense level to 34, without any evidence he
had benefitted from such possession.  **United States v. Rice**, 49
F.3rd 378 (4th Circ., 1985)  The burden is on the Government
to support an enhancement.  **United States v. Gordon**, 893 F.2d
932 (4th Circ., 1990).  The evidence must have a sufficient
indicia of reliability.  **United States v. Uwaeme**, 975 F2d 1016
(4th Circ., 1982)   The Government has the burden of going
forward.  **United States v. McManus**, 23 F.3rd 878 (4th Circ.,
1994).  The failure of counsel to give the fifteen day notice
of objection, precluded opportunity to object.  In addition,
the failure to give the fifteen day notice, precluded opportunity
to argue for a minor or minimal role reduction.  The **PSI** report
reflects that it is not claimed that appellant had a supervisory

position and a reading of the wiretaps reflects that "John Doe" was only in the periphery of the conspiracy.  If not a minimal role, argument could have been made that the role was minor. A finding that appellant was less culpable, may have resulted in two point reduction. **United States v. Gordon**, 895 F.2d 932 (4th Circ., 1990)  Participation does not preclude a reduction. **United States v. Mullins**, 971 F.2d 1138 (4th Circ., 1992)

In addition, appellant lost the right to challenge whether the substance, itself, crack, given the failure of proof that the substance contained sodium bicarbonate.  **U.S.S.G. 2D1.1 (c)** Treating the substance cocaine hydrochloride would have meant lower guidelines.  **United States v. Munoz-Realpe**, 21 F.3rd 375 (11th Circ., 1994)

### POINT THREE

**THE CONVICTION FOR USE OF A FIREARM IN A DRUG TRANSACTION PURSUANT TO 18 U.S.C. 924 (c) MUST BE VACATED, WITHOUT EVIDENCE THAT APPELLANT SO USED A FIREARM.**

In **Bailey v. United States**, 116 S.Ct. 501 (1995), the Supreme Court held that a conviction for use of a firearm in drug transaction, in violation of 18 U.S.C. 924 (c) will not lie, for mere possession.  There must be more than mere possession, such as displaying, firing, brandishing.  Absent such evidence, as in the case at bar, the conviction cannot stand.  **United States v. Hayden**, 85 F.3rd 153 (4th Circ., 1996) Convictions prior to the Supreme Court pronouncement in **Bailey** must be vacated, since **Bailey** amounts to a construction of an old statute.  **Abreu v. United States**, 1996 WL 5075 (E.D.

Va., 1996)

### POINT FOUR

### THE TIME RESTRAINTS OF THE 1996
### ANTI-TERRORISM ACT ARE INAPPLICABLE
### TO PRIOR CONVICTIONS

The time limitations of the 1996 Anti-Terrorism Act
are inapplicable to "cases" that occurred prior to the
promulgation of the statute in 1996, due to the ex post facto
safeguard of the Constitution and to the presumption against
retroactivity, as held by the United States Supreme
Court in **Lindh v. Murphy**, 96-6298, S.Ct. 1997 WL 338568. Moroever,
where there is an issue of innocence, as in the case at bar,
coupled with a conviction that clearly resulted from a
jurisdictional deprivation of Constitutional perogative, as where
a defendant is brought to trial, without having been indicted by
a grand jury, due process of law requires that a remedy
be made available, whether entitled coram nobis or otherwise.

### CONCLUSION

**THE JUDGMENT OF CONVICTION SHOULD BE
VACATED AND THE INDICTMENT DISMISSED
AND A FULL HEARING ORDERED ON THE
ISSUES HEREIN PRESENTED.**

Respectfully Submitted,

FRANK J. HANCOCK
Attorney for appellant
117-16 Queens Boulevard
Forest Hills, N.Y. 11375
718-793-7606

8

## CERTIFICATE OF SERVICE

I certify that on the 8th day of January, 1998, I mailed a complete copy of this informal brief and all attachments to all parties, addressed as shown below.

_____
FRANK J. HANCOCK

United States Attorney
Eastern District of North Carolina
310 New Bern Ave., Suite 800
Raleigh, N.C. 27601-1461

153 F.3d 724 (Table)
**Unpublished Disposition**

**(Cite as: 153 F.3d 724, 1998 WL 468698 (4th Cir.(N.C.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Fourth Circuit.

UNITED STATES of America, Plaintiff--Appellee,
v.
Allen **MORSLEY**, a/k/a Raleek, a/k/a Baldhead,
Defendant--Appellant.

No. 97-7813.

Submitted: July 22, **1998**
Decided: August 4, **1998**

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (CR-93-102, CA-97-302-5-F)

Frank J. Hancock, Forest Hills, New York, for Appellant.

Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before ERVIN, MICHAEL and MOTZ, Circuit Judges.

PER CURIAM.

**\*\*1** Allen Morsely appeals the district court's order denying his motion to supplement his 28 U.S.C.A. § 2255 (West 1994 & **Supp.1998)** motion and the district court's order denying his motion for reconsideration of the denial of his motion to amend the court's findings pursuant to Fed.R.Civ.P. 52(b). [FN*] We have reviewed the record and the district court's opinion and find no reversible error. The district court did not abuse its discretion in denying the post-judgment motion to supplement the § 2255 motion, or the untimely Rule 52(b) motion. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

> FN* We note that the notice of appeal was not timely as to the underlying denial of Morsely's § 2255 motion, so we are without jurisdiction to consider that order.

*DISMISSED*

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

R. 41

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN MORSLEY,

          Petitioner    :    No. 1:CV-01-1003

                          :

        v.             :    (Judge Kane)

                          :

DONALD ROMINE, Warden,    :

          Respondent    :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 19, 2001, she served a copy of the attached

**RESPONDENT'S RECORD IN SUPPORT
OF ITS SUPPLEMENTAL RESPONSE
TO THE PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Allen Morsley
Reg. No. 14718-056
FCI Edgefield
Unit A-1
P.O. Box 724
Edgefield, S.C. 29824

SHELLEY L. GRANT
Paralegal Specialist