IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSLVANIA

ALLEN MORSLEY, petitioner

VS.

DONALD ROMINE, respondent

**ORIGINAL**

CASE # 1:01-cv-1003

**FILED**
HARRISBURG, PA
DEC 2 6 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

MOTION FOR
APPOINTMENT OF COUNSEL

NOW COMES, the Petitioner, ALLEN MORSLEY, proceeding herein **pro se**, Hereby **Praying** That this Hon. Court **Appoint Counsel** to represent the petitioner Allen Morsley in All Further proceedings in this Matter, Including Stages of further discovery and evidentiary Hearing(s). This motion is made pursuant to', and in accordance with **TITLE 18 U.S.C.A SECTION 3006A(a)(2)(3)(5)(g)**, And **TITLE 28 U.S.C.A, SECTION 1915(a)(1)(e)(1)**, The Due Process Clause of the Constitution, and in the "Interest Of Justice".
The petitioner Avers the Following :

1. That petitioner **Is A Layman** Of Law.

2. That petitioner **Is** Without Means To Retain Counsel(Poor).

3. That petitioners "Life" willBe the Cost Of Any Mistake in His Argument.

4. That Counsel for the respondent **Has** Found Reason To Call upon **another United States Attorneys Office** To Argue with United States Attorney **Who Is** Counsel For the Respondent.

5. That Petitioner is arguing A Supreme Court Case that Has many Circuits Undecided on its Application. **(APPRENDI)**. As the **Issues Are Complex**.

6. Because petitioner Has come to the Conclusion that **TITLE 21 U.S.C Sec. 841(a) 1.** Is "Unconstitutional".

-1-

SEE **UNITED STATES VS, JONES,** 194 F.3d 1178 (10th Cir. 1999), **Vacated,** _____ U.S_____, No. 99-8176, 2000 WL 217939 (June 29. 2000) ("Jones II"), The Tenth Circuit reaffirmed its prior holding that Subsection **841(b)** Set Forth sentencing Factors and that the Statute was Nonetheless **Constitutional .** Three **Days After** its decision in **APPRENDI.** The Supreme Court **Vacated** The Tenth Circuits decision in **JONES II** And **Remanded** the Case For Further Consideration **In Light Of Apprendi .** The Supreme Courts remand in Jones II For Further Consideration in Light of Apprendi reveals that the Construction of Subsection **841(b)** As Setting forth sentencing Factors is Correct. **Importantly** The Supreme Court **did-not** Vacate the decision and remand in Light of **Castillo VS. UNITED STATES,** _____U.S.____, 120 Sct. 2090, 2097(2000), Its Recent **Statutory Construction Case** On the Issue. In Other Words, By remanding for re-consideration **in Light of Apprendi,** "Not" **Castillo,** The Supreme Court Has Indicated that the Tenth Circuits **Statutory Construction** In JONES II Was **Correct** , But that its **Constitutional Determination Was"Flawed".**

7. So either Apprendi **Announced** **New** Rule Of **Statutory Construction** / Or **New** Rule OF **Constitutional Law !** Petitioner Believes that He Can Meet either One with the Help Of **Co-Counsel.** See **McKAKLE VS. WIGGINS,** cite as 104 Sct. 944 **at page** 947(Justice **O'CONNER** deliverd the Opinion[1984]. And Because of the **Complexity** of the Issues Raised In petition For **Habeas Corpus'** "exceptiona "Circumstances" exist that Would Warrant **Appointment** Of **Co-Counsel** In the Interest Of Justice.' See **Purnell Vs. Lopez,** 903 F. Supp. 863, at page 864 (E .D. Pa. 1995); **Tabron Vs. Grace,** 6 F.3d 147 (3rd. Cir. 1993); **Sierra Vs. LeHigh County Pennsylvania,** 617 F. Supp. 427 (D. C. Pa. 1985);

8.  In **Tabron Vs. Grace,** 6 F 3d. 147 AT Page 156 (3rd Cir. 1993) The Court of Appeals **Vacted** and **remanded** Judge **Sylvia Rambo's** order which had Granted Summary judgment to Prison Officials after the Magistrate had issued an Order to deny an indigent prisoners motion for appointment of Counsel; The Court Of Appeals Declared:

    " If it Appears that an indigent plaintiff with a Claim of "
    arguable merit is incapable of presenting his or her Case,
    serious consideration should be given to appointing counsel,
    ... ... and if such a plaintiffs Claim is truly Substantial,
    Counsel should ordinarily be Appointed.  ..."

