UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN MORSLEY,                    :

      Petitioner         :     CIVIL NO. 1:CV-01-1003
                                  :
    v.                         :     (Judge Kane)
                                  :
DONALD ROMINE,                    :
                                  :
      Respondent         :

**ORDER**

**FILED**
**HARRISBURG**

JAN 1 4 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### Background

On June 6, 2001, Allen Morsley, who was formerly incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania filed the above captioned Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. Before the court is the Petitioner's motion for appointment of counsel (Doc. No. 26).

Although prisoners have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad discretionary power to appoint counsel under 18 U.S.C. § 3006A(a)(2).[1] Reese v. Fulcomer,

---

1.  Any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible."

946 F.2d 247, 263 (3d Cir. 1991), <u>cert. denied</u>, 503 U.S. 988 (1992); <u>Morrison v. Duckworth</u>, 898 F.2d 1298, 1300-01 (7th Cir. 1990); <u>Hooks v. Wainwright</u>, 775 F.2d 1433, 1438 (11th Cir. 1985), <u>cert. denied</u>, 479 U.S. 913 (1986).

A court must consider several factors in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case and the <u>pro se</u> petitioner's ability to investigate facts and present claims. <u>Reese</u>, 946 F.2d at 263 (citing <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir. 1990)). For example, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, <u>see</u> <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1177 (9th Cir. 1990), <u>cert. denied</u>, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," <u>Ferguson v. Jones</u>, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).

In this case, there appear to be no circumstances which warrant the appointment of counsel at this time. The court's liberal construction of <u>pro se</u> pleadings, <u>e.g.</u>, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), coupled with Petitioner's apparent ability to litigate this action <u>pro se</u>, militate against the

18 U.S.C. § 3006A(a)(2) (1996).

appointment of counsel. Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for a hearing, and the court can not say, at least at this point, that Petitioner will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, Morsley's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua sponte</u> or upon a motion properly filed by the Petitioner.

AND NOW, THEREFORE, THIS   14th DAY OF JANUARY, 2002, IT IS HEREBY ORDERED THAT:

   Petitioner's motion for appointment of counsel
   (Doc. No. 26  ) is denied.


YVETTE KANE
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 14, 2002

Re:  1:01-cv-01003   Morsley v. Romine

True and correct copies of the attached were mailed by the clerk
to the following:

     Allen Morsley
     FCI-EDGEFIELD
     UNIT A-1
     147-18 056
     P.O. BOX 724
     EDGEFIELD, SC  29824

     Matthew E. Haggerty, Esq.
     Office of U.S. Attorney
     228 Walnut Street
     P.O. Box 11754
     Harrisburg, PA  17108-1754

```
cc:
Judge                        (✓)              (✓) Pro Se Law Clerk
Magistrate Judge             ( )              ( ) INS
U.S. Marshal                 ( )              ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                ( )
Federal Public Defender      ( )
Summons Issued               ( )  with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5          ( )
Order to Show Cause          ( )  with Petition attached & mailed certified mail
                                  to:  US Atty Gen  ( )  PA Atty Gen ( )
                                       DA of County ( )  Respondents ( )
Bankruptcy Court             ( )
Other_____         ( )
```

                                     MARY E. D'ANDREA, Clerk

1-14-02