JUDGE'S COPY

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


Copy 30

ALLEN MORSLEY,
        petitioner                   CASE #1:01-cv-01003

V.

DONALD ROMINE,
        respodnet

FILED
FEB 05 2002
PER _____
HARRISBURG, PA DEPUTY CLE

PETITIONERS TRAVERSE TO RESPONDENTS SUPPLEMENTAL RESPONES

    NOW COMES , The petitioner , Allen Morsley , herein <u>pro se</u>, hereby submitting this traverse petition to Goverments respones to ' petition for Habeas Corpus .

I . <u>Procedural History</u>

on Sept. 23. 1993 the petitioner was Arrested by **ATF** in Raleigh north Carolina , **ATF** Agent Mike Fannelly There **Advised** the petitioner that they were looking for a Defendant by the name of **"ROY LEE"** (O)r By **The Name " RALEEK "**. The petitioner was Also **Advised** that if **He** Didnt Show them Where this Person Could be Found ! Then the Petitioner would Be **Him.**

The petitioner was then Taken to the Raleigh police Department For futher Questioning , As to the whereabuots of this Person , Who the **A.T.F** Knew the petitioner Was NOT . The petitioner Was Not "read" Any Miranda Rights ! Yet the petitioner Did Remain Silent , Only asking that He Be Afforded To speak with an Attorney If they were going to put The petitioner in A Lineup Against **My** Objections.

On This Very Night [ Sept. 23 1993] The petitioner was then " Grabbed " From Behind in A "choking" Position!! By Det. Moss of the Raleigh police Department , with his hand Around My Neck , So that I might Be Veiwed By whom I would Be Told Was <u>Flecher Johnson</u>*. Petitioner Was Only one in the Room Being Choked By Officer Moss. The only African American in The Room . And Besides Officer Moss ' (White Male) there was **No One** .

I Was Then Taken to Lock Up . THe Next Day (Sept. 24 1993) I was taken to the Federal Court House . Once Again I would Be Threatend With the Option of Helping **A..T.F** Agents Or Taking the Rap . Yet Still Telling The Agents That I have Nothing to Do with **Roy -Lee** , **Or Raleek** . Once Again I would Be Choked While Being Forced To Take A Picture , As the Petitioner Had Refused to Be Photographed As Well. I was then Taken Put in A holding Cell In the Court House. Agent Fannell Would Later Bring Three Inmates To the Holding Cell That the Petitioner was Being Held In . The petitioner Would Find out the Names of these Three inmat During Trial '. **FLECHER JOHNSON** , **ANDREA HENDRICKS** , And **STANLEY LEECH.** Who All would be taking there plea Agreaments this Very Day . Sept. 24 1993. And who would all Later Testifie that they Knew the Petitioner , And had either Sold or Purchased **Guns (o)r Drugs with him**

Petitioner Was Then Before A Federal Judge For the First Time **Sept. 24 19** The Judge Asked Wether the Defendant Understood the charges that were Being made Against The Petitioner in this **96 Count Indictment ?** Whereupon the Petitioner Advised The Court Personaly ' Because the petiti Didnt Have Counsel , **That He Doesnt See HIs Name In Thee Indicment ..** Which Only Stated the Names Of Others Persons . The District Attorney Then Objected ' Saying that the Petitioner Was The **John Doe**

-2-

Nor WAs there **Any Mention Of RoY Lee , Or Raleek .** After this Hearing Was Conducted , the petitioner Was then placed in the Same Holdin Unit As Flecher Johnson* , Andrea Hendricks , And Stanley Leech . **All** would later Be Called at Petitioners Trial Stating that they Recogni A Single **Picture** That Was Shown To Them By **Agent Fannelly . A.T.F.** [2]

Petitioner Has Already Served this **Hon. Court** ' Along with Counsel For the Respondent , A copy of the Detention Hearing . **UNITED STATES VS. JOHN DOE[SEE DETENTION HEARING].** Where Agent Fannelly Was Called on The Stand For the Purpose of Identity . His Testimony Was that there was A person ( Claud Simms) Who Indicated To Him That the Petitioner Was the One they Were"Looking For" . But that Claud Simms Had past Away Because of Because of Illness. <u>That is Between</u> Sept 23 1993. And The Day of This Detention Hearing . Note Claud Simms never Made **Any Statement That Could Be Impeached .** Nor Did Any Witness Against The Petitioner Make Any Statements That Could Be Impeached. So With The Exception Of **Claud Simms** ' Who Past Away Between Sept 23. 1993 And The petitioners Detention Hearing , Know **One** Had Identified the petitioner But **Flecher Johnson , Andrea Hendricks , And Stanley Leech** .

