TAM:DCP:all:2001V00699

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | |
| Petitioner | : | Civil No. 1:CV-01-1003 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DONALD ROMINE, Warden, | : | ELECTRONICALLY FILED |
| Respondent | : | |

## RESPONDENT'S BRIEF IN OPPOSITION TO PETITIONER'S MOTION FOR EVIDENCE

This is a habeas corpus matter brought under 28 U.S.C. §2241, by Allen Morsley, who was convicted of drug charges in the Eastern District of North Carolina. Morsley was formerly incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.[1] Morsley's habeas petition challenges his 1993 federal drug conviction in the Eastern District of North Carolina.

Currently before the Court is Morsley's "Motion for Documentary Evidence ..." wherein Morsley requests this Court to compel the production of the entire file of original documents, tapes, etc. from his criminal trial for in camera inspection. Morsley then request that after in camera inspection, the record be

---

[1] Morsley recently filed a change of address notice indicating that he is currently incarcerated at "USP Lee County" in Jonesville, Virginia.

turned over to him. For the following reasons, Morsley's motion to compel the production of his criminal trial record should be denied.

First, discovery is not authorized in §2241 cases. While other statutes authorize discovery in collateral challenges to convictions, see Rule 6 *following* 28 U.S.C. §2254, such is not the case in §2241 cases. See Harris v. Nelson, 394 U.S. 286, 294-299 (1969)(holding that the Federal Rules of Civil Procedure regarding discovery do not apply in §2241 habeas petitions).

Second, in opposing the habeas petition, respondent has argued that Morsley cannot bring his claims under §2241. This response to the habeas petition is the equivalent of a dispositive motion. When a dispositive motion is pending, particularly when it questions whether a case can even be maintained, discovery can and should be stayed until the motion is resolved. See Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1932); Wyatt v. Kaplan, 686 F.2d 276, 284 (5th Cir. 1982); United Presbyterian Church in the U.S.A. v. Reagan, 738 F.2d 1375, 1382-83 (D.C. Cir. 1984); Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Tamari v. Bache Halsey Stuart, Inc., 619 F.2d 1196, 1203 (7th Cir.); 4 Moore's Federal Practice, §26.69.

In the instant case, Morsley's §2241 petition actually raises a claim that can be raised only by a §2255 motion. Morsley

2

is challenging the validity of his federal sentence imposed by the United States District Court for the Eastern District of North Carolina and, therefore, he cannot maintain a §2241 habeas petition. See Application of Galante, 437 F.2d 1164, 1165 (3rd Cir. 1971)(if a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction). As such, to permit discovery before it is even determined whether Morsley can maintain this §2241 claim would be burdensome and a waste of resources.

Therefore, based on the statutory and common law prohibitions discussed above, Morsley is not entitled to discovery and his motion for documentary evidence should be denied.

> Respectfully submitted,
>
> THOMAS A. MARINO
> United States Attorney
>
> s/Dennis C. Pfannenschmidt
> DENNIS C. PFANNENSCHMIDT
> Chief, Civil Division
> Attorney I.D. No. PA28717
> ANITA L. LIGHTNER
> Paralegal Specialist
> 228 Walnut Street, 2nd Floor
> P.O. Box 11754
> Harrisburg, PA  17108-1754
> Phone: (717)221-4482
> Facsimile: (717)221-2246

Date: March 18, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | |
| Petitioner | : | Civil No. 1:CV-01-1003 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DONALD ROMINE, Warden, | : | **ELECTRONICALLY FILED** |
| Respondent | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on March 18, 2003, she served a copy of the attached

**RESPONDENT'S BRIEF IN OPPOSITION
TO PETITIONER'S MOTION FOR EVIDENCE**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Allen Morsley
Reg. No. 14718-056
USP Lee
P.O. Box 305
Jonesville, VA 24263

/s Anita L. Lightner
ANITA L. LIGHTNER
Paralegal Specialist