# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

*Filed*

CASE# 1:01-CV-01003

ALLEN MORSLEY,
      petitioner

VS.

DONALD ROMINE,
      respondent

\*

\*

\*

\*

\*

RECEIVED

JUN 27 2003

PER _____
HARRISBURG, PA.    DEPUTY CLERK

**PETITIONERS REPLY BRIEF IN SUPPORT OF DISCOVERY PURSUANT TO 28 USC section 2247 OF FEDERAL CIVIL JUDICIAL PROCEDURE AND RULES' WITH INCORPORATED MEMORANDUM OF LAW ( L.R. 7.5. )**

**COMES NOW** , **ALLEN MORSLEY** (Hereinafter "petitioner") Appearing **pro se**, in the Above captioned matter , and Hereby moves this **Honorable Judge** pursuant to 28 USC Section § 2247 **[O]r** Any Other Rule this Court **Deems Appropriate** ' To Compel Discovery **In the Interest Of [J]ustice** .

PETITIONER AVERS THE FOLLOWING :

**#1.**

Petitioner Motion Requested that this **Honorable Judge** Conduct <u>In Camera</u> Inspection Of **Entire** File of **[O]riginal** Documents (**emphasis Added on Original**) Because Petitioner has **Proof** that Legal Documents have Been **[A]ltered** To Make it "Appear" that the Petitioner <u>Has</u> Been Indicted .

**#2.**

Petitioner has **[E]very Reason** to believe that this Honorable Judge **Is Impartial** .

**#3.**

**And Most Important** ' The Petitioner is being **[I]lleagaly** **[D]etained** ' Not **Just** in Violation of **Constitutional** Rights ' And **Treaty Rights** , But Also In **[V]iolation** Of **[H]uman Rights** . **Whether** Civil Or Criminal. **and** Counsel for the respodent' Can **[N]ot** **Avoid** such A Grave Question by Argument Attacking the **Label** of the Writ.

-1-

## THRESHOLD MATTER

[U]ltimately **This Honorable Judge** Will Have to Rule Whether The Petitioner [H]as **Overcome** the burden to benefit from **Safety Valve** of **Great Writ** Of **Habeas Corpus.**    And while the Petitioner **[I]s** Aware of Supreme Court Precedent  that places the **Presumption** upon respondent Once the **[C]laim** has been made ' ("That one is being [U]nlawfully Detained".)    There is Still Another Approach that the Supreme Court Has Endorsed Under the same Standard .    That Being ' that it is petitioners Burden to **Overcome .**

**Yet** [I]f' Counsel for the respondent is Allowed to **Continue** [A]voiding  this [e]ssential [Q]uestion by **Protracting Argument** ' Neither , Admitting [N]or Denying that Petitioner is Being Illegaly Detained    ' Then the Petitioner **Should** be **Allowed** to prove that He Could Overcome Either Standard , And further '  that such **error**  Was [N]ot **[H]armles** As the Supreme Court Held In   **O'NEAL VS. McANINCH,** 513 US 432, 130 LEd 2d.  947, 115 SCt. 992 (1995).

> " **We conclude that the uncertain Judge should** "
> **treat the error, Not as if it  were harmle-**
> **ss, But as if it affected the verdict(i.e.,**
> **As if it had A "Substantial and injurious** '
> **effect or influence in determining the jurys**
> **verdict".)**  i.d. at 130 L.Ed 2d at 951.
> ( Justice Breyer Delivered the Opinion of
>  the Court ).

In the instant case before this Honorable Judge '  Counsel for the respodent **Objects** to Motion to review the Record **IN CAMERA**  , Arguing that ( In **Opposing** the Habeas Petition ,  [T]his response to the **Habeas — Petition** is the [E]quivalent of a dispositive motion .)  "And discovery should be stayed until the  motion is **Resolved.** (Quoting Civil cases).

The **Central [I]ssue** which Petitioner Advances Before this Court ' <u>Is</u> that Petitioner Is [B]eing [U]nlawfully [D]etained .   Unlike the C- ivil Cases Cited[3] by counsel for the respondent .   The errors being considered for this Habeas Petition   "[O]ccurred in A Criminal proc- eeding , And therefore ' **[S]omeones Custody** , Rather than Mere C- ivil **Liability is <u>at</u> Stake** .   Which is consistent with the **Ba- sic** [P]urposes underlying  What Has Become Known as the **<u>Great</u> <u>Writ</u>** Of **Habeas Corpus** .

Moreover '  All Arguments Forwarded  **<u>Are Relevant</u>**  To **Central [I]ssue !** <u>For Example</u>   :

             Petitioner was Found to be A **Carrer — Criminal** under **USSG. 4.B.1** .    **Yet** <u>was</u> [N]ot Charged With **922(g)(1)** Being in Posse- ssion of a **Firearm** by a convicted Criminal .   as Conviction is **Elem- ent** of 922(g)(1) , it is impossible to charge a person with said viol- ation  without **Knowledge** of Prior Conviction .             Infact ' it Couldnt have been [E]**xplained** any better than the supreme Court Justi- ce **(Breyer)** When he Gave And Example In <u>**UNITED STATES** VS. **HARRIS,**</u>

                " Where He stated Somthen to the Effect"
                          <u>[O]F</u>

        " **What about the person who is [A]rguing ' <u>Say</u> <u>Identity</u>"**
        **what would the jury say ' [I]f such a Defendant were**
        **to [O]bject to the Amount ?**

        **[W]ouldnt ?  the Jury then Ask ' Hey  , How does this**
        **Person Know what Amount it should Be  ?**

        " Although justice Breyer went on to Explain that this"
        problem would **rarely occurr** ,  Because in Such a case
        prosecution and defendant would **stipulate** to **amounts.**

Yet '  What of the Case that there was <u>**No Stipulation**</u> ?   What (e)lem- ent could Petitioner Argue that Petitioners [G]**uilt**  would not be atta- ched ?    When Petitioner Argued That **404(b)** Evidence was far out wei- ghed by prejudice **403** .

The Fourth Court of Appeals **Ruled** that it ' <u>Was</u> [I]nfact **Far Out-weighed** by [P]rejudice to **the Defendant** , [B]ut ' it was rightfully introduced for the **purpose of** [I]dentity . <u>Because</u> They reasoned ' <u>the petitioner</u> **Steadfastly** argued that he was [N]ot Raleek.

