IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | CIVIL NO. 1:CV-01-1003 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| DONALD ROMINE, | : | |
| Respondent | : | |

## ORDER

Allen Morsley, an inmate presently confined to the United States Penitentiary - Lee County, Jonesville, Virginia, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to collaterally challenge his United States District Court for the Eastern District of North Carolina conviction. The petition is presently ripe for disposition and, for the reasons set forth below, the petition will be denied.

I.  Background.

Morsley was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to possess cocaine with intent to distribute and of related drug and weapons charges. *U.S. v. Morsley*, 64 F.3d 907 (4th Cir. 1995). On or about March 8, 1994, he was sentenced to a term of life imprisonment. (Doc. 1, pp. 3-4). Morsley pursued a direct appeal with the Fourth Circuit Court of Appeals. The appellate court affirmed Morsley's convictions and sentence on August 31, 1995. *Morsley*, 64 F.3d at 920.

Thereafter, on April 22, 1997, Morsley filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of North Carolina. On April 25, 1997, Morsley moved for a sixty (60) day extension of time to supplement his § 2255 motion. That motion was denied on May 7, 1997. (Doc. 25, p. 18). The district court then issued an order on June 3, 1997, denying Morsley's § 2255

motion. (Doc. 25, p. 19). In response, on July 7, 1997, Morsley, filed a "Motion to Make Additional Findings of Facts and to Amend the Judgment." (Doc. 25, p. 25). On July 14, 1997, the district court denied the motion. (*Id.*). Morsley filed a motion to reconsider on July 31, 1997, which was denied on August 29, 1997. (Doc. 25, p. 27). Morsley filed yet another motion to supplement his § 2255 motion on October 6, 1997. (*Id.*) The motion was denied on October 17, 1997. (Doc. 25, p. 32). Morsley appealed this denial to the Fourth Circuit Court of Appeals. After a review of the record and the district court's opinion, the circuit court found that "[t]he district court did not abuse its discretion in denying the post-judgment motion to supplement the § 2255 motion, or the untimely Rule 52(b) motion." *United States v. Morsley*, 153 F.3d 724 (4th Cir. 1998)(Included as part of the Record, Doc. 25, p. 41).

Morsley files his present petition pursuant to 28 U.S.C. §2241, claiming that he "cannot meet the gatekeeping provision for filing a successive petition in order to avail himself of the recent Supreme Court ruling in *Apprendi v. New Jersey*. . . ."[1] (Doc. 1, p. 6). In addition to the *Apprendi v. New Jersey*, 530 U.S. 466 (2000) claim, wherein he argues that the indictment does not specify the amount of drugs allegedly involved, Morsley claims that the Assistant United States Attorney unconstitutionally amended the indictment. He has also included in his Traverse a claim that he is entitled to relief in light of the *Bailey v. United States*, 516 U.S. 147 (1995) case.

II. Discussion.

---

[1] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255, ¶ 8.

It is well-established that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002), *citing Davis v. United States*, 417 U.S. 333, 342 (1974); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Claims may not be raised in a § 2241 petition except in "unusual situation[s]" where the remedy by motion under § 2255 would be inadequate or ineffective." 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief or because the gatekeeping provisions of § 2255 make it difficult to prosecute successive motions. *See id.* at 251. Nor do the legislative limitations, such as the statute of limitations or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *United States v. Brooks*, 230 F.3d 643, 647 (3rd Cir. 2000); *Dorsainvil*, 119 F.3d at 251; *Triestman v. United States*, 124 F.3d 361 (2nd Cir. 1997). Both the *Triestman* and *Dorsainvil* courts held that a § 2255 motion was only "inadequate and ineffective" and allowed a petitioner to bring a § 2241 habeas corpus action, where the denial of a habeas action would raise serious constitutional issues. *Triestman*, 124 F.3d at 377; *Dorsainvil*, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. *Triestman*, 124 F.3d at 366; *Dorsainvil*, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

In attempting to take advantage of the *Apprendi* case, Morsley first argues that the indictment

3

never stated a specific quantity of drugs charged to him and that his sentence exceeded the statutory maximum.[2] The Third Circuit has recently concluded (a) that the Supreme Court did not make *Apprendi* retroactive to cases on collateral review, and (b) that a conclusion that *Apprendi* is entitled to retrospective application is not dictated by prior Supreme Court precedent. *In re: Turner*, 267 F.3d 225, at 230-31 (3d Cir. 2001). To hold that § 2241 provides a procedural mechanism for litigating *Apprendi* issues foreclosed from review under a second § 2255 motion would, in the words of our Court of Appeals, "effectively eviscerate Congress's intent in amending § 2255." *Dorsainvil*, 119 F.3d at 251. Further, it has been recently held that the *Dorsainvil* holding does not render § 2255 inadequate or ineffective such that individuals can raise *Apprendi* claims. *See Okereke*, 307 F.3d at 120-121 (3d Cir. 2002). Petitioner is therefore not entitled to relief on his *Apprendi* claim.

