ORIGINAL

None to ct

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN MORSLEY,                *
                              *
     Petitioner,              *
                              *
v.                            *      Case No. 1:01-CV-01003
                              *
DONALD ROMINE,                *
                              *
     Respondent.              *

FILED
AUG 1 1 2003
PER _____
HARRISBURG, PA.   DEPUTY CLERK

**MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO 59(e) OF FEDERAL RULES OF CIVIL PROCEDURE WITH INCORPORATED MEMORANDUM**

NOW COMES the Petitioner, Allen Morsley (hereinafter "Petitioner"), appearing pro se, in the above captioned matter hereby moving this Honorable Judge pursuant to 59(e) to alter or amend judgment rendered July 31, 2003 in the above captioned matter in the interest of justice.

The Petitioner asserts the following:

1. That actual innocence: Claim may cure procedural default.

2. That subject matter jurisdictional: Claims can be raised at any time and cannot be forfeited, procedurally defaulted, or waived.

**STANDARD OF REVIEW**

Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 625.

## ARGUMENT #1

Petitioner argues that <u>Bailey</u> claim should be reconsidered by this court to determine, first and foremost, [whether the petitioner's constitutional violation has resulted in the conviction of one who is **actually innocent**.

As habeas court may grant the writ, even in the absence of a showing of cause for procedural default. See, <u>Murray v. Carrier</u>, 106 S.Ct. 2639 at 2649. Also see, <u>Engle</u>, <u>supra</u>, 456 U.S., at 134 n.43, 102 S.Ct. at 1575, n.43;

> "We therefore remain of the view that adherence to the cause and prejudice test [in the conjunctive] will not prevent federal habeas courts from ensuring the **fundamental** fairness [that] is the central concern of the writ of habeas corpus."

As the character of the Petitioner's constitutional claims should be central to an evaluation of his habeas corpus petition. Further, 28 U.S.C. Section 2241 (c)(3), provides:

> "The court shall . . . dispose of the matter as law and justice require."

As the statute suggests, the central mission of the Great Writ should be the substance of "justice", not the form of procedures.

As Justice Frankfurter explained in his separate opinon in <u>Brown v. Allen</u>, 344 U.S. 443, 498, 73 S.Ct. 397, 441, 97 L.Ed 469 (1953); in <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 349-50, 93 S.Ct. 1571, 1573-74, 36 L.Ed.2d 294 (1973); the court similarly emphasized this approach, stating:

> "Our recent decisions have reasoned from the premise that habeas corpus is not a state, narrow, formalistic remedy, but one which must retain the ability to cut through barriers of form and procedural mazes."

See, <u>Harris v. Nelson</u>, 394 U.S. 286, 291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969); in a relevant case, <u>Moore v. Dempsey</u>, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed 543 (1923);

> "Negroes had been convicted and sentenced to dealt by an all-white jury selected under a practice of systematice exclusion of negroes from the juries."

2

The State Supreme Court had **refused** to consider the discrimination on the ground that the objection to it had come to late. The U.S. Supreme Court after **denying certiorari, reversed** a district court's dismissal of petition for habeas corpus, alleging the foregoing and other very serious acts of trial unfairness. (All of which had been urged upon the Supreme Court in prior **certiorari** petition).

The Supreme Court nevertheless held that the district court had committed error in refusing to examine the fact alleged.

In the instant case before this Honorable Judge, the Petitioner ignorantly argued **Apprendi** claim, hoping that he might be in time (only to find out he was to early).

However, the Petitioner ultimately raised a **Bailey** calim, to wit, the Petitioner is **actually innocent**. As **Bailey** was a new rule of **substantive law**. And further **clarified** as such in **Bousley v. United States**, 523 U.S. 614, 140 L.Ed.2d 826 at 837 (1998); the Supreme Court therein held that **Teague v. Lane** is ainapplicable to the situation in which this court decides the meaning of a statute enacted by Congress." Id., 523 U.S., at 620.

As Respondent has never been **ordered** to deny any claim that the Petitioner has **made**. In other words this court must still presume that the Petitioner is **actually innocent** and may be convicted for acts not **even** criminal. As there has been no ruling on the Petitioner's (request for Admissions) nor has the Petitioner been called for a hearing. So if this Honorable Judge's ruling (dismissing petitioner's habeas corpus) is based upon Petitioner's inability to litigate a 2255. . . . **pro se**, without the guiding hand of an expirienced attorney, the Petitioner prays that this Honorable Judge reconsiders the actual innocence standard predicated on **Murray v. Carrier**, and amend judgment so that it might thus, be determined, if an **innocent** man without attorney stands condemned.

