# ORIGINAL

UNITED STATES DISTRICT COURT   NONe to cA

MIDDLE DISTRICT  OF PENNSYLVANIA

|  |  |
|---|---|
| ALLEN MORSLEY, <br>                petitioner <br><br> Vs. <br><br> DONALD ROMINE, <br>                respondent | CASE# 1:01-CV-01003 <br><br> **FILED** <br> HARRISBURG, PA <br><br> AUG 1 3 2003 <br><br> MARY E. D'ANDREA, CLERK <br> Per _____ |

**MOTION TO AMEND TO CONFORM TO EVIDENCE
PURSUANT TO RULE 15(b) OF FEDERAL RULE
OF CIVIL PROCEDURE , WITH INCORPORATED
MEMORANDUM OF LAW IN ACCOD WITH LR 7.5**

**NOW COMES , ALLEN MORSLEY** (hereinafter "petitioner"), appearing **pro se,** in the above captioned matter , and hereby [R]espectfully moves this **Honorable '
Judge** pursuant to Rule 15 (b), of federal Rules of Civil Procedure , [O]r any
Other Rule ' This court deems appropriate to conform evidence at this jucnture ' in the interest of [J]ustice .

THE PETITIONER SUBMITS  THE   FOLLOWING:

**#1.**

That petitioners Trial Suffered **[S]tructural Defect** That cannot be cured
by harmless error Standards ; because it goes to the **Subject Matter ,** of
the courts **[J]urisdiction .**

**#2.**

That Acting * U.S.Attorney **Christine Hamilton** was **Not** Licensed  Attorney
in **Good** standing of the North Carolina State Bar [O]r the Supreme  Court
of North Carolina . In Violation Of **Seperation** Of **Goverment** [D]octrine ,
and in Violation of **28 U.S.C.Section § 530B.**

**#3.**

That Current Federal Conviction/Sentence **Defectively "Enhanced"** Based   ,
Upon **Actual Innocence** of **Carrer Criminal Statute** . In Violation gratuitous [C]reature Of [L]egislature . (Youthful Offender Adjudications).

## THRESHOLD MATTER

Petitioner would like to thank this **Hon. Judge** for withdrawing prior motion to **Amend** ' for after reviewing said motions' The petitioner found [n]ot only clerical error, But also error in the patterns of argument.  And the petitioner Prays that this **Hon. Judge** continues to honor **HAINES Vs. KERNER,** As the Law sees fit .   For the petitioner **has** been **[P]rejudiced** for not knowing the local Rules in the past :   And the petitioners **Notice** of **Appeal** was not [H]onored .  **SEE Exhibit #1.(A).** (And) **1.(A).1 ,** Where petitioner' was lead to believe that he was preserving issue for appeal of **denied 2255.**

## STANDARD OF REVIEW

**HAINES VS. KERNER,** 404 U.S. 519 , 30 L.Ed.2d  625 .    As the petitioner is A Layman of law , petitioners Litigations should be held to less Stringent Standards than A Lawyer.

## STATEMENT OF FACTS

**Fletcher Johnson ,** Being a Duly Licensed **Firearm** Distributer ' Was [I]ndicted and arrested for failing to keep records of firearm sales , After **Repeatedly** Being **required** to secure such records by **A.T.F. Tracer Department .** Fletcher Johnson had sold in Excess of **1200(Hundred) Firearms .** Many of which had become **Obliterated**  **when** they were found in drug related areas and Later traced back to this Firearms Salesmen .   So when fletcher **Could [N]ot** come up with records of **who** the firearms were [S]old to ' .  Fletcher was Charged with **Conspiring to sell firearms** which had the Serial # **Obliterated** And using a firearm during/and in relation to a drug trafficking crime.

The **Department of Treasury** ( Burea of Alcohol—Tobacco—And **Firearms** ) 4530 Park Road , Suite 400 , Charlotte N. Carolina . 28209 [I]nvestigated Case # 13530 93 2504 [**L**]. **Secured Indictment** ' [A]nd **Then** **Submitted** Case, For [**P**]rosecution To United States Attorney **JAMES R. DEDRICK** of Raliegh North Carolina . **This [I]ndicment** Secured By[**A.T.F.**] Department of the Treasury '" **Code Named "** <u>the Fletcher Johnson Organisation</u> , Charged **Fletcher Johnson** With Conspiring To [S]ell **Firearms** which had the Serial Numbers Altered . **All in Violation of Title 18 U.S.C. Section371** [C]ount # 2. Charged Fletcher Johnson with **Using A Firearm During A Drug Trafficking Crime .** **In Violation of Title 18 U.S.C. Section 924(c)** <u>SEE</u> **EXHIBIT # 2.(A).** <u>Investigation Of Case# [ 13550 93 4565 [T]</u> Was –

<u>[I]nitiated</u> **Aug 16th 1993** , (Almost two (2) **Months [A]fter Indictment** was [S]ecured by **A.T.F. Department** . **Nor was there any** [S]uperceding ' **Indictment** that could [B]roaden the charges made by grand jury .


**1.(B).**
During petitioners Trial , (Closing Arguments) **Trial Judge** Abandoned the The **Trial Court in the [P]resence of [J]urors.** The petitioner [O]bjected Yet ' *Acting U.S. Attorney Ignored petitioners **Objections** . And proceeded with argument . the **second [O]bjection** (which was never recorded)**Completely Changed the [M]ood** of the Trial ! As if the **Trial** had ended ! Where Judge **was [A]bsent** . And Acting U.S. Attorney Used this Defect to Show the jury how **Un—important** the petitioners rights were . whereupon the [**C**]lerk of **Court** ' Put her hand <u>over</u> the **Microphone'** (While leaning Away from it<u>/in the presence of the jury/?</u> And [S]poke loud enough for The **Entire Court** To [H]ear ' And Stated (I Quote) **" He [O]bjected Ms. Hamilton"** (End Quote) Only then ' did Acting * U.S. Attorney Stop Speaking . She just Stared at petitioners Counsel with **Scorn** ' Yet said Nothing . <u>SEE</u> **EXHIBIT 1.(A).**

This Still ' Staring Contest went on for  what  seemed like three minutes .
when one of the **Courts Staff** Decided that someone should summon the **Trial-**
**[J]udge !**  [A]fter waiting for a minimum of **(8) — (10) Minutes .**  The [T]r-
ial [J]udge Appeared !  **Overruled [O]bjection '** and left the court as **Fas-**
**t** as he had come in .   (Never [addressing what **[I]nfact** he was overruling

Although petitioner felt that this was **[O]dd ,** that acting* U.S. Attorney'
Diregarded petitioners objections .  It has become very clear **why** Acting* .
U.S. Attorney ignored the petitioners objections .  As **[O]nly** A **Judge** can –
Rule in a Court of **Law .**  And **without** A **[J]udge ,** there can be no **[T]rial**

**1.(C).**
        During petitioners trial , the county jail began turning around the petiti-
oners **Visitors .**  Petitioner made the Trial court aware of this in open –
Court .    [A]lso advising the petitioner that he could **[N]ot** allow the pe-
titioner to have a word with his family in the court house ' while insisti-
ng that he could not control what the county jail does (**Wilmington**)   [Y]e-
t [A]fter petitioners trial had come to an end ,  petitioner was **Informed'**
that the **judge** had been seen **[A]lone** talking with one male **[J]uror.** And t-
hat they were also seen leaving the court house **together** during the petiti-
oners **[T]rial .**  yet the [T]rial Judge (James C. Fox) in [O]pen Court '**Sp-**
oke in **[P]rivate** with one **Male [J]uror** [ Before he was seated in the jury –
**Box.]** Afterwards the judge stated **Only** that it concerned **another matter .**
petitioners objections to this matter was not <u>recorded</u> Because Court appoi-
nted attorney mr coopper ' who agreed that it was error , nevertheless was
Afraid to Question the courts Actions .   so when the petitoner made couns-
el aware of such **behavior** by the Trial Judge ' Counsel asked the petitioner
to **[G]et** the people who had witnessed this ' to sign / and **Noterize** what t-
hey had witnessed ,  [A]nd **[S]end**  the documents to counsel.  **Which they D-**
**id .** <u>SEE</u> EXIHIBIT **1.(B).** and **1.(C).**  therein  Counsel recalled that Male –

[J]uror who trial judge called to the bench ' to speak in **private** was **error** Also . (He nevertheless said nothing) and this part of the transcripts was **[N]ever Transcribed** . (where jurors where empanelled)    Yet counsel never' **Introduced** any Document [O]r Testimony in court for judge might have chance to explain such **Behavior** ' or if such **contact** with juror could be deemed **h-armless** .    [Even after counsel possessed <u>NOTERIZED STATEMENTS</u> **THAT IT HAD TAKEN PLACE** ]    At sentencing the petitioner would **attempt** to address t-his matter himself . The court would then remand the petitioner to the cu-stody of the U.S. Marshals whitout ever recognising the violations that the Petitioner Charged had plauged his trial . SEE  EXHIBIT **#** 1.**(D)**    **Yet** the Petitioner asked counsel for the noterized  Statement in the presence of t-rial judge ' at sentencing . But to no avail .  Infact what counsel did turn over to the court  '  **[V]iolated** Attorney / Client **privileged** inform-ation .    Yet the papers that had been noterized , counsel turned them o-ver to family members **[A]fter** the petitioner was taken away by marshals SEE EXHIBIT **#**1.**(C)**.    yet when the petitioner argued that there exsisted  a C-onflict **of interest** ' the Fourth Circuit Court of appeals ruled that there was ' Yet reasoned that it was **"Petitioner who Caused Conflict .**

**1.(D) .**

    During petitioners trial , Acting * U.S. Attorney **(Christine B. Hamilton)** ' Moved the court to **Allow 404(B)** evidence ;  to include testimony of two pe-ople who were not charged in **Alleged** Indictment . 1. <u>**Teshomi Crenshaw**</u> and-2. <u>**Joseph Bostic**</u> .    upon objections by the petitioner , The court ruled that testimony was to **prejudicial Under 403** .    [B]ut After ' argument by Acting* U.S. Attorney Christine B. Hamilton .    The Court Addressed Petit-ioner ' Stating :

        " **You** can allow evidence to be introduced ' [O]r "
        **you** can be prosecuted for this at a **later date..**

    Cautioning petitioner to think it over Carefully .  whereupon counsel for

Whereupon Counsel for the petitioner stated that the petitioner **[A]sked** th-at he continue to **fight** to keep it out  ( note that Acting* U.S. Attorneys' Position , was that the petiitioner continued to conspire to sell drugs af-ter all of the **alleged** co-conspiritors has been arrested )  And after furt-her argument by acting * U.S. Attorney ;  The judge <u>**ruled**</u> that it would pe-rmit the **testimony under limited circumstances** ' and that the petitioner C-ould be **prosecuted** at a later date for the alleged **violation .**   and the j-udge instructed the jury in this-way :

> " That they were only to consider this testimony for the pur-"
> pose of **intent** and **motive .** and further that this evidence
> will have no bearing **whatsoever** to do with the sentence the
> petitioner would receive if convicted .  nor would the drugs
> be counted torwards the petitioners sentence .  As the pet-
> itioner may be charged for such violation at a later date .
> and this evidence should **not** be considered for**(alleged)** co-
> conspiritors **Mcoy** and **Adams .**  **[note the petitioners objec-
> tions].**

On direct appeal to the **Fourth Circuit Court of appeals** **,** Petitioner **rai-sed** the argument that **404(B)** Evidence **was** **So Prejudicial** ' That it <u>**Denied**</u> the petitioner a **fair Trial** **,**   and **Violated Due Process of [L]aw.**     The Fourth Circuit **[A]greed** that probative value was far **outweighed** by **[P]rej-udice to** the defendant **(403.)**     But <u>reasoned</u>  ' Because petitioner co-ntinued to **denie** that he was **[R]aleek**  '  the evidence was rightfully **in-troduced** for the purpose of **[I]dentity .**     This **[R]uling** was a **Variance** from the way that the jury was **instructed .**  As this theory was rejected' by the trial court , and further  understood to be too prejudicial . in  - light of the fact that petitioner **[O]nly Defense** was that he was not the  - person  from the very begining .

