IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | CIVIL NO. 1:CV-01-1003 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| DONALD ROMINE, | : | |
| Respondent | : | |

## ORDER

Allen Morsley, an inmate presently confined to the United States Penitentiary - Lee County, Jonesville, Virginia, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to collaterally challenge his United States District Court for the Eastern District of North Carolina conviction. On July 31, 2003, the petition was denied and the case was closed. Thereafter, the Petitioner filed the following motions: "Motion to Alter or Amend Judgment pursuant to 59(e) of Federal Rules of Civil Procedure with Incorporated Memorandum." (Doc. 52); "Motion to Amend to Conform to Evidence pursuant to Rule 15(b) of Federal Rule of Civil Procedure, with Incorporated Memorandum of Law in Accord with LR 7.5" (Doc. 54); and, Motion for Appointment of Counsel (Doc. 54). For the reasons that follow, the motions will be denied.

The motion to alter or amend judgment will be addressed first as it is dispositive. A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. *Smith v. Evans,* 853 F.2d 155, 158-59 (3d Cir. 1988)(citation omitted); *see also Ortho Pharm. Corp. v. Amgen, Inc.,* 887 F.2d 460, 463 (3d Cir.1989). "A proper motion to alter or amend judgment 'must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest

injustice.'" *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.2d 1194, 1218 (3d Cir. 1995)(citations omitted); *See also, Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985).

In the first argument raised, the Petitioner requests that the Court reconsider the denial of his request for relief on the basis of the case of *Bailey v. United States*, 516 U.S. 137 (1995). However, Morsley fails to demonstrate an intervening change of law, new evidence or, the need to correct a clear error of law. He is essentially reiterating the same arguments asserted in his petition. Thus, he is not entitled to relief on this ground.

In his second argument, he contends that the Court misunderstood his original argument concerning the indictment. Specifically, he states that he is not challenging the amendment of the indictment. Rather, he is arguing that he was never indicted by the grand jury and that this is an issue of subject matter jurisdiction which can never be waived or procedurally defaulted. This argument is without merit as it has no basis in fact. It is clear from a review of the United States District Court for the Eastern District of North Carolina docket sheet, that at the time of the Grand Jury Indictment, on or about July 24, 1993, that the Petitioner was identified as John Doe, a/k/a "Raleek" a/k/a/ "Baldhead." It is further evident that on November 19, 1993, the Government moved to amend the indictment to identify John Doe as "Allen Morsley, a/k/a Raleek, a/k/a Baldhead." (Doc. 31, Petitioner's Record in Support of Traverse, Exhibit 1-W). Without a doubt, Petitioner was indicted by the Grand Jury. Further, in the factual background section of the opinion addressing Morsley's direct appeal, the Court specifically states that in July of 1993, Morsley was indicted with six other persons in a 96-count indictment. *U.S. v. Morsley*, 64 F.3d 907, 911 (4th Cir. 1995). Clearly, the Petitioner has failed to demonstrate an intervening change of law, the existence of new evidence or, the need to correct a clear error of law

Accordingly, this court finds that the Petitioner has not satisfied the requirements for a successful motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure and, therefore, Petitioner's motion to alter or amend will be denied.

Based upon the denial of the motion to alter or amend judgment, the Court will also deny the Petitioner's motions to amend and for appointment of counsel.

NOW, THEREFORE, THIS 1st DAY OF MARCH, 2004, IT IS HEREBY ORDERED THAT:

1. Petitioner's "Motion to Alter or Amend Judgment pursuant to 59(e) of Federal Rules of Civil Procedure with Incorporated Memorandum" (Doc. 52) is DENIED;

2. Petitioner's "Motion to Amend to Conform to Evidence pursuant to Rule 15(b) of Federal Rule of Civil Procedure, with Incorporated Memorandum of Law in Accord with LR 7.5" (Doc. 54) is DENIED;

3. Petitioner's Motion for Appointment of Counsel (Doc. 54) is DENIED.

    S/ Yvette Kane
YVETTE KANE
United States District Judge