UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**Allen Morsley**
    Petitioner,          *          Case # 1:01-CV-01003

VS.                           *

                           *

**DONALD ROMINE**
    respondent,         *

                           *

FILED
MAR 1 5 2004
PER _____
HARRISBURG, PA  DEPUTY CLERK

PETITIONERS MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTION TO AMEND TO CONFORM EVIDENCE
**PURSUANT TO RULE 15(b) OF FEDERAL RULES OF CIVIL PROCEDURE WITH
INCORPORATED MEMORANDUM OF LAW.   IN LIGHT OF 59 (e) MOTION TO AMEND AND ALTER JUDGEMENT**

---

      **NOW COMES , Allen Morsley** ( hereinafter " petitioner " ), appearing **pro se,** in the above captioned matter , and herby [R]espectfuly moves this Honorable to Reconsider [O]rder **Dated March. 1st 2004 . Denying #1 . Motion to appoint Counsel / #2.   Motion to Amend to Conform Evidence '** Pursuant to **Rule 15(b)** Of Federal Rules of Civil Procedure With incorporated Memorandum of Law /   **# 3.   Motion to Alter and Amend Judgment** pursuant to **Rule 59 (e)** Of Federal Rules of Civil Procedure .

      THE PETITIONER SUBMITS THE FOLLOWING   :

# 1.

The petitioner **has Argued** that he is being **[I]llegaly Detained** In Violation Of the United States Constitution .   [W]hich States that **Know person** should be [H]eld to **Answer** for A Capital or [O]therwise <u>Infamous</u> Crime , unless  On a Presentment or indictment of A   **[G]rand [J]ury .** Nor be Deprived of  Life , **Libery ,** Or property [W]ithout **Due [P]rocess** Of Law .


#2.

On **Dec. 18th 2001 .** The petitioner Respectfully moved this Honorable court' (By Motion) Pursuant to **Title 18 U.S.C.A.** Section **3006(a)(2)(3)(5)(g) ,** and **Title 28 U.S.C.A. ,** Section **1951 (a)(1)(e)(1),** The Due Process Clause Of the United States , And The " Interest Of Justice " [T]o appoint Counsel   .

-1-

**#3.**

On Aug 7th. 2003  The petitioner respectfully submitted **Motion To Amend To Conform To Evidence** petition pursuant to **Rule 15(b)** of - Federal rules of Civil Procedure , With incorporated **Memorandum Of Law** . [I]ncluded therein submitting **Thirty Five (35)** [E]xhibits' [I]ntroduced Containing " **Knewly Discovered Evidence** " SEE **EXHIBIT # 1. (G). Through 1. (G). 11** .  ( Web Dated **7/27/2003.** ) ALSO SEE **# 1.(J).1**   To name Just a Few .   As petitioner has from the on-set , Diligently Attempted to **expose** the **Manifest Injustice**  that [I]s taking place .   While counsel for the respondent has continued to **[P]rotract Litigation** without **ever** being compelled to Answer the **[C]laim** '  Of whether or not Alleged **indictment** is **Void** and [U]nreliable .


**STANDARD OF REVIEW**

**HAINES VS. KERNER,**  404 U.S. 519 , 30 L.Ed.2d  625 ;   As the petitioner is a layman  of Law , Petitioners Litigations should be ' Held to less strigent standards than that of an Attorney .


**THRESHOLD MATTER**

This is A **Habeas Corpus** matter brought Under **28 U.S.C. Section 2241** by the petitioner ' who argues that he is **being [U]nlawfully [D]etained** by an Officer of the United States Goverment . " **By [F]ar The Most Powerful Goverment On [E]arth** ."   [O]nly Bound by the [L]aw , By which [I]t Stands ... ... ...     On the other Hand ,  You have an **indigent Layman** of [Law] ' Who has **know** other recourse but [T]he **Judicial Process** .   Due Process **requires** at a minimum , that persons [F]orced to settle their [C]laims of **Rights**  through the Judicial Process **Must** be given a **Meaningful** Opportunity to be heard   . Further ,  There is know Case of Controversy [U]ntil the [O]pposing party **Denies**  that the petitioner is being **illegally Detained**     .

The **[G]rand [J]ury**  Can-not **Delegate** its Independent Authority ( **To** " **Indict** " )  To the Clerk of Courts - A Trial Judge - Nor the **Appelant Judge** .

