IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | CIVIL NO. 1:CV-01-1003 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| DONALD ROMINE, | : | |
| Respondent | : | |

## **ORDER**

Allen Morsley, an inmate presently confined to the United States Penitentiary - Lee County, Jonesville, Virginia, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to collaterally challenge his United States District Court for the Eastern District of North Carolina conviction. On July 31, 2003, the petition was denied and the case was closed. Thereafter, the Petitioner filed, "Motion to Alter or Amend Judgment pursuant to 59(e) of Federal Rules of Civil Procedure with Incorporated Memorandum" a motion to amend to conform the evidence to Rule 15(b) and a motion for appointment of counsel. The motions were denied by Order dated March 1, 2004. (Doc. 56). On March 15, 2004, the Plaintiff filed a motion for reconsideration of the March 1, 2004 Order. For the reasons that follow, the motion will be denied.

A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. *Smith v. Evans,* 853 F.2d 155, 158-59 (3d Cir. 1988)(citation omitted); *see also Ortho Pharm. Corp. v. Amgen, Inc.,* 887 F.2d 460, 463 (3d Cir.1989). "A proper motion to alter or amend judgment 'must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not

available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'" *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.2d 1194, 1218 (3d Cir. 1995)(citations omitted); *See also, Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D.Pa. 1992).

In this motion for reconsideration, Petitioner simply restates the arguments that he raised in his prior motion for reconsideration, motion to amend and motion for appointment of counsel. He has failed to demonstrate an intervening change of law, the existence of new evidence or, the need to correct a clear error of law. Accordingly, this court finds that Petitioner has not satisfied the requirements for a successful motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Therefore, Petitioner's motion will be denied.

NOW, THEREFORE, THIS 30th DAY OF APRIL 2004, IT IS HEREBY ORDERED THAT Petitioner's Motion for reconsideration (Doc. 57) is DENIED;

    S/ Yvette Kane
    YVETTE KANE
    United States District Judge