OFFICE OF THE CLERK

| | UNITED STATES COURT OF APPEALS | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4927 |

www.ca3.uscourts.gov

January 20, 2005

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket No. 04-2249
Morsley vs. Romine
D.C. No. 01-cv-01003**

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment together with copy of the opinion in the above-entitled case(s). The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Dana M. Moore
Case Manager

Enclosure

cc:
    Mr. Allen Morsley
    Stephen R. Cerutti II, Esq.

BPS-23
**UNREPORTED-NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2249

ALLEN MORSLEY,
        Appellant

v.

DONALD ROMINE

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 01-cv-01003)
District Judge: Honorable Yvette Kane

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 28, 2004

Before: RENDELL, FISHER and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed November 9, 2004)

OPINION OF THE COURT

PER CURIAM

*Pro se* appellant Allen Morsley, a federal prisoner currently incarcerated at the United States Penitentiary at Jonesville, Virginia, appeals the order of the United States District Court for the Middle District of Pennsylvania denying his petition for writ of

habeas corpus filed pursuant to 28 U.S.C. § 2241.[1]  Following a jury trial, Morsley was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, using or carrying a firearm during and in relation to a drug trafficking offense, and other crimes.  In March 1994, he was sentenced to life imprisonment.  The Court of Appeals for the Fourth Circuit affirmed his conviction in August 1995.

In 1997, Morsley filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence in the Eastern District of North Carolina, contending that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1.  He also raised several claims of ineffective assistance of counsel.  The sentencing court denied relief, finding Morsley's claims to be without merit. Morsley then filed a motion to supplement his section 2255 motion, which was denied.  The sentencing court also denied Morsley's subsequent motion for reconsideration of the denial of his motion to amend the court's findings under Fed. R. Civ. P. 52(b).  On appeal, the Court of Appeals for the Fourth Circuit determined that there was no abuse of discretion in denying the post-judgment motion to supplement the section 2255 motion and the untimely Rule 52(b) motion.[2]

In 2001, Morsley filed the section 2241 habeas petition at issue, seeking to

---

[1] At the time he filed his petition, Morsley was confined at the United States Penitentiary at Lewisburg, Pennsylvania.  He therefore filed his section 2241 proceeding in the district of his confinement at that time.

[2] The Fourth Circuit noted that the notice of appeal was untimely as to the underlying denial of the section 2255 motion itself.

2

challenge his conviction and sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000). He argues that the drug quantity element of his offense was neither charged in the indictment nor found by the jury. Morsley also seeks to raise claims that the prosecution unconstitutionally amended the indictment and that the indictment was invalid, and that his conviction was invalid in light of Bailey v. United States, 516 U.S. 137 (1995). The District Court dismissed Morsley's habeas petition, determining that Morsley has not shown that section 2255 is inadequate or ineffective to test the legality of his detention such that he should be allowed to proceed under section 2241. The District Court then denied Morsley's motion to alter or amend judgment, motion to amend to conform to evidence, and motion for appointment of counsel.

Morsley appeals [3] and has filed a motion for the appointment of counsel on appeal. Morsley has also filed objections to possible summary affirmance of the District Court's judgment. After a careful review of the record, we conclude that the appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, and thus we will summarily affirm the District Court's judgment.

---

[3] Morsley appeals the District Court's orders denying his habeas petition and his motion to alter or amend judgment. He also appeals the District Court's denial of several other motions, namely, his motion for documentary evidence, another motion for the appointment of counsel, a request for admissions, and a motion to amend to conform to evidence. The District Court also denied Morsley's later motion to reconsider the denial of his motion to alter or amend judgment, the motion to appoint counsel, and the motion to amend to conform to evidence. Morsley filed a separate notice of appeal of that order, and the appeal was docketed as C.A. No. 04-2843.

It is well-established that a federal prisoner's claims challenging the legality of his conviction and sentence must ordinarily be raised in a section 2255 motion. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Such claims may not be raised in a section 2241 petition except in an "unusual situation" where the remedy by motion under section 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255; Dorsainvil, 119 F.3d at 251. "A section 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a section 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

We agree with the District Court that Morsley is not in the "unusual situation" contemplated by this Court in Dorsainvil. In Dorsainvil, the petitioner had no earlier opportunity to challenge his conviction as being inconsistent with the Supreme Court's interpretation of § 924(c)(1) in Bailey. Dorsainvil, 119 F.3d at 251. In contrast, Morsley did have earlier opportunities to present his Bailey claim and his claim regarding the allegedly defective indictment. For instance, he could have raised both claims in his section 2255 motion. In fact, as evident in his appellate brief filed in the Fourth Circuit, Morsley did raise these issues in the proceedings challenging the denial of his motion to amend his section 2255 motion. Section 2255 is not "inadequate or ineffective" under Dorsainvil merely because the petitioner has previously been denied relief under section 2255, or because the petitioner cannot meet the stringent gate-keeping provisions of

4

section 2255. See Dorsainvil, 119 F.3d at 251.

As for Morsley's Apprendi claim, we have held that section 2255 is not "inadequate or ineffective" for prisoners seeking to raise an Apprendi claim in a section 2241 proceeding. Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). We have also held that the Apprendi rule does not apply retroactively to cases on collateral review. United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v. Jenkins, 333 F.3d 151 (3d Cir. 2003). Thus, we agree with the District Court's conclusion that Morsley is not entitled to bring his Apprendi claim under section 2241.

We have considered the arguments Morsley has raised in his objections to possible summary action, and we reject them as having no merit. Despite Morsley's protestation that section 2241 is the proper vehicle for his claims in light of his assertions of "actual innocence," he is mistaken that section 2255 is inadequate or ineffective in his case. To the extent that Morsley asks this Court to consider any new claims based upon recent decisions by the United States Supreme Court, we generally do not consider claims raised for the first time on appeal, and we find no exceptional circumstances warranting a departure from our approach to appellate review. See Brown v. Philip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001). To the extent that Morsley asks this Court to remand the matter to the District Court for consideration of any such new claims, we note that the District Court would not have jurisdiction to consider new claims, as Morsley is no longer confined within the Middle District of Pennsylvania.

5

Morsley's motion for the appointment of counsel is denied. We will summarily affirm the District Court's order.

BPS-23

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

NO. 04-2249

ALLEN MORSLEY,
Appellant

v.

DONALD ROMINE

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-01003)
District Judge: Honorable Yvette Kane

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 28, 2004

Before: RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

**JUDGMENT**

    This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania. On consideration whereof, it is now here

    ORDERED and ADJUDGED by this Court that the order of the District Court entered March 1, 2004, be and the same is hereby affirmed. All of the above in accordance with the opinion of this Court.

ATTEST:

*[signature]*
Acting Clerk

DATED: November 9, 2004

Page 2
Morsley v. Romine
Docket No. 04-2249

**Certified as a true copy and issued in lieu
of a formal mandate on January 20, 2005**

Teste:    *Marcio M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit.**