    With consideration also being given to other Particular Factors, Including:

    a) The "difficulty of the particular Legal issues" And

    b) "if the legal issues are complex" [ the Court went on to say, " where
    the law is Not clear , it will often best serve the ends of Justice
    to have both sides of a difficult legal issue presented by those traine
    in Legal analysis"].

9. Congress has **Modified** Section **841** On **Numerous Occasions** . And it has **Never** Attempted to alter the **unanimous View** of the Federal Courts, that Subsectio 841(b) **Sets forth Only** Sentencing Factors. Congress has **never** given **"Any"** Indication that the Courts were interpreting the **Statute Incorrectly** .

    " **IF**" Congress had intended the Statute to Be interpreted Differently ?

    <u>Clearly</u>  It **Would** Have Spoken within the **Past Fifteen Years.**

    " How do we Know that Congress intended Trial Judges to determine"

    by a preponderance of the evidence, pursuant to Subsection841(b),

    **The Quantity And Type of drug involved   ?**

    The Federal Courts of Appeals have been Telling us so **repeatedly since 1987.** See <u>UNITED STATES VS, Gibbs</u>,813 F.2d 596 (3rd. Cir),**cert denied,** 484 U.S.82 (1987); <u>UNITED STATES VS.PARKER</u>,30 F3d. 542, 554 (4th. Cir.)**cert denied,**513 U.S. 1029(1994);<u>UNITED STATES VS. WOOD</u>,834 F.2d 1382 (8th. Cir 1987);

UNITED STATES VS. MORGAN,835 F.2d 79, 81 (5th. Cir 1987); UNITED STATES VS. RAMIREZ-RAMIREZ,875 F.2d 772, 774 (9th. Cir.1989);UNITED STATES VS. LEVY , 904 F.2d 1026, 1033-34(6th Cir. 1990);UNITED STATES VS. WHITLEY,905 F.2d 16 165( 7th. Cir 1990); UNITED STATES VS. CAMPUZANO,905 F.2d 667, 679 (2nd. Ci cert denied,489 U.S. 947(1990);UNITED STATES VS. SILVERS,84 F.3d 1317, 1320-21(10th. Cir.1996),cert denied, 519 U.S. 1079 (1997);UNITED STATES VS. WILLIAMS, 876 F.2d 1521, 1524-25 (11th. Cir1989);UNITED STATES VS. LAM KWON -Wah, 966 F.2d 682, 685-86 (D. C. Cir.), cert denied,506 U.S. 901 (1992); UNITED STATES VS. WILLIAMS,194 F.3d 100, 106-07 (D.C. Cir.1999);UNITED STAT VS, THOMAS, 204 F.3d 381, 383(2nd. Cir.2000); UNITED STATES VS. SWINEY,203 F.3d 397, 404 n.5 (6th. Cir.),cert denied,____U.S._____,120 Sct. 2678(2000

Under Section **841(a)** , the type and quantity of a drug are Sentencing Factors to be established before a judge by a preponderance of the evidence the judges assessment of those facts determine whether a defendant  "Faces" A **Maximum Sentence** Of  One Year , Three Years , Five Years , **Twenty Years** , **Forty Years , (o)r  Life in Prison** . Section 841 is therefore **Unconstituti onal** Under APPRENDI because it **Remove[s]** From the jury the assessment of th Facts that **Increase** the Prescribed range of penalties to which a Criminal Defendant By The **Jury Is Convicted.** SEE  UNITED STATES VS. UNITED STATES Coin and Currency,401 U.S. 715, 726-28(1971); Ex parte Yarbrough,110 U.S. 651, 654 (1884):

> " if the law which defines the offense and"
> prescribes the punishment is **void,** the
> Court is without jurisdiction and the
> Prisoner must be Discharged. **id 110 U.S.
> 651, 654 (1884).**

The petitioner Further Argues that District Court didnt Have Jurisdiction to Convict Him Based on Violation of an **Invalid Statute**, because an invalid Satute Is **Void ab initio.** See Journigan VS. Duffy, 552 F.2d 283, 289(9th

-4-

Cir. 1977); (quoting Ex parte Siebold, 100 U.S. 371, 376-77(1879).

> " In any event, even under"plain error" standard"
> "[i]t is self-evident that basing a conviction
> on an **unconstitutional statue** is both 'plain'
> and 'error' ...."