The Agent in Charge of the Case was **Agent Fannelly A.T.F.** Who Through **Sworn Testimony [ DETENTION HEARING]** Is Telling the Court that He Nor Any other Officer Has Ever Seen " **Raleek** ". The Indictment Against

Nevertheless , There was **Absolutely** Nothing that Could Have Given The Court **Subject Matter Jurisdiction** To Hold Petitioner For Trial To Face The Charges That Petitioner Was **Not Indicted For** ' .

Yet the Petitioner Was Forced Once Again To Face The Powers of the Goverment.    Trial Judge Read petitioner TheCharges that he was To Plead to '  Count One (1) **Conspiracy** To Possese with the Intent To Distribute A Detectable **Amount Of Cocaine** . (Along with other charges) The petitioner Plead **Not Guilty.**

The prosecution moved to **Amend the Indictment** , To Include the Name **Allen Morsley** , And Remove John Doe .    <u>Note</u>   That the Indictment Had Already been **Amended**  To Include **Roy-Lee** , **Raleek** , **Balhead**, With out Any Motion At All.

Next the petitioner Began Trial whithout Any Closure From Attorney ' **Robert Cooper** Who Refused to Answer Petitioners Questions , Or make Objections when Asked.    Goverment **Informant Flecher Johnson** then Took the Stand and Discribed **Co-defendant Tuval Mcoy** (by Shirt Color) (SEE **ATTACHMENTS 1-Y** ) But Court Removed the Jury , which petitioner Asked That his Attorney **Object to** ' without Affect....   The Court Then Says **On the Record** "      -3- That this Witness Doesnt Know what Hes Talking About' . The Prosecuter at ONce **"yelled"** That it must be the Lights In the court Room , Because theres **Nobody** with A **Pink Shirt On** '.   where the Court Said there Certainly is Not " and theres Nothing Wrong with the Lights in this Court Room ' They Are perfectly Adequate.    Yet the Prosecuter Had **Surely** Made the Witness **Flecher Johnson Aware** that He had Picked the **Wrong Person**'.

-4-

Yet because Counsel Never Argued The Fact that Mr Mcoys Shirt Was the Only Shirt that he Could Have been Talking About, Against the petiti -oners Wishes, This WAs Not preserved for the Petitioners Fight For Justice. Note that Mr Mcoys Shirt Was called Numerous Colors. SEE (ATTACHMENT 2-W).

futhermore Petitioners Indictment Was Amended To include the Name **Allen Morsley**. Petitioners **Verdict Sheet Was Then Amended** by Removing the **John Doe**. After Claudia Simms Took the Stand And **Told** The Court that **The Petitioner** And **Raleek** Were **Two** Different PEOPLE. (SEE **ATTACHMENT 3-W**

The petitioner Appealed Convictions To Fourth Cicuit Court Of Appeals. Which Was Affirmed on **Aug. 31, 1995.** The Petitioner Argued Among other things that evidence was **Insifficiant** to Up hold Convictions of All (8) Charges. SEE <u>UNITED STATES VS. MORSLEY</u>, 64 F.3d 907 (4thcir9

The petitioner then filed a motion pursuant to 28 U.S.C. § 2255 which was Dissmised Before petitioner Could **Mail Back the Questions of law ' Or The Memorandum in Support of the 2255 Motion.** Which was sent Back To The Petitioner By **Magistrate Judge Dixon**. SEE Docket sheet.