It didnt matter **Trial judge** [I]nstructed the jury :

> " <u>That **404(B)** eveidence was being introduced</u> "
> <u>for the sole purpose to show **intent , and**</u>
> <u>**Motive** to commit the charges that petitio-</u>
> <u>was [A]llegedly charged with in Offense.</u>

**Nor** did it matter that , **jury** was instructed ' that it could not , be considered for **Any** [O]ther purpose besides those that trial judge had given . infact ' the 404(B) evidence coupled with trial judges instructions that the petitioner [**W**]**as** [C]harged ' and furthermo- that the petitioner was [**K**]**nown** ! when officers Admitted that they [G]ot A tip **That** the <u>person</u> they were looking for frequently sto- s by A Appartment [**C**]**omplex** on Kid Row Street .

So when counsel for the respondent **argues** why peitioner **Didnt** , why petitioner **Shouldnt** , **why** **petitioner Cant** , [O]r why petitioner **hasnt.** [I]ts **Because** ' the petitioner [I]s <u>**Still**</u> Telling you that he is [N]ot [**Y**]**our Man.**

Petitioner **Respectfully** Submits to **All** [I]**nvolved Parties** ' that [O]- ne **Must** be charged , **Before** He/She Can be [C]**onvicted** for an **Infamous** Crime in Federal Court . And All **Exhibits** and **Arguments** forwar- ded ' show that , **There Came A Time** ' That A **Trial Was Ordered <u>Witho-</u>** <u>ut</u> [S]**ubject Matter Jurisdiction ,** And the petitioner <u>Has</u> Petitioned ' the Court For His **Released** . **\*\*<u>Notice</u>\*\***

## STANDARD OF REVIEW

HAINES VS. KERNER, 404 U.S. 519 , 30 L.Ed. 2d 625;   As the peti-
tioner is A Layman of Law  ,  Petitioners Litigations Should be held'
To Less Stringent Standards that A Lawyer .

## STATEMENTS OF FACTS

On Sept 23  Petitioner was Arrested By A.T.F. Agents ' Acting off Ti-
p of Confidential Informant that Told them '(Borrowing from testimony
of Agent In Charge )   " That the person that they were looking for c-
omes there ".   Agent Fannelly  Would Also Testifie that he had Neve-
r '  Actually Seen The Person Who He Was Looking For  ?    So Once He
Did get Inside of The Apartment that  He Found (5) Five  African Amer-
icans .   He Testified that Some One Inside the Apartment Motioned th-
at the petitioner Was The One That He Was Looking For  !  Although he
Would forget to get [T]hat Persons Name Who Motioned Petitioner Out ?/

On Sept 24  Petitioner was Taken Before USMJ Who Informed the petiti-
of the charges that he was Facing '  One Being A Violation Of Section
371 Conspiracy .        And when Judge Asked Petitioner Whether He
[U]nderstands charges  !  Petitioner Stated To USMJ that He Understo-
the Cahrges ,  But He Doesnt See His Name In The [I]ndictment .
Acting * U.S. Attorney  Chritine B. Hamilton  would then Tell the USMJ
that the petitioner Is the John Doe Named In the Indictment .

**On Sept 27.**      petitioner had bond hearing with Counsel **(Ms. Agguire)** Petitioner Would therein be held **Pending Trial ,** As USMJ Denson Would Rule that **The Petitioner Had Not** [O]vercome **Presumption** Of [I]dentity.


**On Nov 22.**    Petitioner Was **Arraigned** Before Trial Judge   **James C.Fox .** Who Would Rule That :

> **"The [G]rand Jury Indicted [S]omebody'"**
> **And He Thought that it was a [Q]uest-**
> **ion** for **the jury to [D]ecide who t-**
> **hat person was......**


Petitioner Ultimately Recieved **F.O.I. Information** that Disclosed Many Unkown Facts ' Namely that the Petitioner Was Not   **Indicted/** And Further that Alleged Indictment had Been **Amended** To Include **Narcotic Violations .**     That Acting U.S. Attorney Christine B Hamilton Was **[N]ot** The One Who Had **Secured Indictment** . And Further Because Fletcher Johnson Was A **Licensed Firearm Dealer** ' The Case Had Been Secured Under the Statutes Of A Corporation .

Petitioner there Upon " Found that **Ms. Chritine B. Hamilton** Is Not A **Licensed Attorney According to the** NORTH CAROLINA BAR ASSOSSIATION . **Nor The North Carolina Supreme Court .**     Petitioner Further Dis- covered that **On Sept** 24 th   Petitioners **Fingerprints** Were Reveal- ed to be those of A Person **Wanted** **(Allegedly For 2nd Homocide ) .** After Futher Inquiry ' Petitioner Found that he Was Wanted For Ques- tioning .     But Has Not Of Yet Been Questioned (Almost **Ten Years Later .)**    While **P.S.I Report** States that Said Witness Has Had Further Involvment With Criminal Justice System , the District Att- orney Does not Wish to extradite .     So what happened was' the petitioner was the **Victom** By Way of Informants Belief that pe- titioner was the one that they **(A.T.F.)** were looking for .

(Note) (That **Sept. 24th Appearance** was reported by **Tally Taylor** Who'
has been Identitied as the court reporter Who [I]s in Possession of
Petitioners **First** Appearance before USMJ . Yet petitioner has not
Been Able to secure **Certified Copy** In **Almost Ten (10) Yeras .....".**)
Furthermore , During Trial Petitioner Asked Attorney To Secure Co-
py of said **hearing** ' But what petitioner was given was copy of **Sep.
27th** Bond hearing . Petitioner ' **And** Family Members have for what
Seems Like Forever ' Attepmted through phone calls , and **Personal –**
**Appearences** ' to Secure transcripts of first appearance hearing .
**Knowing** that it would **Clearly** show the numerous changes that **Amend-**
**ed** [I]ndicment had undertaken ! And Furthermore **By Whom** ! As Ac-
ting * **[U]nlicensed U.S.** Attorney (Christine B. Hamilton) **[D]id –**
**[N]ot** Secure **[I]ndictment .**          [N]or Did **Christine B. Hamilton**
**Produce [O]ne** Witness [B]efore A **[G]rand** Jury For "Any" **[V]iolation**
Alleged Against The Petitioner .          The Rub is that Amended Indic-
ment Is Signed By Christine B. Hamilton . (One Not In Good Standing
With North Carolina Supreme Court [O]r North Carolina Bar Assossiati-
on ) **Coupled** With the **Fact** that **A.T.F.** Who **Secured** The **[I]ndictment.**
And then Submitted Case for Prosecution ' To **James Dedrick** U.S. Atto-
rney for Raliegh North Carolina ' **With** Alleged **Violations** (Those Be-
ing (2) Two In Number , **Title 18 U.S.C Section 371 . Chapter 19.**
And **18 U.S.C. Section 924 (C) (1), Chapter 44 .** Furthermore '
**A.T.F.** Who Would Testifie That they **Investigated** the Case , Will Al-
so Testifie that they **Did [N]ot** Know the Petitioner . Nor had petitio-
ner Been Indicted for **Any** Controlled Buys Of **Narcotics** [O]r **Firearms ?**
SEE **Testimony Of** Agent **Fannelly** [BOND HEARING]. Yet After Further
Investigation ' [I]t **Has Been Revealed** That Case **Submitted for Pros-**
**ecution To** The Honorable James R. Dedrick' **Was Investigated** By Depa-
rment of Treasury , **A.T.F.** In the[C]**harlote** North Carolina **Division.**
**4530 Park Road, Suite 400 Charlotte Nc. 28209 . Under Criminal Case #**