Morsley also raises an issue of subject matter jurisdiction in arguing that the Assistant United States Attorney unconstitutionally amended the indictment. As noted above, such an issue must be raised in a § 2255 motion which is the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. Such a claim may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. It is clear from the record that Morsley raised this very issue in challenging the denial of a motion to supplement his § 2255 motion that was filed in the United States District Court for the Eastern District of North Carolina and that he was unsuccessful in obtaining relief. (Doc. 25, pp. 28-41).

---

[2] In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

4

Prior unsuccessful § 2255 motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the remedy is inadequate and ineffective. *Tripati v. Herman*, 843 F.2d 1169, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F. 2d 395, 396 (3d Cir. 1966)(*per curiam*). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 462 F.2d 1194, 1195 (3d Cir.)(*per curiam*), *cert. denied*, 409 U.S. 1046 (1972). There is no indication that the § 2255 remedy was inadequate or ineffective to address this claim.

Lastly, the Court will address Morsley's *Bailey* claim. To the extent that Morsley believes that *Dorsainvil* authorizes his § 2241 petition to pursue his *Bailey* claim, he is mistaken. In *Dorsainvil,* the court was concerned that the petitioner could not benefit from the Supreme Court's ruling in *Bailey v. United States*, 516 U.S. 137 (1995), which held that a defendant could not be convicted for using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(2) absent evidence of active employment of the firearm in connection with a drug transaction. Claiming that at the time of his conviction active employment of a firearm was not required to prove use of a firearm in relation to a drug trafficking crime and that there was insufficient evidence to show active employment, Dorsainvil asserted that he was convicted for conduct that was determined in *Bailey* not to be illegal. Dorsainvil, however, had already pursued one § 2255 motion, which did not raise the *Bailey* claim, and his second §2255 motion did not fall within the AEDPA exceptions for a successive § 2255 motion. In *Dorsainvil,* the court held that a

5

federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. . . ." 119 F.3d at 251. The court, noting that the government had not suggested that Dorsainvil was abusing the writ of habeas corpus by filing his second § 2255 motions, stressed that its holding was a "narrow one" based on the unusual circumstances presented there. *Id.* at 251-52. The key factors in *Dorsainvil* were (a) the probable innocence of the petitioner as a consequence of an intervening change in the law and (b) an inability to raise the change in the law when the original § 2255 motion was pending.

In the instant case, Morsley could have raised his *Bailey* claim before the United States District Court for the Eastern District of North Carolina in his § 2255 motion. The Supreme Court decided *Bailey* on December 6, 1995. Morsley filed his § 2255 motion on April 22, 1997, but did not include a *Bailey* claim. (Doc. 25, pp. 4-5). His motion was denied on June 3, 1997. (Doc. 25, p. 27). Notably, Morsley did seek to amend his §2255 petition on July 7, 1997, and, *inter alia*, sought to include a *Bailey* claim. However, his motion to amend was denied by the district court. The court concluded that in addition to the fact that Morsley was attempting to advance claims he abandoned in his initial petition, the statute of limitations had expired. Morsley appealed the denial of his request to amend and the Fourth Circuit dismissed the appeal finding that [t]he district court did not abuse its discretion in denying the post-judgment motion to supplement the § 2255 motion. . . ." *United States v. Morsley*, 153 F.3d 724 (4th Cir. 1998). Morsley had the opportunity to raise his *Bailey* claim in his § 2255 motion filed in April, 1997. The fact that he was unsuccessful does not render § 2255 inadequate or ineffective.

Based on the foregoing analysis, the petition for writ of habeas corpus will be denied.

NOW, THEREFORE, THIS 31st DAY OF JULY, 2003, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus is DENIED;

2. The Clerk of Court is directed to CLOSE this case.

                                          S/ Yvette Kane
                                          YVETTE KANE
                                          United States District Judge