<u>ARGUMENT #2</u>

The Petitioner argues that subject matter jurisdictional: Claims can be raised at any time and cannot be forfeited, procedurally defaulted or waived.

The Petitioner central issue is that he has **never** been indicted. See, <u>Mansfield C.L. M.R. Co. v. Swan</u>, 111 U.S. 379, 382, 28 L.Ed 462, 4 S.Ct. 510 (1884);

> "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States. . . and is **"inflexible"** and without **exception**."

Also see, <u>Hurtoda v. California</u>, 110 U.S. 516 (1884); <u>Ex parte McCaddle</u>, 7 Wall. 506, 514, 19 L.Ed 264 (1896) holding;

> "with jurisdiction the court cannot proceed at all in **any** cause jurisdiction is the power to declare the law. . . and when it ceases to exist the only function remaining to the court is that of announcing the fact and dismissing the cause."

The court **must** have misinterpreted the Petitioner's claim, because Petitioner's argument was that he has **never** been indicted by grand jury. Although the court/prosecutor amended the alleged indictment, the latter part is not the **essence** of Petitioner's claim. To phrase another way, the Petitioner's claim is **not** the amendment of indictment, the Petitioner's claim is that he has **never** been indicted by grand jury.

Further, an indictment is a prerequisite for the court to have subject matter jurisdiction in a **live** cause of controversy in a federal court since jurisdictional claims could be raised at anytime and cannot be forfeited, procedurally defaulted, or waived. And further recognized by a court even if the Petitioner had failed to raise it.

How can such a claim not be cognizable under section 2241(c)(3)? The Petitioner has put forth a subject matter jurisdictional claim in its purest form, that he is being illegally detained without ever being indicted, which has

4

**never** been **denied** by counsel for the Respondent. Consequently, jurisdictional defects by contrast cannot be procedurally defaulted, as federal courts are courts of limited jurisdiction, deriving powers solely from Article III of the constitution, and legislative acts of Congress. See, **Insurance Corp. of Ltd. v. Compagnieded Bauxties De Guinee**, 456 U.S. 494 (1982).

Furthermore, Petitioner moved this court by **motion** to appoint counsel in the matter before this Honorable Judge. In denying said motion this court therein stated§ That she didn't believe that the Petitioner would be prejudiced **relevant** because July 31st order could very well mean that the Petitioner may spend the rest of his life in prison. . . for a crime in which he was **never** indicted, because the Petitioner could not afford the guiding hand of an attorney, who alone could render Petitioner's constitutional guarantees of any real permanent value. See, **Carpenter v. Dane County**, 9 U.S. 274, 276, 277 (1895).

The Petitioner herein respectfully erquests that attorney be appointed in the interest of justice.

### CONCLUSION

WHEREFORE the Petitioner respectfully prays that this Honorable Judge amends judgment so that the Petitioner's arguments might be sincerely reconsidered. Further appointing counsel, or in the alternative allow the Petitioner's family the chance to retain an attorney for a hearing on this matter, before final judgment is renedered.

Aug 6. 2003.

Respectfully Submitted,
/s/ Mr. Allen Morsely
Mr. Allen Morsely
Reg. No. 14718-056

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion To Alter Or Amend Judgment Pursuant To 59(e) Of Federal Rules Of Civil Procedure With Incorporated Memorandum has been placed in the institutional legal mail depository at USP Lee, with adequate postage ensure deliver, on this 6 day of August, 2003, to:

>Matthew E. Haggerty
>Assistant U.S. Attorney
>228 Walnut Street
>P.O. Box 11754
>Harrisburg, Pennsylvania 17108-1754

Aug 6, 2003.

Respectfully Submitted,

By: /s/ Mr. Allen Morsley
Mr. Allen Morsley
Reg. No. 14718-056
United States Penitentiary, Lee County
Post Office Box 305
Jonesville, Virginia 24263-0305



Name: Mr Allen Moesley
Reg. No. 14718056
United States Penitentiary, Lee County
Post Office Box 305
Jonesville, Virginia 24263-0305

U.S. PENITENTIARY - LEE COUNTY
P.O. Box 900 - Jonesville, VA 24263

DATE 8-7-03

"Special / Legal Mail"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

FILED
AUG 11 2003
PER _____
HARRISBURG, PA. DEPUTY CLERK

Office of Clerk
U.S.D. Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, Pennsylvania 17108