**1.(E).**
On **Oct.26/2001 .** The petitioner filed motion for leave to conduct **[D]isc-overy .** ( MORSLEYS REQUEST FOR ADMISSIONS ) Pursuant to Rule **36 (a)** of fe-deral Rules of Civil Procedure .

### ADMISSION # 35 READS AS FOLLOWS

"That **Christine B. Hamilton** , Nor **Christine Blaise Hamilton**"
**[O]r Christine Hamilton** , Is **Not** A Licensed Attorney By N-
orth Carolina State Law.

### ADMISSIONS # 36 READS AS FOLLOWS

"That **It Is A Crime** In North Carolina To **Practice Law With-**"
**out A License** .

Therefore ' **Whoever** this person was ' this person **Amended** the **Indictment.**

**Vouched** for un-savory Characters (who she had first hand knowledge **would**

and **Did** ' **Perjure themselves** before a jury in a court of **Law**) Acting * U.

S. Attorney also introduced belongings of **[C]laudia Sims** into evidence to

Mislead the **jury** ' **knowing** that claudia sims would **denie** that these were

petitioners belongings **(** Acting* U.S. Attorneys excuse being ' that she !

**never Actually** spoke with this **Goverment** Witness ) Acting * U.S. Attorn-

ey [A]lso **Subordinated [P]ejury** when she **Allowed** (Goverment Witness) **And-**

**ea Hendricks** to testify that he said ' **Raleek** during A <u>Wire Tapped</u> Conve-

rsation . Where he was asked **"Who"** He Was Getting the Drugs From that he

Was **Selling Police** Informant**[Fletcher Johnson ][ 4 ½ Ounces of crack coc-**

**aine ]** And He Said **"Ke<u>i</u>th"** . ( Agents who manned **servailence – <u>Special-</u>**

**Agent** Mike **Fannelly** – and Dectective Ray **Moss )** **Also** Testifyed that An-

drea Hendricks Said **Kieth** on the Wire tap . Yet' On the stand ' Hendric-

ks **Testified** that he said raleek . (Which Acting* U.S. Attorney Knew was

**[P]erjury** ) [N]or' was the petitioner allowed to impeach witness concer-

ning transcripts that were **Introduced as Exhibits ?** As the court ruled '

that they were not **signed** Statements ' Just were just notes taken by po-

lice officers **Recollection** of what was said . (And Further) That if the

Witness doesnt remember ' He-Just **Doesnt remember ?** [N]or was the **[A]ct-**

**ual Tape Ever played** for the [j]ury ? nor has this tape ever been hea-

rd by **[A]nyone** but Acting U.S. Attorney .

[I]ronicly ' Acting * U.S. Attorney (Under **Oath**) Stated that she had made Counsel for the petitioner **Aware** Of such tape . And Called counsel **A Bold Faced Lie** ' when he advised the Court that he had **Never Been Aware** that Such Tape Exsisted , That he had only been given the **transcripts** . **The** court then Ruled ' That [I]f' counsel for the petitioner had been made aware of transcripts ' then surely **he** mustve known that the tape exsisted ! The **Rub** is that ' **Every** Witness For the **Goverment** was Lead to say that They Somehow Knew who **Raleek** was ?    And those that would Say different Were **quickly** Re-introduced to this concept . SEE **Bond Hearing** ] Where agent Fannelly took the stand .   And was asked ' whether he was the Agent In Charge of the investigation and Further [I]ndictment of the case before the Court .   While speaking from the Satnd , He Was asked did he arrest the individual **known** as **John doe** And he answered ' Yes , I arrested the – **john Doe** .   And then Acting* U.S Attorney Began Interjecting the Name Raleek .   Until the agent Began doing the Same .   yet this sort of leading would continue thoughout the whole process .   Infact **one witness (GW)** Would actually Say that he knew Allen Morsley .   When the petitioner would Later be Sanctioned for **Obstruction** of justice , Because the petitioners true name was **ALAN MOSELY** .   IN OTHER WORDS ' GOVERMENT WITNESSES WOULD HAVE **SAID** THEY KNEW THE PETITIONER BY ANY NAME THE GOVERMENT BELEIVED PETITIONERS NAME WAS .   [AND THEY DID].

## 1.(F).

Petitioners **Motion** for **Bill Of Particulars** Was also **Denied** . As Acting*U.S. Attorney Assured the court that she had made the petitioner aware of the Case she had planned to introduce . Yet the petitioner was not **known** to the Court / Not **Known** to agents / not **Known** / not **Known** to **Alleged** Co-conspirators . nor **indicted** for felon in possession of **firearm** . [I]nfact ' the Alleged **Warrant** for the petitioner ' was not even filed [A]fter All of the Co-Conspirators were **Arrested** .

Which Clearly shows that even [A]fter Amending the Indictment ' Acting *
U.S. Attorney Still had know [I]dea who the petiitioner was . Acting * ?
U.S. Attorney ' While addressing the court during the petitioners trial,
[S]tated that it was She who ' Asked [A]gents to Make Sure they had the
[R]ight Person .    [I]ronically ( During the same trial she would assure
That Agents [K]new who they had (Closing Argument). The agents therein
testified  that they then Phoned Fletcher Johnson . [A]dvising him th-
at they thought they had the gentlemen [R]oy Lee . So come to the rale-
igh police department and [I]dentify him . Petitioner was then put in a
Room  so that this goverment witness could view the petitioner through a
One way glass '   With only the white Male officer (Det. Ray Moss)there-
in (The Same officer who had [O]riginaly Arrested Fletcher Johnson) who
Just so happened to be holding the petitioner around the neck (in a cho-
ke hold)      Fletcher johnson will also testify that he knew the poli-
were interested In another person . Also that officer moss called him '
And told him that [H]e [T]hought that it was a [Q]uestion for the jury '
whether the Petitioner [W]as the [O]ne Named in the [I]ndictment. Yet,
When fletcher johnson Attempted to identify the petitioner from the sta-
nd . ( Over the petitioners [O]bjections ) When Fletcher Johnson picked,
The Wrong Person !  The [T]rial Judge  Removed  the [J]ury from the co-
urt [R]oom ?   While The Acting * U.S. Attorney was already [Y]elling t-
he [L]ights must be hurting his Eyes .   The judge answered that the l-
ights in this court room are perfectly adequate !

> "  The Judge ' Then Told Acting * U.S. Attorney that [h]er"
> Man [D]oesnt know what hes talking about."

Yet the relevant question would be ' [I]f' Trial Judge , Were Allowed to
Assuume the role as [G]rand Jury !  And then [D]elegate that Authority '
To the Jury ,  Why was the jury [R]emoved when Trial judge [H]imself fe-
lt that goverment [W]itness [F]letcher Johnson  [D]idnt Know what he was
Talking [A]bout ?           -9-

The fact of the matter [I]s that ' [T]rial Judge **Over** the Petitioners Objections ' Allowed the matter to be tried in Court **without** being authorized to to so by the **[G]rand Jury** .    **And** With the Question of **Jurisdiction** Unsettled and further ' [D]elegated to the **Judge** Impannelled **Jury** .    Inwhom Trial judge Asked to leave the court room , When [H]e **thought** Himself ! That Fletcher Johnson ( who Made **every [C]ontrolled** Buy / Inwhich the **Entire Case** Was Predicated ) Didnt Know what he was Talking about when He Attempted to **identify** the petitioner before the jury .    Fletcher Johnson Told Agents that he Had sold **18 Firearms** to A gentlemen by the name [R]oy Lee (A Very Common name in that part of the South )    Yet ' Fletcher Johnson would **[T]estify** that Agent **Fannelly /** And **Detective Moss\*** **Thought** that his pronuciation of [R]oy Lee **Didnt Sound [R]ight ? SEE TTs. pg # 56** .  Infact the Alleged Indictment made no mention of **"Roy Lee"** .  even though thats who Detective Ray Moss called fletcher Johnson Down to the police station **To  [I]dentifie** ! when the petitioner was arrested **[S]ept 23rd 1993** .  (Almost three months <u>after</u> alleged **indictment** had been filed in court)    Alleged [I]ndictment made no mention ' Of **[Roy Lee]**. **Nor** Did Alleged indictment Mention [J]ohn Does **Race/Complextion** / **Age** / **Height** / **PHONE NUMBER/ Home Address** / **Facial Hair** / [O]r Lack there Of / **Scars / Tattos** . (Nothing) !  And although **Amended** indictment alleges that John Doe was Also **Known** As [B]aldhead .  During **Bond** Hearing,  when Argument was made concerning this Baldhead ' Special Agent Mike **Fannelly**    ' **When Asked :**

> " [W]ouldnt you think that the name **Baldhead** would be some Kind "
> Of **Indication** that the man you were looking for ' would be some one with a baldhead , [O]r Atleast someone with **[S]horthair.**

**Agent Fannelly Would then state :**

> " This is **[N]ot** always the case ' [A]s Ive seen **Very** Big individuals  that go by the name **[T]iny ... .. ...  [S]ort** of a play on words."