**THRESHOLD MATTER CONTINUED :**

The Trial [J]udge ( **James C. Fox** ) In the Case before this Honorable Court ;  **Stated On The Record** :

> " That the [G]rand [J]ury **Indicted somebody** "
> and he [t]hought that it was a question .
> for the **petite jury** to [D]ecide who that
> **person was.** "

The Petitioners Motion For Reconsideration Of this **Courts Orders** , is being Submitted in the [I]nterest of Justice ;   Also to **prevent** A Manifest Injustice . **for** the petitioner has been held to answer for a crime without the Safe Gaurds that The **Grand Jury Clause** [P]rotects .   Holding up a person to **ridicule , scorn or Contempt** in a respectable and **Considerable** part of the **community** ;  may be **Criminal** ' as Well as **Civil** .   As the petitioner has suffered  a **Defamation** of the Worst kind  ,  To recover against a public offical [O]r public figure  , The petitioner must prove that the Defamatory Accusation was **published** with **Malice . ;**  Malice used in this context means that[I]t was published **either** knowing that it was **false** or with a **reckless** diregard  as to whether it was **true or false** . SEE **NEW YORK TIMES CO .** VS. **SULLIVAN** , 376 U.S. 254 , 84 SCt. 710 , 11 L.Ed. 2d. 686 .


**ARGUMENT # 1.**

Counsel for the respondent has Never **even** used the word **indicted .... indictment** [O]r **Grand Jury** since May 28th **2001** when the petitioner filed **habeas Corpus  petition** under section 2241 .   Yet he opposed **In Camera** inspection of the **Original Documents ;**  Atleast until it was - Decided whether petitioner Could **Maintain** 2241 **Motion** . ( SEE MOTION- IN OPPOSITION OF DOCUMENTARY EVIDENCE )    But in this Honorable Judges Opinion **denying 59 (e)** Motion , This Court States :  That Petitioners Argument That **He** has [N]ever been **Indicted** is **Without Merit ;** And has no **Bases** in [F]act .   SEE PAGE # 2 )

STATING :

Stating Therein   :

> " [I]t is Clear from a **Review** of the United States "
> District Court for the Eastern District of North
> Carolina **[D]ocket Sheet** , that at the Time of -
> The **Grand Jury** Indictment  On [O]r About **July24t
> 1993** , That the petitioner **was identified** As J-
> ohn Doe , Aka **Raleek** ."

Futher Stating   :

> " [I]n the Factual Background Section Of the Opini-"
> on  addressing **Morsleys** Direct Appeal , The Court
> **Specifically** states that in July of 1993 , **Morsl-
> ey** was **indicted** with Six (6) Other Persons  [I]n
> a 96 Count  Indictment .

> " [C]learly , The petitioner Has Failed to Demons-"
> rate an intervening change of **Law** , The Exsist-
> ence of **New Evidence** Or , The **Need** to Correct  A-
> Clear Error Of Law . ( SEE PAGE # 2 )

Ironicly , This **Only [F]uther Complicates** the matter  , For One (1) There were **Know Witnesses** Before A **Grand Jury** To **Testifie** [O]r **ide-ntifie** the petitioner . Nor where there **Any [P]hotographs** of the - Petitioner that [C]ould Be [I]dentified  ( Until **Sept 23.1993**  When the petitioner was abducted )  **Neither were there any Discriptions'** [I]n the Alleged Indictment .        Secondly (2) **while** the   **Docket Sheet**  of the United States District Court For The Eastern District Of North Carolina  **May** ( Conflictingly ) Place the time Of **the All-eged** [G]rand Jury **Indictment**  On Or About **July** 24 th **1993** .  The B-ogus Alleged Indictment that the petitioner now holds in his hand , was **erroneously Filed** On **July 6. 1993** with The United States Distr-ict Court For The Eastern District Of North Carolina . SEE **EXHIBIT#** ( 1 )  Also Signed By **Christine  Hamilton** And **Dated 7-6-93** SEE **EX-HIBIT #** ( 2 ).

As for the Factual Background Section of the Opinion **addressing** Mo-rsleys  Direct Appeal ?  Although the Appeal Court **[S]pecifically** ' States '  That In **July of 1993** , Morsley **Was** Indicted With **(6)**  Six Other Persons [I]n A **96 Count Indictment**  . The Alleged Indictment States ( 8 ) Other People .

1. Clyoe Andrea Hendricks

2. Melvin Adams

3. Anthony B. Holley

4. Stanley Leach

5. Lenton Earl Jordan

6. Fletcher Johnson

7. John Doe

8. Tuval McKoy

9. Lori Ann Perry Hendricks

Although this Honorable Judge ruled that the Petitioner's argument had know bases in fact and <u>decided</u> an issue concernign the independent role of the grand jury, <u>without</u> any references to <u>their</u> deliberation-identification [o]r their will to <u>indict</u>. Based on the district <u>docket sheet</u>, and the factual background section of the Fourth Circuit Court of Appeals opinion addressing <u>Morsley's</u> argument of conflict of interest with attorney/404(b)/insufficiency of evidence/ and Petitioner's claim that he was not allowed to object to PSI on direct appeal.