APPRENDI VS. NEW JERSEY, 530 U.S. 466, 120 S.Ct. 2348(2000) Was "a **Challenge to a** . . . **Statute.**" U.S. Supp. Br. at 5 (emphasis added). The New Jersey statute at issue in Apprendi allowed a trial judge to increase the maximum prison sentence for an offense if he found by a preponderance of the evidence that the defendants actions constituted a "hate crime." The Supreme Court in Apprendi **did not** declare that the New Jersey Legislature , in enacting the Statute , really meant to say that a jury could find a defendant guilty of a more serious offense if it found beyond a reasonable doubt that his action constituted a "**hate crime.**" The Supreme Court **did not** rewrite the statute in APPRENDI; " it Declared The Statute Un-Constitutional. Futhermore

> " Courts cannot ignore the legislative will in order to "
> **avoid constitutional ajudication;** "although the [Supreme]
> Court will often strain to construe legislation so as to
> save it against constitutional attack, it **must not** and
> **will not** carry this to the point of perverting the purpose
> of the Statute, " . . . or judicially rewriting it.

**Commodity Futures Trading Comm'n** VS. Schor, 478 U.S. 833, 841 (1986) (citation ommitted); See Also United States VS. X-Citement Video Inc., 513 U.S. 64, 86 (1994) (**Scalia, J., dissenting**) ("Not every Construction , but only 'every reasonable construction must be resorted to , in order to save a statute from unconstitutionality.' ")(citation om).

To the extent courts are rewriting Section **841** to make it Constitutional , as well as The **res judicata** that is injected into **Habeas Act** of may, 27, 1697. which is **Guaranteed** by the constitution.

-5-

Makes <u>Not</u> Only The <u>Evolved</u> 2255 Statute **Un-constitutional** ' But Also The **"Anti-Terroist And Effective Death Penalty Act"** Which places Restrictions On **Habeas Corpus Petitions** Is **Un-Constitutional** . As **THE COSTITUTION** <u>**"STATES"**</u> <u>**"CLEARLY"**</u> The **Only Two Exceptions** . And Because the **Evolved 2255** Statute.**Nor** the Anti-Terroist Statute ' States **Neither One** ' According To the Constitution Of the **United States**. **THEY** [ AEDPA ] [ Evolved 2255] Are **UNCONSTITUTIONAL** .

For the reasons set forth in this Motion , The petitioner Prays that this Hon. Court **Grant Motion** To **Appoint Co- Counsel** As The petitioner Has asked the Court For Wisdom Through Prayer And Reason . The petitioner Also Hopes that through Co-Counsel , The petitioner and The Respondent Might Be Able To Agree On that which is Agreeable.

" The constitutional Command that Habeas Corpus "
**Be Available** Reflects the Ancient Latin Legal
Maximums '

**Lex Semper dbit remedium** [Law always provides remedies] And **Lex Semper intendit quod conventi rationi,**[ Law Always intends [What is Agreeable to Reason ].

Petitioner Now brings to the Attention of all Partys Involved ' that , in petitioner respones to Goverments Motion, with Motion to Amend and Supplement . In petitioners Conclusion , exist <u>A Misstatement</u> , Which The petitioner **Will** Herein Clearify ......................

On the (6) Sixth Line from the Top , and the third (3) Line from the Bottom ' Petitioner States " and <u>Most Importantly</u>' Im Guilty ---- when it Should Have **Read** As follows:
              and Most Importantly' Im Not Guilty-----

-6-

## CONCLUSION

WHERE FORE THE PETITIONER PRAYS THAT THIS COURT APPOINTS CO-COUNSEL FOR MANY OF THE REASONS THAT THE PETITIONER HAS MENTION, AND THOSE THAT THE PETITIONER MAY HAVE FORGOT TO MENTION . FOR EVEN THIS CONCLUSION ' THAT MAY SEEM VERY EASY TO MANY , IVE DONE SO AM MANY TIMES, THAT IVE FORGOTTEN THE FORM . AND DECIDED TO JUST SPEAK . TO ALL PARTYS THAT ARE INVOLVED I SUBMIT THIS MOTION.

RESPECTFULLY SUBMITTED THIS DAY

*Mr Allen Morsley (Dec, 18, 2001)*

MR ALLEN MORSLEY 14718056   DEC 18,2001

## CERTIFICATE OF SERVICE

I THE PETITIONER ALLEN MORSLEY HEREBY CERTIFY THAT A TRUE COPY OF THIS MOTION FOR APPOINTMENT OF CO-COUNSEL HAS BEEN SENT TO THE **MATHEW E. HAGGERTY** , **UNITED STATES ATTORNEY** For the Middle District of pennsylvania. by mail . Under the penaltys of Perjury to I Affix my Name .

*Mr Allen Morsley*

MR ALLEN MORSLEY