The petitioner then Filed **Numerous** Motions To Reconsider ' Along with Memorandum of Law Supporting Motions ' Infact Counsel For the Respondent Has Included the Motion that Raises the **Bailey Claim** in Respondents Recor in Support of Supplemental REsponses to the petition For **Writ Of Habeas Corpus.**

-5-

## STANDARD OF REVIEW

Petitioner is a Layman of Law , and therfore his motion should be Construed Liberally , or Held to less Stringent standards than Formal pleadings Drafted by a lawyer , <u>See</u>   HAINES  VS. KERNER 404 .U.S. 519 (1972) ; **CONLEY  VS.  GIBSON**, 335 .U.S. 41, 45-46, 78 Sct. 99, 102, 2 Led2d. 80 (1975); **URRUTIA   VS.   HARRISBURG POLICE DEPT.** cite as 91 F.3d 451 at page 456 (3rd Cir. 1996); **McDOWELL  VS. DELEWARE STATE POLICE,** cite as 88 F.3d 188 at page 189 (3rd Cir 1996); **BOUSLEY   VS   UNITED STATES,** cite as 118 Sct. 1604 (1998); **DAVIS   VS. UNITED STATES,** 417 .U.S. 333, 346, 94 Sct. 2298, 41 Led2d. 109 (1974); **UNITED STATES VS. SHELTON,** 848  F2d. 1484, at page 1489 n#² (10th Cir 1988)

> " The Supreme court Stated that the "
> Appropriate inquiry was whether
> the claimed error of law was ' a
> fundamental defect which inherently
> re-sults in a Complete misccarraige
> of Justice,' and whether '[i]t...
> present[s] exceptional circumstances
> where the need for the remedy afforded
> by the writ of Habeas Corpus is Apparent..

US VS. SHELTON, 848 f2d. 1485 at page 1489 (10th Cir 1988); DAVIS VS. UNTED STATES, 417 .U.S. 333, 94 Sct. 2298, 41 Led2d. 109 (1974);   In re DORSAINVILL , 119 F.#D 245, at 250-251(3rd Cir 1997); BOUSLEY  VS. UNITED STATES, 118 Sct. 1604 (1998).

## ARGUMENT # 1

Petitioner Has Been Held **Ileagaly** In **Prison** Since **Sept. 23, 1993** Upon **Infamous Charges** That were not Made by Grand Jury **Against** The petitioner **Allen Morsley**, True Name **ALAN MOSELY**. In Violation of the Due process Of the United States Constitution. This Arguement Has Never Been Judged on its Merits ' By **Any Court In this Union**. And being that this Is A argument Concerning the **Personal**, **As Well As Subject Matter "Jurisdiction** Of the Court Which Tried, Convicted, And Sentenced the Petitioner ' This Court Has Jurisdiction To **Entertain This Argument** Under TITLE 28 §U.S.C. Section 2241(C)(3).

## ARGUMENT # 2

Petitioner Raised Claim That There Was Insificiant evidence to Up-hold Convictions on Direct Appeal[2] which WAs Affirmed on Aug 4 1995 by Fourth Circuit Court Of Appeals. **Bailey** Would Be Decided **Dec. 6 1995.** yet petitioner Will-**Not** Cite all of the Circuits that Were on Different sides Concerning what Costitutes **"Use"** And **"Carry"** in 924 (C) Prosecutions, Because it would Make Little Difference After **BOUSLEY** Was Decided **May 18, 1998.** Where the **Supreme Court "Held"** That the Teague Test Was **Inapplicab** Where the Court Decides the **Meaning** of " A " **Criminal Statute** Enacted By **Congress.**

petitioner **Has Raised Bailey Argument** On Numerous **Occasions** ' First Befo The Trial Judge Before Verdict Was Reached. **(2)** Second, In Direct Appeal Before The Fourth Circuit Court of Appeals **FOUR MONTHS BEFORE**