Number 13530 93 2504 L . Which **Was** Later **Dubbed** as Case# Number **13550 93 4565 T** .    Case # 13550 93 4565 T   Was **Initiated Aug 16 1993** ' Almost (2) **Two Months** After [I]ndictment **Came Down** .. ... .. ... ..    **Alleged** [I]ndictment was **Filed** In Court **On** July 6th 1993 -[O]r **June 6th 1993** (dates are Conflicting ?)

Yet In **[A]ny event** ' **N**early two months after indictment was handed down ' Three Months if you count from **june 6th 1993** .

In other Words ' After the Indicment had been **Secured** for **Two Counts** , **Ms.Christine Hamilton Amended** [I]ndictment To Include **[94] Ninety Four** Additional charges '    Also **Amending** Indictment to **[I]nclude Petitioner.**

## Argument # 1.

Because Case Before this Honorable Court ' Comes Down to A **Question** Of **Subject Matter Jurisdiction.**    Which Goes to the subject matter of the Trial Courts **Authority** to even [T]ry the Case , [A]ny Inquiry would be Rather **[S]imple .**    As Any Person [O]r **Infamous Crime** [N]ot Charged by **[G]rand Jury** ' [S]trips the **Article III Courts OF Subject Matter [J]- urisdiction ,** As Federal Courts **Are** Courts Of **Limitted** Jurisdiction ' Deriving Powers **Soley** from **Article III** of **The Constitution,** SEE **INSURA- NCE CORP. OF IR Itd** Vs. **COMPAGNIEDED BAUXITIES DE GUINEE,** 456 U.S. 694 (1982);   The Trial Court could **Not Creat** its [O]wn **Jurisdiction.** SEE **RUSSELL** Vs. **UNITEDSTATES,** 369 U.S. 749 (1962); (Holding)

> "An Indictment may not be Amended  except by resubmittion to"
> [G]rand Jury' Unless the change is merely of form . [I]f'
> it be [O]nce held that changes can be made by consent or O-
> rder of the court in the body of the indictment as presented
> by the Grand jury , and the prisoner can be called upon to'
> Answer to the indictment as thus charged , The Restrictions
> which the Constitution placed upon the power of the court   ,
> In regard to the Prerequisite of an Indicment , In Reality ,
> No Longer Exist i.d.

Futhermore , Courts are bound to Assure themselves of jurisdiction '
even [I]f' the parties fail to raise the Issue ' Yet in the case be-
fore this Honorable Court , the petitioner **Himself** Advised the Court
that His Name was **[N]ot** In the **[I]ndicment** .   As For the **Trial Jud-
ge** ' This Is What He Had To Say About That :

> " The **[G]rand jury** ' [**Indicted** ] **[S]omebody**"
> and that he **[T]hought it was a [Q]uestion**
> **for the jury to [D]ecide who** that **person**
> **was ....**

[further]" **that he didnt think the Acting\* U.S. Attor**ⁿ
> **ney had to go back to the grand jury and**
> **Re-Indict your man.**

but SEE **INSURANCE CORP. IR ltd,** 456 U.S 702 ;

> " **A Court Not Only has the Power' But Also**"
> **The Obligation at [A]nytime to Inquire**
> **Into Jurisdiction whenever the possibilty**
> **that Jurisdiction does not [e]xist [A]rises.**

Citing **PHILBROOK Vs. GLDGETT,** 421 U.S. 707 (1975); And **UNITEDSTATES VS.**
**FOLEY,** 73 F3D 484 (2ND. CIR 1996) , ALSO SEE **e.g., BENDER Vs.WILLIAMS-**
**PROT AREA SCHOOL DISTRICT,** 475 U.S. 534, 541, 106 Sct. 1331, 89 LEd.2d.-
501 (1986).    So counsel for the respondents **first** argument Opposing
Discovery **Must** **Fail** .   because repondent [U]nlawfully Moves this Honora-
ble Court ' To **[D]ecide** the issue of **[I]llegal [D]etention** Without **Review**
of **[O]riginal [D]ocuments** et.   SEE **ONEAL Vs. McANINCH,** 513 U.S. 432, 130
LEd.2d. 947, 115 SCt. 992 (1995)(Justice **Thomas** , with whom the chief '
Justice and Justice **Scalia** Join ,**Dessenting**)   Had this To Say :

> "  As for the courts Assertion that its Rule "
> eliminates "the need for judges to read '
> Lengthly records to determine prejudice in
> every habeas case". **ibid.,** I thought it s-
> ettled that " it is the duty of a reviewing
> court to consider the trial record as a wh-
> ole " when conducting a harmless-error ana-
> lsis. **i.d.** at 130 LEd.2d. at 962.

In other Words ' [H]ow else Would/Could this Honorable Judge **Decide** whether the petitioner [I]s **Being** [I]llegaly [D]etained ?   Counsel-for respondents Possition is "Telling" ' To say the Least .   Respo-ndent néither **Admits [N]or Denys** That petitioner is being [U]nlawfu-lly Detained , Yet He still **Opposses dicovery** ' And Finaly , He **op-posses In Camera** Inspection of [O]riginal **Documents** .   While [A]t an irreduchbäe minimum , Atticle III requires the  pary who invokes the Courts Authority to 'Show that  he personally has suffered some actual Actual or threatened injury as a result of the **Butatively Illegal** ' **Conduct** of the **Defendant,** ' . **SEE   GLADSTONE Vs. VILLAGE OF BELL-WOOD,** 441 U.S. 99 [60 LEd.2d 66, SCt. 1601] (1979) .    As to the Supreme courts Position  on the Importance of the Fact-finding pro-cess in **Constitutional adjudication.**    SEE e.g., **MINNICK Vs. CALI-FORNIA Dept. OF Corrections,** 452 U.S. 105 , 120±127 , 68 LEd.2d 706 101 SCt. 2211 (1981); **ENGLAND Vs. LOUISIANA BOARD OF MEDICAL EXAMI-NERS,** 375 U.S. 411, 416, 11 LEd.2d. 440, 84 Sct. 461(1964)**(How the Facts are found will often dictate the decision of federal claims");** **TOWNSEND Vs. SAIN,** 372 U.S 293, 312, 9 Led.2d. 770, 83 SCt. 745(19-63); ( **"It is the typical, not the rare,  Case in which Constituti-onal cläims turn upon the resolution of contested factual issues").** **Cf. supra, at 538-540 89 Led 2d. at 509-510, and n. 3.**