So ' Again [j]ohn Doe could have been **[A]nybody.** Because the petitioner had hair on his head ' [I]t didnt mean that he was [N]ot John Doe. Yet when asked where the name **[B]aldhead** had come from' [A]ll Agents <u>testified</u> that this [C]ame form **Fletcher Johnson.** [Y]et' Agents **testimony** was they they **called** Fletcher - Johnson when **they** believed that they had **[R]oy lee.** [N]ot **Baldhead.** Acting * U.S. Attorney **Amended** the [I]ndictment/ And Verdict Sheet by removing all mention of The [J]ohn Doe that Had **Allegedly** Been Indicted. [R]emoving any [Q]ues-**tion** as to who was **[I]ndicted** by [G]rand [J]ury . Infact' It has become **very** C-lear From [L]ater Developments , That [A]cting * U.S. Attorney Christine Hamilton (Who's **Signature** Has been Affixed to **[B]ogus** Indictment) Was **never** before [A]ny **Grand Jury** ' For Any Of the Charges that Petitioner Was Called to [A]nswer . [N]or has she taken **[A]ny Witness** before the Grand Jury So that Grand Jury <u>Might</u> Decide that there was probable Cause for the petitioner to Be Charged!

**1.(G).**

Now ' to find out that this Acting * U.S. Attorney [**Christine Hamilton**] Was <u>not</u> a [M]ember in good standing of the **Bar of the Supreme Court** of North Carolina ? That this person [I]s **[N]ot** ' <u>Licensed</u> to practice Law in the Court Room inwhich The petitioner was on Trial for his [L]ife' (That has been **Taken**) [W]ithout **Ind-ictment.** That Trial Judge [A]bandoned the court room ; Where Acting U.S. Attorney was [N]ot **[B]ound** [O]r [C]onstrained Under **Any** [O]ath ' Nor **Ethics .** **Where'** Fourth Circuit Court of Appeals Recognised that there was a conflict of interset between counsel for the petitioner and his **client** (the petitioner) Yet found that conflict was caused by the petitioner " Who **steadfastly** Argued that he was **N-ot** the [person] who had been charged for this [C]rime. The petitioner now points to the **[F]act .** That this conflict was caused by Acting *U.S. Attorney, And The **[F]raud** that the court Attempted to **Cover up** ' When he assured counsel for the p-etitioner (Robert Cooper) that this case [W]as [N]ot Going back to the **[G]rand J-ury.** Furthermore , The Fourth Circuit Ruled that Acting* U.S. Attorney **[C]ommen-ts** during [C]losing Argument were **error** ' namely when she **stated to the** [J]ury :

" [T]hat [Y]ou [D]ont have to [W]orry about these [T]wo, "
[T]hey **[A]lready** ' [C]onfessed.."

At the same time pointing to both **alleged** co-conspirators that the petitioner

was **[F]icticiously** being tried for conspiring with . yet' the Fourth Circuit,

would rule that Acting* U.S. Attorney had **Apologized ,** and furthermore 'tha-

t [T]rial [J]udges **Instructions** should have **cured** any **[H]arm ... ...   ... ...**

Yet ' [T]rial Judge had **[A]bandoned** the court room while statements were made

and could in **No—way** cure the harm that had plauged the entire trial ' when a-

cting * U.S Attorney was not an **[O]fficer** of the court . [N]or a member in '

Good standing of the Bar of the North Carolina  , Or **Licensed** attorney in No-

rth Carolina .   Who Caused A Trial to be **Commenced** Without [I]ndictment by '

[G]rand Jury . But Falsified A [B]ogus Document / Inwhich [B]ares her [N]ame.


**ARGUMENT # 1.**

### PETITIONER ARGUES THAT FORUM FOR FAIR TRIAL IS DESTROYED <u>WHEN JUDGE IS ABSENT AT CRITICAL STAGE OF PROCEEDINGS</u>  .


As trial itself ' Consists of a contest between Litigants before a [J]udge '

When the judge is absent at a "Critical Stage" The **Forum** Is [D]eystroyed ,an-

d in A [R]eal Sense ' There is [N]o [T]rial . SEE <u>GOMEZ</u> **Vs.** <u>UNITED STATES</u>,

490 U.S. 858,873,109 Sct. 2237, 104 L.Ed.2d. 923 (1989);  In the instant case

before this court .   Trial Judge James C. Fox had Abandoned the trial on a —

Number Of Occassions During the petitioners [T]rial , Inwhich Acting U.S. At-

torney Was not bound by any [O]ath Nor Constraints. During Closing Arguments

for the petitioner.  [T]rial Judge (James C. Fox)(Hereinafter "Trial Judge) ,

Once Again **[A]bandoned** the court room as if counsel for the petitioner Was n-

ot Worth Listening to '  As the petitioners **[O]nly** Defense was that he was n-

ot the person who had been [I]ndicted by Grand jury , And further that he had

[N]ot been Charged .  SEE <u>UNITED STATES</u> **Vs.** <u>MORTIMER</u>, 161 F3d. 240, at 242 .

(3rd.Cir 1999);  As the framework "Within which" the [T]rial proceeds ' has

Been [E]liminated ;

SEE **ARIZONA Vs. FULMINANTE,** 499 U.S. 279, 309-10, 111 Sct. 1246, 113 L.Ed.2d.

302 (1991);  And the **Verdict** is A  Nullity; **Gomez** , 490 U.S. at 876, 109 Sct.

2237 .   In [P]etitioners Case , The **Structural Defect** goes [F]ar beyond ju-

st the absence of A Trial Judge during a "Critical Stage" , Infact it goes far

Beyond [J]ust an **Impartial Judge** [O]r [I]mpartial Jury. SEE **TUMEY Vs. OHIO,** 273

U.S. 510 , 47 Sct. 437 (1927);

> " Trial error ' the Majority Ruled "
> Where subject to harmless error
> analysis, [S]tructural **[D]efects**
> where not since they [D]efy ana-
> lysis by harmles error standards
> **id.** at 309, 111 Sct. at 1265 .

As the trial judge is not [O]nly A Mediator , but one authorized to [H]ear/See

And [F]eel the matter in Dispute ; And then Judge the matter **[A]ccording** to L-

aw to **Fact.**  SEE **WAINRIGHT Vs. WITT,** 469 U.S. 412, 428 ,n. 105Sct. 844, at 855

(1985);

> "[I]n exercising its discretion the"
> Trial Court must be Zealous to pr-
> otect the rights of the Accused.

In the instant case before this court ' The trial judge left the court room an-

Acting * U.S. Attorney Began to/Attempted to lower the burden of the goverment'

By [E]xplaining that they didnt need to [Q]uestion whether there was a [Consp-

iracy]  As Two of the Alleged Co-conspirators on trial had Already [C]onfessed.

After ' All attorneys for the Defendents had objected . Acting U.S. Attorney '

[O]n the Record [S]tates : **"The Judge [I]snt [H]ere."**   yet when trial judge

Returned .   He instructed the jury that he was not aware of any **Signed** conffe-

ssions '  And that the Jury Should disregard anything said about Confessions '

And left the court Again .    When the petitioner [O]bjected to the trial Ju-

dge being Absent on Another [O]cassion ,  Acting U.S. Attorney <u>Just</u> [I]gnored '

the Petitioner , And just spoke Lowder.  SEE **EXHIBIT # 1.(A).**  When it Appear-

ed that the trial had run amuck ' <u>The Clerk Of Court</u>  Covered the microphone in

front of her ?  And Basicly Yelled '   [ **He Objected Miss Hamilton**]

And [O]nly then did she ( Christine Hamilton ) Stop Speaking ! Although the Trial Had Come to and end [L]ong Before then . Acting * U.S. Attorney would then begin looking at Petitioner / and his counsel with [S]corn without ' Saying A Word . After about three minutes of complete silence ' A Court aid went to [F]ind the [T]rial judge ! After waitng ' at a **minimum** of 8 to 10 Minutes , the Trial judge Appeared ' [O]verruled the [O]bjection and' Left the Court room As Fast As He Had Come [I]n. One the other hand when , The petitioners Counsel began his summation (Closing Argument) Trial judge — abandoned the court room ' and When he came back he told counsel for the petitioner that his time was up  , Cutting him off as he seated himself on the bench . The [S]ixth Amendment reflect[s] a profound judgement about the Way in which Law should be enforced and [J]ustice administered , giving one an inestimable safeguard against the **corupt** or overzealous prosecuter and against the complaint , [B]iased ,or eccentric Judge . SEE DUNCAN Vs.LOUISI-ANA, 391 U.S. 145, 155-56, 20 L.Ed.2d. 491, 88 Sct. 1444,45 Ohio Ops 2d. 198 (1968). Petitioner Argues that it is [I]mpossible to know how this action Could have [A]ffected the jurys Verdict . [C]oupled with the trial judges **Contact** with One Juror (Male) It [I]s Also Very hard to **imagine** that the ' [A]ffect was **favorable** for the petitioner . And if One male juror could Contaminate the Whole [J]ury ' The [T]rial Judge should have been in the Court to [O]versee the trial inwhich he presides . **Gomez,** . There are Legions of cases ' That up-hold the Discretion of the Judge , [A]nd his rulings [y]et ' the [J]udge must be in the court to Discern . Whether the Judges absence from the bench is an error of Cponstitutional Magnitude is a [Q]uestion of Law SEE LESKO Vs. OWENS, 881 F2d. 44, 50 (3rd. Cir.1989).

-14-

Furhtermore ' when the Third Circuit Court of Appeals Decided **Mortimer** (cite at 161 F.3d. 240 (3rd. Cir. 1998); [J]udge Becker , noted that the [Supreme Court has found **Structural errors** only in a limited class of cases . Yet reasoned that under the facts of this case (Mortimer) He believed that the [L]abel **structural '** was [N]ot **[I]nappropriate** . As The Court Reasoned that :

> " [P]rejudice to the Defendant from the **Jury** inferring that " defense was not worthy of listening to ' [M]ay have Occurred ; It is **not** necessary for the defendant to demonsrtate it . [T]he **Structural Defect** determines the Result ." **i.d. at 242.**

In The case before this **Honorable Judge ,** petitioner argues [T]rial judges Behavior undermined the process in **every** imagineable way that he [C]ould . From the onset of the proceedings . **TUMEY Vs. OHIO,** 273 U.S. 510, 71 L.Ed. 749 , 74 SCt . 437 (1927). As the petitioner [Q]uestioned the Trial Judges **subject Matter** [Jurisdiction to **even** entertain charges **that were not** Authorized by the [G]rand – [J]ury . The Trial Judge therein [R]uled that :

> " [T]he **Grand Jury** [I]ndicted **Somebody ,** And He <u>thought</u> that " **It** was A [Q]uestion for the **petit jury** to decide who [T]hat person was ?."