The Petitioner's appeal counsel was certainly ineffective for not challenging the pretention that the [g]rand jury indicted "someone". But [i]f Petitioner may call this court's attention to the fact that the Fourth Circuit Court of Appeals <u>has</u> been squarely presented with the argument that Petitioner has never been <u>indicted</u>. (See Case No. 97-7813). In an unpublished opinion stating therein that didn't have jurisdiction to hear the claim. See, <u>**U.S. v. Morsley**</u>, 153 F.3d 724 (4th Cir. 1998). Therein the Petitioner also raised a <u>Bailey</u> claim 3 months after <u>Bousley</u> was <u>decided</u>. Stating: that <u>Teague v. Lane</u> was inapplicable when the court decides the meaning of a statute. These arguments have <u>never</u> been ruled upon by the Fourth Circuit Court of Appeals.

The Petitioner specifically states that the <u>grand jury</u> did not indict the Petitioner for the infamous crime that he is being illegally detained for.

5

In violation of the grand jury clause of the United States Constitution, of due process, and equal protection under the law.

### ARGUMENT #2

As for the matter of subject matter jurisdiction, this Honorable Judge has <u>not</u> denied that it can never be waived, or procedurally befaulted. So the court erred when it denied the motion for documentary evidence in accordance with 28 U.S.C. Section 2241 of Federal Civil Judicial Procedures and Rules filed February 13th, 2003. Therein, the Petitioner moved this Honorable judge pursuant to 2241 [o]r any other rule this court found appropriate to compel (original) documentary evidence associated why Petitioner's alleged indictment "for in camera" [i]nspection.

Thereafter, Respondent filed a brief in opposition to Petitioner's motion for <u>evidence</u> (dated March 18th, 2003) stating:

> "To permit discovery [b]efore" it is even
> determined whether Morsley can maintain
> this 2241 claim would be burdensome and a
> waist of time."

The rub is that when this Honorable Judge denied habeas petition (order on July 31, 2003) this Honorable Judge based this opinion on the premises that the Petitioner's argument was that the indictment had been amended..... a fact that had been <u>raised</u> and addressed in 59(e) motion. In other words, there was <u>know</u> question that the 2241 petition could be maintained on the grounds of subject matter jurisdiction. And counsel <u>should</u> have been immediately appointed, and discovery motions revisited.

On December 18th, 2001, the Petitioner respectfully moved this Honorable Court (by motion) pursuant to Title 18 U.S.C.A. Section 3006(a)(2)(3)(5)(g), and Title 28 U.S.C.A., Section 1915(a)(1)(e)(1), the <u>due process clause</u> of the United States Constitution, and in the "interest of justice" for appointment of counsel' the Petitioner explains that he had accidently stated that Petitioner

6

is [g]uilty! (See page #6 Motion for Appointment of Counsel).

This Honorable Court, <u>thereafter</u> responded by [o]rder <u>denying</u> motion for appointment of counsel, therein stating that the Petitioner <u>would</u> not be prejudice for lack of effective assistance of counsel.

On October 26, 2001, the Petitioner resepctfully moved this Honorable Court (by motion) pursuant to Rule 36(a) of Federal Rules of Civil Procedure ("Request for Admissions") giving Respondent the perfect opportunity to deny [o]r admit that the Petitioner is being illegally detained. (Yet counsel for the Respondent avoided these [e]ssential questions by protracting argument.)

On November 26, 2001, the Petitioner respectfully submitted reply brief in support of request for admissions (36(a)). Further questioning [w]hy counsel for the <u>Respondent</u> hadn't "just" [d]enied that the Petitioner has [n]ever been indicted by a <u>grand jury</u> (see page #3-6). Also [a]skeing [h]ow the name Raleek aka Baldhead' had become a part of the alleged indictment by the time Petitioner was called for bond hearing (see page #16). Also citing law relevant to this question. See **United States v. Day**, 713 F.Supp. 377 (N.D. Ala. 1998). <u>Concluding</u>, that the Petitioner is entitled to use procedures and facilities to [p]rove his detention is illegal.

On June 23rd, 2003, the Petitioner respectfully submitted reply brief in support of motion for documentary evidence as Respondent <u>argued</u> that discovery should be stayed, [u]til 2241 motion is <u>resolved</u> (in conclusion, the Petitioner asked that a trial be commenced....)