-7-

BAILEY Would Be Decided. (3) Third, On Aug 4, 1998, At Docket Number. 97-7813. SEE Motion To Amend and Supplement petition for Habeas Corpus[ATTACHMENT]. Where 2255 Motion Was Being Argued Before The Fourth Circuit Court Of Appeals. BOUSLEY VS UNITED STATES, 118 Sct 1604(1998). Had been Decided May 18, 1998. Three Months Prior To petitioners Third Attempt To Have Argument Heard. Yet the Court of Appeals Stated that they Didnt Have Jurisdiction To Here Petitioners Arguments. The Fourth (4) TIME Petitioner Raised Bailey Issue Was Before this Court ' When Counsel For The Respondent " Argued that Such a Claim could be Raised By way Of Section 2241.
Yet Counsel For the Respondent Has Since Changed this Position, Arguing That this Remedy Is NOt Available To Petitioner? For the Reason that petitioner Didnt Raise Claim in 2255 ? Counsel For the Respondent has Made Argument without Any Merit Whatsoever, (o)r He Overlooks by Choice that Petitioner Has Steadfastly Argued that this Conviction Cannot Stand.


ARGUMENT # 3

Petitioner Futher Argues that it Would be A "Complete Miscarraige " Of Justice for this Court to Adopt the Arguments Made By Counsel For the the Respondent. Where petitioner Is Being Held For A Conviction And Senter For A "Crime" That He Has Never Been Indicted For ' AS Well As For And Act That tha Law Does Not Consder Criminal. SEE DAVIS, 417 U.S. 333, In Which the Court Held.

> " habeas relief is Available"
> to person where a subsequent
> statutory interpretation Re-
> vealed his conduct not to be
> Criminal.

ARGUMENT # 4

Petitioner Further Argues that ' Because the Firearm Violations where the Object of the Conspiracy , Trial Judge Erred when it Exeeded the Statutory Maximum that could be Imposed when the petitioner was Sentenced to "Life" Imprisonment . See EDWARDS VS. UNITED STATES, 523 .U.S. 511, 140 Led2d 703 118 SCt. 1475 at 1476 (1998), Where the Court Held '

> " Petitioners Statutory and Constitutional"
> Claims could make a Difference if they
> Could argue that their sentences exceeded
> the Statutory Maximum for A Cocaine-Only
> Conspiracy..........

In petitioners Case Before this court ' Petitioner Has presented evidence Showing that Indictment Before it was Amended Charged Conspiracy To Receive Firearms with the serial Numbers Removed In Violation of 18 .U.S.C. Section 371 Chapter 44 . See [supplemental petition for Habeas Corpus].

petitioner Also presented Evidence Showing that the Goverment Constructively Amended The Indictment . The Rub Is that Even For the Sake of Argument, Petitioner Was Indicted ' The petitioner was Not Indicted For Additional Charges ' Nor was the petitioners Indictment Superceded. SEE (Docket sheet Also SEE Supplemental petition for Habeas Corpus ATTACHMENTS.

Petitioner Also presented Evidence Showing that petitioners Indictment charg Two Different Controlled Substances . (1) Cocaine , (2) Cocaine base , Yet Trial Judge Instructed Jury that All was Needed to Find the Petitioner Guilty of the Conspiracy ' Was that He Conspired With Cocaine .
Coupled with the Fact that Trial Judge Instructed petitioner that He Was Being charged with Conspiring to Distribute Cocaine when the petitioner was Required to plead Guilty or not Guilty' petitioner Argues that

-9-

Indictment Was Amended. And that Petitioner Can Argue that Sentence Exceeded The Statutory Maximum For A Cocaine -only Conspiracy ........ Yet Petitioner Can Argue Even More ' For Count One Also Charged the Petitioner with Numerous Violations That Have Statutory Maximums As well' 922(g)1 , 924(c) , 924(a) , 922(m) , 922(a) , 924(h) 922(k) , 1342 , 841(a). All in Violation of TITLE 21 U.S.C Section 846 ? Now which is the Object Of the Conspiracy ?

In UNITED STATES VS. EDWARDS, 523 .U.S. 511 140 Led2d. 703, 118 SCt.

> " The Court Held That 841(a)1 Alone Could"
> Not Serve As the Object of the Conspiracy'
>
> " The goverment then Argued that the penaltys"
> were Held in Subsections (B)1 A,(B)1B, And
> (B)1C.