What counsel for the respondent [I]s Attempting to do ' Is to
[P]rotract [L]itigation , Under the Guise of a dispositive Que-
stion inwhich he only Applies [F]orm But **Not Affect** . As Fe-
deral courts hearing a **Habeas Corpus** Petition has the power to
**Compel** Production Of **Complete Court Records**. **THOMPSON Vs. WHI-
TE,** 391 f2d. 724 (1968) .    There is nothen **dispositive** con-
cerning the Courts [P]**ower to Act** .    SEE **EX PARTE ROYALL,** 6 SCT.
734, 117 U.S. 241, 29 LEd. 868 (Holding);


> " The Federal Courts Have **Power** to **Discharge** "
> prisoners **restrained of there [L]iberty** in
> **Violation** of the **Constitution** of the unit-
> ed States **id.**

The **[D]ispositive** Question is whether the petitioner [I]s being'
[U]nlawfully Detained .   yet counsel for the respondents argues
that the dispositive question '  is whether the petitioner can A-
rgue that he is being Legally Detained by **[R]espondent** . [I]n '
The Court Of Said **[J]urisdiction !**   Surely Counsel for the Re-
spondent is not questioning the **THE MIDDLE DISTRICT OF PENNSYLV-
ANIA – [O]r THE DISTRICT COURTS JURISDICTION TO HEAR THE MATTER?**

SEE **BRUUN Vs. HANSEN,**103 f2d. 658 (1939);

> "The accused expects ' All officers"
> of the court to be truthfull as an-
> y [O]aths and disclosure of same p-
> ursuant to said court officer **fidu-
> ciary Responsibility. id**

Habeas Corpus was a Common – Law **Writ** prior to its Statutory es-
tablishment by **Habeas Act of May 27th, 1697 '** and [I]s **Guarante-
ed** by the **United States Constitution** in Article 1, Section 9, C-
lause 2,.    Pe

The [B]asic purpose of the **Writ** of **Habeas Corpus** ad subjiciendum ,
sometimes call the "**Great Writ**" is to inquire as to the fundamental
**legality** of the Prisoners **Custody** [O]r **Restraint** . <u>**CARB**</u> **Vs.** <u>**UNITED S-**</u>
<u>**TATES,**</u> 277 f.2d 433 (9th Cir. 1960) ,**affirmed** 364 U.S. 611, 5 LEd.2d.
329 (1960). Another [B]**asic** Purpose for the **Writ** ' Is to Enable
those [U]nlawfully **incarcerated** to obtain there **Freedom** , and these
purposes and **priciples** must be preserved [I]**nviolative.** SEE <u>**JOHNSON** –</u>
<u>**Vs.** **AVERY**</u> , 393 U.S. 483 , 21 LEd. 2d. 718 (1969).

Yet the [M]**ost** Important **of** the Basic Fundamental principles of the
[P]etition ' Is that the Goverment <u>**Must Always**</u> Be Accountable to the
**Judiciary** for a Mans/Womans **Imprisonment** , and the restraints on there
[L]**iberty** **Must Be** [R]emoved if the imprisonment does not conform to the
**basis** [R]**equirements** of Law. SEE <u>**SHELTON**</u> **Vs.** <u>**CICCONE**</u> , 578 f2d. 1241
(8th Cir. 1978).

The United States Supreme Court Has **Emphatically** Reiterated that
the **primary** purpose of the Habeas Corpus **Proceeding** is to Make Certain
That the Petitioner is [N]**ot** – **Un-justly** [I]**mprisoned** .

> " It is neither necessary nor reasonable to "
> **deny him all opportunity** of obtaining jud-
> icial Relief .

<u>**PRICE**</u> **Vs.** <u>**JOHNSON,**</u> 334 U.S. 266, 92 LEd. 1356 (1948): SEE AlSO
<u>**SANDERS**</u> **Vs.** <u>**UNITED STATES,**</u> 373 U.S. 1, at 6-19, 10 LEd.2d. 148 at 156-
163 & n. #3 n. #5-8 (1963). Also See <u>**In re J.T. Haun,**</u> CTA6 No. 01-2067;

> " **Where 6th Cir. Grants the right to file**"
> **a section 2241 habeas corpus petition** '
> **based on the interpretation of the sco-**
> **pe of the mail fraud statute in the <u>Ne-</u>**
> **<u>der</u> Case .**

[I]nfact ' under the **same** circumstances the **third** Cir. granted C.O.A. in connection with the interpretation of the **proper** scope of the mail fraud statute. <u>See</u> **In re Sonnberg**, C.T.A3 No. 01 2067. Furthermore One of' the **arguments** forwarded by the petitioner , was that **Acting** * U.S. Attorney (Christine B. Hamilton) **Amended** [I]ndictment to broaden **Mail fraud statute** to include **Wire Fraud** . So **Discovery** would be proper for a number of reasons .

## ARGUMENT #2.

Petitioner has in **good faith** , Attempted to the best of his ability' to provide this court with **All** documents that go to the foundation of **any/** and all claims that have been raised , yet counsel for the respondent' sits on a **wealth** of information ' and cautions this Honorable Judge that that it would be **burdensome** ' and further a <u>waste</u> of resources to compel [O]riginal Documents . Further , Counsel reads the case petitioner **[A]rgues** (Harris Vs. Nelson) to read somthen of another **Guise.** Yet' the petitioner will-**Not** Insult this Honorable Judge by Quoting the **Entire** case into traveres , Yet the petitioner **will elaborate** fully on counsels **Second** reason for Opposing motion for **[D]iscovery** . As counsel argues that it would be a waste of **resources** ' And a **Burden** to the court.

Petitioner <u>herein</u> Gives **Judicial Notice** , that in [A]pproximately five' Months (5) ' Petitioners **[I]llegal [D]etention** will have <u>cost</u> About three <u>hundred</u> **thousand dollars** $ 300.000 to tax paying **Citizens** [A]lone ! This **estimate** neither takes into account the **three** Attorneys that petitioners family have retained , (Only (1) of which the federal courts have allowed to be heard)( And Although petitioner has **not** been able to prove it yet ' petitioner has **every** reason to believe that this counsel **[D]idnt** ' Show up for [O]ral Argument.)