After Counsel For the petitioner **explained** that this was a matter that [O]nly the grand jury could decide . before the petitioner should **even** be called to **plea .** (As the petitioner denies that he is the person [**John Doe**] allegedly named .) The trial judge then Asked Acting U.S. Attorney whether the petitioner, was a co-defendant of **Mckoy ?** and after she answered that the petitioner was ! The Trial Judge therein [R]uled that :

> " [H]e could promise you that this case would [**N**]ot be going " back to the [G]rand Jury . "

Counsel then reminded the judge that the petitioner had been **identified** by [V]ery suggestive means . yet after futher objections to no avail . Counsel then Asked trial judge wether the petitioner would be required to **plea .**

The trial judge stated : " [T]hat he **certainly will.**" the petitioner there-
in pleaded **not guilty** . And was held to stand **[T]rial** <u>with</u> the [Q]eustion of
**[J]urisdiction [u]nsettled** . Yet ' Acting * U.S. Attorney wished to **Amend** the
[A]lleged [I]ndictment **Once** Again .  This <u>time</u> to include the name Allen Mor-
sley. (which petitioner denied as well)  On the [Q]uestion of **[S]ubjectmatt-
er Jurisdiction** , The trial judge reasoned that it was a [S]imple question f-
or **the Jury** ! Whether the [<u>P</u>]etitioner was the **Person** Indicted by the [G]rand
Jury ?  Yet ' The trial judge <u>**Instructed**</u>  the jury that the petitioner; Had '
<u>infact</u>  been indicted **by the grand jury** ' and furthermore, For A Number of ch-
ages !  Petitioner <u>**Argues**</u> '  That **when trial judge charged** the [J]ury Likewi-
se ( That the petitioner [W]as **known As** [R]aleek , Also **Known As** [B]aldhead )
He **Became** A **[W]itness** in the petitioners trial . **In [V]iolation** of federal ru-
les of Criminal Procedure :  **RULE 605 ;** Which states :

> " [T]he judge presiding at a trial may not testify **in** that "
> trial as a witness ;  [K]now objection need be made ino-
> rder to preserve the point ; (**New Jersey evidence rule** 42)

> " [T]he rule provided an **[Automatic][Objection]** , To requ- "
> ire an actual objection would confront the opponent with
> a choice between not objecting , with the result of all-
> owing the testimony , and objecting with the probable r-
> esult of excluding the testimony but at the price of co-
> ntinuing the trial before a **judge likely** to feel that h-
> is **integrity** had been attacked by the objector."

Coupled with the fact that The [Q]uestion of [S]ubject Matter **Jurisdiction** had
not been **resolved** '  And Further that the [P]etitioners [<u>O</u>]**nly Defense was that**
[H]e was **Not** Known / [N]or **Indicted /** As Allen Morlsey , Raleek or Baldhead  .
Inwhich Acting * U.S. Attorney had **Amended** the Alleged Indictment to **Include** ..
So [T]rial Judge could not **create** his [O]**wn [J]urisdiction** ' and furthermore A-
ttempt to be a **witness** to **legitamize it.**  SEE <u>**EXPARTE McCARDDLE,**</u>  7 Wall  506,
514 , 19 L.Ed. 264 (1869);

" [W]ithout Jurisdiction the court cannot proceed at all in **Any** "
cause , jurisdiction is the power to daclare the law, and wh-
en it ceases to exist the [o]nly function remaining to the co-
urt is that of announcing the fact and dismissing the cause."

Also SEE **MANSFEILD . C.L. M.R. Co.** Vs. **SWAN** , 111 U.S. 379, 382, 28 Led. 462, 4

SCt. 510 (1884);

" The [R]equirement that jurisdiction be established as a thres-"
h hold matter "Springs] from the nature and limits of the jud-
icial power of the united states." and is "**inflexible** and [W]-
ithout **exception.**"

In the instant case before this **honorable judge ,** petitioners alleged indict-

ment [I]s a **creation** of one Acting * U.S. Attorney who is not **even Licensed** to

Practice Law In the court room that the petitioner was on trial for his [L]ife.

Chirstine Hamilton **Hadnt** even Attempted to go before a grand jury **so that cha-**

**rges** could be [M]ade . A.T.F. Department Secured Alleged **Indictment** against'

Fletcher Johnson for conspiring to sell guns **without** the proper paper work , as

Fletcher Johnson **was** a federally **licensed** firearm dealer . SEE EXHIBIT # $2(A)$

After alleged indictment had been secured by A.T.F. A case was Submitted to

The Honorable U.S. Attorney Dedrick of Raliegh North Carolina SEE EXHIBIT #

With A note that AUSA **XXXXXX** is aware that on **july 6th 1993** fletcher johnson /

Along with his Co-conspirators had been indicted for **18 U.S.C. Section 371** Co-

spiring to **sell [F]irearms** wich had the **serial** numbers [O]bliterated . [A]nd

**18 U.S.C. Section 924 (C)** Using a firearm during a drug trafficking crime .

The letter went on to say that [t]his case should be forwarded to [H]**er** ......

[T]**his** Letter from the A.T.F. is [D]ated **Aug 18th 1993** ' almost a month after

**indictment** had been secured . [O]n **Sept 23rd 1993** the petitioner was arres-

ted by A.T.F. Agents who said that they had been given a tip by **unreliable** in-

formant , who told them that the guy **they** were looking for was in this apar-

tment ' And that his name [I]s **[R]oy Lee ?** within the apartment when ATF

Arrived were **(5) Five African American Males** / And **(1) One African American** '

Female .

[A]gents will testify **at** petitioners **trial** that some-one motioned ' that the petitioner was the **one** that [T]hey(A.T.F) were looking For (**inside the apartment**).  [Y]et ' **alleged** indictment [I]nadequately described the [F]icticious [J]ohn Doe (The **person**) no **[Description] /** Not by Sex / Race / Age/ Tattoos home address / phone number / height / weight /scars / facial hair '/ or lack of facial hairs ' **[N]othing !** And agents , and police officers (**All**) **Testify** that they had never **[S]een** The Petitioner ' the **alleged [J]ohn Doe ?** freedom-of information (**F.O.I.**) request [F]rom **A.T.F.** will further Confuse **[A]ny** Concept that could be [H]elpful ' As they were **[N]ot** even [S]ure "who" they were Looking for . SEE EXHIBITS # $(G)$ but one thing is certain ! **who ever** they were looking for ' had **not been Indicted .  Yet'** the alleged indictment had ' been broadened on [N]umerous occassions .  [I]nfact ' the [J]ohn Doe had been Such a **[C]reation .**  So without **[A]ny Witnesses** before the [G]rand Jury The Trial Judge Allowed Acting * U.S. Attorney to [I]nclude Other parties that had not been indicted .  While **amended [I]ndictment** [I]s **signed** by Acting * U.S. Attorney **Christine Hamilton ,**  And while she Argued case as if she had Secured [I]ndicment ' [T]he Truth [I]s '  that **She was "Never"** involved in any investigation [B]efore the **Grand Jury .** So when [T]rial Judge **[A]bandoned** the [T]rial ' Leaving the petitioner before A [J]ury ' **With** Unlicensed Attorney **who** had [B]roadened indictment to [I]nclude **Charges** that were not **Made by** [G]rand Jury ' (O)r **even** Considered  by [G]rand Jury ! And the petitioner was Called on to Answer [I]ndictment [T]hus charged ,  The restrictions which the **[C]onstitution** placed  upon the power of the court , in regard to the prerequisite of an indictment ' [I]n [R]eality , **no longer exist .** SEE RUSSELL **Vs.** **UNITED STATES,** 369 U.S. 749 (1962);  Yet '  [I]f' the [T]rial judge **Abandoned** the [T]rial **because** he was without the [J]urisdictional **Authority** to **entertain** the Litigation ,  [T]rial Judge should have **dismissed** the indictment Or Cause .

SEE  **UNITED STATES Vs. PROVIDENCE JOURNAL Co.,**  485 U.S. 693, 108 SCT. 1502 ,

99 L.Ed.2d.  785 (1988);

> " As it is well settled that where an Attorney [P]urportedly"
> representing the united states is without **authority** to do
> so ,  The Court **must dismiss the action."**

Although ' The [S]upreme Court has Often **Reminded**  **Us That** Judges Are Officers

Of there Respective [S]tates ' The petitioner Argues that he is **Actually** ' and

**Factually** innocent .  And [F]urther ' That A United States District [J]udge h-

as **Attempted** to pick up the [D]ropings of the United States Attorney Office w-

ho ' **has** [A]dmitted , that the petitioner has [N]ot been indicted !  And (10)-

Ten Years [L]ater In  The Middle District Of Pennsylvania ' The petitioner is

[S]till being [B]ogged down by procedures **that** [A]cting * U.S. Attorney was V-

ery much aware the petitioner would take **years** to understand .. .. .. ..      .

[T]he petitioner **further**  **argues** that based upon the hertofore described fact-

ors and contentions '  That the petitioners  case **represents** [E]rrors **of Cons-**

**titutional [D]emensions** , that are so manifestly "A" [V]iolation of the petit-

ioners **fundamental [R]ights** ' As to be Construed As A **" Manifest [I]njustisce"**

which the [S]upreme Court described In  **HILL Vs. UNITED STATES,** 368 U.S. 424

(1962);

> " [A] fundamental defect which inherently results "
> in a **[C]omplete** miscarriage of [J]ustice , [O]r
> an Omission that is inconsistent with the rudim-
> entary  demands of fair procedure **i.d.**

**ARGUMENT # 2.**

> ACTING * U.S. ATTORNEY CHRISTINE HAMILTON IS NOT A
> LICENSED ATTORNY IN GOOD STANDING OF BAR OF NORTH-
> CAROLINA , [O]R SUPREME COURT OF NORTH CAROLINA IN
> VIOLATION OF 28 U.S.C. SECTION  530B.

In the instant case before this **Honorable Judge** ' Acting U.S. Attorney [W]as [N]ot **Authorized** to [P]ractice **Law** in the state Of North Carolina . SEE **EXHI-BITS** **/** ( **E** ) . As it is **violative** of both state and **Federal** law for any individual to [P]ractice Law inthe state of North Carolina , [O]r the fourth circuit of Appeals **Without** A **License** .[/4.] which explains [W]hy **Imposter'** was [N]ot Attorney of **Record** before Fourth Circuit' [O]r **Oral** Argument . [yet she **continued** to keep A.T.F. Department abreast of updates , and changes concerning the case] SEE **EXHIBIT** **/** ( **F** ) . Yet the [P]etitioner **was not** [A]fforded such protections in the court where [H]e was on trial for his **Liberty** . SEE **BOLLING Vs. SHARP,** 347 U.S. 497 , 499, 74 SCt. 693, 694 , 98 L.Ed. 844 ;

( **CHEIF JUSTICE WARREN** )

" The Fifth Amendment which is applicable in the district "
of columbia , does not contain an **equal protection** cla-
use as does the Fourteenth Amendment which applies only
to the states ,  But the concepts of **equal protection** —
and Due Process both stemming from our American ideal —
of **fairness** ,  Are not **mutually exclusive** ;

" [T]he equal protection of law ' Is a **more explicit saf-** "
eguard of prohibited **unfairness** than the [D]ue [P]roce-
ss."