Furthermore, the petition agrees with this Honorable Judge, a motion under Rule 59(e), is a "device to <u>relitigate</u> original issue" decided by the district court, and used to allege legal error. **Smith v. Evans**, 853 F.2d 155, 158-59 (3d Cir. 1988); see also **Ortho Pharm Corp v. Amgen, Inc.**, 887 F.2d 460, 463 (3d Cir. 1989), "supporting [s]pecifically" the available of new evidence as a ground to alter and amend judgment. Furthermore, making 59(e) applicable when

7

the need to correct **clear** error of Law . and also to **prevent** a [M]anifest Injustice . <u>**NORTH RIVER INS CO. VS. CIGNA REINSURANCE CO.,**</u> 52 F2d. 1194 , 1218(3d.Cir 1995 ). SEE ALSO <u>**HARSO CORP. VS. ZLOTNICK**</u> , 779 906 ( 3rd. Cir 1985 );

On Aug 7th 2003 the petitioner respectfully submitted <u>**Motion To Amend To Conform To Evidence**</u> , Pursuant to Rule **15** (b) Of the Federal Rules Of Civil Procedure - With Incorporated Memorandum Of Law , With **Thirty Five (35)** Exhibits ( Some Of Which had been introduced as " Knewly Discovered Evidence." SEE Exhibit # **1.(G).** Through 1.(G).11 (Web Dated 7/27/2003). Also See # **1.(J).1** .

THE PETITIONER ALSO SUBMITTED NUMEROUS **EXHIBITS** SHOWING HOW THE ALLEGED INDICTMENT / Which bears the **Signature** of " Christine Hamiton " And the Mock Trial that' She Conducted **were [V]oid And [U]nreliable** . Also that the Trial Judg**e Abandoned** the Trial Court in the **Presence** of the **Petite** Jury . But Most Importantly , that The trial Judge Allowed a Trial to Be Commenced ' In Federal Court ... After stating in [O]pen Court " That the **Grand Jury** Indicted [S]omebody ? And he thought. That it was the **[D]uty** Of [A]nother To **Decide** who that Person Was . Believing that it was not his duty to **make Certain** that he wasnt trying Everybody .

ARGUMENT # 3.

Petitioners **Habeas Petition** was [I]ncorrectly **Denied** Under the Assupmtion that the Petitioner Arguing that **Imdictment** Was [M]erely <u>Amended</u> . This Honorable Judges' Order **Denying 59 (e)** Clearly Shows that , For Lack Of Understanding Argument, **Habeas Petition** Was Dismissed in **Error** . And Must Be **Re-litigated** to Prevent **A Miscarriege of Justice** .

For the Courts Had **know** Jurisdiction at all times Relevant to this Controversy. Nor has there been a Clear Connection made to the **Grand Jury** And The petitioner. Or At What Point [I]f' Any has there been a **meaningful** Attempt for Counsel {O}f the Respondent To Defend his Client , Who the petitioner has Made A Claim Against.

Counsel for the repondent **Questions** concerning whether the **2241 motion** could be m-aintained . **Must** be answered in the Affirmative . And **Habeas Petition** Re-opened so that the petitioner and respondents Controversy might be judged by **Original** D-ocuments / And Litigations **based** on Proof that has been **Weighed** in Accordance **with** the **Constutution** of the United States .

## CONCLUSION

The Petitioner Prays that this Honorable Judge Will **Appoint** Counsel , So that A Hearing May be Conducted . And When Counsel For the **Respondent** Cant ' **Denie** that the' Petitioner Is Being Illegally **Detained** Without Committing **Perjury** . **The Petitioner Prays that he Will Be Released with Out Further Delay .**

RESPECTFULLY SUBMITTED THIS 11th DAY
11th OF MARCH, 2004
MR. Allen Morsley

### CERTIFICATE OF SERVICE

I THE PETITIONER , HEREBY CERTIFIE UNDER THE PENALTYS OF PERJURY , THAT I HAVE PLACED SAID MOTION IN THE MAIL ADDRESSED TO COUNSEL FOR THE RESPONDENT WITH PREPAID POSTAGE

THIS DAY  11th     MR .ALLEN MORSLEY, # 14718056

Mr. Allen Morsley

Allen Morsley # 14778056
U.S. Penitentiary Lee County
P.O. Box 305
Jonesville, Virginia 24263-0305



FILED
MAR 15 2004
PER _____ 
HARRISBURG, PA DEPUTY CLERK



MAR 12 PM 2004

Office Of The Clerk
U.S. Court House
228 Walnut Street
Harrisburg, PA. 17108

PENITENTIARY - LEE COUNTY
Box 900 - Jonesville, VA 2____
E_____ 3-12-04
"Special / Legal Mail"

sed letter was processed through special mailing
s for forwarding to you. The letter has been
ined or inspected. If the writer _____
n over which this facility _____ you
to return the material for _____
____ If the writer _____
_____ ce
_____ the
_____ above address.