The Court then Stated ' Then they Become part of the Charge that must Be proven Beyond A Reasonable Doubt. See Edwards. In the Instant Case Before this Court ' The Amended Indictment Charged Only A Violation of 841(a)1 , Along with Violations Of 924(C) , 922(g) , 924(a) , 922(m) , 1342 and 2. Without Any Indication that petitioner was To Be Charged with The Subsectins that The Goverment Argued in Edwards , Nor Could Anything Be Drawn from the Language of Cuont One (1) of the Indictment That Refferd to A Detecctable Amount Of Cocaine , As well As "A" Detectable Amount Of Cocaine base . Count One(1) lasts for 12 pages ' And ends with "All In Violation of 846 .

Petitioner Argues that Goverment Amended the Indictment By Including all in Violation of 846 , By Removing All in Violation of 371 .

This Took place when the Court Allowed The goverment to **Amend the Indictment On** Sept, 9 **1993.** when the indicment was Supposed to be Changed From " ALL in VIOLATION OF TITLE 18 Section 1342 " **To ALL IN VIOLATION OF TITLE 18 SECTION 1343 ?** Petitioner Was Arrested On Sept. 23 , 1993. And this Change in the Indictment Has Never Accure Although Goverment Has Asked That A copy Of the Indictment be Returned to District Attorneys Office **After** The change was to Be Made . See ATTACHMEN 1-F . Petitioner Also Argues that the First **Two Pages** of the Indictment are the Only Ones that **Are Not Numberd .**

For the Sake Of the Court , Petitioner Has Made this Argument Short ' For As the Court Has Stated in Petitioners Motion For Counsel ' The Record **Is** Rather **Clear** ' Petitioner Was Charged with Selling A **Detectable Amount of A Controlled Substance** ' A Detectable Amount is (0.5%) **Yet** the petitioner Received A Life Sentence. .........

Petitioner **Was Never Indicted By A Grand Jury** ' The Trial Court Says On the Record That **It Didnt Matter** ' The Jury Could **Handle The Grand Jurys Position .** Then The Goverment Removed The **John Doe From The Verdict Sheet .** That is Pretty Clear .........

The Counsel For Respondent Says I could've Raised A**Bailey Claim** ' And Then He Says I **Couldnt** ' The Supreme Court Says That Such Hurdle Doesnt **Apply** ..... that's Clear Also ..

The petitioner Has Made Numerous **Jurisdictional Claims** Alleging that He's Been , And Is **Being Held Ilegally** ' The Counsel For the Respondent Has **Never Denied** this Fact . He's Never Even Conciderd Wether this Might Warrant A **Fact Finding Instrument** , And I would Imagine that He Hope This **Hon. Judge Would Do The Same** .....

-11-

When theres **No "Higher"** Duty than One **Who Protects** the Rights of Men'. Petitoner Has Also Presented this Court 'Along with Counsel For the Respondent with **RULE 8 (d).** which States in Part As Follows:

"The Effect of Failure to Deny " **F.C.J.P. and Rules** .

" **Averments in a pleading to which a responsive pleading** "
is required , other than those to amount of damage ,
Are admitted when Not , Denied in responsive pleading.

This is similar to English Rules Under the Judicature Act ( **The Annual Practice** 1937) O. 19, r.r. 13, 18; and practice of the States.

Yet The petitioner Comes to this Court As 'A peice of Paper ' This Court Cannot See The Life that Has Been Taken , Nor of the Harm that So Much Time Away From My Children Has Cost MY Family '. When My youngest Daughter . " Sorry ".