Yet ' there are even [G]reater resources that have been <u>wasted</u> !   **and**
those **being** the greatest resources .   [H]uman [L]ives .. .. .. .. ..
As the petitioner [N]ow has a <u>**Son**</u>  **(Markell Fullwood)**  Whos been plac-
ed in [C]hild [C]ustody ,   After it was reported that he was being [N-
eglected by his **Biological** [G]randmother  Who has been left with a child
that [S]he **Does-Not Want** .    Petitioners other **Son** (Demitri) has also
been **Hospitalize** For [M]ental problems related to his [D]ead Father    .
petitioners [O]ldest Son (Jaiquan) has **recently** been **Arrested**  for poss-
essen of **Controlled** Substances '  and like all of petitioners children '
have [O]nly gotton **worse** since his [I]llegal [I]ncarceration.   yet this
list could go **on and on .**   but because of the magnitude of one other as-
pect !   petitioner will end with [H]is very Very Dear Mother ' who is 68
years old ,   A [C]onstant Patient for her doctors ,   Nearly passing away
after having [S]trokes that the Doctors  can find no **reason for** [A]ttacks.
[D]isabled Because she cannot hold down a job with such poor health '  and
in need of such **scrutinized medical care** .    Yet she [I]s All that the pe-
titioner has in **his** fight for his life **Against** those who would claim his li-
without **Due Process** .     And as i look on at all of the lives that have
Been/  and are <u>**still**</u>  being destroyed by this  [I]llegal [D]etention    '
The petitioner Finds the [S]<u>tatement</u>   of counsel for the respondent [R]epl-
sive  and [U]nethically [N]efarious  for one who **neither** [D]enies / or [A]d-
mits that the petitioner is being [D]etained [U]nlawfully .

<u>Futhermore</u> '   even [I]f' **Justice** were for **sale** ' **(O)r** resources the det-
erminig **factor** .    Wouldnt such a fact **assure** that the [M]ost Effective   '
criminal would receive a [G]reater degree of [J]**ustice** ,  than the <u>innocent</u>
[P]oor ?

<u>SEE</u>   <u>**CARPENTER**</u> **VS.** <u>**DANE COUNTY,**</u> 9 Wis. 274, 276, 277. (1895);

"

9 Wis. 274, 276, 277. **i.d.**

> " would it not be a little like mockery to "
> secure to a pauper these solem constitu-
> tional guaranties for a fair and full t-
> rial of the matters with which he was c-
> harged , and yet say to him when on tr-
> ial that he must employ his own counsel,
> who could alone render these guaranties
> of any real permanent value to him.**i.d.**

The sixth amendment has been discribed as the foundation from which all

due process rights are bound .   And the sixth amendment stands as a c-

onstant **[a]dmonition** that if the constitutional safe guards it provides

be lost   ,   [J]ustice will [N]ot **[S]till** be done .   SEE **JOHNSON VS. ZER-**

**BST,**   304 U.S. 458, 462, 58 SCt. 1019, 1022, 82 LEd. 1461 (1938) to the

**Same** Affect SEE   **AVERY VS. ALABAMA,** 308 U.S. 444, 60 SCt. 321, 84 LEd .

377 (1940) and   **SMITH VS. O'GRADY,**   312 U.S. 329, 61 SCt. 572, 85 LEd.

859 (1941).

In other words ,   [I]f'  Justice were Determined  ' or [R]ights somehow

put on sale .   Then what we would have could not be further from Justice!

[F]urthermore  [I]f' Justice were **delayed '** it would be the **[E]quivalent of**

**[J]ustice [D]enied** .


As for counsel for the respodents concerns for the **Burdens** of the Court, the

petitioner Assures the **Honorable Judge Kane '**  That there would **[T]ruly** be

Little burden [I]f'  **Any.**


# ♯ ONE 1.

**Even**  without petitioners ' Arguments one could just **[G]limps** At the record

and **see** that this **case was about firearms** (with several hundred firearm exh)

And furthermore ' out of **several hundred'** only (2) two exhibits were alledgedly

introduced for the petitioner .

## # TWO 2.

Discovery is being requested because the petitioner has **[N]ever** been
Indicted for the charges that he is being illegaly **[D]etained.**   So
the **relevant search** would track the **[O]riginal Grand Jury** Minutes /
then the **Filee** /  then the **Filer .**     The same could be done with **A.T.F.**
Case # **13530 93 2507 L .**   Which was  **Later dubbed** As Case # **13550**
**93 4565 T.  WHICH WAS INITIATED [A]FTER THE INDICTMENT WAS SECURED / '**
And for the Sake Of [A]rgument ,  **[A]fter '** It (Indicment) Was Filed
**In [O]pen Court .**

## # THREE 3.

Petitioner has introduced certified copys from  **A.T.F.**  Secured through
**Freedom of Information .**   So because they  A.T.F. were the branch of
goverment who **Investigated case /  Secured Indicment /**  And furthermore
**Submitted** Case For **Prosecution '**   Surely the search for the truth
would  **[U]ltimately**  Begin – And **End**  There .    As they are in Possess-
ion of All  **[O]riginal Documents** Relevant to this Case .

## # FOUR 4.

And [M]ost Importantly '  Because the **essential** [I]ssue is whether      '
the petitioner is [A]ctually the person charged for any of the crimes
submitted to the **[G]rand Jury '** It is Imperative that a thorough inve-
stigation be made **of the documents** which could **[A]lone** assure a Meani-
ngful **[I]nquirey .**    [T]he meaningful inquirey that **Must** be undertak-
en  when one makes the claim that he/ she is being **Illegaly Detained.**

-16-

## ARGUMENT # 3.

Because the petitioner has ' petitioned this court with claim that he

[I]s being **Illegaly** detained , And counsel for the respondent has yet

to **[R]efute** this claim ' The petitioner should be [A]llowed the Full

extent of the **[L]aw** to litigate his [C]laims . SEE **ARMSTRONG VS.**

**MANZO,** 480 U.S. 545 (1965); SEE ALSO , e.g., **BODDIE VS. CONNECTICUT,**

401 U.S. 371 , 377 (1973);

> " Due process requires at minimum that absent A "
> countervailing state interest of overriding –
> sinificance , persons forced to settle their
> claims of right and duty through the judicial
> process must be given a meaningful opportuni-
> ty to be heard".