---

.[/4.]    **SECTION 84.4,** of north carolina general statues provides that :
"except as otherwise permitted by law , it shall be un-"
lawful for any person... except active members of the-
bar of the state of north carolina admitted and licen-
sed to practice as attorneys at law , to appear as at-
torney or counselor at law in any action or proceedin-
g before any judicial body..."

CHAPTER 1, SUBCHAPTER [A], Section .0201(a)-(c) of rules of north carolina s-
ate bar provide that :
(a) members of the north carolina state bar shall be divid-
ed into two classes ;  active members and inactive mem-
bers .

(b) active members: active members shall be all persons who
obtained a license entitling them to practice law in n-
orth carolina , including all persons serving as justi-
ce or judge of any state or federal court in this state

Also SEE **28 U.S.C. § 5303** (2003) Ethical Sandards for Attorneys for the Goverment . **[/5.]**    Although the record <u>will</u> reflect that **Imposter** had V-oilated the petitioners **[C]onstitutional rights** in a number of [W]ays '.. It would not matter if there were [N]o **evidemce** on the record that the b-ar **examination** is , in fact , a **good** way of judging [C]ompetence . SEE <u>**HELLER**</u> **Vs.** <u>**DOE,**</u> 509 U.S. 312, 320, 125 L. Ed.. 2d. 257, 113 SCt. 2637(19-93).; (noting)  " that a classification "

> " [M]ay be based on rational speculation unsupported "
> by evidence or empirical data." (citation omitted)

In the case before this **Honorable Judge** ,  Bureau of Alcohol-Tobacco and-Firearms of 4530 Park Road ,Suite 400, Charlotte NC. 28209 **[I]nvestigated** Case # **13530 93 2504 L** .  [A]fter **[S]ecuring** [I]ndictment . A.T.F. **Submi-tted** The Case For Prosecution ' To [U]nited States Attorney **James R. Ded-rick** Of **Raleigh** North Carolina . SEE **EXHIBIT #** $2(A)$.  which <u>has</u> been re-eased to the petitioner  **via F.O.I.** (A.T.F.)[W]hich states the following:

> "Dear **XXXXXXX**  the enclosed **Criminal** case report is **Subm-**"
> itted for prosecution **regarding** [V]iolations of **Federal Firearms** [L]aws by **Fletcher Johnson** , et als.

> "from the fall of **1991 To May 1993** , Johnson , **then a Fe-**"
> derally **Licensed firearms** [D]ealer , **[I]llegally distri-**
> buted over 1000 **firearms** to [K]nown Drug traffickers and
> **convicted felons** [I]n the Johnston [C]ounty, North Caro-
> lina **area** .

> " [T]his **Case** has been discussed [W]ith Assistant United-"
> States Attorney **XXXXXXX**  And **[S]he is [A]ware** that on '
> july 6/93 , the **defendants** were **indicted by** a [F]ederal
> [G]rand [J]ury.

> " [W]e [S]uggest this [R]eport be [F]orwarded to [H]er  "
> Attention .

>                    SINCERELY YOURS , XXXXXXXXX
>                    SPECIAL AGENT IN CHARGE.

> **Dated  8/16/93    8/16/93    8/17/93**
>   **initiator    / reviewer /  reviewer**

[I]ndictment [S]ecured bt A.T.F. **[C]arged Two (2)** Violations. **18 USC Section § 371** (Conspiracy to sell [F]irearms which had there serial numbers obliterated) <u>And</u>  **18 USC Section § 924(C)** (Using a **Firear**m in relation to a drug trafficking crime.)  Both of which have a statutory Five (5) year max if convicted . [A]fter indictment had been secured for two (2) charges , Under Case/ investigation # 13530-93-2504-L. '  <u>Invsetigation # 13550-93-4565-T.</u>  ,  was submitted on **[J]uly 20th 1993** by Agent fannelly of the **Raleigh** A.T.F. Division ( **14 Days [A]fter** the [A]lleged indictment was **filed** in Court ]  As Agent fannelly - and **Dective Moss★** had began a [B]uy and [S]ell sting Operation with [L]icensed firearm dealer [F]letcher Johnson . [B]ut with another  '  [O]bjetive .. ...  ... **[D]rugs !**  Fletcher johnson by wire/ taped conversation ' made controlled buys of drugs in the presence of investigating officers [N]ote that the petitioner was **[N]ot indicted** for any of the controlled buys'  SEE **EXHIBIT #** $\left( G \right)$ **.** (Detention hearing)  As The petitioner was <u>never</u> <u>seen</u> or heard by investigating officers . Infact , Fletcher Johnson advised Officers that he had sold [G]uns to a gentlemen named **[R]oy Lee** .  Who ★Detective**moss** <u>thought</u>  sounded close [E]nough to the name **[R]aleigh** ' a [p]erson the R.P.D. was very interested in being acquainted with (yet have never been able to **I.D**) yet fletcher would tell them the address of the [R]oy Lee that he Sold Firearms .  SEE  **EXHIBIT #** ..($G$) .  yet nothing had come of it .( but fletcher was <u>still</u> asked by Dectective **moss★** to keep the name out there <u>for the raleigh</u> , Police Department.)

---

**Footnote /4. continued :**

<u>Federal Rules of Appellate Procedure</u> :  Rule 46 (a) ,  Provides that :

> " **Any attorney who has been admitted to practice** "
> **before the supreme court of the united states,**
> **or highest court of the state, or united state**
> **district court ..., is eligible for admissions**
> **to the bar of the court of appeals.**"

During a taped conversation between fletcher johnson and [S]ting target **Andrea Hendricks** .  Fletcher [Q]uestioned whether Hendricks **Knew** [R]oy Lee continually. and andrea hendricks would continue to <u>assure</u>  fletcher that he **didnt** know any-- one by the name of roy lee . Next fletcher would [Q]uestion hendricks concerning [W]ho he would be getting the **drugs** from that fletcher was <u>now</u> purchasing ? And- rea would  state **"Clearly"**  That drugs were coming from a guy named **[keith]** , and Assures Johnson that he **doesnt** Know (Keith).  At some other point in time .. .. Andrea Hendricks (hereinafter **"hendricks")** **would ask** fletcher whether he was tal- king about **[R]aleek ?**  and fletcher johnson would śaẏ **" Yèah "** "thats who im ta- lking about" .. ..   Do [Y]ou know [H]ow to get in contact with **[H]im ?** Hendric- ks answered that he **did not !**  After fletcher asked hendricks whether he [K]new where [R]aleek lived **or** his **Phone number** . Hendricks answer was that ' **He did n- ot !**  Fletcher johnson then asked ?  When was the **last** time [Y]ou **saw him** ...... (Raleek)  Hendricks answered '  **I saw him at a [C]lub a while [B]ack .**  Yet'this tape **is** the [O]nly **tape** not [P]layed before the Jury ... ... ...  (infact ' its – the **only time** the name **raleek** had been spoken ' [U]ntil **detective Ray Moss** * Spoke with **hendricks** [A]fter he was arrested **6-14-93** for selling 4½ onces of c- rack cocaine to fletcher johnson.)[note also- detective **moss\*** had never seen t- he **[P]hanthom** [R]oy Lee  [n]or the **[R]aleigh** ' muchless **[R]aleek .** [N]or had A- cting * U.S. Attorney **Christine Hamilton .**   **On** July 6 1993 <u>Alleged</u> was **fictici- iously** carbon copied ' and sent to USA, USPO , PTS, USM J. FOX , J. DIXON , co- unter calender file . SEE DOCKET .    On **July 8th 1993**  [U]nknown person subm- itted **Memorandum:**  [R]equesting issuance of **arrest warrant** , For **Lori Anne Per- ry Hendricks ,** and [J]ohn Doe . SEE DOCKET SHEET ,  Both Alleged defendants wa- nted for **[C]riminal [I]nformations ,** of which Lori Anne Perry Hendricks **plead – guilty .** (21: 856(a)(1)[maintaining a place for purpose of distribution )

[n]ote - Lori Anne Perry Hendricks home was forefeited with respect to count (1) one of alleged indicment , pursuant to title 21 U.S.C. Section 853(a)SEE EXHIBIT # ( H ) .   On **July 8th 1993** (same day) **[C]lerk** of court ( David W. Daniel ) Allegedly <u>Issued</u> a **Warrant** for [J]ohn Doe . * further ' issuing O-riginal to USMJ **w/cc** Of **Indictment & cc: warrant to USA**.   On <u>**Sept. 9th 1993**</u> **[U]nlicensed** Attorney Christine Hamilton moved the court by **motion to Amend** the [I]ndictment , stating therein ' that it was a tecnical **error** in the In-dictment , Also <u>**asking**</u> that a [C]ertified [C]opy of indictment be forward-ed to the **District Attorneys Office** . SEE <u>DOCKETING SHEET</u> - also Motion to Amend EXHIBITS #        .   Where **[I]<u>mposter</u>** assures the Court that the **def-endants** would not be [P]rejudiced , As they were **[A]<u>ware</u>** that prosecution p-lanned on ' **charging [W]ire Fraud ?**   SEE <u>MOTION TO AMEND # (1)</u>.

On **Sept. 23rd 1993** (14 Days Later) The **Petitioner** was arrested in an **Apartm-ent Complex** on Kid Row St.   Where **Agents** <u>Testifyed</u> that they were given a -[T]ip from [U]nreliable informant that they had **never** used before . [W]ho ' Told them , **That the person they were looking for frequently** stopped by .....