Petitioner **Finaly Argues** That the Two Charges that The District Court used To **Enance** The petitioners Sentence "Are **Uncounseled prior convictio** And therefore **Unconstitutional** To Use those Priors **To Enhanced** Petitioners Sentence SEE DANIELS VS. UNITED STATES, ,532 U.S._____ ,121 SCt. 1578, 149 LEd2d. 590,(2001): GIDEON VS. WAINWRIGHT, 372 U.S. 335, 83SCt. 79 9 LEd.2d 799 (1963); CUSTIS VS. UNITED STATES, 511 U.S 485, 496-497, 114 SCt. 1732, 128 LEd.2d 517 (1994); UNITED STATES VS. TUCKER, 404 U 443, 449, 92 SCt. 598, 30 LEd.2d 592(1972); BURGETT VS. TEXAS, 389 U.S. 109, 115,88 SCt. 258, 19 LEd. 2d 391 (1992) ; See **Daniels, post at** ____ ,121 SCt. ,at 1582.

In the PSI PRIORS : , Petitioner Was Not Offerded ,Or Made Aware That he Could Have Attorney Appointed **If He Were TO Go to Trial** . And petitio Didnt " **Know**" That He Had **This Right** . SEE ATTACHMENT (Plea Hearing) (Prior Conviction) . Petitioner Argues that he was **Denied Assistance** Counsel. And these prior Convictions **Cannot Be Counted For** Enhancement Purposes . Nor Was The Petitioner **Allowed** To Argue that they were **IN Violation** Of Sixth Amendment Right Before **Sentencing Judge** . (o)r Counsel During The Federal Sentencing Hearing Was **Inaffective** As a Matter of Law , By Failing to Reaserch the Facts an Law REgarding the Uncounseled Priors , And By Failing to Object To the Uncounseled Priors LIsted In the PSI. Page # 7 [11. 12.]. SEE COOK VS. LYNAUGH, 821 F2d. Pages 1072 , at pages 1078 -1079 (5th Cir 1987). SEE Also U.S VS. VONN , 224 F.3rd 1152, **cert granted,** 121 SCt. 1185 (2001)[Denial of Right to Counse if Judge Fails to Advise A Represented Defendant of His Continuing Right TO Assistance of Counsel For Future " Critical Stages "] See Also JACKSON VS. MILLER , 260 F3d. 769, At pages 775 -778 (7th Cir 2001).

Petitioner Further Argues that the **Recent** Supreme Court Cases DANIELS VS UNITED STATES , 532 U.S. \_\_\_\_\_, 121 SCt. 1578, 149 LEd.2d 590 (2001) , And **LACKAWANA VS. COSS,** 531 U.S. 923, 121 SCt. 1567 (200 Are Interviening Decisions that Recogonized The Denial Of Counsel In Prio is a ...

> " ...unique Constitutional defect... rising to the level of a **Jurisdictional** defect, (Which warrants) special treatment. "

JACKSON VS. MILLER, 260 F.3d 769, at 774 (7th Cir 2001) -[citing LACKAWANNA VS. COSS, 531 U.S. 923 , 121 SCt. 1567, at page 1574 (2001).

-13-

Petitioners **prior Convictions** Were Obtained Violation of **Gideon VS. Wainright** 372 U.S. 335, 83SCt. 792 (1963) An **US VS. Vonn**, 224 F.3d 1152, **Cert Granted**, 121 SCt. 1185(2001)   And therefore it is Unconstitutional , and A Jurisdictional Defect, to use those priors For "**Enhancement purposes**" Regarding petitioners present Life Sentence . 1/      In **Gideon** The U.S Supreme court overruled prior precedent , and held that the Fourteenth Amendment mandated the Sixth Amendment right to "assistance" of counsel to be **Obligatory** to all of the States. <u>Gideon</u> established an unequicolable principle that a State court Conviction of an Indigent Accused defendant without furnishing or providing "**assistance**" of Counsel <u>For Trial</u> was Unique Jurisdictional Defect..

As Petitioner **Cannot** "**Knowingly**" And "**Willingly**" Waive "**A**" Right That He Doesnt "**Know**" He Has". Furthermore , There is **No Equal Justice** when the Poor , And the RichMan ' Face the Same Charge "yet" Whoever Cannot **Afford Justice** , Cannot **Receive Justice** .