The Supreme court has repeatedly made clear that an " opportunity" to

be heard " is A " **Fundamental Requirement of Due Process ".** Although

the petitioner [i]s not being represented by [C]ounsel ' it **Doesnt** Ma-

ke his **Claim Less Meaningful ,** SEE **HAINES VS. KERNER,** 404 U.S. 519

30 L.Ed. 2d 625 . [I]nfact ' the standard is **lowered** in such a case.

So whatever ' entitlement that counsel for the respondent seeks from

This **Honorable Judge ,** [is] Misplaced . Petitioner Argues that if

the record of **[O]riginal Documents were** made a part of the record '

that many of the arguments would So Clear ' that this court **would**

**[O]rder** the petitioner Be [R]eleased . SEE **ESTATE OF ROBERTS VS.**

**COMMISSIONER,** 320 U.S. 410 , 413 (1943)(Frankfurter J., Writting for

the Court );

> " In law........ The Right Answer "
> usually depends on putting the r-
> ight [Q]uestion."

In the instant case before this court petitioner ' has [D]ocuments tha-
t [P]rove that prosecuter *acting AUSA **Christine B.Hamilton/** Christine
Blaise Hamilton / **Christine Hamilton** ' Who **[A]mended** the [I]ndictment,
**Was** [N]ot Licensed to **[P]ractice** [L]aw in the Court inwhich the petiti-
oner was on [T]rial for his **Liberty** ! SE<u>E EXHIBITS</u> [1]-Through [4].
This Argument has been forwarded in relevant fashion ' As it is a crim-
e in North Carolina to [P]ractice law [W]ithout A License.  And Furth-
ermore , [W]hen trial judge [L]eft courtroom <u>during</u> closing **Argument** f-
or Defense ' It **Not** only **[P]rejudiced** the petitioner' but it caused wh-
at has been **Defined** As A **[S]trucural error** in Two (2) different ways  .

#1.  SEE **U.<u>S</u>. Vs. <u>MOTIMER,</u>** 161 F3d. 240 at 242 (3rd. Cir. 1999);
                     " As the framework "Whithin which"
                     the trial **proceeds** has been **[e]**
                     **liminated.** As jury could have '
                     taken judges actions as indica-
                     tion that prejudiced the petio-
                     ner .;

SEE **<u>GOMEZ</u> Vs.<u>UNITED STATES</u>,** 490 US 858, 873 109 SCt.2237,(1989);
                     " As the [S]tructure has been **re"**
                     **moved,** And there is [N]o way of
                     **repairing it.";**

SEE **<u>ARIZONA</u> Vs. <u>FULMINANTE</u>,** 499 US 279, 309-10, 111 SCt.(1991);
                     " and the **verdict is a nullity.** "

**#2.**  So the trial judges Action in itself ' Have been discribed as an
**[I]njustice** that destroys the adversial process ' [Y]et when the **trial**
**Judge** leaves the courtroom , and petitioner is left in **battle** with an'
**[U]nlicensed  Acting*** AUSA , **Who** Ignores the petitioners Objectins in
[F]ront of the jury' and Clerk of court **has** to step [I]n , To remind *
Acting AUSA **[T]hat** She Must Recognize the petitioner [O]bjections (As
The petitioner Continued to object ' And acting* AUSA And the petitio-
ner began [T]alking louder and louder in front of the jury) The petit-
ioners case **represents** errors of **Constituttional** demension that were so
[P]lainly A Violation of the petitioners [F]undamental rights' as to be
construed as A **[M]anifest [I]njustice** '  Which the Supreme Court Discr-
ibed in   **<u>HILL</u> Vs. <u>UNITED STATES</u>,** 368 U.S. 424.  (1962);

> " A Fundamental defect which inherently results in "
> A complete miscarriage of Justice , (O)r an O-
> mission that is inconsistent with the rudentary
> demands of fair proceedure. id."

It has been [V]irtually well settled that whwre an Attorney [P]urported-

ly , representing the United States ' [I]s without Authority to do So '

The Court must **[D]ismiss** the Indictment or Action , As it is without ,

The [J]urisdictional Authority to Entertain the Litigation . SEE <u>UNIT-</u>

<u>ED STATES</u> **Vs.** <u>PROVIDENCE JOURNAL CO,</u> 458 U.S 693, 108 SCt. 1502, 99 L.Ed.

2d. 758 (1988).

In the Instant Case Before this **Honorable Judge** , Acting * U.S Attorney

Christine Hamilton ' [N]ot Only **Amended** Indictment , But Vouched for Tes-

timony that she [K]new **Was** False ( Or should have known was false ) Sure-

ly the court is Aware of the [M]any **Amendments** that have been made to the

Indictment .    [Y]et Is The Court **[A]ware** that Acting * U.S. Attorney '

**Also** , <u>Unlawfully</u> **Unsealed** Petitioners [J]uvenile [R]ecords An introdu-

ced them so that petitioner would be **eligible** for **U.S.S.G. 4.B.1** ?

The petitoner has Compiled evidence to prove each an every Claim that is

Made .   Yet there is Still information that is being  Coveted by counsel

For the Respondent .   and most of the documents have been falsified by'

the District Attorneys Office.    As it is [U]nthinkable that Counsel f-

the respondent would **[O]bject** to in-camers inspection. SEE **BRUUN** **Vs.**

**HANSEN,** 103 F2d. 685 (1939);

> " The accused expects ' All Officers "
> of the court to be truthfull as an-
> y [O]aths and disclosure of same ,
> pursuant to said court officers fi-
> duciary responsibility. **id.**

-19-

In other words ' [I]f  the U.S. prosecuting Attorneys are servants

of the <u>Law</u> , Then [O]ne making a claim of **Actual [I]nnocence** '

Would be of grave importance . [A]s ;

> " [J]ustice consists not only of Convic- "
> ting the Guilty , but also of assigni-
> ng them a lawful and just punishment.;

SEE  <u>**UNITED STATES**</u> **Vs.** <u>**TAYMAN,**</u> 885 F.Supp. 832, 844 (E.D.Va.1995);

As  " No court of Justice would require a man to serve [Four] un-

deserved years in prison when it knows that the sentence is impr-

oper". **id. FORD,** 88 F.3d. at 1356.  Yet the Supreme Court pr-

ecedent behind this reasoning was first held to be **applicable** to

procedurally defalted claims in  <u>**MURRAY**</u> **Vs.** <u>**CARRIER,**</u> 477 U.S. 478

496, 106 SCt. 2639, 91 L.Ed.2d 397 (1986)  [I]t **<u>Was</u>** extended to '

Cover Sentencing **error In** '  <u>**SAWYER**</u> **Vs.** <u>**WHITLEY,**</u> 505 U.S. 333, –

340-41, 112 SCt. 2514, 120 L.Ed2d. 269 (1992) ; And the burden

of proof was further **relaxed** for certain cases in  <u>SCHLUP</u> **Vs.**

<u>**DELO,**</u> 513 U.S. 298, 323-24, 115 SCt. 851, 130 L.Ed.2d. 808 (1995).