On **Oct. 2nd. 1993** , the Warrant that was <u>ficticiously</u> [I]ssued on **Sept. 8th 1993** ' was <u>**Filed**</u> in court for the **[F]irst Time** Stating [J]ohn Doe **Aka Raleek Aka [B]aldhead** . SEE **EXHIBIT #**(H).| .   Yet during The Petitioners Trial ' [A]cting * [U]nlicensed U.S.Attorney [W]ould move the Court to **[A]mend** Alle-ged **Warrant.**   The [R]ub is ' Even for the sake of argument , [I]f' the Grand Jury **Did indict** one defendant [A]s John Doe ! there was not a **Scint-illa** of evidence before the **the grand jury** ' that the petitioner was infact' **intended** to be that john doe .   Infact during the petitioner <u>Unlawful</u> Tri-al , unlicensed * Acting U.S. attorney Chritine Hamilton' **stated** that it was [S]he **who asked** agent fannelly and detective **moss** * (who had never seen [R]oy Lee / [R]aleek /[R]aleigh ) neither of which having been before the g-rand jury concerning the petitioner.

[T]o make **sure** that they had the [R]ight [P]erson ? After Alleged **indictment**

had been [F]icticiously **filed** almost three (3) months prior to this date    .

[T]hus [U]nlicensed acting* U.S. Attorney  Christine Hamilton **Unconstitutio-**

**naly [A]mended** the Indictment To include person that she **[K]new** had not been

Indicted [B]y grand jury .  SEE <u>**UNITED STATES**</u> **Vs.** <u>**ROSI**</u>, 27 F3rd. 409, 414 –

( 9th Cir. 1994);

> " at common law ' most valuable function of the grand "
> jury was ... .  to stand between the prosecutor and
> the accused , and determine whether the charge was-
> founded upon credible testimony ....".

<u>**HALE**</u> **Vs.** <u>**HENKEL**</u>, 201 U.S. 43,59, 26 SCt. 370 , 50 L.Ed. 65 (1906) ;

> " There is [every reason to believe that the constit- "
> utional grand jury was intended to operate substan-
> tially like its english progenitor."

ALSO SEE  <u>**COSTELLO**</u> **Vs.** <u>**UNITED STATES**</u>, 350 U.S. 359, 362, 76 SCt. 406, 100 L.Ed.

397 (1956); <u>**EXPARTE McCARDLE**</u>, 7 Wall 506 ,514, 19 L.Ed. 264 (1896); <u>**HURTODA**</u> **Vs.**

<u>**CALIFORNIA**</u>, 110 U.S. 516. (1884); <u>**RUSSELL**</u> **Vs.** <u>**UNITED STATES**</u>, 369 U.S. 749 8 Led

2d. 240 , 82 SCt. 1038 (1962); <u>**STIRONE**</u> **Vs.** <u>**UNITED STATES**</u>, 361 U.S. 212, 219-19

(1960);

> " the [F]ifth Amendment thus requires that a defendant"
> be convicted [O]nly on charges considered and found-
> by the grand jury."

But See  <u>**WOOD**</u> **Vs.** <u>**GEORGIA**</u>, 370 U.S. 375, 390, 82 SCt. 1364 , 1373, 8 L.Ed. 2d.

569 (1962)(Holding);

> " The grand jury serves the invaluable function in our"
> society of standing between the accuser and the acc-
> used ....  To determine whether a charge is founded'
> upon reason ' or was dictated by an intimidating po-
> wer   or malice and personal ill will."

---

[5/.]

    28 U.S.C. Section § 530B STATES:

    (a) " An attorney for the goverment shall be subject to state laws "
        and rules and local federal court rules, governing attorneys
        in each state where such attorney engages in that attorneys-
        duties , to the same extent and in the same manner as other-
        in that state."

[T]hus petitioner **[D]elcares** ' As did the [S]upreme Court In **BERGER Vs.**

**UNITED STATES** :
>                        " That the united states attorney is the repres-"
>                        entative not of an ordinary party to a contro-
>                        versy , but of a sovereinty whose [O]bligation
>                        to govern impartially is [C]ompelling as its -
>                        Obligation to govern at All."

The fact that the petitioner [N]ow **rots** away in a prison cell ' for  a

Crime that he has <u>not committed</u> , [N]or was **Indicted** for ' Is [U]nque-

stionably Much [M]ore that A **[M]iscarräige of [J]ustice** ,  But infact'

A **[C]rime** .   Furthermore , it does not matter that there is no evide-

nce on the record ' that the **bar examination** is, in fact, a good way -

to judging [C]ompetence .   SEE **HELLER VS. DOE,** 509 U.S. 312, 320 ,

125 L.ED. 2D. 257 , 113 SCT. 2637 (1993);   **[A]RTICLE IV** Clause 2 of

United Sates Constitution provides that the Citizens of each state sh-

all be entitled to all privileges and immunities of Citizens in the S-

everal Sates ;   In **SAENZ Vs. ROE,** 526 U.S. 489, 143 L.Ed. 2d. 689  ,

119 SCt. 1518 (1999);   [T]he [S]upreme Court applied the privileges -

or Immunities clause ' in a right -to- travel context ' to hold that '

Taverlers **deciding** to become permanent residents of a new state **enjoy;**

>                " The [R]ight to be treated like other Citizens"
>                of that **State .**" **i.d.** at 500-07.

As it [I]s well settled that where an Attorney ' [P]urportedly repres-

enting the united states is without [A]uthority to do so ' the court ,

**Must**  dismiss the action .   SEE **UNITED STATES Vs. PROVIDENCE JOURNAL** -

**Co** ,  485 U.S. 693 , 108 SCT. 1502. 99 L.ED.2D. 785 (1988) .  As U.S.

Attorney was not Authorized to **present** case .

---

**[5/.]**   footnote continued :

>        **(b)** " The attorney general shall make and amend rules of the dep-"
>            artment of justice to assure compliance with this section."

As Acting * U.S. Attorney Christine Hamilton Was/ and **is not** A Licensed Attorney . SEE **EXHIBITS** ⨍ ( E ) 1-4 . The court was without subject matter Jurisdiction to entertain the Cause . Further , **Jurisdictional** claims may not be procedurally **barred** , As they go to the subject matter of the courts jurisdiction ' [T]o **even** [D]elcare the [L]aw . SEE **EXPARTE McCARDLE** , 7 Wall 506 ,514, 19 L.Ed. 264 (1869); ALSO **MANSFEILD – C.L. .M.R. Co Vs. SWAN,** 111 U.S. 379 , 382, 28 L.Ed. 462, 4 SCt. 510 (1884);

> " The requirement that jurisdiction be established "
> as a thresh hold matter "Springs] from the natu-
> re and limits of the judicial power of the unit-
> ed states [and is ] [**enflexible**] and [**with out –
> exception**]. "

Furthermore , even **[I]f'** this Honorable Judge **found** that Alleged inditment **secured** by A.T.F. Department (**of** Charlotte Division) ' which charged **18 U.S.C. Section § 371 Conspiracy**/ and **18 U.S.C. Section § 924 (C):** [W]ere [**V]alid !** SEE EXHIBIT #(2)(A). . Petitioner **Argues** that **Title 21 U.S.C. Section§ 846 Conspiracy** / Can-not properly be **laid** under [Conspiracy to defraud clause of **18 U.S.C. Section §371** . SEE **BRIDGES V. UNITED STATES** , 346 U.S. 209, 97 L.ed. 1557, 73 SCt. 1055. ; US App. LX. 3890 9th Cir. 2002 ; (Where the court compels the conclusion that)

> " [A] conspriracy to file false statements' may not "
> properly be laid under conspiracy to defraud cla-
> use of 371."

Surely , the indictment clause must be understood to mean that the defendant **may not** be exposed to an **"Infamous Punishment"** unless the Grand jury **finds** probable cause to believe that [H]e [D]id that which the law requires him to have done before **[A]ny character of infamous** punishment may be imposed upon him ; SEE **EXPARTE WILSON** , 114 U.S. 417 , 429 , 5 SCt. 935 . 941, 605, 607, 48 L.Ed. 882 (1904) .

---

footnote [5].1 continued next page.

[B]ecause of the seriousness of the criminal penalties , and because Cr-
iminal punishment usually represents the **moral** condemnation of the commu-
nity . Legislatures ' and [N]ot the court should define criminal activi-
ty ; SEE <u>UNITED STATES</u> **Vs.** <u>BASS,</u> supra 404 U.S. at 348, 92 SCt. at 523 .
While certainly not dispositive to cases of federal jurisdiction ' , The
petitioner would like to direct the courts attention to a recent **Illinois**
**State Case :** <u>PEOPLE</u> VS. <u>DUNSON</u>, Ill. App. Ct. Slip. Op. No. 2-99-0893 ,
10/24/00 , 68 Crl. 147 . In which the state Appellate courts would **Rule**
that the [P]articipation in trial by **prosecuter** [N]ot licensed to practi-
ce <u>Law</u> **In** [I]LLINOIS"[R]equired" that the trial be **deemed null-and-void.;**
On the question of [P]rejudice , the court decided that a defendant in s-
uch a situation **need not** <u>establish</u> prejudice ' As ... ... ;

> " **The participation of an unlicensed prosecutor** "
> **[S]o taints the proceedings that this fact al-**
> **one ' is prejudice enough." i.d.**

BUT SEE <u>UNITED STATES</u> **Vs.** <u>GLEN F. STRAUB,</u> Case # 5:99-CR-10 (Judge Stamp)
(Order) filed at Wheeling W.V. June 14th 1999 in Northern District of W.V.
SEE **EXHIBIT #**        . Where U.S. District Judge Fredrick P. Stamp Jr. by
**Memorandum/ Opinion /** and [O]rder ' [D]isqualifys Acting * U.S. Attorney ,
**Micheal Stein** from ' further practice in the <u>state</u> of West Virginia. [f]or
non copliance with **28 U.S.C.Section § 530B.** (Bill H.R. 3386) Introduced by
The Honorable Gentlemen from Pennsylvania ( **MR. McDADE** ). Which the petit-
ioner incorporates herein as evidence to support argument (House discussi-
on .

---

Footnote [5/]  continued :  28 U.S.C. Section § 530B.

    (c) " As used in this section , the term for the goverment includes"
        any attorney discribed in section 77.2(a) of part 77 of title
        of title 28 of the code of federal regulations and also incl-
        udes any independent counsel or employee of such counsel , A-
        ppointed under chapter 40 [28 U.S.C. §§ 591 et seq..]."

Also See **HUCKELBURY V. STATE** ,   337 So. 2d at 402 , 403 .

> " Where a Florida appeals court [R]uled that defendants "
> [C]onviction must be **Vacated** where he had been repr-
> esented by one [Pearce], a person who had recieved -
> a Law degree and passed the bar examination , **but** who
> has been **denied** admission to the bar because he **fail-
> ed** to meet the [m]oral standard for [A]dmission."**i.d.**

As Acting * U.S. Attorney * Christine Hamilton **was not**  authorized to

represent the **United States** in the matter pending before this court '

[N]or and **Authorized** officer of the [C]ourt . Because she was **Allow-

ed** to introduce **evidence** with the [I]ntegrity of the **United States** G-

overments [S]eal , And [A]dvantages **inseprable** .    The Petitioner '

Further Argues , that [P]urjured [T]estiomony (inwhich imposter int-

roduced )' ( and further  [V]ouched for its [R]eliability ) Can-not '

Be **Scrutinized** with [M]oral Certainty '  [W]hen there has been [N]o '

[E]thical  , [O]r [M]oral  Test ... .. ...  To [B]ase Ones Cerainty !