"the Sixth Amendment stands as a constnat Admonition that if the constitutional safeguards it provides be lost, Justice will **Not Still** be Done.' <u>Johnson vs Zerbst</u>, 304 U.S. 458, 462, 58 SCt. 1019, 1022, 82 LEd. 1461 (1938). To the Same Affect, SEE <u>Avery v. Alabama</u>, 308 U.S. 444, 60 SCt. 321, 84 LEd. 377 (1940), And <u>Smith V. O'Grady</u>, 312 U.S. 329, 61 SCt. 572, 85 LEd. 859 (1941).

> " As the Supreme Court of Wisconsin said in 1859, "*** would it not be a little like mockery to secure to a pauper these solemn constitutional guaranties for a fair and full trial of the matters with which he was Charged, and yet say to him when on trial, that He must employ his own counsel, who could alone render these guaranties of any real permanent value to him.
> <u>Carpenter</u> v. <u>Dane County</u>, 9 Wis. 274, 276, 277. (1895).

---

1/ Further , the Supreme court and others have already dictated that cases on "assistance" of counsel issues are fully and Completely "retroactive" ." U.S. -vs- <u>Tucker</u>, 404 U.S. 443, at page 447 n.#4, 92 SCt. 589, at 592 n.#4 (1972); <u>Majchzak -vs- Ralston</u>, 454 F.supp. 1137, at page 1140 (W.D Wis. 1978).

The petitioner Has Also Taken The Step to Furnish this Court with A copy Of **Plea Hearing**, As The Investigation Must ultimately Begin With the **Record**.    Petitioner Is Also within the One Year Grace **Point**  Of  <u>UNITED STATES</u> **VS.** <u>DANIELS</u>.    Petitioners Full Argument is in Accordance with **Gideon Violation**, As petitioners **Priors** Were UnconstitutionaL, As petitioner Pleaded **Guilty** With the Understanding that petitioner Could Not Afford Attorney. And the Petitioner Had **NO Understanding** As To how To Go Further Without the Wisdom Of Attorney.     SEE **Uveges Vs. Commonwealth Of pennsylv**_ 335 U.S. 437, 441, 69 SCt. 184, 185, 93 LEd. 127." 365 U.S at 111, n. 1, 81 SCt. at 415.  Also <u>SEE</u>   <u>RICE</u> **Vs.** <u>OLSON</u>, Supra, 324 U.S. at 788, 65 SCt. at 990; <u>PEOPLE</u> **Vs.** <u>SEATON</u>, 19 N.Y. 2d 404, 407, 280 N.Y.S. 2d. 370, 371, 227 N.E. 2d 294, 295 (1967); <u>BOYKIN</u> **Vs.** <u>ALABAMA</u>, 395 U.S. 238, 23 LEd.2d 274, 89 SCt. 1709.


wherefore petitioners Present (o)r Current sentence **"Life"** is based upon Uncounseled  priors, which renders the Current Life Sentence To Be **"Jurisdictionaly" "Defective"**. And Jurisdictional Defects Can be Raised at any Time. SEE **kenosha vs. Bruno** 412 u.s. 507, 37 lED2D. 109, 93 scT. 2222 (1973).

## CONCLUSIONS

For the Reasons Stated In this **Traverse** to Respondents Supplemental Responses . Petitioner Moves This **Hon. Court** To Allow Discovery Under Rule 36(a) , To Reconcider Appointing Counsel , And The petitioner **Prays** that this Court **Issue Writ Of Habeas Corpus.**

*Mr Allen Morsley*

SUBMITTED THIS DAY Jan 21, 2002

ALLEN MORSLEY # 14718056
F.C.I. EDGEFIELD
Po Box 724
EDGEFIELD SC, 29824

## CERTIFICATE OF SERVICE

I ALLEN MORSLEY , THE PETITIONER IN THE ABOVE CASE , HEREBY CERTIFIE THAT A COPY OF OF THE ABOVE HAS BEEN SENT TO COUNSEL FOR THE RESPONDENT , ONE ' **MATHEW HAGGERTY ASS. UNITED STATES ATTORNEY,** BY MAI IN POSTAGE PAID ENVELOPE . UNDER THE PENALTYS OF PERJURY DO I NOW AFFIX MY HAND.