In other words ,  If the petitioner has been **Sentenced** as [A] ca-

areer criminal **[B]ecause** of juvenile ajudications that <u>have</u> been

**[S]ealed** under **Youthfull Offender** Statute of New York . Then t-

he petitioner is **Actually Innocence** of the **Career Enhanced** sente-

nce under  U.S.S.G. **4.B.1.** As Well . SEE <u>**MAYBECK**</u> **Vs.**<u>**UNITED STA-**</u>

<u>**TES,**</u> 23 F.3d. at. 892-93 (4th Cir. 1994).  So the Court was wi-

thout **Subject Matter Jurisdiction** to impose such sentence . <u>Also</u>

SEE <u>**UNITED STATES**</u> **Vs.** <u>**MCLAMB,**</u> 77 F3d. 442, 1996 WL 79438 at**5

(4th Cir. 1996) ( unpublished table disposition)(**Niemeyer J.,**

Concurring)(Writing seprately for the  exclusive purpose of no-

ting a right to review a sentence despite a procedural default '

and no waiver of that bar by the goverment;

: " I believe that the defendant has a substantive right to "
review an **illegal** sentence <u>despite</u> his failure to appea-
l  the issue,  and i do not believe that we could permi-
t a defedant to remain in prison under an illegal sente-
nce ."

This Argument is relevant beacuase ' Petitioners argument concerning the '
[A]lleged Indicment turns [S]quarely  upon  The statutes  **841. (a)** ,
**B(1)(A)**  , **B(1)(B)** , **B (1)(C)** ,   none of which were charged in Alledged
Indicment .     Yet ' The **Career Criminal** Statute affects them all by
elevating  the base offense Level .    Furthermore , with [N]o criminal '
history  ,  And [N]o Amount of Alleged Controlled Substances it is <u>almost</u>
Impossible that the petitioner would have been sentenced to **life** imprison-
ment .

So the [R]easons  that **discovery** should be compeled ,  Along with there
benefits ' far out weigh **any** argument that counsel for the respondent cou-
ld argue .    And any Further **Attempts** to **protract Litigation** should be f-
rowned upon .

## CONCLUSION

**Wherefore**  the petitioner respectfully **prays** that this **Honorab**le Judge By'
Order , Causes All **[O]riginal** Documents to be Furnished for in :camera in-
spection by the court ' and then to all parties who may resolve the matte-
r .    As it is not counsels Job to win , But to see that **[J]ustice** is done.
And **[I]f**' not , Then The Petitioner Will Submit Motion to **amend** petition
without **Discovery** .    And further **asking** that a trial be commenced' with-
out  **any** documents by opposing party .

RESPECTFULLY SUBMITTED THIS *23d.* DAY OF JUNE  2003.

*Mr. Allen Morsley*
MR. ALLEN MORSLEY # 14718056
U.S.P LEE COUNTY
P.O. BOX 305
JONESVILLE, VIRGINIA
24263-0305


### CERTIFICATE OF SERVICE

I ALLEN MORSLEY , THE PETITIONER IN THE ABOVE CAPTIONED MATTER, HEREBY
CERTIFY  THAT I HAVE CAUSED A COPY OF SAID MOTION TO BE FORWARDED BY ,
MAIL TO    COUNSEL FOR THE RESPONDENT  MATHEW E. HAGGERTY  228 WALNUT
STREET.  P.O.BOX 11754.  HARRISBURG Pa.  17108-1754.

OF THIS DO I AFFIX MY HAND  *Mr. Allen Morsley*
MR. ALLEN MORSLEY.

*6/23/2003*

Case 1:01-cv-01003-YK-EC    Document 46    Filed 06/27/2003    Page 23 of 30

At a Criminal Term of the Supreme Court, *held in and for Queen County, at the Court House, Kew Gardens, Queens County, N.Y., on the* 24th

*of* Oct. 19 83

PRESENT:

*Honorable* Leroy B. Kellam

*Justice of the Supreme Court*

Indictment No. 771-82

THE PEOPLE OF THE STATE OF NEW YORK

*vs.*

Allen Mosley

*Defendant*

On 9/28/83 defendant plead guilty to Att Burglary 2nd degree.

WHEREUPON, it is ORDERED and ADJUDGED by the Court, that the said

Allen Mosley

as a youthful offender aforesaid, whereof he is adjudged, is sentenced to an INDETERMINATE sentence of imprisonment which shall have a maximum term of **three** years; (and the Court imposes a minimum period of imprisonment of **one** years), and that said defendant is committed to the custody of the State Department of Correction, and he shall be delivered to the Reception Center at Elmira, New York, there to be dealt with in accordance with the laws pertaining to his sentence. **Concurrent with sentence this date on Ind #640-83.**

From the evidence, it appears that the defendant is **19** years of age, and that the Information charges that the offense was committed on the **3rd** day of **March**, **82**.

*Clerk*

Part _____ Date _____

Justice _____

A.D.A. _____

Deft. Atty. _____

Steno. _____

_____

Verdict _____

_____

_____

_____

_____

_____

_____

**PLEA**

Part _C 4_  Date SEP 28 1983

Steno. _____ LEON SIEGEL
                COURT REPORTER

Defendant withdraws former plea and
pleads guilty ( before - during
trial to

___ ATT ROBY 2° o/c c/

_____

Acceptance of plea recommended by

Stephen Feren    A.D.A.

Counsel present _Alfred Chers_

Justice  HON. LEROY B. KELLAM

**PENDING SENTENCE**

Committed ( ) Bail Continued ( )  ROR ( )

Sentence Date _____

( ) NACC exam ordered

( ) Psychiatric exam ordered - over

---

Date _____

On motion of _____

Steno _____

Justice _____ Part ____

Predicate Felony Info Filed _____

Arraigned on Info _____

Admits ( )  Stands Mute ( )  Denies ( )

Justice _____ Part ____

Deft. Att'y _____

**SENTENCE**

Part _C 4_ . Date OCT 24 1983

Steno ARNOLD WARSHAWSKY
        COURT REPORTER

Counsel Present Alfred P.L. cra

Justice  HON. LEROY B. KELLAM

Arraigned on Narcotic Addiction

Admits ( )  Stands Mute ( )  Denies ( )

Sentence: _____ N 1 5 0 C

M.N  1/12            ENT

Any  3/15

Concur w/ Two. 1640/8.