>           " [W]ithout  '  Prejudicialy assuming ... .. "
>            that the [g]overments Seal can cure all [D]-
>            oubt .

yet ' if this assumption could [E]ver excepted .  and it **has** ' then

the petitioner [T]rial **Suffered "Structural Defect"** that can-not  be

Cured under harmless error **standard** . SEE  **ARIZONA Vs. FULMINANTE,**

111 SCt. at 1256 . **i.d.**  499 U.S. 279 **at 309 ;**

>            " [T]rial error, the **majority ruled**  where "
>             subject to harmless error analysis .. ..
>             [S]tructural [D]efects where not **since** '
>             they [D]efy analysis by harmless error –
>             standards ." **i.d. at 309,**  111 SCt . at
>             1265 .

As Acting * U.S. Attorney  **Tainted** the credibility of those who [Q]-

uestion  the credibility  of the case inwhich she [F]iticiously pre-

sented .

Having [F]irst hand Knowledge  that the case inwhich she (Christine – Hamilton ) **presented  was** conceived in [L]awlessness .   While **[A]mending** the [I]ndicment / [S]**uppressing** evidence / **[A]ltering Documents** . SEE EXHIBITS #        .   [A]nd **Given** Free reign By [T]rial Judge ' who was **Asleep** at the switch , for even **Allowing** such a case to go forward !   [W]hen he ' himself , was not able to **[D]ecide** whether the petitioner was indicted by [G]rand [J]ury . SEE <u>UNITED STATE</u> **Vs.** <u>JAY,</u>  713 F.Supp. 377 (N.D.Ala. 1988).   During the petitioners [M]ock Trial .   Acting U.S. Attorney '  [M]ade the petitioners [O]wn Counsel A **[W]itness** Against The Petitioner .    As the petitioners **Only Defense** was that of [I]dentity ... ...  ... Acting U.S. Attorney Instructed Witnesses who Said **[R]oy Lee** on the transcripts (Of Tapes that were not played because counsel was not aware of the **existence** " Which Acting U.S.Attorney **Denied** ' Calling Counsel Robert Cooper a Bare face [L]ie ) "  To Say that they Said **[R]aleek before the Jruy**.'' And to Prove that this was a **[N]ormal Occurence** ,  She Reminded the Jury ' that Counsel Robert Cooper (petitioners counsel) [H]as been C-alling Agent Fannelly ' **Agent Fannally , And [S]ometimes [F]inaly**  . Well surely this could be [I]solated . Yet Coupled with the **[F]act** , that Acting * U.S. Attorney Also **Advised** the [J]ury that the petiti-counsel  Likewise **Calls** His **[C]lient [R]aleek** '  Which so happens ' To be  the **[V]ery thing** Defense was  Supposed to be  [P]rove was not the Case  !   Although the fourth Circuit will recognise that there was an Conflict of interest '  **They would rule that the petitioner** ' **[C]aused it .**    even when Counsel Robert Cooper refused to file the Petitioners [O]bjections to the P.S.I. **Report .**

[I]ronicly ' [A]fter trial petitioner would come to realize that Acting *
U.S. Attorney was **very much** aware of the conflicting **names** [O]f Alleged ,
**[J]ohn Doe** . SEE **EXHIBITS #**(G) . Infact freedom of information [R]eq-
uest (**F.O.I.**) to **A.T.F.** Department would reveal yet [A]nother inconsiste-
ntcy ! The [N]ame **[R]aleigh** ( As in the Capital) SEE **EXHIBITS #** (G) .
[C]onsequently ,  this Court has ruled in accordance with Supreme Court –
**precedent** , " That nondisclosure by prosecutor [V]iolates Due Process : ;
SEE **UNITED STATES    Ex rel. ALMEIDA** Vs. **BALDI** ,  (Pa.) 195 F2d.  815 ;
**UNITED STATES Ex rel.  THOMPSON Vs. DYE** , (Pa.) 221 F2d. 763; **MONNEY Vs** .
**HOLOHAN** , 294 U.S. 103, 112, 79 L.Ed. 791, 794, 55 SCt. 340, 98 ALR 406 ;
**PYLE Vs. KANSAS** , 317 U.S. 213,215,216,87 L.Ed. 214,216, 63 SCt. 177    ;
The [T]hird Circuit in **BALDI** case construed **PYLE Vs. KANSAS** to mean that

> " The suppression of evidence favorable to the accused was "
> [I]tself sfficent to amount to denial of Due Process ."

In **NAPUE Vs. Illinois** , 360 U.S. 264,269, 3 L.Ed.2d. 1217, 1221, 79 SCt.

1173 ; The Supreme [C]ourt extended the test formulated in **mooney** **when**

**it** stated ¦¦. " The same results obtained when the state ' Although"
> not soliciting false evidence , Allows it to go un-
> corrected when it appears ." **i.d.**;

As [F]letcher Johnson **[F]irst** advised agents that he sold firearms to **Troy**
[LNU] SEE **EXHIBITS #**(6-8) .  And then **[R]aleigh** – and then **[R]oy Lee**  ,
And  further **[R]aleek** and **[B]aldhead** .  SEE **EXHIBITS #**(6) . In light
Of the petitioners **[O]nly** [D]efense ( IDENTITY )   This Was Substantial !
SEE – **ALCORTA Vs. TEXAS** , 355 U.S. 28,2 L.Ed.2d.  9, 78 SCt.103; **WILDE Vs.
WYOMONG** ,  362 U.S. 607, 4 L.Ed. 2d. 985, 80 SCt. 900. Cf. **DURLEY Vs. MA-
YO** , 351 U.S. 277, 285, 100 L.Ed. 1178, 1185, 76 SCt. 806 (dissenting opi-
nion ); And **BRADY Vs. MARYLAND** , 373  U.S. 83, 87, 83 SCT. 1194, 1196,10
L.E.D. 2D. 215(1963); **GIGLIO VS. UNITED STATES** , 404 U.S. 150,154, 92 SCT.
763 , 765, 31 L.Ed. 2d. 104 (1972);

" Favorable evidence [includes] eveidence affecting"
the credibilty of goverment witnesses ." **i.d.**

And Also when the evidence is used which the goverment knows **creates a**
**false** impression . SEE **MILLER VS. PATE** , 386 U.S. 1, 87 SCt. 793,  17
L.Ed. 2d. 737 (1967) .            During the petitioners trial ' Acting
U.S. Attorney would explain the conflicting **names** given by goverment —
witnesses ' [A]s Errors in speech . And at other times , she would **j-**
**ust** [A]llow them to denie that they had said anything.  SEE **HARMIC Vs.**
**BAILEY** ,  386 F2d. 390, 394 (4th Cir. 1967);

" [T]estimony is considered false when it is likely"
that a jury would understand the witness to have-
said something that the prosecutor **knew** to be fa-
lse ." **i.d.**

Yet ' Acting * U.S. Attorneys [L]ast Act is Deserving of [P]ermenant '
[D]isbaring from ever practicing law ... .. ...   As Acting U.S. Atto-
rney **Christine Hamilton** [U]n**lawfully** introduced the petitioners [S]e-
**aled** prior adjudications  for the sole pupose of making the petitioner
eligible  for  Sentencing Guidelines **4.B.1**   **In** which the petitioner,
recieved A [L]ife Sentence .  SEE **EXHIBIT #** ⊥ . | .   where the petit-
ioner was Adjudicated **youthful Offender**  . ( Youthful offender under —
N.Y. State Law  C.L.P.  720.10 — 720.35 )  And now sits in the killi-
ng feilds of the United States **Maximum** prisons .   Yet ' while yeild-
ing the [A]bsolute [P]ower of the United States [G]overment ' Acting *
U.S. Attoreny  [C]aused the U.S.P,O (P.S.I) to record **youthful adjudi-**
**cations** ;  [T]hat [N]ew [Y]ork [S]tate [C]ourt **Was-not at Liberty** '
to release under **Statu**te .   Which the [P]etitioners [O]**wn** Mother cou-
ld **not retrieve** , Without Noterized [C]onsent ! So that it might —
be introduced in the matter before this Honorable Court .   As the pe-
titioner [I]s **Actually** innocent of  4.B.1. enhancement  as well.......
but was never allowed to object to P.S.I.  , As counsel for the petit-
was intimidated by acting u.s. states attorney as well.

ARGUMENT # (3).


### THAT FEDERAL CONVICTION / SENTENCE DEFECTIVELY ENHANCED BASED ON ACTUAL INNOCENCE OF CARRIER CRIMINAL STATUE § U.S.S.S.G. 4.B.1.


Petitioner herein asserts that there is no constitutional right to [Y]outhful Offender **Status** , but such treatment is entirely **gratuitous** [C]reature of legislature ' Subject to such conditions as Legislature may impose without Violating Constitutional guarantees , And thus , Classification [I]s ' **[C]loaked** with presumption of Validity which may be Overcome **[O]nly** if grounds can be conceived to Justify it . SEE **PEOPLE Vs. DRAYTON,** 1976, 39 N.Y.S. 2d. 1, 350 N.E. 2d. 377 .    In the instant case before this **Hon.** Judge ' The petitioners **"Enhanced"** Sentence was **Defectively** Based upon N.Y State **C.P.L. 720.35** (Youthful Offender Adjudication)    Which States :

(1).  " A youthful offender adjudication is not a judgement of conviction " for a crime or any other offense , and does not operate as a disqualification of any person [S]o adjudged to hold [p]ublic office  or public employment or to receive any license granted by public [A]uthority .


(2).  " [E]xcept where specifically required or permitted by statute  or  " upon **specific**  [A]uthorization of the court , [A]ll official records and papers , whether on file with the court , a **police** agency or the division of criminal justice services , relating to a case involving a youth who has been adjudicated a youthful offender , [A]re [C]onfidetial  and may not be made available to any person  or public , or private agency , other than an institution to which such youth has been committed.