Penalty Assessment Revoked

( 9  ADVISED AND GIVEN NOTICE OF RIGHT TO APPEAL

Defendant advised pursuant 170.10 CPL (

Part _____ Date _____

Justice _____

Counsel Present _____

Plea _W R N-6 9/27/83

( ) Remanded _____

( ) Bail Fixed _____

( ) Bail Cont. _____ ( ) ROR ____

Assignment Cal _____ Part ____

( ) Court directs 18 E assignment

125-01 Queens

P R E S E N T :   HON. ____ PHILIP J. CHETTA ____
                               JUST CC.

Ind. No. _____

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ALLEN MOSLEY

                              Defendant

Motion Wade and Mapp

Submitted _____ 19 8
Argued _____ 19 8
Hearing _____

The following papers numbered
1 to ____ submitted in this motion

Allan Brenner, Esq.
For the Motion

Kathy Pecker, Esq.
Opposed                          Papers Numbered

Notice of Motion and Affidavits Annexed _____   _____

Answering and Reply Affidavits _____   _____

Exhibits _____   _____

Minutes _____   _____

Other _____

Upon the foregoing papers and for the reasons stated on the record
of January 17, 1983, defendant's motion to suppress identification
testimony (show-up) and physical evidence (property found on
defendant's person) is granted. A copy of the decision shall be
transcribed and annexed hereto.

          Order entered accordingly.

          The clerk of the court is directed to mail a copy of this
order to the attorney for the defendant.

                                        PHILIP J. CHETTA,  J.S.C.

GRANTED:
   Dated: January 19, 1983

          John J. Durante

2 COPIES TO D.A.
1 COPY TO D.C.

Roderick Black
Reg. No. 28287-054
P.O. Box 1000
Lewisburg, Pennsylvania 17837


September 28, 1999


Bar Counsel
North Carolina State Bar
OFFICE OF THE COUNSEL
P.O. Box 25908
Raleigh, North Carolina 27611


RE: Christine B. Hamilton - NC License to Practice Law.

Dear Bar Counsel:

Please provide me the year, month, and date Christine B. Hamilton was provided a North Carolina License to Practice Law in this State. If your records do not reflect the same, please advise me. Also, please do not deny me access to this information.


Thank you for your assistance in these matters. I await your expedite consideration because time is of essence.


Sincerely,

*Roderick Black*
Roderick Black

RB/jmp


*No record
Not Licensed in N.C.*


*Raleigh, N.C. 27611*

*Richn Clark
Membership Secretary*

*Not found*
*Not N.C. attorney*

Joseph McCoy Powell
Post Office Box 1000
Lewisburg, Pennsylvania 17837

BY HAND:

September 27, 1999

Karl N. Hill, Jr., Chairman
Board of Law Examiners
208 Fayetteville St. Mall
NC State Bar Bldg., 3rd Fl.
P.O. Box 2946
Raleigh, North Carolina 27602

RE: Christine Blaise, or Christine B. Hamilton, or Christine Hamilton; Certificate of Good Standing to Practice Law given from the North Carolina Board of Bar Examiners.

Dear Mr. Hill:

Please provide me the month, date, and year a Certificate of Good Standing to Practice Law was given from the North Carolina Board of Bar Examiners to Christine Blaise, or Christine B. Hamilton, or Christine Hamilton. If she used the Certificate to get a license to practice law in North Carolina, please provide me the month, date and year she obtained her North Carolina license to practice. She is, or was a federal Assistant U.S. Attorney for the Eastern District of North Carolina.

Thank you for your assistance in this matter. Please do not deny me this information. I await your expedite consideration because time is of essence.

Respectfully,

Joseph McCoy Powell

JMP/le

VERIFICATION.

I certify under penalty of perjury that I have sent the original letter above to Karl N. Hill, Jr., Chairman of the N.C. Board of Law Examiners correctly addressed above, with sufficient prepaid postage to ensure delivery via U.S. Mail on this 27th day of September, 1999.

Joseph McCoy Powell

Joseph M. Powell
Post Office Box 1000 # 14322-056
Lewisburg, Pennsylvania 17837

September 19, 1999

Christie Speir Cameron, Clerk of NC Supreme Court
Justice Bldg.,
2 E. Morgan Street, Suite 1000
Post Office Box 2170
Raleigh, North Carolina 26701

RE:  Christine Blaise or Christine Blaise Hamilton or Christine B. Hamilton
or Christine Hamilton - NC License to Practice.

Dear Mrs. Cameron:

Please provide me the following date, year and month Christine Blaise
Hamilton (or under one of the above names) became a member in good standing of the
Bar of the North Carolina Supreme Court.   She is, or was a federal Assistant
United States Attorney, for the Eastern District of North Carolina.

If your records do not reflect the above information, please inform me
accordingly.   Please do no deny me access to this information.   Your cooperation
will greatly be appreciated.   I await your expedite consideration because time
is of essence.

Sincerely,

Joseph M. Powell

JMP/dh

VERIFICATION.

I hereby certify under penalty of perjury that I have enclosed the foregoing
letter to: Christie Speir Cameron, Clerk of the N.C. Supreme Court correctly
addressed above, with sufficient prepaid first-class postage to ensure delivery
via U.S. Mail on this 19th day of September, 1999.

Joseph M. Powell

*There is no record that Christine Blaise Hamilton is a member of the Bar of NC Supreme Court.*

*Sincerely,*
*Shirley C. Joiner*
*Deputy Clerk*



# The North Carolina State Bar
## Office of Counsel

Carolin D. Bakewell
Counsel
Counsel

September 7, 1999

A. Root Edmonson, Deputy Counsel
Fern Gunn Simeon, Deputy Counsel
Clayton W. Davidson III, Deputy
Douglas J. Brocker, Deputy Counsel
Larissa J. Erkman, Deputy Counsel

Mr. Joseph M. Powell
PO Box 1000
14322-056
Lewisburg, Pa. 17837


Dear Mr. Powell:

This is in response to your letter of Aug. 31.   There is no attorney licensed in the State of North Carolina by the name of Christine Blaise Hamilton, Christine B. Hamilton or Christine Hamilton.


Very truly yours,

Carolin Bakewell
Counsel

208 Fayetteville Street Mall    Post Office Box 25908    Raleigh, NC  27611    (919) 828-4620    Fax (919) 821-9168



MR. ALLEN MORSLEY # 14718056
U.S.P  LEE COUNTY
P.O. BOX 305
JONESVILLE , VIRGINIA   24263-0305

CLERK OF COURT
UNITED STATES DISTRICT COURT HOUSE
228 WALNUT ST.
P.O. BOX 983
Harrisburg, Pa    17108