## FACTS INCORPORATED

**On Oct.28th 1983** , the petitioner <u>was</u> therein **[A]djudicated Youthful Off-ender [S]tatus** For Indictment # **[ 771-82 ]** , Which was consolidated with ' indictment # [ 1604-83 ] for trial and sentencing purposes . SEE **EXHIBIT # I .2** . However , Acting \* U.S. Attorney **[M]aliciously** ' Us-ed said ' Youthful Offender [a]djudications , As adult criminal convictio-ns for Carrier Criminal **enhancement** purposes ' pursuant to **4.B.1.** of the Sentencing Guidelines . Consequently , Acting \* U.S. Attorney Kn-ew [O]r should have [K]nown ' U.S.S.G. **[E]xpressedly States** :

### § 4A1.2 . (C).2. ;

" **Sentencing for the following prior offenses and offenses** "
similar to them , by whatever name they are known are
<u>never</u> counted . ;

[R]<u>evelant [P]art</u> : ;

" **Juvenile Status Offenses.** "

The definitions in § 4A.1.2. [G]overn the Computation of the Criminal His-tory points . A [S]entence imposed for an offense committed prior to the Defendants eighteenth birthday is counted under this **item** [O]nly if it res-ulted from an **[A]dult** Conviction , Or [I]f' imposed within five (5) years of the defendants commencement of the current offense . SEE **4A1.2(d).** Furthermore , under **derversionary dispositions** ' **4A1.2(F)** **[U]nambiguious-ly** [E]xempts [J]uvenile dispositions . As to **avoid** disparities from juri-sdiction to jurisdiction , Concerning the age at which a defendant is con-sidered a "juvenile" , The sentencing [C]ommission [S]tatutorily **Defined 4A1.2.(d)** to [A]pply to all offenses committed prior to the age eighteen .

## LAW

## THE LAW

" [N]o youth [A]djudicated as youthful Offender can be **denominated**  A "
criminal by reason of such **determination** ,  Nor can such determina-
tion  be [D]eemed a [C]onviction ." **i.d.**  SEE **PEOPLE** Vs. **Y.O.,** 2404
, 1968 , 57 Misc. 2d. 30, 291 N.Y.S. 2d. 510 ;  Also See  **GOLD** Vs..
**GARTENSTEIN** , 1979 , 100 Misc. 2d. 253, 418 N.Y.S. 2d. 852 ;

> " Youthful offender treatment is not a [J]udgement "
> of conviction for crime ." **i.d.**

> " [P]rimary advantage of youthful offender treatm- "
> ent [I]s **avoiding**  the stigma of practical cond-
> itions which accopany a criminal conviction ;
> Also  , **All book**  records and papers must be se-
> aled ' and are [O]**nly** Available under special c-
> ircumstances ." **i.d.**

Petitioner further argues that '  the reporting by local criminal c-
ourts to the bureau of justice court funds of the [O]riginal offense
charged  ,  and the offense for which the  defendant was tried and '
convicted , **does not** violate the confidentiality of the courts reco-
rds and papers because neither the defendants [N]ame nor address Is'
**revealed** . Op. State Compt. 78-484.  Further , the "Term , the cou-
t " within  this section which states that official records and pap-
ers relating to case involving a youth who has been adjudicated a y-
outhful offender are confidential and may not be made available **exc-**
**ept**  " where specifiacally  required or permitted by statute or upon
specific **authorization of the court "  refers** to the court which ren-
dered  youthful offender adjudication , and **not** to [A]nother court'
in which an interested <u>person</u>  wishes to **utilize** records made confi-
dential under this [S]ection ."  SEE **ROYAL GLOBE Ins. Co.**   Vs.
**MOTTOLA** ,  1982 , 89 A.D.2d. 907,453 N.Y.S. 2d.  723.

In a different contex ' The Supreme Court has recognised that it is an **unacceptable** deviation from our fundamental system of justice to **automacticly** prevent the assertion of "Actual Innocence" simply because a defendant has not ' observed avenues available to him . SEE **ENGLE Vs. ISAAC** , 465 U.S. 107, 135, 102 SCt. 1558 , 1575-76 , 71 L.Ed. 2d. 783 (1982); (where the Court Stated :)

> " That since the concepts of cause and prejudice are not rigid "
> but take their meaning from.......Principles of comity  and
> finality .... ....  [I]n the appropriate cases those princi-
> ples must yield to the imperative of correcting a fundament-
> al unjust incarceration ...... " **i.d.**

Also See- **MURRAY Vs. CARRIER** ,  477 U.S. 478, 496, 106 SCt. 2639 , 2649, 2650. 91 L.Ed. 2d. 397 (1985);

> " Where a Constitutional violation has probably resulted in t-"
> he conviction of one who is actually innocent ,   a federal
> Habeas Court may grant the Writ even in the absence of a sh-
> owing of cause for procedural default ." **i.d.**

In the instant case before this Habeas Court ' the petitioner was not allowed' to **[O]bject** to the pre-sentencing report , [B]ecause Appointed Counsel (Robert Cooper) Caused **breakdown** in communications ,  towit allowing [S]ubstitute **probation** officer to leave county jail without **speaking** to the petitioner . [A]lleging that petitioner advised him that he didnt wish to speak with probation Officer .   Futhermore ' the probation office had been **unable** to [S]ecure information from New York State Court House . SEE **EXHIBIT** *I . |  . (P.S.I. Report) therein **Admitting** that all information gathered for the report , Came from "[A]" N.Y. Detective (Sica).   As the petitioner **did** wish to present evidence that would prove that sentence was **defective** ' Sentencing Judge would Rule , That the petitioner could make **[N]o Objections** to P.S.I. ' Because the **[P]etitioner [F]ailed** to submit  objections prior to sentencing ! [D]isregarding his **[O]wn** "Assurances"  **That Counsel** "Would" be the one to **present** arguments ' [T]o the [C]ourt on the petitioners **Behalf** .  SEE **EXHIBITS** *J . |   .

Where the petitioner asked that he be allowed to defend himself  (arrg pg#   )

yet the sentencing judge avoid petitioners ' attempts to remind him of his **own** assurances , arguing that he personally advised the petitioner [A]t - Arraignment  that he would have 15 **days** to make objections to P.S.I. ..... therein collaterally **estopling** the petitioners objections to be heard . , Yet the petitioner was **unable** to secure documents from N.Y. State Court ', Until he was informed [W]hy his family has not been able to retrieve any ' [I]nformation **Concerning Indictment # [771-82]** , And only [A]fter the pe- titioner  Had Given His Mother ( Mrs. Joan Mosley ) <u>**Noterized Consent**</u>   To **View / and Copy Sealed information** , Was the petitioner able to submit ' such document to this court in this **instant [M]atter .**   As the petition- er Is <u>**Actually Innocent**</u> of 4.B.1. **Career  Criminal** Enhanced **[S]entence** . **And** the petitioner [H]as been prejudiced by such **status** (SEE U.S.S.G.) pe- titioner claim should be remedied .  SEE  <u>**U.S.** Vs **MAYBECK**</u> , 23 F.3d.889 at 3 ( 4th Cir. 1994); <u>**MILLS** Vs. **JORDAN**</u> , 979 F.2d. 1273 , 1279 ( 7th Cir. 1992); <u>**JONES** VS. **ARKANSAS**</u> , 929  F.2d.  375,381 & n. 16 ( 8th Cir. 1991 ); ALSO SEE -   <u>**U.S.** Vs. **MIKALAJUNAS**</u> , 186 f.3d. 490  at  495 [10](4th Cir. 1999) ;  ( Concluding )

> " That that under the reasoning of **may- "**
> **beck** actual innocence applies in non-
> capital sentencing only in the contex
> of **eligibility** for application of   a
> **career offender**  or other habitual o-
> ffender guideline provision." **i.d.**

**Also** See  <u>**UNITED STATES** VS. **McLAMB**</u> ,77 F.3d.  472, 1996 WL 79438, at **3 n. 4 ( 4th Cir. 1996 ) (Unpublished table disposition). See supra n.1.  **Judge Niemeyer** concurring opinion . See **i.d.** at **5 (Niemeyer J. ,Concurring    . Furthermore this claim is cognizable on 2241 , Because he can show that he is Actually Innocent of the **career criminal enhancement** that he is <u>now</u> being Forced to Serve by respondent .

**CONCLUSIONS**

Wherefore the petitioner Respectfully Moves This Honorable Judge to Incorporate petitioners Actual Innocence Claims to Clarify Evidence that ' petitioner had presented in motions for **discovery** <u>denied</u> by this Court , For Now. (Borrowing from the honorable Judges Language of Order **Denying** — **in Camera Inspection** of **Original Documents** pursuant to **2247 motion**).   As the petitioners Has Requested **discovery** in good faith ' And Maintained his Claim Of **Innocence** .   Petitioner should be Allowed to Perfect his claims [B]efore Appeal to the Third Circuit Court Of Appeals , to **Avoid "A"** further Miscarraige of [J]ustice .   The Petitioner Further request that' Counsel be Appointed at the point .   As the petitioner Asserts that the ' Complexity of this Litigation , Coulpled with the Consequences . where as The petitioners entire Life **weighs** in the [B]alance .  Justice would [N]ot be [S]erved , to Allow  An **Innocent Man** to crippled in procedural Obstacles that **even** an Attorney would find uncertainty .   The petitioner Would also Like To Submit the Case of  **MARTIN Vs. EDWARD PEREZ,** 319 F3rd. 799 (6th Cir 2003)  As Further Authority Supporting **Saftey Clause** for Filing **2241 Petition** .

Respectfully Submitted this  _7th Day_ of Aug 2003.

_Mr. Allen Morsley_

MR. ALLEN MORSLEY #14718056
U.S.P. LEE COUNTY P.O.BOX 305
JONESVILLE VIRGINIA 24263 .

## <u>CERTIFICATE OF SERVICE</u>

I , THE PETITIONER (**ALLEN MORSLEY**) , HEREBY **CERTIFY** THAT I HAVE PLACED

**COPY** OF MOTION TO AMEND TO CONFORM TO EVIDENCE IN MAIL BOX (**MARKED LEGAL.**

IN U.S.P. LEE COUNTY ), WITH POSTAGE PAID . ADDRESSED TO **COUNSEL FOR THE**

**RESPONDENT (** MATHEW E. HAGGERTY  AUSA ) 228 Walnut  Street  P.O. BOX –

11754 , HARRISBURG PA.  17108 .    I , THE PETITIONER , FURTHER **CERTIFY**

THAT I HAVE **FILED /MAILED**  SUCH COPY ON THIS  <u>7th</u> DAY OF AUG. 2003    .


OF THIS DO I AFFIX MY HAND  THIS DAY *7 th Aug 2003*

*Mr Allen/Morsley*
MR. ALLEN MORSLEY  14718056
U.S.P. LEE COUNTY P.O. BOX
# 305
JONESVILLE VIRGINIA 24263.